## HOFFMAN POLLAND & FURMAN PLLC
Attorneys At Law
220 EAST 42nd STREET, SUITE 435
NEW YORK, NEW YORK 10017
(212) 338-0700
FAX (212) 338-0093
www.HPF-Law.com

April 26, 2010

**Via Electronic Filing**

Hon. Viktor Pohorelsky
United States Magistrate Judge
Unites States District Court
225 Cadman Plaza
Room 1207
Brooklyn, New York 11201

      Re:    Allstate Insurance Company, et al, v. Mark Mirvis, et al.
              CV 08-4405 (SLT)(VVP)

Dear Magistrate Judge Pohorelsky:

      We represent, among others, the following parties-defendant in this action, Grigory (a/k/a Gregory) Shtender, Irena Shperling, Audrey Ivanushkin (a/k/a Andrew Ivanson), Zhanna Roit, Gary Tsirelman, Sofia Bentsianov, and Lev Bentsianov (each individually a "Defendant" and collectively, the "Defendants"). The Defendants respectfully request that the Local Rule requirement be waived to allow the Defendants' opposition to consist of 4 pages.

      This letter is submitted in opposition to the Plaintiffs' motion (docket 183) which seeks to compel the production of the Defendants' personal banking records pursuant to the Plaintiffs' First Request to Produce and Plaintiffs' First Demand for Verified Interrogatories.[1] In this motion, Plaintiffs argue that the Defendants have no privacy interest in the banking records at issue, which leaves the relevancy of the records sought as the sole consideration before the Court.

---

[1] Defendant Tsirelman has, by reason of circumstances particular to him, independently requested an extension of time to respond to the plaintiffs' motions to compel and to interpose motions to compel related the to the defendant's discovery demands (Docket No. 189). In the event that the Court declines to grant the requested extension of time, then the responses filed herewith shall constitute defendant Tsirelman's responses to the plaintiffs' motions. However, in the event that the Court grants the requested extension of time then defendant Tsirelman will interpose supplemental responses to the Plaintiffs' motions and will move, independently of the other defendants, to compel more complete responses to the Defendants' discovery demands.

Hon. Viktor Pohorelsky
April 26, 2010
Page -2-

### Plaintiffs' Motion is a Classic Fishing Expedition

It should be noted that, incredibly, Plaintiffs seek the production of the Defendants' personal bank records without having first obtained or reviewed the financial records of the defendant PC's in this action. Plaintiffs have already had ample opportunity by discovery from defaulted and PC defendants to obtain the information sought. Indeed, plaintiffs subpoenaed the PC defendants' records without objection from the Defendants, who determined in good faith that little gain could be realized by opposing them. Despite the foregoing, Plaintiffs seek – in the first instance – to also compel the production of the Defendants' personal bank records. Such demand is unreasonably cumulative or duplicative, as the same information could have been already obtained from the defaulted and PC defendants. This motion must be seen for that it is, little more than a simple fishing expedition.

The gravaman of Allstate's RICO complaint is that the PC's were dominated by layperson managers who maintained financial control over them. .A REVIEW OF THE PC BANK RECORDS, WHICH PLAINTIFFS HAVE APPARENTLY NOT ACCOMPLISHED WILL BE FAR MORE PROBATIVE AND FAR LESS INTRUSIVE THAN WHAT PLAINTIFFS REGQUEST IN THEIR MOTION TO COMPEL. As set forth below, the Defendants have a privacy interest in their personal banking records; and (ii) the plaintiffs have not demonstrated that their interest in obtaining the records outweighs the Defendants' privacy interests. Accordingly, it is respectfully requested that the Court deny the Plaintiffs' motion in its entirety.

### Background

Plaintiffs' letter motion, enlarged from the standard three pages to seven, devotes the vast bulk of its seven pages to explaining why, in light of the vast and far flung RICO conspiracy that plaintiffs have stitched together for this action, the personal banking records of the Defendants are relevant – indeed necessary – to their case.

Entirely absent from the Plaintiffs' motion, however, is any acknowledgment that the Plaintiffs seek to obtain the Defendants' personal banking records at the outset of discovery, without having first obtained and reviewed other discovery materials, such as the corporate tax returns and banking records of the defendant PC's – sources of information in which the Defendants do not have a recognized privacy interest.

It is respectfully submitted that the Plaintiffs' motion is premature in that Plaintiffs have made no showing that the information they seek is not obtainable from other sources of discovery, obtainable without compromising the Defendants' privacy interests. The Plaintiffs efforts to secure the discovery of the Defendants' personal banking records constitutes little more than the proverbial "fishing expedition."

