UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY
COMPANY, DEERBROOK INSURANCE COMPANY,
ALLSTATE NEW JERSEY INSURANCE COMPANY AND
ALLSTATE PROPERTY & CASUALTY INSURANCE
COMPANY,

          Plaintiffs,

-against-

MARK MIRVIS, MARK LUPOLOVER, MICHAEL BEZENYAN, RUVEN KATZ, IGOR ZHURAVSKY, GEORGY STATNROSH a/k/a GARY STATNIGROSH a/k/a GEORGY STATNIGROSH, OCEAN L. MANAGEMENT GROUP INC., FLATLANDS BEST MANAGEMENT GROUP, INC., HILLMED MANAGEMENT, INC. f/k/a 97-12 ASSOCIATES, INC., B-WAY MANAGEMENT, INC., FLAT-80 MANAGEMENT, INC., NORTMED MANAGEMENT, INC., L&B MEDICAL, P.C., LAMED MEDICAL, P.C., 825 BROADWAY MEDICAL CARE, P.C., DOVER MEDICAL, P.C., FLATLANDS 78 MEDICAL, P.C., GENERAL MEDICAL CARE, P.C., S&L MEDICAL, P.C., ZDR MEDICAL, P.C., DEL PRADO ONE, LLC, DEL PRADO TWO, LLC, DEL PRADO THREE, LLC, DEL PRADO FOUR, LLC, EL DORADO ONE, LLC, M&M OCEANFRONT, LLC, NE 10, LLC, NE 24, LLC, TROPICANA ONE, LLC, YAKOV RAUFOV, M.D., DALE ALEXANDER a/k/a ALEXANDER DALE, M.D., SOFIA BENTSIANOV, M.D., EMMA BENJAMIN, M.D., AUDREY IVANUSHKIN a/k/a ANDREW IVANSON, M.D., LEV BENTSIANOV, M.D., LEONID SLUTSKY, GARY TSIRELMAN, IRENA SHPERLING, M.D., LYUBOV MOYSIK, M.D., YEFIM SOSONKIN, GRIGORY SHTENDER, M.D., ALEXANDER ISRAELI, M.D., MIKHAIL MIRER, M.D., ZHANNA ROIT, M.D., RENAT SUKHOV, M.D., HUIKANG DANIEL LAI, M.D., JEAN FRANCOIS, M.D., JOHN DOES 1 THROUGH 20, ABC CORPORATIONS 1 THROUGH 20, AND XYZ CORPORATIONS 1 THROUGH 20,

         Defendants.

2008 CV 4405
(ST/VVP)

STIPULATION AND ORDER CONCERNING CONFIDENTIAL DOCUMENTS AND INFORMATION

---

## STIPULATION AND ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect the confidentiality of medical records, as well as other material

entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby **AGREED AND ORDERED**:

**"CONFIDENTIAL DOCUMENTS AND/OR INFORMATION"**

1. This order shall apply to all (a) No-fault claim files and patient records produced by the Parties in response to the Parties' respective discovery demands; (b) financial records, including but not limited to bank records and income tax returns and related documents (collectively "Financial Records") produced by or on behalf of L&B Medical, P.C., S&L Medical, P.C., Dover Medical, P.C., ZDR Medical, P.C., Irena Shperling, Grigory Shtender, Lev Bentsianov, Andrew Ivanson, Mikhail Mirer, Alexander Israeli, Zhanna Roit, Sofia Bentsianov, and Gary Tsirelman; (c) documents relating to investigations and/or findings by the Office of Professional Medical Conduct ("OPMC") relating to any Defendant in the above-entitled action. ~~In addition to the foregoing, for purposes of this Order, the term "Confidential Information" shall mean any information that meets the standards for protection under Rule 26(c) of the Federal Rules of Civil Procedure.~~

2. For purposes of this Order, the term "document" means documents and things subject to copying and inspection under Rule 34 of the Federal Rules of Civil Procedure, including but not limited to all No-fault claim files, patient records, financial records, OPMC documents, and other written, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise and shall include but is not limited to interrogatory answers, transcripts of examinations under oath, transcripts of examinations before trial, responses to requests for admissions and other discovery responses that quote, summarize or contain material entitled to protection.

