UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALLSTATE INSURANCE COMPANY, *et al.*,

                                    Plaintiffs,

          -against-

MARK MIRVIS, *et al.*,

                                    Defendants.

---

CV-08 4405 (SJ) (VVP)

**OPPOSTION TO THE OBJECTIONS OF MARK LUPOLVER RELATING TO THE
MARCH 2, 2015 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
POHORLSKY RECOMMENDING THA T DEFAULT JUDGMENT BE ENTERED
AGAINST DEFENDANTS MARK MIRVIS, MARK LUPOLOVER, MICHAEL
BEZENYAN, RUVEN KATZ, IGOR ZHURAVSKY, GEORGY STATNROSH, LEONID
SLUTSKY, YEFIM SOSONKIN, 825 BROADWAY MEDICAL CARE, P.C., OCEAN L.
MANAGEMENT GROUP INC., FLATLANDS BEST MANAGEMENT GROUP, INC.,
HILLMED MANAGEMENT, INC., B-WAY MANAGEMENT, INC., FLAT-80
MANAGEMENT, INC., NORTMED MANAGEMENT, INC., DEL PRADO ONE, LLC,
DEL PRADO TWO,  LLC, DEL PRADO THREE, LLC, DEL PRADO FOUR, LLC, EL
DORADO ONE, LLC, M&M OCEANFRONT, LLC, NE 10, LLC, NE 24, LLC AND
TROPICANA ONE, LLC PURSUANT TO FED. R. CIV. P. 55**

STERN & MONTANA, LLP
ATTORNEYS FOR PLAINTIFFS
ONE WORLD FINANCIAL CENTER, 30TH FLOOR
115 BROADWAY
NEW YORK, NEW YORK  10281
TELEPHONE NO.:  (212) 532-8100

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iiii-iv

INTRODUCTION ............................................................................................... 1

BACKGROUND ................................................................................................. 1

STANDARD OF REVIEW ................................................................................. 4

ARGUMENT

    I.    DEFENDANT LULPOLOVER'S OBJECTIONS FAILED TO RAISE SPECIFIC OBJECTIONS AND SHOULD BE DISREGARDED ............................................ 6

    II.    MAGISTRATE JUDGE POHORELSKY APPLIED THE CORRECT STANDARD OF REVIEW ...................................................................... 7

    III.    MAGISTRATE JUDGE POHORELSKY'S FINDINGS ARE CORRECT ............ 8

CONCLUSION ................................................................................................. 14

## **TABLE OF AUTHORITIES**

*Allstate Ins. Co. v. Howell*, No. 09 CV 4660 RJD VVP, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) .................................................................................................................. 13

*Anderson v. City of New York*, No. 06-CV-5726 RRM RER, 2012 WL 6720694, at *10 (E.D.N.Y. Dec. 27, 2012) ...................................................................................................... 4, 5

*Barratt v. Joie,* 2002 WL 335014, at *1, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y.2002)..... 5

*Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 58-59 (E.D.N.Y. 2008) ................................... 4

*Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 59-60 (E.D.N.Y. 2008) ................................... 5

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir.1999)................. 10

*Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993) ........................................................................... 10

*D'Orange v. Feely*, 894 F.Supp. 159, 163 (S.D.N.Y. 1995) ......................................................... 13

*DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir.2001) .................................................................... 8

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ...................................................... 7

*Goonewardena v. N. Shore Long Island Jewish Health Sys.*, No. 11-CV-2456 MKB, 2013 WL 1211496, at *6 (E.D.N.Y. Mar. 25, 2013) ................................................................................. 5

*Gov't Employees Ins. Co. v. AMD Chiropractic, P.C.*, No. 12-CV-4295 NG JO, 2013 WL 5131057, at *1 (E.D.N.Y. Sept. 12, 2013)................................................................................ 14

*Gov't Employees Ins. Co. v. Badia*, No. 13-CV-1720 CBA VMS, 2015 WL 1258218, at *3 (E.D.N.Y. Mar. 18, 2015) ......................................................................................................... 13

*Gov't Employees Ins. Co. v. Esses,* No. 12 CV 4424 RJD VVP, 2013 WL 5972481, at *1 (E.D.N.Y. Nov. 5, 2013).......................................................................................................... 13

