UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY, et al.,

                            Plaintiffs,

    -against-

MARK MIRVIS, et al.,

                            Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

08-CV-4405 (SLT)(VVP)

**TOWNES, United States District Judge:**

Presently before the Court is Magistrate Judge Viktor V. Pohorelsky's Report and Recommendation ("R&R") recommending that this Court enter judgment by default against certain defendants and award plaintiffs trebled damages of $45,657,401.01, for which those defendants will be jointly and severally liable. (ECF No. 293.) Defendant Mark Lupolover ("Lupolover") filed objections to the R&R on March 19, 2015. (*See* ECF No. 294.) For the reasons set forth below, Lupolover's objections are denied and the R&R is adopted in its entirety.

## *BACKGROUND*

### *Factual and Procedural History*

On October 30, 2008, plaintiffs filed this action seeking damages for, among other things, violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968.[1] Plaintiffs' claims arise from a scheme defendants operated involving the unlawful operation of professional medical corporations. Under this scheme, defendants Mark Mirvis, Mark Lupolover, Michael Bezenyan, Ruven Katz, Igor Zhuravsky, and Georgy Statnrosh (the "Principal Defendants")—all of whom are lay persons not licensed in New York to practice

---

[1] Plaintiffs also asserted claims for common law fraud, unjust enrichment, and declaratory and injunctive relief. However, in this application plaintiffs only seek damages on their RICO Act claims. (*See* Mem. Supp. 2 n.1, ECF No. 265-4.)

medicine—illegally owned fraudulently licensed medical professional corporations (the "PC Defendants") which defendants used to fraudulently bill the plaintiff insurance companies for false claims made pursuant to New York's no-fault insurance system.

As part of this scheme, defendants established a variety of additional corporate entities. Some of the corporate entities were used to manage and operate the PC Defendants (the "Management Defendants"). Other corporate entities were used to funnel money back to the Principal Defendants and others (the "Money Laundering Defendants"). These proceeds were then used to purchase properties in Florida. Lupolover was responsible for the fraudulent billing practices of the PC Defendants. Lupolover, who served as an officer of the Money Laundering Defendants, also assisted in funneling money through the Money Laundering Defendants to the Principal Defendants.

On February 22, 2013, plaintiffs moved for default judgment against certain defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 265.) This Court referred that motion to Judge Pohorelsky, and on March 2, 2015, Judge Pohorelsky issued a Report and Recommendation recommending that this Court enter judgment by default against defendants Mark Mirvis; Mark Lupolover; Michael Bezenyan; Ruven Katz; Igor Zhuravsky; Georgy Statnrosh; Leonid Slutsky; 825 Broadway Medical Care, P.C.; Ocean L. Management Group Inc.; Flatlands Best Management Group, Inc.; Hillmed Management, Inc.; B-Way Management, Inc.; Flat-80 Management, Inc.; Nortmed Management, Inc.; Del Prado One, LLC; Del Prado Two, LLC; Del Prado Three, LLC; Del Prado Four, LLC; El Dorado One, LLC; M&M Oceanfront, LLC; NE 10, LLC; NE 24, LLC; and Tropicana One, LLC and award plaintiffs

trebled damages of $45,657,401.01, for which these defendants will be jointly and severally liable.[2] (ECF No. 293.)

***The R&R***

The R&R contains a thorough analysis of the claims on which plaintiffs seek judgment by default and the legal standards involved. First, the R&R explains the standard for entering a default judgment and the various factors courts consider in doing so. The R&R analyzes whether each of the defendants against which plaintiffs seek judgment by default has been properly served. As noted in the R&R, the record in this case shows that all but one of the defendants at issue—Yefim Sosonkin—has been properly served and that each properly served defendant has failed to interpose an answer. In light of defendants' default, the complaint's well-pleaded allegations are deemed admitted. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997). Thus, the R&R sets forth the complaint's well-pleaded allegations and, after a thorough analysis, finds that these allegations establish defendants' liability for substantive violations of the RICO Act.

Having found that plaintiffs' complaint properly established defendants' liability on the claims at issue, the R&R next considers damages. A district court is not required to hold a hearing in order to determine damages under Federal Rule of Civil Procedure 55(b)(2). *E.g.*, *Transatlantic Marine*, 109 F.3d at 111. Rather, a district court may rely on affidavits and other documentary evidence so long as the court ensures a proper basis for damages. *Id.* Here, Judge Pohorelsky reviewed declarations and other evidence submitted by plaintiffs. This evidence included, among other things, IRS 1099 forms kept by plaintiffs in the regular course of business. These forms reflect payments made by plaintiffs to the PC Defendants. Judge

---

[2] Judge Pohorelsky recommended that this Court vacate the default entered against Yefim Sosonkin because Sosonkin was not properly served. Further, because the time for service has long since expired, Judge Pohorelsky recommends that Sosonkin be dismissed from this case.

-3-

Pohorelsky also reviewed submissions from three defendants: Mark Lupolover, Michael Bezenyan, and Igor Zhuravsky. As the R&R notes, Lupolover, Bezenyan, and Zhuravsky attempt to downplay their individual roles in the conspiracy. (*See* ECF Nos. 287, 288, 290.)

