UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, *et al.*,

Plaintiffs,

-against-

MARK MIRVIS, *et al.*,

Defendants.

08-CV-4405 (SLT) (PK)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AVOID FRAUDULENT CONVEYANCES BY JUDGMENT DEBTOR MARK MIRVIS PURSUANT TO F.R.C.P. 69(a), C.P.L.R. § 5225(b), AND D.C.L. §§ 273–a AND 278

STERN & MONTANA, LLP
ATTORNEYS FOR PLAINTIFFS
ALLSTATE INSURANCE COMPANY, ET AL.
ONE WORLD FINANCIAL CENTER
30TH FLOOR
NEW YORK, NEW YORK 10281
TELEPHONE: (212) 532-8100

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

STANDARD OF REVIEW ...................................................................................................... 6

ARGUMENT ......................................................................................................................... 8

I.    THE JUDGMENT DEBTOR'S TRANSFERS OF 289 BAYBERRY
      DRIVE WERE FRADULENT CONVEYANCES UNDER NEW YORK
      LAW ............................................................................................................................ 9

      A.    The Transfers Were Not Made For Fair Consideration ................................. 9

      B.    The Judgment Debtor was a Defendant at the Time of the Transfers ....... 12

      C.    The Judgment Remains Unsatisfied ............................................................. 13

II.   THE FRADULENT TRANSFERS OF 289 BAYBERRY DRIVE SHOULD
      BE SET ASIDE OR DISREGARDED PURSUANT TO D.C.L. § 278 .............................. 14

CONCLUSION ..................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*AMEV Capital Corp. v. Kirk*,
    180 A.D.2d 791 (2nd Dep't 1992) ............................................................... 15, 16

*Analogic Corp. v. Manuelian*,
    No. 12-1428, 2014 WL 1330774, (E.D.N.Y. Mar. 31, 2014) (Townes, J.),
    *appeal dismissed* (Mar. 5, 2015) ................................................................... 9, 10

*Contractors Cas. & Sur. Co. v. I.E.A. Elec. Corp.*,
    181 Misc.2d 469 (N.Y. Sup. Ct. 1999) .............................................................. 15

*Cordius Trust v. Kummerfeld*,
    No. 99 CIV. 3200DLC, 2009 WL 3416235 (S.D.N.Y. Oct. 23, 2009) ...................... 6

*Domino Media, Inc. v. Kranis*,
    9 F. Supp. 2d 374 (S.D.N.Y. 1998),
    *aff'd*, 173 F.3d 843 (2d Cir. 1999) ................................................................... 10

*Epperson v. Entm't Express, Inc.*,
    242 F.3d 100 (2d Cir. 2001) ............................................................................ 7

*FDIC v. Porco*,
    75 N.Y.2d 840 (1990) ...................................................................................... 15

*Finn v. Barney*,
    471 F. App'x 30 (2d Cir. 2012) ......................................................................... 11

*Gard Entm't, Inc. v. Block*,
    36 Misc. 3d 1236(A) (N.Y. Sup. Ct. 2012) ......................................................... 15

*Gasser v. Infanti Int'l, Inc.*,
    353 F. Supp. 2d 342 (E.D.N.Y. 2005) ........................................................... 10, 15

*Gelbard v. Esses*,
    96 A.D.2d 573, 465 N.Y.S.2d 264 (2nd Dep't 1983) ............................................ 7

*HBE Leasing Corp. v. Frank*,
    48 F.3d 623 (2d Cir. 1995) ............................................................................... 8

*Hearn 45 St. Corp. v. Jano*,
    283 N.Y. 139 (1940) ....................................................................................... 15

*In re Bayer Corp. Comb. Aspirin Prods. Mktg. & Sales Practices Litig.*,
    701 F. Supp. 2d 356 (E.D.N.Y. 2010) ....................................................................11

*In re Khan*,
    No. 10-46901-ESS, 2014 WL 10474969 (E.D.N.Y. Dec. 24, 2014) ................................. 10, 12

*In re Persky*,
    893 F.2d 15 (2d Cir. 1989) ............................................................................. 15

*In re Sharp Int'l Corp.*,
    403 F. 3d 43 (2d Cir. 2005) .............................................................................. 8

*In re UBS Auction Rate Sec. Litig.*,
    No. 08 CIV. 2967 (LMM), 2010 WL 2541166 (S.D.N.Y. June 10, 2010) ..............................11

*Kurpiel v. Kurpiel*,
    271 N.Y.S.2d 114 (Nassau Sup. Ct. 1966) ..............................................................11

*LaBarbera v. Audax Const. Corp.*,
    971 F. Supp. 2d 273 (E.D.N.Y. 2013) ................................................................ 1, 7

*Leser v. U.S. Bank Nat. Ass'n*,
    No. 09-CV-2362 KAM, 2013 WL 3788877,(E.D.N.Y. July 18, 2013) .................................. 7

*Ligon v. Doherty*,
    208 F. Supp. 2d 384 (E.D.N.Y. 2002) ................................................................11

*Lippe v. Bairnco Corp.*,
    249 F. Supp. 2d 357 (S.D.N.Y. 2003) ............................................................... 9, 10

*Lyman Commerce Solutions, Inc. v. Lung*,
    No. 12-4398, 2015 WL 1808693 (S.D.N.Y. Apr. 20, 2015) ........................................... 7, 8

*Mfrs. & Traders Trust Co. v. Lauer's Furniture Acquisition, Inc.*,
    226 A.D.2d 1056 (4th Dep't 1996) .................................................................... 15

*Mitchell v. Garrison Protective Servs., Inc.*,
    579 F. App'x 18 (2d Cir. 2014) ........................................................................ 8

