UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> -against- <br><br> MARK MIRVIS, *et al.*, <br><br> Defendants. | 08-CV-4405 (SLT) (PK) <br><br> DECLARATION OF DANIEL S. MARVIN IN SUPPORT OF PLAINTIFFS' MOTION TO AVOID FRAUDULENT CONVEYANCES BY JUDGMENT DEBTOR MARK MIRVIS PURSUANT TO F.R.C.P. 69(a), C.P.L.R. § 5225(b), AND D.C.L. §§ 273–a AND 278 |

Daniel S. Marvin declares pursuant to 28 U.S.C. § 1746 as follows:

1.  I am a partner with the law firm of Stern & Montana, LLP, attorneys for Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs") in the above-captioned action, and I am fully familiar with all of the facts and circumstances in this matter.

2.  I submit this declaration in support of Plaintiffs' Motion to Avoid Fraudulent Conveyances by Defendant Mark Mirvis pursuant to Rule 69(a)(1) of the F.R.C.P., Section 5225(b) of the C.P.L.R., and Sections 273-a and 278 of the D.C.L. (the "Motion")[1].

3.  On October 30, 2008, Plaintiffs commenced this action against the Judgment Debtor, among others, alleging that he participated in a massive criminal enterprise consisting of, among other things, illegally owned and fraudulently licensed medical professional corporations[2] that were used to fraudulently bill insurance companies during a thirteen-year period of criminal

---

[1]. Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]. Namely, L&B Medical P.C., Lamed Medical, P.C., General Medical Care, P.C., 825 Broadway Medical Care, P.C., Dover Medical P.C., Flatlands 78 Medical P.C., ZDR Medical P.C., and S&L Medical, P.C. *See* Stern Decl. ¶ 3.

activity. *See* ECF No. 1 (the "Complaint"). The Complaint sought relief pursuant to, among other things, the United States Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962(c) & (d), and Common Law Fraud. *See* ECF No. 1.

4. With the Defendant having failed to appear in this matter, the Plaintiffs moved for default judgment against him (among others), and on March 2, 2015, Magistrate Judge Pohorelsky issued a Report and Recommendation recommending the entry of default judgment against the Judgment Debtor, among others. *See* ECF No. 293. On March 31, 2015, this Court adopted Magistrate Judge Pohorelsky's Report and Recommendation in its entirety, *see* ECF No. 297, and pursuant thereto, the Clerk of the Court entered a default judgment on April 8, 2015, *see* ECF No. 298. A corrected judgment was later entered on May 5, 2015, awarding to Plaintiffs damages in the amount of $45,657,401.01. *See* ECF No. 303.

5. Pursuant to Sections 5018(b) and 5203(a) of the C.P.L.R., the Judgment was docketed by the Nassau County Clerk's Office on or about May 29, 2015. A true and correct copy of the docketed judgment is attached hereto as **Exhibit A**. As of the date of this Motion, the Judgment remains unsatisfied.

6. During the course of seeking to enforce the Judgment, Plaintiffs verified that 289 Bayberry Drive was among the assets of the Judgment Debtor. Plaintiffs' investigation into the Judgment Debtor's ownership of 289 Bayberry Drive revealed the following:

- The Deed for 280 Bayberry Drive, dated September 24, 1999 and recorded in Nassau County, New York on October 8, 1999 (the "1999 Deed"), by which Mirvis and his wife originally purchased 289 Bayberry Drive. A true and correct copy of the 1999 Deed is attached hereto as **Exhibit B**.

    The Judgment Debtor and his wife jointly acquired 289 Bayberry Drive for a purchase price of $740,000.00. *See* Exh. B.

- According to the Land Record Abstract for 289 Bayberry Drive, published by Nassau County on its website at http://lrv.nassaucountyny.gov (the "Land

- Record Abstract"), the property was most recently assessed as having a fair market value of $1,020,000.00. A true and correct copy of the Land Record Abstract is attached hereto as **Exhibit C**.

- On May 20, 2013, approximately three months after Plaintiffs refiled their motion for default judgment, *see* ECF No. 265, the Judgment Debtor and his wife Lyubov executed a bargain and sale deed (the "May 2013 Deed") through which they each purported to transfer an ownership interest in 289 Bayberry Drive to their daughter Tatyana (the "May 2013 Transfer"). A true and correct copy of the May 2013 Deed is attached hereto as **Exhibit D**.

  The May 2013 Deed did not recite any consideration paid in connection with the transfer, leaving that part of the deed blank. *See* Exh. D.

