**STERN & MONTANA, LLP**
ONE WORLD FINANCIAL CENTER, 30TH FLOOR
NEW YORK, NEW YORK 10281

---

TELEPHONE: (212) 532-8100
FACSIMILE: (212) 532-7271
E-MAIL: info@stern-montana.com
www.stern-montana.com

April 14, 2016

**VIA ECF**

Hon. Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Allstate Insurance Company, et al. v. Mark Mirvis, et al.*
      **No. 08-CV-4405 (SLT) (PK)**

Dear Judge Townes:

      We represent the Plaintiff-Judgment Creditors ("Plaintiffs') in the above-referenced matter and are writing to object to the April 6, 2016,[1] application ("Application") by Oleh Dekajlo, counsel to Judgment Debtor Mark Mirvis (interchangeably referred to as "Mirvis" and "Judgment Debtor"), seeking 30 additional days to submit opposition papers to Plaintiffs' motion to set aside the fraudulent conveyance of certain property (the "Motion"), which was required to be served on or before March 11, 2016. For the reasons that follow, Plaintiffs respectfully request that the Judgment Debtor's Application be denied or, to the extent that it is granted, that the time to submit opposition be reduced to 15-days from the date of the Application, to on or before April 21st, 2016, and that Plaintiffs be provided with two-weeks to submit any reply.

      By way of procedural background, on February 26, 2016, Plaintiffs personally served the Motion to avoid the alleged fraudulent conveyances of 289 Bayberry Drive upon Mirvis and his wife and daughter, Lyubov Mirvis and Tatyana Mirvis, respectively. *See* ECF Nos. 335-16, 335-17, and 335-18. Pursuant to Local Civil Rule 6.1(b)(2), opposition was due fourteen (14) days after service, or by March 11, 2016. On April 4, 2016, having received no opposition, Plaintiffs filed the Motion with the Court. *See* ECF No. 335. Now, almost a month after opposition papers

---

[1] Although this is an electronically filed case, Plaintiffs received the Application in the mail.

Hon. Sandra L. Townes
April 14, 2016
Page 3

were due, counsel for Mirvis and his family members have requested, without any showing of good cause, an additional 30-days to respond to the Motion.[2].

In considering the Application, we respectfully request that the court bear in mind that the judgment against the Judgment Debtor arises from defendants' massive scheme to generate and submit fraudulent insurance claims under New York's No-fault Law. On May 5, 2015, the Court entered default judgment in the amount of $45,657,401.01 (the "Judgment"), for which various defendants (the "Judgment Debtors")[3] are jointly and severally liable. *See* ECF No. 303. As of the date hereof, the Judgment remains unsatisfied. In that regard, the Motion details the efforts that the Judgment Debtor undertook during the pendency of this litigation, while he was in default and ignoring the proceedings, and the pattern of activities that he continues to undertake to fraudulently dissipate, secrete, transfer (among family members) and otherwise frustrate what was initially a potential judgment against him, and what is now an actual judgment.

With respect to the Judgment Debtor's Application, the fact remains that opposition papers were due on or before March 11, 2016, and the Judgment Debtor's disregard for the local rules of this Court, without any showing whatsoever of good cause, should not be rewarded by a generous extension of time (if any). Coupled with the propensity the Judgment Debtor has demonstrated for fraudulently transferring assets, Plaintiffs have legitimate concerns about what further efforts he might undertake in the interceding time period to avoid enforcement of the judgment against him. Moreover, the Judgment Debtor's Application fails to explain why an extension is appropriate or necessary, or why Mirvis' delay in responding to the Motion should be excused. The Application does not even provide the date on which Dekajlo was retained by Mirvis, or the date his counsel received a copy of the Motion, providing the Court with no reason to believe that the Application could not have been filed with the Court *before* opposition papers were due. In any event, an extension of thirty (30) days is manifestly unjust and, if granted, would provide the Judgment Debtor with an astounding total of 70-days to respond to the Motion. Accordingly, to the extent the Judgment Debtor's application is not denied, Plaintiffs' request that any such extension be limited to the time periods noted above.

---

[2] In addition, the Application cryptically references superior liens and other judgments, suggesting a misapprehension of the relief requested. In any event, if the Application is granted, Plaintiffs will address any arguments made by the Judgment Debtor and his family members at that time.

[3] The Judgment Debtors include Defendants Mark Mirvis, Mark Lupolover, Michael Bezenyan, Ruven Katz, Igor Zhuravsky, Georgy Statnrosh, Leonid Slutsky, 825 Broadway Medical Care, P.C., Ocean L. Management Group Inc., Flatlands Best Management Group, Inc., Hillmed Management, Inc., B-Way Management, Inc., Flat-80 Management, Inc., Nortmed Management, Inc., Del Prado One, LLC, Del Prado Two,LLC, Del Prado Three, LLC, Del Prado Four, LLC, El Dorado One, LLC, M&M Oceanfront,LLC, NE 10, LLC, NE 24, LLC, and Tropicana One, LLC

Hon. Sandra L. Townes
April 14, 2016
Page 3

      Thank you for your consideration in this regard.

                                  Respectfully submitted,

                                  Stern & Montana, LLP

                                  By:   /s/ Daniel Marvin
                                          Daniel S. Marvin (DM-7106)

cc:
Oleh Dekajlo, Esq. (Via E-mail)
Dekajlo Law Offices
1975 Hempstead Turnpike, Suite 101
East Meadow, New York 11554-1703
Attn:  Oleh N. Dekajlo