

| | | 129 LIVINGSTON STREET |
|---|---|---|
| **GTPC** | **GARY TSIRELMAN P.C.** | SECOND & THIRD FLOORS |
| | | BROOKLYN, NY 11201 |
| | ATTORNEYS & COUNSELORS AT LAW | T: (718) 438-1200 • F: (718) 438-8883 |
| | | nbowers@gtmdjd.com |

| Gary TSIRELMAN M.D. | Stefan BELINFANTI | Douglas MACE |
|---|---|---|
| Darya KLEIN | Ilya MURAFA | Stephen GURFINKEL |
| Selina CHIN | Nicholas BOWERS | Jennifer RAHEB |
| Irena GOLODKEYER | Sebastian MELO | Evan POLANSKY |
| David GOTTLIEB | Joseph PADRUCCO | |

05/4/2016

BY ECF
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Allstate Ins. Co., et al.*, v Mirvis, et al., (08-CV-4405): Motion to Quash Subpoena from Plaintiffs to JPMorgan Chase for non-party's bank records

Dear Judge Kuo:

     We submit this letter motion to quash a third-party subpoena on behalf of non-party Queens Billing, Inc. ("Queens"), pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure. Plaintiff moves to quash, in part, the subpoena served by Plaintiffs upon JPMorgan Chase seeking bank records related to Queens, attached hereto as Exhibit 1. Also attached are the declarations of the owner of Queens, Roman Matatov, and the accountant for Queens Rina Esterov, Esq., C.P.A., in support of the motion to quash. Attached as Exhibit 2 is an account sheet detailing the limited dealings between Queens and defaulting Defendant Nortmed Management, Inc. ("Nortmed").

     The undersigned conferred with counsel via telephone last week pursuant to Local Rule 37.3(a) and were unable to reach any resolution to the instant dispute.

**I. The Subpoena at Issue**

     Plaintiffs have demanded "[a]ny and all documents concerning any account in the name of Queens Billing, Inc. . . . from October 1, 2008, through the present date," limited only by footnote to an initial production for the period from July 20, 2015 through the present date. Exhibit 1.

**II. Background**

The instant suit has been resolved. Plaintiffs obtained a default judgment against all defaulted Defendants for $45,657,401.01 on April 8, 2015. Docket No. 298. Queens is a billing company that assists medical offices with billing insurance companies. Matatov Decl. ¶3.

Based on counsel's Local Rule 37.3(a) conference, Plaintiffs claim to have have targeted Queens' bank records as part of its efforts to recover on that judgment. Plaintiffs claim that Queens made an unspecified number of payments of unspecified amounts to defaulting Defendant Nortmed, in 2014 and 2015. Rather than trace where any monies had gone when they left Nortmed's bank accounts, or its owner Isaac Shapson's accounts, Plaintiffs have instead subpoenaed the accounts of Queens based on the vague notion that because Queens wrote checks to Nortmed, Queens' accounts will somehow lead to monies recoverable by Plaintiffs under the judgment against Nortmed. This is untrue, as borne out by the Declaration of Roman Matatov and the very limited nature of the payments made by Queens to Defendant Nortmed. *See* Matatov Decl.; Esterov Decl.; *and* Exhibit 2. It is clear that Allstate is conducting a fishing expedition into the accounts of companies unrelated to the instant suit but who have assisted medical offices with billing Plaintiffs and, therefore, that its subpoena for Queens' bank records ought to be quashed.

### III. Non-Party Queens Has Standing to Move to Quash

As an initial matter, Queens has standing to object to the third-party subpoena at issue here. Although there is a general presumption that only the recipient of a subpoena has standing to object, such presumption does not apply when the objecting party is seeking to protect confidential trade secrets, or commercial information. Fed. R. Civ. P. 45(c)(3)(B)(i); *see also Orly Indus., Inc. v. Rite Aid Hdqtrs.* Corp., 12-CV-855 SLT JMA, 2014 WL 2612064, at *2 (E.D.N.Y. June 11, 2014) (holding that a party's interest in keeping financial records confidential is sufficient to warrant standing for a motion to quash a third-party subpoena).

Here, Plaintiffs seek virtually unbound access to a non-Party's bank records based on the thinnest of arguments. As set forth by Mr. Matatov, disclosure of Queens' bank records would give Plaintiffs' access to confidential commercial information, including how Queens competitively prices its services. Matatov Decl. ¶15. Furthermore, it is apparent that Plaintiffs are more than willing to go on a wild goose chase and may very well subpoena further non-parties who have done business with Queens in their pursuit of illusory connections between Queens and Defendant Nortmed.

### III. Plaintiffs Seek Irrelevant Documents

Rule 45 subpoenas are subject to Rule 26's relevance requirement. *Zagroba v. York Restoration Corp.*, 10 CV 2663 ARR LB, 2011 WL 2133837, at *2 (E.D.N.Y. May 26, 2011) (citing *During v. City Univ. of N.Y.*, No. 05 Civ. 6992(RCC), 2006 U.S. Dist. LEXIS 53684, at *6–7, 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006)). Furthermore, where a subpoena seeks confidential or commercially sensitive

information it "should be quashed unless the party serving the subpoena shows a substantial need" for that information. Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment.

As set forth in the annexed declarations of Mr. Matatov and Ms. Esterov, Queens paid Nortmed a total of $23,644.86 in 2014 and 2015 and has never made any other payments to Nortmed. Exhibit 2, Esterov Decl. ¶4, 5. Queens paid Nortmed in exchange for assistance in physically putting together litigation and arbitration files for Queens' clients and their counsel. Matatov Decl. ¶¶10-13. Furthermore, Queens has not received any money or payments for the express purpose of transferring such money to any Defendant in this suit, nor from Isaac Shapson, the owner of Nortmed. Matatov Decl. ¶¶8, 14. There is therefore no basis for Plaintiffs to have unfettered access to Queens confidential bank records.

Plaintiffs are unable to articulate that any relevant information will be generated by the production of non-Party Queens' bank records. Plaintiffs have not made any allegations against Queens in the Complaint, nor have they articulated a basis for why Queens' accounts must be scrutinized other than that Queens made a number of payments to defaulting Defendant Nortmed. Plaintiffs have not presented any evidence that Queens is in receipt of any monies from Nortmed. Plaintiffs are thus unable to demonstrate any substantial need for Queens' bank records.

### IV. Plaintiffs Are Not Obligated to Keep Any Confidential Commercially Sensitive Records Produced Confidential

Finally, because there is no confidentiality or protective order to which Queens is a party in this matter, there is nothing to prevent Plaintiffs from disclosing any commercially sensitive records produced by JPMorgan Chase. In the event the Court denies this motion, Queens requests that the Court issue a protective order to the effect that any bank records produced would be confidential and that Plaintiffs shall not disclose such to any third parties or, in the alternative, that Queens and Plaintiff submit a joint stipulation of confidentiality prior to any production by JPMorgan Chase to Plaintiffs.

### V. Conclusion

Thus, for the foregoing reasons, Plaintiffs' subpoena served on JPMorgan Chase should be quashed insofar as it seeks bank records related to Queens Billing, Inc.

Thank you for your consideration of this letter.

Respectfully,

/s/ _____
Nicholas Bowers, Esq.

Cc: All Counsel via ECF

*Counsel for Queens Billing, Inc.*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201