UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Allstate Ins. Co., et al.,

                      Plaintiffs,

    - against-

Mark Mirvis, et al.,

                      Defendants.

Civil Action No. 1:08-cv-4405-ALT-PK

**Declaration of Roman Matatov**

I, Roman Matatov, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I make this declaration in support of the motion to quash the subpoena served by Plaintiff Allstate Insurance Company, Inc. ("Allstate") upon J/P Morgan Chase Bank, N.A., attached hereto as Exhibit 1, insofar as it seeks records pertaining to my company Queens Billing, Inc.

2. I am the sole owner of Queens Billing, Inc., ("Queens") and have been since I opened Queens in or about 2011.

3. The main business of Queens is to assist medical offices with billing insurance companies.

4. I oversee the day-to-day management of all aspects of Queens Billing, Inc., and have firsthand knowledge of all relationships between Queens and its clients since I opened Queens.

5. Queens received a copy of the subpoena at issue on or about April 22, 2016.

6. I forwarded a copy of the subpoena at issue to my attorneys on or about April 22, 2016.

1

7. After reviewing the subpoena, I state unequivocally that Queens has never received any money from any Defendant in the above-captioned suit or on behalf of any Defendant in this suit.

8. Furthermore, Queens has never received any payments for the express purpose of transferring them to any Defendant in this suit.

9. Queens did have a short business relationship with judgment-debtor Nortmed Management, Inc. ("Nortmed"), pursuant to an oral agreement.

10. In particular, Nortmed prepared physical litigation and arbitration files for Queens. Queens would receive the relevant documents from its clients and/or its clients' collections counsel and pass them onto Nortmed.

11. Nortmed then physically prepared the files for submission to courts or arbitrators by making copies of documents, printing documents, binding documents, collating documents, and ensuring that all the relevant documents were included.

12. Nortmed would then send the prepared physical documents to Queens, which would, in turn, transfer them to collection counsel.

13. Queens paid a total of $23,644.86 to Nortmed in 2014 and 2015 for these services. Queens made no other payments to Nortmed. These payments are summarized in the account sheet attached as Exhibit 2.

14. Queens has also never had any business with or received any money from the other persons named in the subpoena at issue, specifically Isaac Shapson and Yuri Nisnevich.

15. Additionally, the records sought by Allstate include confidential bank records containing trade secrets, the publication of which would damage the business of Queens by revealing how Queens competitively structures its pricing to attract clients.

16. Because Queens Billing bears no relation to any of the Defendants, it appears that Allstate is attempting to use post-judgment discovery to conduct a fishing expedition into businesses unrelated to the original matter.

I, Roman Matatov, declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/3/2016

                                                    Roman Matatov
                                                            **Owner**
                                              **Queens Billing, Inc.**