**STERN & MONTANA, LLP**
ONE WORLD FINANCIAL CENTER, 30TH FLOOR
NEW YORK, NEW YORK 10281

---

TELEPHONE: (212) 532-8100
FACSIMILE: (212) 532-7271
E-MAIL: info@stern-montana.com
www.stern-montana.com

May 6, 2016

**VIA ECF**

Hon. Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Allstate Insurance Company, et al. v. Mark Mirvis, et al.**
              **Docket No.: 08-CV-4405 (SLT) (PK)**

Dear Judge Townes:

      We represent the Plaintiffs-Judgment Creditors ("Plaintiffs') in the above-referenced matter and respectfully submit this application in response to nonparty Queens Billing, Inc.'s ("Queens Billing") letter motion to quash Plaintiffs' post-judgment, third-party subpoena (alternatively referred to as the "Motion") filed on May 4, 2016 (*see* ECF No. 344). By this application, Plaintiffs seek an Order (1) denying the Motion without prejudice and directing Queens Billing to serve and file the Motion as a motion on notice, returnable to Your Honor rather than Judge Kuo, or (2) in the alternative, treating the letter motion as one made on notice and granting Plaintiffs fourteen (14) days to file their opposition.

      In that regard, it is Plaintiffs' belief that Queens Billing's post-judgment Motion, filed as a letter to Magistrate Judge Kuo, was required to be filed as a Notice of Motion directed to Your Honor and, therefore, is contrary to applicable rules and practices governing the filing of such motion. Accordingly, Plaintiffs do not know whether they have five (5) business days to file their opposition under Magistrate Judge Kuo's Individual Practice Rules relating to letter motions, or the fourteen (14) days provided for motions on notice by Local Civil Rule 6.1(b).[1]

---

[1] In addition, it is noted that nonparties Ruslan Zhuravsky (*see* ECF No. 349), Lyubov Mirvis, Tatyana Mirvis, and Alexander Boriskin (*see* ECF No. 350) filed motions on notice to quash similar post-judgment subpoenas, but they directed their respective motions to Judge Kuo, as opposed to Your Honor. Furthermore, contrary to Rule III(C) of Your Honor's Individual Motion Practices and Rules, which adopts the bundling rule for the submission of motions, the foregoing nonparties filed their motions prior to the submission of all papers, including Plaintiffs' forthcoming opposition papers.

Hon. Sandra L. Townes
May 6, 2016
Page 2

In particular, Rule V(A) of Judge Kuo's Individual Practice Rules notes that "[a]ll non-dispositive pretrial motions, including discovery motions, are to be made to the Magistrate Judge, unless otherwise specifically ordered" (emphasis added). Moreover, with respect to the filing of letter motions, Rule V(A)(1)(b) incorporates Local Civil Rule 37.3, entitled "Mode of Raising Discovery and Other Non-Dispositive Pretrial Disputes With the Court" (Eastern District Only)" (emphasis added). L. Civ. R. 37.3. This rule plainly relates solely to pretrial disputes and does not include within its ambit post-judgment enforcement, discovery, and related proceedings.

Because the Motion seeks relief from a post-judgment subpoena in aid of enforcement, see Fed. R. Civ. P. 69(a)(2), it is not a "pretrial motion" and thus is not properly directed to Judge Kuo. Nor is there any provision in Your Honor's Individual Motion Practices & Rules permitting the filing of a letter motion. Accordingly, because the Motion was not properly directed to Judge Kuo, and because letter motions are not permitted under the circumstances, Plaintiffs respectfully submit that Queens Billing should have made the Motion on notice and in accordance with Rule III of Your Honor's Rules. Moreover, unless and until such time that Your Honor refers the Motion to Magistrate Kuo, the Motion must be directed to Your Honor.[2]

Prior to filing this letter, Plaintiffs sought to resolve the issue with counsel for Queens Billing. During a conference call yesterday with Nicholas Bowers, counsel to Queens Billing, Plaintiffs explained that they believed the letter motion was filed in error and was contrary to the Court's procedural rules and suggested that he re-file the letter motion as a motion on notice, returnable to Your Honor, as opposed to Magistrate Judge Kuo. Based upon his belief that the Motion was properly filed, Mr. Bowers declined to do so absent an order of the Court.

Accordingly, Plaintiffs respectfully request that the Court enter an order (1) denying the Motion without prejudice and directing Queens Billing to serve and file the Motion as a motion on notice, returnable to Your Honor rather than Judge Kuo, or (2) in the alternative, treating the letter motion as one made on notice and granting Plaintiffs fourteen (14) days to file their opposition.

---

[2] If the Motion had been properly made, Plaintiffs' opposition would have been due within fourteen (14) days after service. See L. Civ. R. 6.1(b)(2). However, if the Motion were allowed to stand as a letter motion, Rule V(A)(1)(e) of Judge Kuo's rules would require Plaintiffs to respond within just five (5) business days. In other words, Queens Billing's improper filing of the Motion as a letter motion would deprive Plaintiffs of an additional week to respond.

Hon. Sandra L. Townes
May 6, 2016
Page 3

       Thank you for your consideration in this regard.

                                      Respectfully submitted,

                                      Stern & Montana, LLP

                        By: _____/s/ Daniel S. Marvin_____
                                      Daniel S. Marvin

cc:      All Counsel (via E-filing)