### The Defendants have a Recognized

**Privacy Interest in their Personal Banking Records**

Contrary to the Plaintiffs' assertion, it is well settled that the Defendants have a legally recognized privacy interest in their personal banking records. See Sierra Rutile Ltd. v. Katz, 1994 WL 185751 (S.D.N.Y. 1994)(a party has a sufficient privacy interest in the confidentiality of financial records so as to assert standing to challenge the subpoena.); Donald J. Trump and the Trump Corporation v. Hyatt Corporation, 1994 WL 168021 (S.D.N.Y. 1994)(enforcement of non-party discovery subpoenas stayed ... Donald J. Trump and the affiliated corporate entity bearing his name have personal privacy rights in the banking and financial records sought to be discovered by plaintiff's massive sweep), Catskill Dev., L.L.C. v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (party has standing to oppose subpoena for its banking records). See also, Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y.1990) (defendants had standing to object to issuance of subpoenas served by plaintiff on third parties based on claim of personal privacy rights in the records sought), *quoting* 9 Wright & Miller, Federal Practice and Procedure § 2457 (1971); Carey v. Berisford Metals Corp., 1991 WL 44843, U.S. Dist. LEXIS 3776 (S.D.N.Y.1991) (plaintiff had privacy interest in his bank records, allowing him to contest subpoena served on a nonparty bank).

Accordingly, Plaintiffs must demonstrate that the discovery sought is not only relevant to the allegations set forth in the Complaint, Plaintiffs must also show that their interest in obtaining the Defendants' personal banking records outweighs the Defendants' privacy interests therein.

**Plaintiffs Cannot Demonstrate that Their Entitlement to the
Banking Records Sought Herein Outweighs the Defendants' Privacy Interests**

Plaintiffs pose various arguments trumpeting the relevancy of the Defendants' personal bank records, asserting, for example: (i) that the bank records will somehow show that lay persons, not the Defendants, are the true owners of the defendant PC's and received virtually all of the profits there from; and (ii) that the records will establish, consistent with the allegations of the Complaint, that the defendant PC's were fraudulently incorporated and/or not licensed in accordance with applicable New York State law.

Respectfully, it is difficult to conceive of any personal bank records that will establish whether or not a defendant PC was properly licensed in accordance with New York State law.

Plaintiffs even argue that Defendants' individual bank records will reflect deposits of payments they received from the corresponding defendant PC's that they "purportedly" own and, more importantly, checks and wire transfers that were used to reroute such payments, in part, to the defaulted layperson defendants and entities controlled by them *as part of the over all money laundering scheme.* See Plaintiffs' letter motion, at page 4. Indeed, Plaintiffs have even conveniently labeled some of the

Hon. Viktor Pohorelsky
April 26, 2010
Page -4-

corporate defendants in this action as the defendant "dummy money laundering companies." *Id*, at page 6. [2]

Plaintiffs have not exhausted, or even examined, the sources of discovery that are available to them, the production of which does not impact upon the Defendants' privacy interests, such as the PC defendants' corporate tax returns, payroll records, and bank records, all of which are, arguably, better sources to either prove or disprove the plaintiffs allegations.

Finally, Plaintiffs' sweeping request covering the period from 1996 till present should be limited to the relevant time periods. For each Defendant, the Plaintiffs should be required to explain to the Court why they require records from 1996 till now. Plaintiffs do not dispute that certain Defendants were involved with the PCs for limited time periods[3]. It is significant that such request is burdensome and expensive (see Fed. R. Civ. P. 26(b)(2), Fed. R. Civ. P. 26 (g)). The sheer magnitude of this request should be enough to tip the scales in favor of limiting discovery.

## Conclusion

For the reasons set forth above, it is respectfully requested that the Court issue an Order denying the Plaintiffs' motion in its entirety. Should the Court grant Plaintiffs' motion, the Defendants respectfully request that Defendants be allowed to seek a protective order because of the sensitive nature of the discovery sought.

Dated: New York, New York
April 26, 2010

Respectfully submitted,

Mark L. Furman
(MLF)

Cc:   Counsel for all defendants (by ECF)

---

[2] The only example that the Plaintiff's can cite of any flow of capital from any of the Defendants to the layperson managers concerns the investment, mis-described in the Plaintiffs' motion, by Doctors Lev and Sofia Benstianov. To be sure, if there were any evidence of further capital distributions from any of the Defendants to any other defendant in this action, Plaintiffs would have included it in their motion. Nevertheless, Del Prado Four LLC and NE 24 LLC are labeled by the Plaintiffs as two of the "dummy money laundering companies."

[3] E.g., Defendant Tsirelman's ownership was limited to the time period between summer 2000 and summer 2001.