**USE AND ACCESS TO CONFIDENTIAL DOCUMENTS/INFORMATION**

3. All Confidential Documents and/or Information shall be used by the Parties and/or their counsel solely for the prosecution and defense of this action and not for any other purpose.

4. Except as otherwise permitted by this Order, any other relevant Court Order, or as required by law, the disclosure and viewing of Confidential Documents and/or Information shall be limited to the following persons:

   (a) Parties;

   (b) Counsel of record for any party to the litigation and their associates, paralegals and support staff;

   (c) Persons or entities that are clearly identified in the Confidential Document(s) as an author, addressee, or carbon-copy recipient;

   (d) Experts, consultants and non-employee investigators (including their employees, associates and/or support staff) retained by a party to the litigation that counsel for a party to the litigation in good faith determines need to have access to the Confidential Documents and/or Information in order for counsel to effectively prosecute or defend the litigation, provided that each such person has agreed to be bound by the terms of this order as set forth below;

   (e) Potential witnesses that counsel for a party to the litigation in good faith determines need to have access to the Confidential Documents and/or Information in order for counsel to effectively prosecute or defend the litigation;

   (f) Deponents as provided in Paragraph "5" below;

   (g) The Court and its personnel;

   (h) Court officials involved in this litigation (including court reporters, videographers, any special master appointed by the Court and jury);

3

(i) any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper;

(j) entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data; and

(k) any other person mutually agreed upon by the parties.

In all such cases where disclosure is to be made to any person or entity listed in this Paragraph 4 above, such individual or entity must sign the Confidentiality Agreement annexed hereto as Exhibit "A." Any individual or entity listed in Paragraph 4 that refuses to sign Exhibit A shall not be permitted to have access to or view the "Confidential" document. The Attorney making or seeking to make the disclosure shall maintain each executed Confidentiality Agreement in his/her files.

5. Any party to the litigation may utilize Confidential Documents and/or Information in the course of a deposition of a non-party witness, provided the deponent (a) is furnished with a copy of this Order before examination with respect to any such Confidential Documents and/or Information; and (2) shall not retain or copy any "Confidential Document" that is provided to them during the course of their deposition.

6. Any party may utilize Confidential Documents and/or Information in the course of a deposition of any other party to the litigation.

## TREATMENT OF CONFIDENTIAL DOCUMENTS AND/OR INFORMATION

7. Certain documents, deposition testimony, exhibits, interrogatory responses, or other information taken, given, or exchanged in the course of pre-trial discovery in this action may contain "Confidential Patient Information," defined as any information that relates to the health of an individual, the provision of health care to an individual, or payment for the provision of health care to an individual. All such documents, deposition testimony, exhibits, interrogatory responses, or other information shall be deemed confidential and protected in accordance with this Order.

8. Documents prepared for purposes of this litigation and filed with the Court in this litigation shall refer to patients by initials or by identifying number. No names of patients shall be included in any such documents. With each such document that refers to a patient by initials or number, the party that has prepared the document shall serve upon counsel for the other parties a separate document that correlates each set of initials or number used in the filed document with a specific patient name and should be marked "Confidential." Such correlating documents shall be provided to the Court in a sealed envelope marked "Confidential" upon request of the Court.

9. If a document that contains a patient name or other patient-identifying information was not prepared for purposes of this litigation but is to be included in a filing (for example, if a patient medical record is to be attached as an exhibit to an affidavit on a motion), the document shall be redacted to obscure the full patient name and other patient-identifying information (i.e., any state or federal government issued identification number, address and/or telephone number). Non-redacted copies, to be marked "Confidential," shall be served upon counsel for the other

parties and shall be provided to the Court in a sealed envelope marked "Confidential" upon request of the Court.