*Greyhound Exhibitgroup v. E.L.U.L. Reality Corp.,* 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993) ..................................................................................................... 7

*Grullon v. United States,* 1992 WL 276827 at 1 (S.D.N.Y.1992) .................................................. 6

Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 25 (2d Cir.1990) .................................... 9

*Heneique v. McGinnis*, 2007 WL 844672 (EDNY 2007)............................................................... 4

*Lukasiewicz-Kruk v. Greenpoint YMCA*, No. 07-CV-2096 ARR/LB, 2009 WL 3614826, at *5 (E.D.N.Y. Oct. 30, 2009) ........................................................................................................... 5

*Lukasiewicz–Kruk v. Greenpoint YMCA,* No. 07–CV–2096, 2009 WL 3614826, at *4 (E.D.N.Y. Oct. 30, 2009) .................................................................................................................... 5

*Manigaulte v. C.W. Post of Long Island Univ.,* 659 F.Supp.2d 367, 372 (E.D.N.Y.2009) ........... 5

*Monterroso v. Sullivan & Cromwell, LLP,* 591 F.Supp.2d 567, 577 (S.D.N.Y.2008) ................. 5

Morrow v. Black, 742 F.Supp. 1199, 1208 (E.D.N.Y.1990) ...................................................... 10

Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir.1993) ...................................................... 9

*Philips Morris USA Inc. v. A & V Minimarket, Inc.*, 592 F. Supp. 2d 669, 672 (S.D.N.Y.) ........ 10

quoting18 U.S.C. § 1962(a)-(c) ................................................................................................... 9

*Rothenberger v. New York City Police Dep't*, 2008 WL 2435563 (EDNY 2008) ........................ 6

*Rothenberger v. New York City Police Dep't,* No. 06-CV-868 (NGG) (LB), 2008 WL 2435563, at *1 (E.D.N.Y. June 16, 2008).................................................................................................. 7

*Sanchez v. Abderrahman*, No. 10-CV-3641 CBA LB, 2014 WL 1276570, at *1 (E.D.N.Y. Mar. 25, 2014) ................................................................................................................................. 5

Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir.2008) ......................... 8

United States v. Applins, 637 F.3d 59, 73 (2d Cir.2011) ............................................................ 9

United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)................ 9

*Util. Audit Grp. v. Capital One*, N.A., No. 14-CV-0097 SJF GRB, 2015 WL 1439622, at *1 (E.D.N.Y. Mar. 26, 2015 .................. 4

## **Statutes**

18 U.S.C. § 1341 ................................................................................................................... 9, 10

18 U.S.C. § 1956 ................................................................................................................... 9, 11

18 U.S.C. §1957 ......................................................................................................................... 11

18 U.S.C. § 1961 .......................................................................................................................... 2

18 U.S.C. § 1961(1) ..................................................................................................................... 9

18 U.S.C. § 1961(5) ..................................................................................................................... 9

18 U.S.C. § 1962........................................................................................................... 8, 9, 12

18 U.S.C. § 1962(a) ...................................................................................................... 8, 11

18 U.S.C. § 1962(c) ...................................................................................................... 2, 8

18 U.S.C. § 1962(a)-(c) .................................................................................................. 8

18 U.S.C. § 1962(d) ...................................................................................................... 2, 9,12

18 U.S.C. §1964(c) ........................................................................................................ 12

Fed. R. Civ. P. 55(a) ...................................................................................................... 6

Fed. R. Civ. P. 72(b) ...................................................................................................... 4

## INTRODUCTION

Magistrate Judge Pohorelsky's March 2, 2015 Report and Recommendation (the "Report") correctly determined that default judgment should be entered against the Defaulting Defendants, including the ostensible objections of Defendant Mark Lupolover ("Lupolover"). As discussed below, Lupolover's March 19, 2015 Objections to the Report and Recommendation do little more than rehash the same unsupported claims of non-liability that he submitted to the Court in opposition to Plaintiffs' Motion for Default Judgment, fail to cite any legal authority whatsoever in support of the Objections, and should be disregarded by the Court in accordance with prevailing law. In addition, because there was no clear error in the findings of the Magistrate Judge, and since no other Defaulting Defendants have objected to the Magistrate Judge's Report and Recommendation, Plaintiffs respectfully request that it be adopted and that Default Judgment be entered against all Defaulting Defendants, including, Defendant Lupolover.[1]