Having considered plaintiffs' and defendants' submissions, Judge Pohorelsky found that plaintiffs proved losses totaling $15,219,133.67. Further, because the RICO Act provides for "threefold" recovery, 18 U.S.C. § 1964(c), Judge Pohorelsky found that plaintiffs were entitled to an award of $45,657,401.01, for which the defaulting defendants other than Sosonkin will be jointly and severally liable, *see Chubb & Son Inc. v. Kelleher*, No. 92-CV-4484-TLM-RML, 2010 WL 5978913, at *1 (E.D.N.Y. Oct. 22, 2010), *report and recommendation adopted*, No. 92-CV-4484 TLM/RML, 2011 WL 839553 (E.D.N.Y. Mar. 7, 2011) (finding defendants jointly and severally liable for damages from RICO conspiracy). Finally, because plaintiffs have already recovered $732,500 from other, non-defaulting defendants, Judge Pohorelsky found that the defaulting defendants are entitled to a set-off in that amount and that plaintiffs are thus entitled to collect no more than $44,924,901.01 in executing the judgment.

As discussed below, defendant Mark Lupolover filed objections to the R&R on March 19, 2015. (ECF No. 294.)

## *STANDARD OF REVIEW*

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). After completing this review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Objections to a report and recommendation must "be specific and are to address only those portions of the

proposed findings to which the party objects." *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). Thus, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, Nos. 06 Civ. 5450(LTS)(DFE), 07 Civ. 3436(LTS)(DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (citations omitted

Because Lupolover proceeds *pro se*, this Court must read his pleadings liberally and interpret them "to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation and internal quotation marks omitted).

## *DISCUSSION*

In his objections, Lupolover appears to argue that this Court should vacate the default entered against him for reasons stated in his letter dated April 28, 2013. In that letter, Lupolover stated that he could not afford an attorney to defend him in this action. (*See* ECF No. 288.) Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. Courts consider three factors in deciding whether to grant a Rule 55(c) motion: "(1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011) (citation omitted).

Lupolover's default clearly qualifies as willful. He does not argue that his failure to answer was due to negligence or carelessness but instead claims only that he cannot afford counsel.[3] However, Lupolover does not explain why he has not acted *pro se* to file an answer or

---

[3] Notably, Lupolover states that "[I] am aware that [I] may have defaulted by not providing an answer." (ECF No. 294 at 3.)

-5-

defend himself in this action. Lupolover's default thus qualifies as willful. *See In re Tyson*, No. 03-41900 ALG, 2007 WL 2379624, at *5 (Bankr. S.D.N.Y. Aug. 17, 2007) (finding default willful where, among other things, plaintiffs claimed lack of funds to defend but did not seek to proceed *pro se*); *Fed. Election Comm'n v. Beatty for Cong. Comm.*, No. 86 CIV. 3894 (RLC), 1987 WL 14658, at *2 (S.D.N.Y. Oct. 23, 1987) (noting that "a party may not decide *ex parte* that it is justified in not defending an action because of lack of funds" (internal quotation marks and citation omitted)).

Neither does Lupolover present a meritorious defense. Lupolover offers his bald and unsworn assertion that the "so called Criminal Enterprise was investigated by State and Federal Government Agencies including IRS audit" and that he was never charged with any misconduct. (ECF No. 294 at 1.) And although he also disputes certain of the complaint's allegations, he provides no evidence to support his claims. These unsupported claims do not meet the applicable standard, which requires "credible evidence of facts that would constitute a complete defense." *State Farm*, 409 F. App'x at 456; *see also Allstate Ins. Co. v. Bogoraz*, No. 10-CV-5286 (SJF)(ETB), 2012 WL 1655552, at *5 (E.D.N.Y. May 9, 2012) (noting that "conclusory denials are insufficient to demonstrate a meritorious defense").

Because Lupolover's default qualifies as willful and he has not presented a meritorious defense, this Court need not consider prejudice. *See Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 244 (2d Cir. 1994). In any event, given the amount of time that has passed, vacating the default at this late stage would be inappropriate. *See Bogoraz*, 2012 WL 1655552, at *6 (declining to vacate default where default was willful, defendant did not present a

meritorious defense, and the default was entered against defendant one year prior). Accordingly, to the extent Lupolover seeks to vacate the entry of default against him, that request is denied.

Lupolover's unsworn objections also dispute certain facts in an attempt to demonstrate that plaintiffs have not demonstrated his liability. However, in light of Lupolover's default, the complaint's well-pleaded allegations are deemed admitted. *See Transatlantic Marine*, 109 F.3d at 108. Lupolover's objections do not challenge the R&R's findings as to damages and, to the extent Lupolover intended to do so, he includes neither an affidavit nor any documentary evidence for this Court to consider.

## *CONCLUSION*

For the reasons stated above, the Court denies Lupolover's objections and adopts Judge Pohorelsky's Report and Recommendation (ECF No. 293) in its entirety. Default judgment shall be entered as set forth in the Report and Recommendation.

It is further ordered that the default entered against Yefim Sosonkin is vacated and Sosonkin is dismissed from this case.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: March 31, 2015
       Brooklyn, New York