*Mitchell v. Lyons Prof'l Servs., Inc.*,
    727 F. Supp. 2d 120 (E.D.N.Y. 2010) ................................................................. 7

*N. Mariana Islands v. Millard*,
    845 F. Supp. 2d 579 (S.D.N.Y. 2012) ................................................................. 7

*Neshewat v. Salem,*
    365 F. Supp. 2d 508 (S.D.N.Y. 2005) ................................................................. 12, 16

*Orr v. Kinderhill Corp.*
    991 F.2d 31 (2d Cir. 1993) ................................................................................. 12

*Prario v. Novo,*
    645 N.Y.S.2d 269 (Westchester Sup. Ct. 1996) .................................................. 11

*Priestley v. Panmedix Inc.,*
    18 F. Supp. 3d, 486 (S.D.N.Y. 2014) .............................................................. 9, 10

*RTC Mortg. Trust 1995–S/NI v. Sopher,*
    171 F.Supp.2d 192 (S.D.N.Y. 2001) .................................................................. 15

*S.E.C. v. Universal Exp., Inc.,*
    No. 04-2322, 2008 WL 1944803 (S.D.N.Y. Apr. 30, 2008) ................................. 10

*Sardis v. Frankel,*
    113 A.D.3d 135 (1st Dep't 2014) ................................................................... 8, 10

*State Farm Mut. Auto. Ins. Co. v. Grafman*
    No. 04-2609, 2015 WL 269529 (E.D.N.Y. Jan. 21, 2015)................................. *passim*

*State Farm Mut. Auto. Ins. Co. v. Grafman,*
    No. 04-CV-2609 (NG)(SMG), 2015 WL 9460131 (E.D.N.Y. Dec. 23, 2015) .......................... 6

*Stochastic Decisions, Inc. v. DiDomenico,*
    995 F.2d 1158 (2d Cir. 1993) ............................................................................ 15

*Techno-Comp, Inc. v. Arcabascio,*
    No. 14-CV-5152 SLT VMS, 2015 WL 5244406 (E.D.N.Y. Sept. 8, 2015) .............................. 8

*TLC Merch. Bankers, Inc. v. Brauser,*
    No. 01-3044, 2003 WL 1090280 (S.D.N.Y. Mar. 11, 2003) ............................... 14, 15

*United States v. Mazzeo,*
    306 F.Supp.2d 294 (E.D.N.Y.2004) .................................................................... 10

*United States v. McCombs,*
    30 F.3d 310 (2d Cir. 1994) ................................................................................ 10

*William J. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh,*
    No. 2014-08805, 2015 WL 5124894, (2nd Dep't Sept. 2, 2015) .......................... 15

*Zaltz v. JDATE,*
  952 F. Supp. 2d 439, 460 n. 9 (E.D.N.Y. 2013) ........................................................................11

## Statutes

Federal Rules of Civil Procedure ("F.R.C.P.")
  Rule 4 .................................................................................................................................... 1
  Rule 69 .................................................................................................................................. 6

Federal Rule of Evidence 201 ..........................................................................................................11

18 U.S.C. §§ 1961, 1962 .................................................................................................................. 3

New York Civil Practice Law and Rules ("C.P.L.R.")
  § 5018 ................................................................................................................................... 3
  § 5203 ................................................................................................................................... 3
  § 5225 ......................................................................................................................... 1, 6, 7, 16

New York Debtor and Creditor Law ("D.C.L.")
  § 272 ..............................................................................................................................11, 12
  § 273–a ....................................................................................................................... *passim*
  § 278 ............................................................................................................................ *passim*

New York Estates Powers & Trusts Law ("E.P.T.L.") § 6-2.2 ...............................................11, 15

## INTRODUCTION

Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs") move this Court, pursuant to Rule 69(a) of the Federal Rules of Civil Procedure ("F.R.C.P."), Section 5225(b) of the New York Civil Practice Law and Rules ("C.P.L.R.") and Sections 273–a and 278 of the New York Debtor and Creditor Law ("D.C.L."), for an order deeming certain transfers of real property located at 289 Bayberry Drive North, Hewlett Harbor, New York 11557, Nassau County ("289 Bayberry Drive"),[1] from Mark Mirvis ("Mirvis" or the "Judgment Debtor") and his wife Lyubov Mirvis ("Lyubov") to their daughter Tatyana Mirvis ("Tatyana"),[2] to be fraudulent conveyances, and upon such a finding, voiding, nullifying and/or disregarding such transfers and levying execution upon 289 Bayberry Drive and/or any proceeds thereof.

## PRELIMINARY STATEMENT

By this Motion, Plaintiffs seek to undo that which the Judgment Debtor has done for the specific purpose of avoiding the inevitable consequences of his fraud. In that regard, on or about May 11, 2015, barely one month after this Court entered Default Judgment against the Judgment Debtor in the amount of $45,657,401.01 arising from his participation in a massive scheme to defraud Plaintiffs, the Judgment Debtor transferred paper ownership of his home (289 Bayberry Drive), with an assessed value of more than one million dollars, to his daughter, for no consideration. That transfer of ownership was the culmination of a series of suspicious transfers (on paper) of the home amongst Mirvis and his family members which began within a few

---

1. In recorded instruments concerning 289 Bayberry, its address is sometimes listed as 289 Bayberry Drive, Hewlett, New York 11557, omitting the words "North" and "Harbor" from the street and city names, respectively.