- On October 20, 2013, the Judgment Debtor, his wife, and his daughter executed a bargain and sale deed (the "October 2013 Deed") through which they purported to transfer Tatyana's interest in 289 Bayberry Drive back to the Judgment Debtor and his wife (the "October 2013 Transfer"). A true and correct copy of the October 2013 Deed is attached hereto as **Exhibit E**.

  The October 2013 Deed documented that no consideration ("$0.00") was paid in connection with the transfer. *See* Exh. E.

- On May 11, 2015, less than one week after entry of the corrected Judgment, the Judgment Debtor and his wife executed a bargain and sale deed (the "May 2015 Deed"), through which they purported to transfer all of their interest in 289 Bayberry Drive to their daughter Tatyana (the "May 2015 Transfer") (together with the May 2013 Transfer, the "Transfers"). A true and correct copy of the May 2015 Deed is attached hereto as **Exhibit F**.[3]

  The May 2015 Deed was recorded in Nassau County on June 19, 2015, and it recites that "Ten Dollars and other valuable consideration"[4] was paid in connection with the transfer. *See id.*

- According to the land records of Nassau County, there are two mortgages on 289 Bayberry Drive, including one by and between Mark and Lyubov Mirvis, as borrowers, and Ocwen Loan Servicing, LLC (as assignee of Morgan Stanley Dean Witter Credit Corp.) ("Ocwen"), as lender (the "Ocwen

---

3. Because the October 2013 Transfer ostensibly reversed the May 2013 Transfer, it is not the subject of this Motion, except to the extent that it was part of the Judgment Debtor's suspicious pattern of transfers. *See* Exhs. D, E. Insofar as the May 2015 Deed recites Tatyana as a "grantor," it appears to disregard the fact that the October 2013 Transfer had already purported to divest Tatyana of her interest in 289 Bayberry Drive. *See* Exhs. E, F.

4. However, neither the May 2015 Deed nor any other records available to Plaintiffs indicate what "other valuable consideration" was paid, if any. *See id.*

3

Mortgage"). A true and correct copy of the Ocwen Mortgage agreement is attached hereto as **Exhibit G**.

In response to a post-judgment subpoena, Ocwen has provided a report dated December 11, 2015 (the "Mortgage Payments Report"), indicating that as of November 30, 2015, the principal balance outstanding in connection with the Ocwen Mortgage was $150.245.01. A true and correct copy of the Mortgage Payments Report is attached hereto as **Exhibit H**.[5]

7. Although the May 2015 Transfer purported to divest Mirvis of any interest in 289 Bayberry Drive, Plaintiffs have uncovered evidence that he has continued to reside there. First, Plaintiffs served an information subpoena and restraining notice by certified mail (return receipt requested) upon the Judgment Debtor at 289 Bayberry Drive, and it was successfully delivered. True and correct copies of the affidavit of service and the signed USPS return receipt are attached hereto as **Exhibit K**. The return receipt bears the date July 13, 2015, and the signature appears to read "Mirvis," the Judgment Debtor's surname. *See* Exh. I. Second, Plaintiffs obtained a report dated February 3, 2016 from the New York Department of Motor Vehicles that lists 289 Bayberry Drive as Mirvis' address. A true and correct copy of the DMV report is attached hereto as **Exhibit L**. Third, as of December 11, 2015, Mirvis' mailing address continued to be listed as 289 Bayberry Drive on the Mortgage Payments Record provided by the lender under the Mortgage. *See* Exh. H. Finally, the Westlaw PeopleMap Record obtained by Plaintiffs on February 11, 2016 continues to show that 289 Bayberry Drive is Mirvis' last known address, and that he has not been associated with any other address since at least 2008. A true and correct copy of the PeopleMap Record is attached hereto as **Exhibit M**.

---

5. The other mortgage, by and between Mark and Lyubov Mirvis, as borrowers, and JPMorgan Chase Bank, N.A. ("Chase"), as lender, secures a home equity line of credit with Chase in the maximum amount of $750,000 (the "Chase Mortgage"). A true and correct copy of the Chase Mortgage is attached hereto as **Exhibit I**. Although Plaintiffs served a subpoena *duces tecum* on Chase concerning Mirvis on November 5, 2015, Chase has yet to provide any records or information indicating what amount has actually been drawn and is outstanding under the line of credit, and Plaintiffs are working with Chase to obtain this information. A true and correct copy of the affidavit of service for the Chase subpoena is attached hereto as **Exhibit J**.

4

8.  Despite Plaintiffs' best efforts, including searches of PACER.gov, eCourts of the New York Unified Court System, New Jersey Courts Public Access, social media, and online directories, Plaintiffs have been unable to locate any residential address of the Judgment Debtor other than 289 Bayberry Drive.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       February 23, 2016

_____
Daniel S. Marvin (DM-7106)