10. Counsel's belief that discovery materials contain Confidential Documents and/or Information as defined herein shall not be grounds for refusing to produce relevant information and/or documents, the production of which would otherwise be required, or provide answers to questions posed during a deposition, answers to which would otherwise be required.

11. Notwithstanding the foregoing, the Parties shall comply with Administrative Order 2004-09 and file all Confidential Financial Documents in a manner consistent with the E-Government Act of 2002.

12. Nothing herein shall prevent any party from moving for an amendment of this Stipulation and Order or from in any way seeking further, greater, or lesser protection with respect to the use or disclosure of any Confidential Documents and/or Information. Any amendment to this Stipulation and Order must be in writing.

13. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of this action. This Stipulation and Order is not intended to regulate the handling of Confidential Documents and/or Information at trial. Such procedure shall be the subject of a separate order. Nothing herein shall be construed to limit in any way any party's use or disclosure of its own Confidential Documents and/or Information.

14. After termination of this action, counsel for parties to whom Confidential Documents and/or Information have been produced shall, within ninety (90) days of such termination, return all such Confidential Documents and/or Information and copies thereof (including excerpts and summaries thereof) to counsel for the producing party or non-party, or, in lieu thereof, certify in

writing that such Confidential Documents and/or Information have been destroyed, provided however, that counsel for the parties may retain in their own files all pleadings, court filings, transcripts, exhibits, notes and memoranda and work product embodied in the "Confidential Documents and/or Information;" provided further however, that any such pleadings, court filings, transcripts, exhibits, notes and memoranda and work product retained shall remain confidential and subject to the restrictions contained in this Stipulation and Order.

15. If any Confidential Document and/or Information is subpoenaed or otherwise subject to compulsory process by any competent Court or tribunal, the party to whom the subpoena or request is directed shall immediately give written notice to all of the undersigned counsel. In no event shall production or other disclosure be made before reasonable notice is given. Unless it would constitute a violation of another court order, such materials shall not be produced for at least fifteen (15) days following written notice. The subpoenaed party shall not have any obligation, however, to seek an order quashing or limiting the subpoena or to otherwise incur any expense or take affirmative action to oppose the subpoena.

16. The termination of the proceedings in this action shall not relieve any person to whom any Confidential Documents and/or Information have been disclosed from the obligations of this Order, and the Court shall retain jurisdiction after the final disposition of this action for the purpose of any application to modify or enforce the provisions of this Stipulation and Order.

**[CONTINUED ON NEXT PAGE]**

17. This Stipulation and Order shall bind all parties to this litigation, including later-appearing parties.

Dated: New York, New York
~~October~~ ___, 2010
November 11, 2010

STERN & MONTANA, LLP

By: _____
  Robert A. Stern, Esq.

Attorneys for Plaintiffs
Trinity Centre
115 Broadway
New York, New York 10006
Telephone No.: (212) 532-8100

HOFFMAN, POLLAND & FURMAN, PLLC

By: _____
  Mark Furman, Esq.

Attorneys for Defendants L & B Medical, P.C., S & L Medical, P.C., ZDR Medical, P.C., Dover Medical, P.C., Sofia Bentsianov, M.D., Audrey Ivanushkin, M.D., Lev Bentsianov, M.D., Gary Tsirelman, Irena Shperling, M.D., and Grigory Shtender, M.D.

220 East 42nd Street, Suite 435
New York, New York 10017
Telephone: 212-338-0700

By: _____

SO ORDERED.

_____
HON. VI~~CTOR V. POHORELSKY~~ POHORELSKY
United States Magistrate Judge

12/9/10

8

# CONFIDENTIALITY AGREEMENT

I, _____, state the following:

1.      I have read and understand the attached Confidentiality Order (the "Order"), and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound to the terms of the Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information. I further understand that information designated as "Confidential," and any information derived therefrom, may not be used, copied, or disclosed by me to anyone else except in strict accordance with the Order and then only for the prosecution and defense of this Action, except as otherwise expressly provided in the Order or as otherwise directed or ordered by the Court.


Date:_____            _____
                                                    Signature

                                                    _____
                                                    Printed Name