## BACKGROUND

On or about October 16, 2008, Plaintiffs, insurance companies who underwrite No-Fault automobile insurance in the State of New York, commenced the instant action against various individuals and entities, alleging that during a thirteen year period, they participated in a criminal organization which submitted tens of thousands of fraudulent claim forms seeking reimbursement from insurance companies, including Plaintiffs, for services that were purportedly (but not actually) provided by the defendant medical professional corporations. The Complaint

---

[1] For the sake of brevity, Plaintiffs are only providing the Court with the general background of this matter, as well as a specific response to Defendant Lupolover's Objections. Notwithstanding the foregoing, Plaintiffs incorporate by reference the entirety of their Motion of Default Judgment (Doc. No. 265), and respectfully maintain that since there is no clear error in Magistrate Judge Pohorelsky's Report and Recommendation, that it be adopted in its entirety.

seeks recovery pursuant to the United States Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962(c) & (d), and Common Law Fraud.

In particular, the Complaint alleges that defendants Mark Mirvis, Mark Lupolover, Michael Bezenyan, Ruven Katz, Igor Zhuravsky, and Gregory Statnros (the "Principals"), who are laypersons not licensed to practice any healthcare profession in the State of New York, fraudulently formed L&B Medical P.C., Lamed Medical, P.C., General Medical Care, P.C., 825 Medical Care, P.C., Dover Medical, P.C., ZDR Medical, P.C., and S&L Medical, P.C. (hereinafter the "Defendant PCs") in violation of Article 15 of the New York State Business Corporation Law ("BCL") for the sole purpose of submitting fraudulent No-Fault claims to Plaintiffs for reimbursement. The Principals entered into compensation agreements and/or otherwise arranged for the purchase and use of the names and medical licenses of numerous physicians, including but not limited to Defendants Yakov Raufov, Dale Alexander, Sofia Bentisianov, Emma Benjamin, Andrew Ivanushikin, Lev Bentisianov, Lenoid Slutsky, Gary Tsirelman, Irena Shperling, Lyubov Moysik, and Zhana Roit (hereinafter the "Paper Owners"), which enabled the Principals to establish the Defendant PCs in violation of the New York State law. Additionally, the Principals purchased the names and licenses of additional physicians, including Defendants Gregory Shtender, Alexander Israeli, Mikhail Mirer, Yakov Sukhov, Daniel Lai, and Jean Francois (hereinafter the "Non-Paper Owners") under whose names the Principals submitted additional fraudulent bills to Plaintiffs.

To facilitate their fraudulent scheme and maintain control over the Defendant PCs, the Principals established management companies, including Defendants Ocean L. Management Group Inc., Flatlands Best Management Group, Inc., Hillmed Management, Inc. f/k/a 97-12 Assoicates, Inc., B-Way Management, Inc., Flat-80 Management, Inc., and Nortmed

Management, Inc. (hereinafter the "Defendant Management Companies"). Corporate documentation and public records relating to the Defendant Management Companies demonstrate a nexus to one or more of the Principals, as well as to one or more of the Defendant PCs. The Defendant Management Companies entered into management, premises, and equipment lease agreements with one or more of the Defendant PCs to ostensibly provide billing management services and for the purported lease of physical space and equipment. In fact, the billing management agreements and lease agreements were used to funnel millions of dollars in fraudulently obtained insurance payments to the Principals through the Defendant Management Companies. Moreover, each Defendant Management Company was created just prior to the incorporation of a Defendant PC, and, once created by the Principals, served as a clearinghouse for the Defendant PCs, receiving significant transfers of cash and checks from the Defendant PCs, which they funneled to the Principals and their co-conspirators either directly or through other corporations, including defendants Del Prado One, LC, Del Prado Two, LLC, Del Prado Three, LLC, Del Prado Four, LLC, El Dorado One, LLC, M&M Oceanfront, LLC, NE 10, LLC, NE 24, LLC, and Tropicana One, LLC (the "Money Laundering Companies"), which existed for no other purpose than to launder the proceeds of Defendants' fraudulent enterprise.