2. Neither Lyubov nor Tatyana is a judgment debtor or a party to the above-referenced action. Accordingly, Plaintiffs have served this Motion upon Lyubov and Tatyana in accordance with Rule 4(e) of the F.R.C.P. *See LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 282 (E.D.N.Y. 2013) (Townes, J.).

months of Plaintiffs' Moving for Default Judgment against him. Tellingly, other than the aforementioned paper transfers of ownership of 289 Bayberry Drive, in which Mirvis still lives, there were no other transfers of the home in the preceding fifteen years since it was purchased by Mirvis and his wife. Thus, it is clear that Mirvis' proclivity for fraud did not end with the scheme alleged in the Complaint, but continued on with his fraudulent conveyance of 289 Bayberry Drive.

As set forth herein, it is well settled law in New York, that a conveyance made without fair consideration by a person who is a defendant in an action for money damages, or a judgment in such an action had been docketed against him, is fraudulent as to the plaintiff in that action if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment. Such is the case here. There is no dispute that the Judgment Debtor transferred his interest in 289 Bayberry Drive to his daughter for no substantive consideration, and there is certainly no dispute that at the time of such conveyance, this Court had, just months earlier, entered a substantial judgment against him. Accordingly, it is respectfully submitted that this Court should deem the Judgment Debtor's transfer of 289 Bayberry Drive to be a fraudulent conveyance, and should void the transfer and levy execution upon 289 Bayberry Drive and/or any proceeds thereof.

## FACTUAL BACKGROUND

On October 30, 2008, Plaintiffs commenced this action against the Judgment Debtor, among others, alleging that he participated in a massive criminal enterprise consisting of, among other things, illegally owned and fraudulently licensed medical professional corporations[3] that were used to fraudulently bill insurance companies during a thirteen-year period of criminal activity. *See* accompanying Declaration of Daniel S. Marvin ("Marvin Decl.") ¶ 3; ECF No. 1

---

3. Namely, L&B Medical P.C., Lamed Medical, P.C., General Medical Care, P.C., 825 Broadway Medical Care, P.C., Dover Medical P.C., Flatlands 78 Medical P.C., ZDR Medical P.C., and S&L Medical, P.C. *See* Marvin Decl. ¶ 3.

(the "Complaint"). The Complaint sought relief pursuant to, among other things, the United States Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962(c) & (d), and Common Law Fraud. *See* Marvin Decl. ¶ 3; ECF No. 1. With the Judgment Debtor having failed to appear in this matter, the Plaintiffs moved for default judgment against him (among others), and on March 2, 2015, Magistrate Judge Pohorelsky issued a Report and Recommendation recommending the entry of default judgment against the Judgment Debtor, among others. *See id.* at ¶ 4; ECF No. 293. On March 31, 2015, this Court adopted Magistrate Judge Pohorelsky's Report and Recommendation in its entirety, *see* ECF No. 297, and pursuant thereto, the Clerk of the Court entered a default judgment on April 8, 2015, *see* ECF No. 298. *See id.* at ¶ 4. A corrected judgment was later entered on May 5, 2015, awarding to Plaintiffs damages in the amount of $45,657,401.01. *See id.*; ECF No. 303. Pursuant to Sections 5018(b) and 5203(a) of the New York Civil Practice Law and Rules ("C.P.L.R."), the Judgment was docketed by the Nassau County Clerk's Office on or about May 29, 2015. *See id.* at ¶ 5, Exh. A (Docketed Judgment). As of the date of this Motion, the Judgment remains unsatisfied. *See id.*

During the course of seeking to enforce the Judgment, Plaintiffs verified that 289 Bayberry Drive was among the assets of the Judgment Debtor. *See id.* at ¶ 6. Plaintiffs' investigation into the Judgment Debtor's ownership of 289 Bayberry Drive revealed the following:

- The Deed for 280 Bayberry Drive, dated September 24, 1999 and recorded in Nassau County, New York on October 8, 1999 (the "1999 Deed"), by which Mirvis and his wife originally purchased 289 Bayberry Drive. *See id.* at ¶ 6, Exh. B (1999 Deed).

- The Judgment Debtor and his wife jointly acquired 289 Bayberry Drive for a purchase price of $740,000.00. *See id.*

- According to the Land Record Abstract for 289 Bayberry Drive, published by Nassau County on its website at http://lrv.nassaucountyny.gov (the "Land

3

Record Abstract"), the property was most recently assessed as having a fair market value of $1,020,000.00.  *See id.* at ¶ 6, Exh. C (Land Record Abstract).

- On May 20, 2013, approximately three months after Plaintiffs refiled their motion for default judgment, *see* ECF No. 265, the Judgment Debtor and his wife Lyubov executed a bargain and sale deed (the "May 2013 Deed") through which they each purported to transfer an ownership interest in 289 Bayberry Drive to their daughter Tatyana (the "May 2013 Transfer"). *See id.* at ¶ 6, Exh. D (May 2013 Deed).

  The May 2013 Deed did not recite any consideration paid in connection with the transfer, leaving that part of the deed blank. *See id.*[4]

- On October 20, 2013, the Judgment Debtor, his wife, and his daughter executed a bargain and sale deed (the "October 2013 Deed") through which they purported to transfer Tatyana's interest in 289 Bayberry Drive back to the Judgment Debtor and his wife (the "October 2013 Transfer"). *See id.* at ¶ 6, Exh. E (October 2013 Deed)

  The October 2013 Deed documented that no consideration ("$0.00") was paid in connection with the transfer. *See id.*

- On May 11, 2015, less than one week after entry of the corrected Judgment, the Judgment Debtor and his wife executed a bargain and sale deed (the "May 2015 Deed"), through which they purported to transfer all of their interest in 289 Bayberry Drive to their daughter Tatyana (the "May 2015 Transfer") (together with the May 2013 Transfer, the "Transfers"). *See id.* at ¶ 6, Exh. F (May 2015 Deed).[5]