On February 22, 2013, Plaintiffs moved for Default Judgment (the "Motion) against the Defaulting Defendants, including Defendant Lupolover. On May 3, 2013, Lupolover submitted a one page, unsworn letter in response to the Motion, which contested the factual allegations

contained in the Complaint.[2] See Doc. No. 294. On March 2, 2015, Magistrate Judge Pohorelsky recommended that Plaintiff's motion for default judgment be granted and default judgment entered against Defendant Lupolover and the other defaulting defendants.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b) a party may object to a Magistrate Judge's report and recommendation. However, such an objection must (1) reference to a specific findings or recommendation; (2) the reason for the objection; and (3) legal authority supporting the objection. *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2008). Importantly, objections that fail to meet those requirements may be disregarded by the Court. *See e.g. Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 58-59 (E.D.N.Y. 2008) (rejecting objection that merely objected to the Magistrate Judge's conclusions adverse to the defendant); *Anderson v. City of New York*, No. 06-CV-5726 RRM RER, 2012 WL 6720694, at *10 (E.D.N.Y. Dec. 27, 2012) (rejecting objection that was vague and unsupported by legal authority); *Heneique v. McGinnis*, 2007 WL 844672 (E.D.N.Y. 2007) (rejecting an objection that failed to cite to any legal authority).

With respect to the Defaulted Defendants who have not submitted Objections, to accept the report and recommendation of a Magistrate Judge to which no timely objection has been made, the District Judge need only be satisfied that there is no clear error on the face of the record. *Util. Audit Grp. v. Capital One*, N.A., No. 14-CV-0097 SJF GRB, 2015 WL 1439622, at *1 (E.D.N.Y. Mar. 26, 2015); *Evans v. City of New York*, No. 12-CV-5341 MKB, 2015 WL 1345374, at *3 (E.D.N.Y. Mar. 25, 2015); *Mercury Venture Int'l Ltd. v. DGM Commodities*

---

[2] In his Objections, Defendant Lupolover continues to refer to his unsworn letter filed on May 3, 2013 as an "Affidavit." However, as noted by Magistrate Judge Pohorelsky, the letter was unsworn or submitted under penalty of injury, and inadmissible. Report at 19 FN 1.

*Corp.*, No. 13-CV-1521 JMA AKT, 2015 WL 893652, at *1 (E.D.N.Y. Mar. 2, 2015); *Mt. Hawley Ins. Co. v. Abraham Little Neck Dev. Grp., Inc.*, No. 09 CV 3463 PKC ARL, 2015 WL 867010, at *1 (E.D.N.Y. Feb. 27, 2015).

Moreover, with respect to Defendant Lupolover, while the Court ordinarily "reviews *de novo* the portions of a report and recommendation to which a party has objected and reviews those portions not objected to for clear error," *Sanchez v. Abderrahman*, No. 10-CV-3641 CBA LB, 2014 WL 1276570, at *1 (E.D.N.Y. Mar. 25, 2014), when a party makes only conclusory or general objections, or simply reiterates his original arguments, such is the case here, the Court reviews the Report and Recommendation only for clear error. *Manigaulte v. C.W. Post of Long Island Univ.,* 659 F.Supp.2d 367, 372 (E.D.N.Y.2009) (citing *Barratt v. Joie,* 2002 WL 335014, at *1, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y.2002)) and *see also Goonewardena v. N. Shore Long Island Jewish Health Sys.*, No. 11-CV-2456 MKB, 2013 WL 1211496, at *6 (E.D.N.Y. Mar. 25, 2013); *Anderson v. City of New York*, No. 06-CV-5726 RRM RER, 2012 WL 6720694, at *10 (E.D.N.Y. Dec. 27, 2012); and *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 59-60 (E.D.N.Y. 2008).  At bar, since Defendant Lupolover's objections are nothing more than a conclusory list of Complaint allegations (which were accepted as true by virtue of his default, and proven as true in connection with Plaintiffs' Motion) which he disputes, the objections should be disregarded by the Court.[3] And since there was no clear error in Magistrate Judge Pohorelsky's Report, Default Judgment should be entered.