  The May 2015 Deed was recorded in Nassau County on June 19, 2015, and it recites that "Ten Dollars and other valuable consideration"[6] was paid in connection with the transfer. *See id.*

---

4. Little more than two weeks earlier, on May 3, 2013, Georgy Statnigrosh, another judgment debtor and co-conspirator of Mirvis, had made a transfer of real property located in Holmdel, New Jersey to the wife of judgment debtor Igor Zhuravsky for "ten dollars and other valuable consideration." *See id.*

5. Because the October 2013 Transfer ostensibly reversed the May 2013 Transfer, it is not the subject of this Motion, except to the extent that it was part of the Judgment Debtor's suspicious pattern of transfers. *See id.* at ¶ 6, Exhs. D, E. Insofar as the May 2015 Deed recites Tatyana as a "grantor," it appears to disregard the fact that the October 2013 Transfer had already purported to divest Tatyana of her interest in 289 Bayberry Drive. *See id.* at ¶ 6, Exhs. E, F.

6. However, neither the May 2015 Deed nor any other records available to Plaintiffs indicate what "other valuable consideration" was paid, if any. *See id.* at ¶ 6, Exh. F.

4

- According to the land records of Nassau County, there are two mortgages on 289 Bayberry Drive, including one by and between Mark and Lyubov Mirvis, as borrowers, and Ocwen Loan Servicing, LLC (as assignee of Morgan Stanley Dean Witter Credit Corp.), as lender (the "Ocwen Mortgage"). *See id.* at ¶ 6, Exh. G (Ocwen Mortgage).

  In response to a post-judgment subpoena, Ocwen has provided a report dated December 11, 2015 (the "Mortgage Payments Report"), indicating that as of November 30, 2015, the principal balance outstanding in connection with the Ocwen Mortgage was $150.245.01. *See id.* at ¶ 6, Exh. H (Mortgage Payments Record).[7]

Although the May 2015 Transfer purported to divest Mirvis of any interest in 289 Bayberry Drive, Plaintiffs have uncovered evidence that he has continued to reside there. *See id.* at ¶ 7. First, Plaintiffs served an information subpoena and restraining notice by certified mail (return receipt requested) upon the Judgment Debtor at 289 Bayberry Drive, and it was successfully delivered. *See id.* at ¶ 7, Exh. K (Affidavit of Service and Signed USPS Return Receipt). The return receipt bears the date July 13, 2015, and the signature appears to read "Mirvis." *See id.* Second, Plaintiffs obtained a report dated February 3, 2016 from the New York Department of Motor Vehicles that lists 289 Bayberry Drive as Mirvis' address. *See id.* at ¶ 7, Exh. L (DMV Report). Third, as of December 11, 2015, Mirvis' mailing address continued to be listed as 289 Bayberry Drive on the Mortgage Payments Record provided by the lender under the Mortgage. *See id.* at ¶ 7, Exh. H. Finally, the Westlaw PeopleMap Record obtained by Plaintiffs on February 11, 2016 continues to show that 289 Bayberry Drive is Mirvis' last known address, and that he has not been associated with any other address since at least 2008. *See id.* at ¶ 7, Exh. M (PeopleMap Record). Despite Plaintiffs' best efforts, including searches of

---

7. The other mortgage, by and between Mark and Lyubov Mirvis, as borrowers, and JPMorgan Chase Bank, N.A. ("Chase"), as lender, secures a home equity line of credit with Chase in the maximum amount of $750,000 (the "Chase Mortgage"). *See id.*, Exh. I (Chase Mortgage). Although Plaintiffs served a subpoena *duces tecum* on Chase concerning Mirvis on November 5, 2015, *see id.* at ¶ 6, Exh. J (Affidavit of Service), Chase has yet to provide any records or information indicating what amount has actually been drawn and is outstanding under the line of credit, and Plaintiffs are working with Chase to obtain this information. *See id.* at ¶ 6.

PACER.gov, eCourts of the New York Unified Court System, New Jersey Courts Public Access, social media, and online directories, Plaintiffs have been unable to locate any other residential address that is used by the Judgment Debtor. *See id.* at ¶ 8.

## STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 69(a), a judgment creditor may use any execution method consistent with the practice and procedure of the state in which the district court sits. *See* Fed. R. Civ. P. 69(a)(1); *see aslo State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04-CV-2609 NG SMG, 2015 WL 269529, at *1-2 (E.D.N.Y. Jan. 21, 2015), *report and recommendation adopted*, 2015 WL 9460131 (E.D.N.Y. Dec. 23, 2015) (applying D.C.L. and C.P.L.R. to motions to avoid fraudulent conveyances pursuant to Rule 69(a)(1)). As such, New York law concerning the enforcement of money judgments applies to this Motion, and in New York, Article 52 of the C.P.L.R. governs the enforcement of money judgments. *See Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200DLC, 2009 WL 3416235, at *7 (S.D.N.Y. Oct. 23, 2009). Section 5225(b) provides, in pertinent part, that:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

C.P.L.R. § 5225(b). In addition, courts in New York have consistently held that this statute is the proper procedural vehicle for challenging a fraudulent conveyance under New York law. *See State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04-CV-2609 (NG)(SMG), 2015 WL 9460131, at *4 (E.D.N.Y. Dec. 23, 2015) ("There is no dispute that the applicable procedure under state law

is put forth in [C.P.L.R.] § 5225(b)."); *Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362 KAM, 2013 WL 3788877, at *8 (E.D.N.Y. July 18, 2013), *appeal withdrawn* (Dec. 17, 2013) ("A judgment creditor may use Section 5225(b) 'as the means to set aside a transfer made by a judgment debtor to defraud his creditors.'") (quoting *Gelbard v. Esses*, 96 A.D.2d 573, 575, 465 N.Y.S.2d 264, 267 (2nd Dep't 1983)).