---

[3] Defendant Lupolover's status as *pro se* does not absolve him of the legal requirements of setting forth proper Objections. *See e.g. Lukasiewicz-Kruk v. Greenpoint YMCA*, No. 07-CV-2096 ARR/LB, 2009 WL 3614826, at *5 (E.D.N.Y. Oct. 30, 2009) aff'd. 404 F. App'x 519 (2d Cir. 2010) (noting the rule that proceeding *pro se* does not otherwise relieve a litigant from the usual legal requirements, and a *pro se* party's bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Monterroso v. Sullivan & Cromwell, LLP,* 591 F.Supp.2d 567, 577 (S.D.N.Y.2008) (internal citations omitted); *Lukasiewicz–Kruk v. Greenpoint YMCA,* No. 07–CV–2096, 2009 WL 3614826, at *4 (E.D.N.Y. Oct. 30, 2009) (in the context of a complaint, finding that pro se plaintiffs must meet the same legal standards as attorneys and will not succeed by making allegations that are

## ARGUMENT

## I.

## DEFENDANT LULPOLOVER'S OBJECTIONS FAILED TO RAISE SPECIFIC OBJECTIONS AND SHOULD BE DISREGARDED

In objecting to Magistrate Judge Pohorelsky's twenty-five page Report and Recommendation, Defendant Lupolover submitted a four-page, unsworn letter which does nothing more than dispute the factual allegations of the Complaint. Indeed, in his letter, Defendant Lupolover does not (i) point to any error in reasoning, legal or otherwise, made by Magistrate Judge Pohorelsky; (ii) cite to any authority calling in to question the findings of fact made, or (iii) introduce a single shred of evidence, documentary or otherwise, demonstrating any mistake in fact or law made by the Magistrate Judge. Instead, the entirety of Lupolover's Objection is devoted to improperly disputing certain factual allegations of the Complaint, which have long since been accepted as true, and proven as true by Plaintiffs. Defendant Lupolover then calls the Complaint "absurd" and "misleading," and claims, in conclusory fashion, that its allegations are untrue. Accordingly, since Defendant Lupolover's vague and unsupported conclusions fail to meet the requirements for Objections to be considered by the Court, they should be disregarded. The matter of *Rothenberger v. New York City Police Dep't*, 2008 WL 2435563 (EDNY 2008) is instructive. In *Rothenberger,* as here, a party objected to the report and recommendation of the magistrate judge, submitted a short letter to the court which was little more than a list of facts that he believed the court should have considered in arriving at its findings. Nowhere in his submission did the objecting party provide any reasoning, legal or otherwise, to support his argument that the magistrate judge erred either in her consideration of

---

unsupported by the evidence) (citations omitted); *Grullon v. United States,* 1992 WL 276827 at 1 (S.D.N.Y.1992) (finding that *pro se* petitioners must satisfy the same legal standard as litigants represented by counsel).

the evidence or in arriving at any conclusion or recommendation. *Rothenberger v. New York City Police Dep't*, No. 06-CV-868 (NGG) (LB), 2008 WL 2435563, at *1 (E.D.N.Y. June 16, 2008). At bar Defendant Lupolover has long since waived his right to defendant this matter on the merits or dispute the allegations of the Complaint. He has done nothing to demonstrate that any of the specific findings of the Magistrate Judge were in error, and he cannot now seek to refute the well-plead allegations of the Complaint, long after they have been accepted as true by virtue of his default. As such, the Court should disregard Defendant Lupolover's Objection and review the Magistrate Judge's Report and Recommendation only for clear error.

## II.

## MAGISTRATE JUDGE POHORELSKY APPLIED THE CORRECT STANDARD OF REVIEW

Magistrate Judge Pohorelsky appropriately applied the standard of review applicable on a motion for default judgment by deeming all well-pleaded allegations of the Complaint as to the Defaulting Defendants' liability as true. Fed. R. Civ. P. 55(a) provides for entry of a default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Rule 55 sets forth a two-step process that first requires the entry of default by the Clerk of the Court, and then entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). When a default is entered, the defaulting party's failure to defend constitutes an admission of all well-plead factual allegations set forth in the complaint. *See Greyhound Exhibitgroup v. E.L.U.L. Reality Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993).