Moreover, despite the reference in Section 5225(b) to a "special proceeding," in federal court a judgment creditor need not commence a new action and "may seek the relief provided under state law through a motion made in the original action." *Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 121 (E.D.N.Y. 2010) (holding that Rule 69 "does not require strict adherence to state procedural law"); *see LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 279 (E.D.N.Y. 2013) (Townes, J.) ("As Plaintiffs' motion seeks only to enforce a judgment rather than to 'raise an independent controversy with a new party,' the court has jurisdiction to consider these claims.") (quoting *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 106 (2d Cir. 2001)); *N. Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 581 (S.D.N.Y. 2012) ("Nearly every court in this Circuit to consider the issue has held that parties can bring a motion under FRCP 69(a), rather than instituting a special proceeding under the New York state law.") (collecting cases).

A plaintiff seeking to establish that a conveyance was fraudulent as to creditors within the meaning of D.C.L. Section 273-a "need not establish fraudulent intent in order to prevail." *Grafman*, 2015 WL 269529, at *6; *see Lyman Commerce Solutions, Inc. v. Lung*, No. 12-4398, 2015 WL 1808693, at *7 (S.D.N.Y. Apr. 20, 2015) ("[t]he defendant's intent is irrelevant" to resolution of motion under D.C.L. § 273–a). New York's version of the Uniform Fraudulent Conveyance Act (the "UFCA"), as codified in Article 10 of the D.C.L., "identifies several situations involving 'constructive fraud,' in which a transfer made without fair consideration

constitutes a fraudulent conveyance, regardless of the intent of the transferor." *In re Sharp Int'l Corp.*, 403 F. 3d 43, 53 (2d Cir. 2005) (quoting *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 633 (2d Cir. 1995)). Under the D.C.L., "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action had been docketed against him is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." D.C.L. § 273–a; *see Lyman*, 2015 WL 1808693, at *7 (citations omitted); *Grafman*, 2015 WL 269529, at *1-2 ("[T]he mere pendency of a money action against a person makes any gratuitous transfer of property by that person fraudulent against the plaintiff.") (quoting *Mitchell v. Garrison Protective Servs., Inc.*, 579 F. App'x 18, 21 (2d Cir. 2014)).

Where a conveyance is fraudulent as to a creditor whose claim has matured, D.C.L. Section 278 provides that such conveyance may be set aside, or that the Court may disregard the transfer and levy execution upon the subject property. D.C.L. § 278(1); *Techno-Comp, Inc. v. Arcabascio*, No. 14-CV-5152 SLT VMS, 2015 WL 5244406, at *9-10 (E.D.N.Y. Sept. 8, 2015) (Townes, J.) (fraudulent conveyances may be set aside under D.C.L. § 278). The creditor may seek such relief "as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase." *Sardis v. Frankel*, 113 A.D.3d 135, 141 (1st Dep't 2014) (remedies under D.C.L. § 278 available where judgment debtor transferred condominium to son without fair consideration) (quoting D.C.L. § 278(1)).

## ARGUMENT

In the instant case, it is indisputable that the Judgment Debtor's Transfers of his interest in 289 Bayberry Drive, made for little to no consideration, while the present action was pending, and the existence of an unsatisfied Judgment for which the Judgment Debtor is jointly and

severally liable, establish the elements of a D.C.L. § 273–a claim, for which relief under D.C.L. § 278 is both authorized and appropriate.

## I.   THE JUDGMENT DEBTOR'S TRANSFERS OF 289 BAYBERRY DRIVE WERE FRAUDULENT CONVEYANCES UNDER NEW YORK LAW.

### A.   The Transfers were not made for Fair Consideration.

Turning to the first element, there is no doubt that the conveyances of the Judgment Debtor's interest in 289 Bayberry Drive were without "fair consideration." D.C.L. Section 272 sets forth that "fair consideration" is given for property or an obligation "(a) [w]hen, in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or (b) [w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained." D.C.L. § 273–a.   In the Second Circuit, the test for "fair consideration" within the meaning of the UFCA is "profitably analyzed as follows: (1) the recipient of the debtor's property must either (a) convey property in exchange or (b) discharge an antecedent debt in exchange; and (2) such exchange must be a 'fair equivalent' of the property received; and (3) such exchange must be 'in good faith.'" *Priestley v. Panmedix Inc.*, 18 F. Supp. 3d 486, 498 (citations omitted).

"Fair consideration [under Section 272] has two components – the exchange of fair value and good faith," both of which are "required." *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 377 (S.D.N.Y. 2003) *aff'd*, 99 Fed. Appx. 274 (2d Cir. 2004).   Thus, "'[f]air consideration' is not only a matter of whether the amount given for the transferred property was a 'fair equivalent' or 'not disproportionately small,'...but [also] whether the transaction is made 'in good faith....'" *Sardis*, 113 A.D.3d at 141-42 (citations omitted).   Some courts have held that "the 'good faith' at issue is the good faith of the transferee." *See Analogic Corp. v. Manuelian*, No. 12-1428, 2014 WL

1330774, at *3 n.1 (E.D.N.Y. Mar. 31, 2014) (Townes, J.), *appeal dismissed* (Mar. 5, 2015)

(quoting *Lippe*, 249 F. Supp. 2d at 377). Other courts, however, have held that "the requirement

of good faith 'is imposed on both the transferor and the transferee.'" *See Priestley*, 18 F. Supp.