With respect to Defendant Lupolover, Plaintiffs served their Complaint on him on January 6, 2009. Doc. No. 48. After Defendant Lupolover failed to interpose an answer or otherwise respond to the Complaint, default was entered against him on February 2, 2009. Doc.

No. 81. As the Magistrate Judge noted, "the plaintiffs have filed affidavits of licensed process servers attesting to service of the summons and complaint in this action . . ." and Defendant Lupolover was "personally served with the summons and complaint pursuant to Section 308(1) of the New York Civil Practice Law and Rules." Report at 2-3. The Magistrate Judge further noted that Defendant Lupolover "responded to Plaintiff's motion for default but [he does] not challenge the service of process." *Id*. at 3, FN 3. Since Defendant Lupolover failed to respond to the Complaint or provide a reasonable excuse for his failure to do so, the Magistrate Judge correctly concluded that "the grounds for default are therefore clearly established, and there are no grounds for believing the defaults are based on a good-faith mistake or technicality." *Id*. at 3-4.   As such, the Magistrate Judge properly deemed the well-pleaded facts alleged in the Complaint to be proved as to Defendant Lupolover's liability, as well as the liability of all other Defaulted Defendants.

**III.**

**MAGISTRATE JUDGE POHORELSKY'S FINDINGS ARE CORRECT**

Magistrate Judge Pohorelsky correctly set forth the requirements necessary for a plaintiff to prevail on substantive civil RICO claims, which are well settled. In particular, the Magistrate noted that a plaintiff must show "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Id*. at 4-5 citing *Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 183 (2d Cir.2008). In addition, to establish a violation of Section 1962(c), a plaintiff must show the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" by the defendant. *Id*. at 5 citing *DeFalco v. Bernas,* 244 F.3d 286, 306 (2d Cir.2001) (citations omitted). More specifically, a plaintiff must demonstrate "that (1) the defendant (2) through the commission of

8

two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate commerce." *Id.* citing *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1993), *quoting* 18 U.S.C. § 1962(a)-(c).

The Magistrate Judge went on to note that as defined in 18 U.S.C. § 1961(4), an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity," and that a RICO enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.* citing *United States v. Applins,* 637 F.3d 59, 73 (2d Cir.2011), *quoting United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). A "[r]racketeering activity" includes any act indictable under a variety of state and federal criminal statutes including the mail fraud statute, 18 U.S.C. § 1341, and the money laundering statute, 18 U.S.C. § 1956, and a "pattern" of racketeering activity involves at least two predicate acts meeting the definition of racketeering activity. *See* 18 U.S.C. § 1961(5). *Id.*

In addition, Magistrate Judge Pohorelsky correctly set forth the requirements necessary for a plaintiff to prevail on a civil RICO conspiracy claim, which he found is established by demonstrating that the defendants "conspired to violate any of the [substantive] provisions of 18 U.S.C. § 1962." *Id.* citing 18 U.S.C. § 1962(d). The Magistrate Judge further noted that the essence of the conspiracy is "an agreement to commit the predicate acts," *Id.* citing *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir.1990), and that evidence of the conspiracy must prove that the defendants "agreed to form and associate themselves in a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of

9

racketeering activity in connection with the enterprise." *Id.* at 6 citing *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,* 187 F.3d 229, 244 (2d Cir.1999). Finally, the Magistrate Judge noted that the conspiracy may also be "inferred from circumstantial evidence of the defendant's status in the enterprise and his knowledge of the wrongdoing." *Id.* citing *Morrow v. Black,* 742 F.Supp. 1199, 1208 (E.D.N.Y.1990).