3d at 498 (quoting *Sardis*, 113 A.D.3d at 141-42). In any event, the determination of whether a

conveyance was made for "fair consideration" is to be made on a case-by-case basis. *See S.E.C.

v. Universal Exp., Inc.*, No. 04-2322, 2008 WL 1944803, at *5 (S.D.N.Y. Apr. 30, 2008) ("The

concept of 'fair consideration' is an 'elusive one that defies any one precise formula,' and '[w]hat

constitutes fair consideration under [section 272] must be determined upon the facts and

circumstances of each particular case.'" (quoting *United States v. McCombs*, 30 F.3d 310, 326

(2d Cir. 1994))). Where, as here, the suspect conveyance involves one or more members of the

judgment debtor's family, the transfer is "subject to enhanced scrutiny." *Sardis*, 113 A.D.3d at

145; *see Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998), *aff'd*, 173 F.3d

843 (2d Cir. 1999) ("In an intrafamily transfer . . . , the burden of demonstrating the fairness of

consideration is on the transferee.") (citations omitted); *see also In re Khan*, No. 10-46901-ESS,

2014 WL 10474969, at *9 (E.D.N.Y. Dec. 24, 2014) ("[C]ourts view intrafamily transfers

without any signs of tangible consideration as presumptively fraudulent.") (quoting *United States

v. Mazzeo*, 306 F.Supp.2d 294, 311 (E.D.N.Y.2004)); *Gasser v. Infanti Int'l, Inc.*, 353 F. Supp. 2d

342, 354 (E.D.N.Y. 2005) ("[I]n cases where a conveyance has been made from one family

member to another and the facts relating to the type of consideration are within their exclusive

control, the defendant has the burden of proving the adequacy of the consideration.") (citing

*McCombs*, 30 F.3d at 324)).

　　　First, with respect to the May 2013 Transfer, the section of the deed setting forth the

dollar amount of consideration paid by Tatyana is blank, suggesting that the Judgment Debtor

and/or Lyubov received no consideration in exchange for a one-half interest in 289 Bayberry Drive.[8] *See* Marvin Decl. ¶ 6, Exh. D. Second, the May 2015 Transfer Deed recites that "Ten Dollars and other valuable consideration" was paid by Tatyana, but Plaintiffs have found no evidence that $10 or any other consideration was actually paid. *See id.* at ¶ 6, Exh. F. In neither case was the transfer made for "fair consideration" as that term is defined under the D.C.L. In each instance, the consideration was not a "fair equivalent" of the property interest being transferred; to the contrary, such consideration was "disproportionately small" compared with the fair market value of the one-third interest acquired by Tatyana. The foregoing is underscored by the fact that 289 Bayberry Drive was most recently assessed as having a fair market value of $1,020,000.00, according to the Land Record Abstract. *See id.* at ¶ 6, Exh. C.[9] Thus the one-half interest conveyed to Tatyana with the May 2013 Transfer may have been worth as much as $560,000, and the 100% ownership interest she purported to receive with the May 2015 Transfer may have been worth $1,020,000.00.

---

8. Prior to the May 2013 Transfer, the Judgment Debtor and his wife owned 100 percent of 289 Bayberry as tenants in the entirety. *See* Exh. B (1999 Deed conveying 289 Bayberry to "Mark Mirvis and Lyubov Mirvis, his wife."); *see also* N.Y. Estates Powers & Trusts Law ("E.P.T.L.") § 6-2.2(b). With the May 2013 Transfer, they purported to convey half of their interest in 289 Bayberry to Tatyana. *See* Exh. D (conveying 289 Bayberry to "Mark Mirvis, Lyubov Mirvis, and Tatyana Mirvis"); *Prario v. Novo*, 645 N.Y.S.2d 269, 271 (Westchester Sup. Ct. 1996) ("A grant to grantees as husband and wife and also to a third or additional persons creates a tenancy by the entirety as to the husband and wife and a tenancy in common as to the other grantees.") (citations omitted); *cf Kurpiel v. Kurpiel*, 271 N.Y.S.2d 114, 116 (Nassau Sup. Ct. 1966) ("Were the words 'jointly and not as tenants in common' omitted from the deed, the conclusion that husband and wife held one half by the entirety and that their son was a tenant in common with them of the other half would be sound.") (citation omitted).

9. It is well-settled that the Court may "take judicial notice of documents where the documents 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (quoting Fed. R. Evid. 201(b)(2)); *see Zaltz v. JDATE*, 952 F. Supp. 2d 439, 460 n. 9 (E.D.N.Y. 2013) (judicial notice of employee information on website maintained by defendant). Plaintiffs respectfully request that the Court take judicial notice of the assessment information for 289 Bayberry that is published on the official website of Nassau County. *See, e.g., In re Bayer Corp. Comb. Aspirin Prods. Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 368 (E.D.N.Y. 2010) (judicial notice of documents published to FDA website); *In re UBS Auction Rate Sec. Litig.*, No. 08 CIV. 2967 (LMM), 2010 WL 2541166, at *13 (S.D.N.Y. June 10, 2010) (order published on SEC website); *Ligon v. Doherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (records published on website maintained by New York prison system).