After correctly setting forth the aforementioned legal requirements, Magistrate Judge Pohorelsky correctly described in detail how the allegations of the Complaint, which must be accepted as true in view of the Defaulted Defendants' defaults, satisfy those requirements.[4] First, the Magistrate Judge determined that the Defaulting Defendants participated in an enterprise whereby the Principals, including Defendant Lupolover, all of whom are lay persons not licensed in New York to practice medicine, created a criminal enterprise (the "Medical Network Enterprise") that included among other things, illegally owned, controlled, and operated the Defendant PCs, which were used to fraudulently bill insurance companies. *Id.* at 7-8. Additionally, the Magistrate Judge found that the Principals through the staff at the Defendant Management Companies controlled and directed the operations of the Defendant PCs. *Id.* at 8. Furthermore, the Magistrate Judge found that the Principals formed the Money Laundering Companies in order to funnel the No-Fault payments to the Principals. *Id.* at 10-11. Based on the above, the Magistrate Judge rightfully concluded that "plaintiffs have established that the Medical Network Enterprise association in fact surrounding the defendants was an ongoing

---

[4] In addition to the facts being accepted as true, *Philips Morris USA Inc. v. A & V Minimarket, Inc.*, 592 F. Supp. 2d 669, 672 (S.D.N.Y.) (citing *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993), Magistrate Judge Pohorelsky also acknowledged that in support of their Motion, Plaintiffs submitted proof of the allegations of the Complaint, including the Affidavit of Randall K. Braddom, a physician with impeccable credentials who is recognized as a prominent professional in his field, who conclusively found that all of the medical records and bills submitted by the defaulting defendants to Plaintiffs for reimbursement were fraudulent. Report at 16-18.

organization that functioned as continuing unit and it therefore constituted a RICO enterprise." *Id*. at 13.

Next, the Magistrate Judge correctly found that the Plaintiffs established that the defendants committed numerous acts of mail fraud and money laundering as the predicate acts in connection with the operation of the fraudulently run medical facilities. *Id*. at 14. With respect to the mail fraud, the Magistrate Judge also correctly found that the schemes in which the organizations engaged constituted violations of the federal mail fraud statute, which criminalizes the use of the mails in the execution of "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." *Id*. citing 18 U.S.C. § 1341(a).  As illegal owners and operators of improperly licensed providers of medical services, the Magistrate Judge properly noted the Plaintiffs allegations that the defendants materially misrepresented that they were in fact entitled to reimbursement, and that their misrepresentations were made to deceive the plaintiffs, since the defendants knew that they could only receive payments if they were properly licensed under New York law. *Id*. The Magistrate Judge further went on to explain how, as alleged in the Complaint, each time the defendants submitted a false claim under the guise of being properly licensed medical providers, the plaintiffs understandably relied upon the representations, and that the defendants' numerous mailings of fraudulent insurance claims to the plaintiffs in connection with the schemes thus constitute the predicate acts of racketeering activity that establish a violation of Section 1962(a). *Id*.

Moreover, Magistrate Judge Pohorelsky correctly noted how the defendants' schemes also involved money laundering, which is committed when a person knowingly engages in transactions that are designed to conceal the proceeds of unlawful activity, or that involve

criminally derived property that is of a value greater than $10,000. Id. citing 18 U.S.C. §§ 1956, 1957. After receiving insurance payments from the plaintiffs, the Defendant PCs made wire transfers and check payments to the Defendant Management Companies and the Money Laundering Companies. *Id*. at 15. In order to disguise the true nature of the proceeds, the Principles funneled the money from the Defendant PCs through the Defendant Management Companies to the Money Laundering Defendants who then used the money to purchase land in Florida. *Id*. The defendants' activities in laundering money to hide the proceeds of the fraudulent insurance claims constitute further predicate acts of racketeering that also establish a violation of Section 1962(a). *Id*. Thus, Magistrate Judge Pohorelsky concluded that the Plaintiffs established that the defendants' schemes constituted violations of RICO, and that each defendant was a member of the enterprise who committed racketeering acts, and that the plaintiffs are therefore entitled to damages against each defendant under the civil RICO statue. *Id*.