Based on the foregoing, it is clear that the value of the interest in 289 Bayberry Drive was far more than $10.00 (let alone $0.00), confirming that the Transfers were made without "fair consideration." *See Domino Media*, 9 F. Supp. 2d at 387 (transfer of real property by defendant husband to non-defendant wife for "ten dollars and other good and valuable consideration" fraudulent under D.C.L. § 273–a); *Neshewat v. Salem*, 365 F. Supp. 2d 508, 519 (S.D.N.Y. 2005) (conveyance by debtor to his wife of one-half interest in real property for no consideration fraudulent under D.C.L. § 273–a), *aff'd*, 194 F. App'x 24 (2d Cir. 2006); *see also Orr v. Kinderhill Corp.* 991 F.2d 31, 33 (2d Cir. 1993) (transfer of ten tracts of real estate by corporation to wholly-owned subsidiary for "nominal consideration (one to ten dollars)" part of integrated fraudulent transaction under D.C.L. § 273–a); *Khan*, 2014 WL 10474969, at *9 (transfer between family members "presumptively fraudulent" in absence of evidence of tangible consideration).[10]

## B.    The Judgment Debtor was a Defendant at the Time of the Transfers.

Turning next to the second element, at the time of the Transfers, the Judgment Debtor was a defendant in the above-captioned action. *See* Marvin Decl. ¶ 3; ECF No. 1. Notably, the May 2013 Deed was executed approximately three months after Plaintiffs refiled their motion for default judgment (ECF No. 265), and the May 2015 Deed was executed barely one month after

---

10. Moreover, in the present case, there is no reason to believe that the Transfers were made in good faith. The Judgment Debtor and his wife owned 289 Bayberry Drive continuously from the purchase date in 1999 until May 20, 2013, shortly after Plaintiffs refiled their motion for default judgment in the instant action. *See* Marvin Decl. ¶¶ 4, 6, Exhs. B, D; ECF No. 265. Little more than two weeks earlier, Mirvis' co-conspirator and fellow judgment debtor Georgy Statnigrosh had also fraudulently conveyed real estate, suggesting that Mirvis and Statnigrosh had similar motives. *See id.* at ¶ 6. Indeed, the conveyances discussed herein were all made within a two year period, during which Plaintiffs' Motion for Default Judgment was pending and ultimately decided. *See id.* This conspicuously sudden change, after more than thirteen years of undisturbed ownership, was clearly motivated by the commencement of the present action and the prospect of default judgment, and Plaintiffs are aware of no facts or circumstances suggesting that the Judgment Debtor, Lyubov or Tatyana entered into the transactions in "good faith."

the Court's initial entry of judgment (ECF No. 298), just days after the Court's entry of the corrected Judgment (ECF No. 303). *See* Marvin Decl. ¶¶ 4, 6, Exhs. D, F.

C.    **The Judgment Remains Unsatisfied.**

Lastly, the Judgment (for which Mirvis is jointly and severally liable) has not been satisfied, thus establishing the third and final element for a claim under Section §273–a. *See* Marvin Decl. ¶ 5; ECF No. 303. In that regard, the matter of *State Farm Mut. Auto. Ins. Co. v. Grafman* is instructive. No. 04-2609, 2015 WL 269529, at *1 (E.D.N.Y. Jan. 21, 2015), *report and recommendation adopted*, 2015 WL 9460131 (E.D.N.Y. Dec. 23, 2015). In *Grafman*, a case that is factually similar to the matter at bar, plaintiff State Farm obtained a judgment against various defendants that had conspired to conduct a scheme to fraudulently submit claims for the reimbursement of durable medical equipment under the No-fault law. As is the case here, one of the judgment debtors, Jacob Kagan ("Kagan") transferred, *inter alia*, his interest in certain real property to his wife, Victoria Kagan ("Mrs. Kagan"), who was later added as a defendant in that case. *See id.* at *2-3. More specifically, after State Farm's commencement of the action, Kagan (1) sold real property (the "Tacoma Property") that was jointly owned with Mrs. Kagan and the proceeds of the sale were paid by check to his wife only, and (2) transferred one-half of his interest in real property (the "Graham Property") to his wife who, together with Kagan, later transferred the Graham Property to Momik Realty, LLC ("Momik"), a limited liability company wholly owned by the couple. Momik sold the Graham Property to a third party for $1,025,000.00 and used nearly half of the sale proceeds to pay down an existing mortgage on the Kagans' residence. *See id.* at *3. State Farm moved to recover the proceeds of these sales under a "straightforward application" of D.C.L. Section 273–a. *See id.* Rejecting various arguments by the Kagans, the Court agreed that, in addition to the existence of an unsatisfied judgment,

13

(1) Kagan had been a defendant both at the time he sold the Tacoma Property, for which he received no consideration, and at the time he transferred half of his interest in the Graham Property, for which he received no consideration, and (2) Kagan and Mrs. Kagan were defendants when they transferred the Graham Property to Momik for no consideration. *See id.* Accordingly, the *Grafman* court held that the conveyances were fraudulent under Section 273–a and recommended that an order be entered requiring Mrs. Kagan to pay the plaintiff a one-half share of the proceeds of the sale of the Tacoma Property, calling for further briefing on the proper amount of the award with respect to the sale of the Graham Property. *See id.* at *7.[11] The *Grafman* report and recommendation was subsequently adopted in its entirety by the district court. *See Grafman*, 2015 WL 9460131, at *5.

In the present case, the application of D.C.L. Section 273–a is even more straightforward than in *Grafman*, and the result should be no different. First, the Judgment Debtor was a defendant in the present action at the time he purported to convey his interest in 289 Bayberry Drive to his daughter. *See* Marvin Decl. ¶ 3; ECF No. 1. Second, as set forth herein, the *de minimis* consideration purportedly paid by Tatyana pales in comparison to the significant value of the interest she received in 289 Bayberry Drive. *See id.* at ¶ 6, Exhs. C, D, F. Finally, the Judgment against the Judgment Debtor remains unsatisfied. *See id.* at ¶ 5. Accordingly, the Transfers were constructively fraudulent under Section 273–a and are subject to avoidance.

## II. THE FRADULENT TRANSFERS OF 289 BAYBERRY DRIVE SHOULD BE SET ASIDE OR DISREGARDED PURSUANT TO D.C.L. § 278.

Generally, "the creditor's remedy in a fraudulent conveyance action is 'limited to reaching the property which would have been available to satisfy the judgment had there been no

---

11.  Magistrate Judge Gold later recommended that judgment be entered against Momik in the amount of $1,025,000, and against Mrs. Kagan in the amount of $512,500, in connection with the transfer of the Graham Property. *See Grafman*, No. 04-2609, Supplemental Report & Recommendation, Oct. 22, 2015 (ECF No. 1257).