Similarly, Magistrate Pohorelsky found that the complaint also establishes each defendant's liability for participating in the various RICO conspiracy schemes. *Id*. As noted above, the defendants conspired with each other to associate themselves with the RICO enterprises and they agreed to commit the predicate acts of mail fraud and money laundering in furtherance of a pattern of racketeering activity in connection with the enterprises. *Id*. Therefore, in addition to substantive violations of RICO, the defendants are also liable for violations of 18 U.S.C. § 1962(d) for carrying on a RICO conspiracy. *Id*. As to Defendant Lupolover, the Magistrate Judge found that Defendant Lupolover served as an officer of Defendant Management Companies Flat-80, Hillmed, and B-Way, as well each and every Money Laundering Companies. *Id.* at 12, and that he was responsible for the fraudulent billing operations of the Defendant

Finally, Magistrate Pohorelsky correctly determined damages, noting that in a RICO action, the defendants are jointly and severally liable for all of the plaintiff's damages. Report at 23 citing *Chubb & Son v. Kelleher*, 2010 WL 5978913 at *6 (E.D.N.Y.) (Oct. 22, 2010). Further, he noted that if injured by a RICO violation, one is entitled to recover "threefold the damages he sustains," *id.* citing See 18 U.S.C. §1964(c), and that such an award may appropriately be included in a default judgment. See *D'Orange v. Feely*, 894 F.Supp. 159, 163 (S.D.N.Y. 1995). He explained how Plaintiffs provided the Affidavit of Michael Bruno, an SIU analyst at Plaintiff Allstate Insurance Company, which, along with Exhibits submitted with the Motion, proved As set Plaintiffs losses totaling $15,219,133.67. Report at 18-19. Thus, when trebled, the plaintiffs are entitled to an award of damages totaling $45,657,401.01, for which the defaulting defendants, other than Sosonkin, are jointly and severally responsible. *Id.* Based upon the foregoing sound reasoning of Magistrate Judge Pohorelsky it is respectfully submitted that his Report should be adopted. *See e.g. Gov't Employees Ins. Co. v. Esses,* No. 12 CV 4424 RJD VVP, 2013 WL 5972481, at *1 (E.D.N.Y. Nov. 5, 2013) (adopting Magistrate Judge Pohorelsky's Report and Recommendation for default judgment after finding liability under RICO based on the unlawful operation of No-fault medical providers); *Allstate Ins. Co. v. Howell*, No. 09 CV 4660 RJD VVP, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013)(adopting Magistrate Judge Pohorelsky's Report and Recommendation for default judgment after finding liability under RICO based on the participation in the illegal operation of No-fault medical providers); *Gov't Employees Ins. Co. v. Badia*, No. 13-CV-1720 CBA VMS, 2015 WL 1258218, at *3 (E.D.N.Y. Mar. 18, 2015) (adopting a Magistrate Judge's Report and Recommendation for default judgment based on a finding of the fraudulent incorporation of No-fault medical providers); *Allstate Ins. Co. v. Williams*, No. 13 CV 2893 RJD JMA, 2014 WL 6900121, at *1 (E.D.N.Y. Dec. 5, 2014)

13

(adopting Magistrate Judge's Report and Recommendation for default judgment finding liability under RICO for fraudulently submitting No-fault claims for reimbursement); *Gov't Employees Ins. Co. v. AMD Chiropractic, P.C.*, No. 12-CV-4295 NG JO, 2013 WL 5131057, at *1 (E.D.N.Y. Sept. 12, 2013) (adopting a Magistrate Judge's Report and Recommendation for default judgment finding liability under RICO for placing false and misleading No-fault insurance claims in the mail with the intent to defraud).

## CONCLUSION

For all the foregoing reasons, as well as those set forth in their motion for default judgment, Plaintiffs respectfully request the Court *adopt* Magistrate Judge Pohorelsky's Report and Recommendation, and enter default judgment against all defaulting defendants, including Defendant Lupolover, in accordance with the Magistrate Judge's Report and Recommendation.

Dated: April 2, 2015
New York, New York

Respectfully submitted,

STERN & MONTANA, LLP

By: ___/s Daniel S. Marvin (DM-7106)_____
      Robert A. Stern
      Sandra P. Burgos
      Daniel S. Marvin
Attorneys for Plaintiffs
One World Financial Center, 30th Floor
New York, New York 10281
(212) 532-8100

cc: All Defaulted Defendants (via Overnight Mail)