14

conveyance.'" *TLC Merch. Bankers, Inc. v. Brauser,* No. 01-3044, 2003 WL 1090280, at *3 (S.D.N.Y. Mar. 11, 2003) (quoting *Mfrs. & Traders Trust Co. v. Lauer's Furniture Acquisition, Inc.*, 226 A.D.2d 1056, 1057 (4th Dep't 1996)). As noted above, D.C.L. Section 278 allows creditors, such as Plaintiffs, that have established that a conveyance is fraudulent and have a mature claim against the debtor (as is the case here), to seek an order from the Court to "set aside" the conveyance "to the extent necessary to satisfy [their] claim" or to "[d]isregard the conveyance and attach or levy execution upon the property conveyed." D.C.L. § 278(1). Section 278 is intended to grant a creditor the right "to be paid out of assets to which he is actually entitled and to set aside the indicia of ownership which apparently contradict that right."[12] *Gasser v. Infanti Int'l, Inc.*, 353 F. Supp. 2d 342, 355 (E.D.N.Y. 2005) (quoting *Hearn 45 St. Corp. v. Jano*, 283 N.Y. 139, 143 (1940)).[13]

Having established that the Transfers of 289 Bayberry were constructively fraudulent, it is respectfully submitted that pursuant to D.C.L. Section 278 , the Court render an order setting aside or disregarding such conveyances and levying execution upon 289 Bayberry Drive (and

---

12. In instances where the assets fraudulently transferred no longer exist or are no longer in possession of the transferee, a money judgment may be entered in an amount up to the value of the fraudulently transferred assets. *Neshewat*, 365 F. Supp. 2d at 521-22 (citing *TLC Merch. Bankers*, 2003 WL 1090280, at *3); *RTC Mortg. Trust 1995–S/NI v. Sopher*, 171 F.Supp.2d 192, 201 (S.D.N.Y. 2001) (citations omitted). "Under New York law, a creditor may recover money damages against parties who participate in the fraudulent transfer and are either transferees of the assets or beneficiaries of the conveyance." *RTC Mortgage Trust*, 171 F.Supp.2d at 201–02 (citing *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1172 (2d Cir. 1993)); *FDIC v. Porco*, 75 N.Y.2d 840, 842 (1990); *Contractors Cas. & Sur. Co. v. I.E.A. Elec. Corp.*, 181 Misc.2d 469, 472 (N.Y. Sup. Ct. 1999)).

13. Under New York law, unless otherwise expressly declared, a disposition of real property to a husband and wife creates a tenancy by the entirety. *See* E.P.T.L. § 6-2.2. In the present case, the deed by which the Judgment Debtor and his wife acquired ownership of 289 Bayberry Drive contains no such declaration, and the property was thus held as a tenancy by the entirety prior to the Judgment Debtor's fraudulent conveyances. *See* Marvin Decl. ¶ 6, Exh. B. However, in New York, a "debtor's interest in a tenancy by the entirety is not exempt for enforcement purposes," and such an interest is subject to "sale and enforcement by execution." *Gard Entm't, Inc. v. Block*, 36 Misc. 3d 1236(A) (N.Y. Sup. Ct. 2012) (citing *In re Persky*, 893 F.2d 15, 19 (2d Cir. 1989) (applying New York law)); *see William J. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh*, No. 2014-08805, 2015 WL 5124894, at *1 (2nd Dep't Sept. 2, 2015) ("The fact that the defendants held title to their home as tenants by the entirety prior to the conveyance does not bar a fraudulent conveyance claim under Debtor and Creditor Law article 10."). Accordingly, Plaintiffs may seek remedies against 289 Bayberry, notwithstanding the property interest of the Judgment Debtor's non-debtor wife. *See AMEV Capital Corp. v. Kirk*, 180 A.D.2d 791, 792 (2nd Dep't 1992) (sale of residence proper where debtor fraudulently conveyed one-half interest in tenancy by entirety to non-debtor wife).

any proceeds thereof) to the extent of the Judgment Debtor's interest therein. *See, e.g., Grafman*, No. 2015 WL 269529, at *6 (ordering payment of proceeds of fraudulently transferred real property); *Neshewat*, 365 F. Supp. 2d at 526 (rejecting application to stay sheriff's sale of real property fraudulently conveyed by judgment debtor to non-debtor wife); *AMEV Capital Corp. v. Kirk*, 180 A.D.2d 791, 792 (2nd Dep't 1992) (trial court properly ordered sale of real property where debtor fraudulently conveyed one-half interest to non-debtor wife).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order, pursuant to F.R.C.P. 69(a)(1), C.P.L.R. Section 5225(b) and D.C.L. Sections 273–a and 278, setting aside or disregarding the Judgment Debtor's May 2013 and May 2015 Transfers of his interest in the real property known as 289 Bayberry Drive North, Hewlett Harbor, New York 11557, and levying execution upon the Judgment Debtor's interest in such property (and upon any proceeds thereof) to the extent of the Judgment, and awarding such other or further relief as the Court deems just and proper.

Dated:  New York, New York,
        February 23, 2016

Stern & Montana, LLP

By: _____
Robert A. Stern (RAS-1282)
Sandra P. Burgos (SB-6856)
Daniel S. Marvin (DM-7106)
One World Financial Center, 30th Floor
New York, New York 10281
T: (212) 532-8100
F: (212) 532-7271
*Attorneys for Plaintiffs-Judgment Creditors*