UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE CO., et al.                          Civil Action No.: CV 08-4405 (SLT) (PK)

                     Plaintiffs,

      -against-

MARK MIRVIS, et al.

                     Defendants,

TATYANA MIRVIS

                     Non-Party Movant.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AVOID FRAUDULENT CONVEYANCES BY JUDGMENT DEBTOR MARK MIRVIS

Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara & Wolf, LLP
*Attorneys for Non-Party Movant*

Mark L. Furman, Esq. (MF4456)
630 Third Avenue, 5th Floor
New York, New York 10017
Tel.: (212) 279-9200
Fax: (212) 279-0600
mfurman@abramslaw.com

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................1

FACTUAL BACKGROUND...........................................................................................1

ARGUMENT...................................................................................................................3

I.   PLAINTIFF'S MOTION IS PROCEDURAL DEFECTIVE AND SHOULD BE
     DISMISSED...........................................................................................................3

II.  THE CONVEYANCE TO TATYANA OF THE SUBJECT REAL PROPERTY WAS
     PROPER UNDER THE CIRCUMSTANCES......................................................6

     A.   The Transfer to Tatyana is Supported by Fair Consideration...........................7

     B.   Tatyana had No Knowledge of Mark Mirvis' Alleged Fraudulent Intent .........9

CONCLUSION...............................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

Friedman v. Friedman,
    509 N.Y.S.2d 617 (2d Dep't. 1986) ..................................................................4

In re Dreier LLP,
    452 B.R. 391 (Bankr. S.D.N.Y. 2011) ...........................................................10

In re Sharp Int'l Corp.,
    403 F.3d 43 (2d Cir. 2005)............................................................................8

Mitchell v. Garrison Protective Servs., Inc.,
    No. 15-civ-2137, 2016 WL 1397830 (2d Cir. Apr. 11, 2016) ...................4, 5

Motorola, Inc. v. Abeckaser,
    No. 07-civ-3963 (JG) (SMG), 2010 WL 415290 (E.D.N.Y. Jan. 29, 2010) ...............................7

Neshewat v. Salem,
    365 F.Supp.2d 508 (S.D.N.Y. 2005)..............................................................7

Orbach v. Pappa,
    482 F. Supp. 117 (S.D.N.Y. 1979).................................................................8

Runaway Dev. Grp. v. Pentagen Techs. Int'l Ltd.,
    396 F. Supp. 2d 471 (S.D.N.Y. 2005)........................................................5, 6

United States v. Alfano,
    34 F. Supp. 2d 827 (E.D.N.Y. 1999) ..........................................................7, 8

United States v. McCombs,
    30 F.3d 310 (2d Cir. 1994)..........................................................................8, 9

United States v. Watts,
    786 F.3d (2d Cir. 2015).................................................................................8

Vera v. Republic of Cuba,
    802 F.3d 242 (2d Cir. 2015)..........................................................................4

<u>Wasserman Media Group, LLC v. Bender,</u>
    No. 10-civ-8783 (SAS), 2012 WL 1506181 (S.D.N.Y. Apr. 26, 2012) ................................5, 6

**Statutes**

Federal Rules of Civil Procedure Rule 69 ...........................................................................4

New York Civil Practice Law and Rules § 5225 ...........................................................................4

New York Debtor and Creditor Law
    § 272 ................................................................................................................................8
    § 273-a ..............................................................................................................................7
    § 278 ..............................................................................................................................10

## PRELIMINARY STATEMENT

Non-Party Movant, Tatyana Mirvis ("Tatyana") submits this Memorandum of Law in Opposition to Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty's (collectively herein as "Plaintiffs") motion, which seeks to avoid a certain alleged fraudulent conveyance by judgment debtor Mark Mirvis and his wife, Lyubov Mirvis, to their daughter Tatyana. The real property that is the subject of this dispute is located at 289 Bayberry Drive North, Hewlett Harbor, New York 11557 in Nassau County on Long Island ("Subject Property").

By these opposition papers, Tatyana opposes the avoidance of the conveyance of the Subject Property to her parents. First, Plaintiffs' incorrectly bring this matter to the Court's attention by way of motion. New York case law clearly supports that a fraudulent conveyance claim against a non-party can only be maintained by instituting a separate action against the non-party. Second, notwithstanding this procedural defect, the conveyance of the Subject Property to Tatyana took place in May of 2015. Such conveyance was supported by fair consideration and Tatyana received her interest without any knowledge of the alleged fraudulent conduct of Mark Mirvis. Therefore, Plaintiffs' motion should be denied because it is not the proper mechanism to seek such relief. Should this Court, however, find that Plaintiffs' motion was properly made, this Court should nonetheless, find that the conveyance of the Subject Property to Tatyana cannot be disturbed because she properly acquired it for fair consideration.

## FACTUAL BACKGROUND

On October 30, 2008, Plaintiffs filed a Civil RICO action against multiple defendants, including Defendant, Mark Mirvis. <u>See</u> Complaint, ECF No. 1. In their Complaint, Plaintiffs

1

allege that Mark Mirvis, and others, participated in an illegal enterprise and used various professional corporations to fraudulently bill Plaintiffs for reimbursements for medical services provided to Plaintiffs' insured.  Id.  In short, the Plaintiffs allege that those claims were fraudulent because: (1) the Defendants misrepresented to Plaintiffs that the professional corporation defendants were lawfully licensed; and (2) the Defendants misrepresented to Plaintiffs that the professional corporations were legally licensed. Id.

On or about March 2, 2015, Magistrate Judge Pohorelsky issued a Report and Recommendation granting judgment by default against Mark Mirvis.  See ECF No. 293.  On March 31, 2015, this Court adopted the Report and Recommendation of Magistrate Judge Pohorelsky.  See ECF No. 297.  Thereafter, on May 5, 2015, Default Judgment was entered against Mark Mirvis and the other defaulted defendants. See ECF No. 298.

Since 2010, Tatyana has been paying all of the carrying costs on the Subject Property, including the mortgage and property tax payments.  See Affidavit of Tatyana Mirvis, dated May 20, 2016 ("Mirvis Aff.") ¶3.  On May 20, 2013 Mark and Lyubov Mirvis transferred part of their interests in the Subject Property to Tatyana. Id. ¶4.  This transfer took place because Tatyana was already paying all of the carrying costs of the Subject Property and she wanted to protect her interest. Id. ¶4.  On October 20, 2013, Tatyana's interest in the Subject Property was transferred back to Mark and Lyubov Mirvis because Tatyana could not obtain a mortgage for the Subject Property.  Id. ¶5. On May 11, 2015, the parties executed another deed giving Tatyana a one hundred percent interest in the Subject Property.  Id. ¶6.  Again, this transfer took place because Tatyana was still paying all of the carrying costs on the Subject Property. Id. ¶4.

Since 2010, Tatyana has paid close to $355,779.58 in costs associated with the Subject Property. Id. ¶7.[1]

**ARGUMENT**

## I.  PLAINTIFF'S MOTION IS PROCEDURAL DEFECTIVE AND SHOULD BE DISMISSED

Plaintiffs' motion seeking to avoid an alleged fraudulent conveyance of the subject real property from Mark and Lyubov Mirvis to their daughter, Tatyana, is procedural defective because pursuant to New York State law, a separate action must be brought against Tatyana.

While, a judgment creditor may seek to enforce a money judgment through a writ of execution; however, the procedure upon execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. R. 69.  Here, Plaintiffs have woefully failed to comply with New York standards.  Under New York law, a judgment creditor may seek to set aside a fraudulent conveyance under CPLR § 5225, which states that when possession of property is held by someone other than the judgment debtor, he or she may commence a special proceeding to recover "money or other personal property."  N.Y. C.P.L.R. § 5225(b) (McKinney).  However, this procedural mechanism of a special proceeding under New York State law has no equivalent under the Federal Rules of Civil Procedure.  Mitchell v. Garrison Protective Servs., Inc., No. 15-civ-2137, 2016 WL 1397830, at *2 (2d Cir. Apr. 11, 2016).  The FRCP has only "one form of action—the civil action."  Id. *citing* Vera v. Republic of Cuba, 802 F.3d 242, 244 n.3 (2d Cir. 2015) (directing the plaintiff "to file

---

[1]  See Tatyana Mirvis Affidavit, Exhibit 1 for examples of payments on the Subject Property.  If the Court determines that more documentation is necessary, Tatyana Mirvis will comply with the Court's directive. Please note that certain personal information and account numbers have been redacted.

and serve a formal pleading for turnover."). "It is unclear, therefore, 'how a party in federal court in New York satisfies the special proceeding requirements of' § 5225(b)" Id.

In clarifying the Second Circuit's position with respect to CPLR § 5225's special proceeding mechanism, in Mitchell, the Second Circuit held that it is not the only way a fraudulent transfer can be avoided in New York. 2016 WL 1397830 at *2. Alternatively, the court stated that a creditor may "bring a plenary action to avoid the [fraudulent] transfer under New York substantive law." Id. In support, the court cited as an example Friedman v. Friedman, 509 N.Y.S.2d 617, 618 (2d Dep't 1986) (vacating the provision of the judgment of divorce to set aside a mortgage conveyance as fraudulent because "[t]he plaintiff is relegated to the remedies provided in the Debtor and Creditor Law governing fraudulent conveyances, which are properly sought by way of a plenary action."). Id. The court then stated that the Second Circuit has "afforded district courts in New York some leeway in determining whether to construe a particular fraudulent-transfer suit as a plenary action or a special proceeding." Id. Notwithstanding the discussion above, the Second Circuit found that even though the plaintiffs brought their fraudulent conveyance claim by motion under CPLR § 5225(b), "the District Court properly construed it as a plenary action" because: (i) the proceedings before the District Court was akin to a plenary action rather than a special proceeding ("for instance, the proceeding before the District Court involved more extensive discovery than would normally be available in a special proceeding") (at n. 4); (ii) the defendant did not forward an argument that it would be prejudiced by "the Court's decision to recast plaintiffs' motion"; and, (iii) the defendant did not argue that a plenary action was an improper mechanism under New York law or FRCP R. 69. Id. at *3.

In <u>Wasserman Media Group, LLC v. Bender</u>, the Southern District dealt with the exact question presented here, of whether a petitioner may seek a "turnover order" pursuant to CPLR § 5225, "by bringing a motion in the instant action as opposed to bringing a separate action against the non-party garnishee." No. 10-civ-8783 (SAS), 2012 WL 1506181, at *1 (S.D.N.Y. Apr. 26, 2012). The court answered the question in the negative and denied Petitioner's motion for a turnover order. <u>Id</u>. The court held that "a special proceeding needs to be brought in order to acquire personal jurisdiction over any non-party garnishees. <u>Id</u>. In its reasoning, the court cited <u>Runaway Dev. Grp. v. Pentagen Techs. Int'l Ltd.</u> and its analysis of the different subsections of CPLR § 5225:

> Under section 5225(a), a judgment creditor can seek turnover of property held by the judgment debtor "[u]pon motion" in the original action. N.Y. C.P.L.R. 5225(a). However, when the property sought is in the possession of someone other than the judgment debtor, the judgment creditor must follow the procedure set forth in section 5225(b), which requires that the creditor "commence an action against the person in possession," Alliance Bond Fund, Inc., 190 F.3d at 21, instead of merely filing a motion in the original action, see N.Y. C.P.L.R. 5225(b); David D. Siegel, Practice Commentaries, N.Y. C.P.L.R. 5225, at 264–65 (McKinney 1997) (explaining that subsection (b) requires a special proceeding "bearing its own caption").[2]

Applying the above rules, that court found:

> Because Rule 69(a) of the Federal Rules of Civil Procedure dictates that state procedures be followed, and because section 5225(b) is applicable to this situation, [the judgment creditor] is required to commence a new action against the Government in order to attain the sought-after relief. Therefore the present motion is an improper vehicle for seeking this relief and must be denied.[3]

Thus, the court in <u>Wasserman</u> concluded, as this Court should conclude here, that the petitioner's motion was procedurally defective and that petitioner, like Plaintiffs here, must bring a separate

---

[2]  396 F. Supp. 2d 471, 473-74 (S.D.N.Y. 2005).

[3]  Id. at 474.

action, which must allege that the court has personal jurisdiction over the non-party garnishee. <u>Wasserman</u>, 2012 WL 1506181 at *3.

Unlike the defendant in <u>Mitchell</u>, Tatyana is not a party to the underlying action. There has been no discovery, no trial, and/or any judgment against her. The Plaintiffs simply seek to dispose of Tatyana's interest in the Subject Property by motion without affording her the opportunity to be heard or defend herself against the claim that the conveyance to her was fraudulent. Furthermore, similar to the motion brought by the petitioner in <u>Wasserman</u>, the motion brought by Plaintiffs is procedurally defective because a special proceeding or plenary action must be brought. Until that happens, this Court has no personal jurisdiction over Tatyana.

Therefore, it is respectfully submitted that this Court deny Plaintiffs' motion in its entirety to avoid the alleged fraudulent conveyance from Mark and Lyubov Mirvis to their daughter, Tatyana, as it is procedurally defective.

## II. THE CONVEYANCE TO TATYANA OF THE SUBJECT REAL PROPERTY WAS PROPER UNDER THE CIRCUMSTANCES

Setting aside Plaintiffs' procedurally defective moving papers, this Court should nonetheless deny Plaintiffs' motion because Tatyana received her interest in the Subject Property by paying fair consideration for it—payment of all the carrying costs of the property, including mortgage and property tax payments (from 2010 until the present) and as a consequence, the transfer which Plaintiffs seek to avoid here cannot be deemed fraudulent.

Under the New York Debtor and Creditor Law ("DCL"), any conveyance unsupported by fair consideration is fraudulent if the person conveying the property "is a defendant in an action for money damages or a judgment in such an action has been docketed against him" without regard to actual intent "if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." DCL § 273-a (McKinney); <i>see</i> <u>United States v. Alfano</u>, 34 F. Supp. 2d 827, 844

(E.D.N.Y. 1999) (determining that DCL § 273-a "has been interpreted to cover constructive fraud"). That is, in order for a judgment creditor to set aside a "fraudulent conveyance" three elements must be established: "(1) the conveyance was made without fair consideration; (2) at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him; and (3) a final judgment has been rendered against the transferor that remains unsatisfied." Motorola, Inc. v. Abeckaser, No. 07-civ-3963 (JG) (SMG), 2010 WL 415290, at *4 (E.D.N.Y. Jan. 29, 2010) *quoting* Neshewat v. Salem, 365 F.Supp.2d 508, 518–19 (S.D.N.Y. 2005). It is undisputed that Mark Mirvis was a defendant in an action for money damages and the final judgment against him remains unsatisfied. Therefore, this analysis solely turns on the issue of fair consideration. As will be shown, this transfer at issue was consummated for more than just fair consideration.

**A.      The Transfer to Tatyana is Supported by Fair Consideration**

This matter turns on whether the transfer to Tatyana was supported by fair consideration. Based upon the forgoing, fair consideration was given in exchange for Tatyana's interest in the Subject Property.

Under DCL § 272 property is transferred for fair consideration when:

a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.

That is, there are three elements that must be satisfied to show that a debtor received fair consideration for his or her property: "first, the recipient of the debtor's property must either . . . convey property in exchange or . . . discharge an antecedent debt in exchange; second, such exchange must be a fair equivalent of the property received; and third, such exchange must be in

7

good faith." <u>United States v. Watts</u>, 786 F.3d 152, 164 (2d Cir. 2015) *quoting* <u>In re Sharp Int'l</u> <u>Corp.</u>, 403 F.3d 43, 53 (2d Cir. 2005) (internal quotations omitted).   Although the definition of fair consideration is codified in DCL § 272, "the concept can be an elusive one that defies any one precise formula." <u>United States v. McCombs</u>, 30 F.3d 310, 326 (2d Cir. 1994).   Indeed, whether fair consideration was given is determined on a case-by-case basis by the particular facts and circumstances surrounding each case. <u>Id</u>. *citing* <u>Orbach v. Pappa</u>, 482 F. Supp. 117, 119 (S.D.N.Y. 1979).   Furthermore, the Second Circuit has determined that "the assumption of and agreement to pay . . .  mortgages . . . [on real property] constitutes tangible consideration under New York law." <u>McCombs</u>, 30 F.3d at 325; *see* <u>Alfano</u>, 34 F. Supp. At 847 (finding that the "assumption of mortgage debt may constitute fair consideration, where, for example, the debt assumed nearly approaches the relative value of the property.")

In <u>McCombs</u>, the Second Circuit, applying New York law, vacated the judgment of the district court to set aside the real property conveyance from the defendants to their daughters. 30 F.3d at 314.   That case involved various federal tax liens on the transferred property. <u>Id</u>.   A few days after IRS agent tried to question the defendants, they conveyed the property to their daughters by warranty deed.  <u>Id</u>. at 315.   The recorded deed stated that the daughters "hereby assume and agree to pay, as part of the consideration for the conveyance" the two outstanding mortgages on the property. <u>Id</u>.   The government then filed an action against the defendants and their daughters seeking to *inter alia* "[set] aside the conveyance of the property from [defendant] to her daughters as fraudulent." <u>Id</u>.   The court determined that the burden of persuasion regarding fair consideration will shift to the transferee in an intrafamily transfer when there is "the presence of one of two factors in the conveyance: (1) the absence of any tangible consideration, or (2) a clandestine transfer of property designed to conceal the nature and value

8

of the consideration." Id. at 325.  The court found that neither of the above factors were present in the facts of the case and held that "the assumption of and agreement to pay the . . . mortgages by the daughters constitutes fair consideration under New York law." Id.

Here, since 2010, Tatyana has been paying all of the carrying costs of the Subject Property.  Such costs include, but are not limited to, the mortgage, the home equity line of credit, the home owners insurance, and the property taxes.  Mirvis Aff. ¶7.  From 2010 to the present, Tatyana has paid approximately $355,779.58 toward the carrying costs of the Subject Property. Id. ¶7. Furthermore, the May 11, 2015 deed states that Tatyana is granted title to the Subject Property "in consideration of Ten Dollars and **other valuable consideration**, the receipt and sufficiency of which hereby are acknowledged." *See* ECF No. 335 Exhibit F (emphasis added).

Therefore, taken together, Tatyana has paid fair consideration for the Subject Property, and Plaintiffs' motion should be denied in its entirety.

**B.    Tatyana had No Knowledge of Mark Mirvis' Alleged Fraudulent Intent**

The alleged fraudulent transfer to Tatyana cannot be avoided because as indicated above, she paid adequate consideration for the Subject Property and she purchased the property without any knowledge of the alleged fraud at the time of the purchase.

As an affirmative defense, DCL § 278(1) provides in relevant part that: "[w]here a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person **except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase** . . . [h]ave the conveyance set aside" DCL § 278(1) (McKinney) (emphasis added); *see* In re Dreier LLP, 452 B.R. 391, 434 (Bankr. S.D.N.Y. 2011) (finding that the law in New York dictates that DCL § 278(1) "is an affirmative

defense and the burden of proof under the section 278(1) affirmative defense is on the defendant, not on the plaintiff.").

As previously discussed, the transfer to Tatyana of the Subject Property was not fraudulent because she gave fair consideration for the transfer. Furthermore, Tatyana was told that the property was being transferred to her because she has been making the payments on all the carrying costs on the property. Id. ¶7. This shows that the transfer was made to secure Tatyana's interest; not to further any fraudulent scheme.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court deny Plaintiffs' motion in its entirety.

Dated: New York, New York
       May 20, 2016

               ABRAMS, FENSTERMAN, FENSTERMAN,
               EISMAN, FORMATO, FERRARA & WOLF, LLP

                     */s/ Mark L. Furman*
       By:_____
                 Mark L. Furman (MF4456)
                 *Attorneys for Non-Party Movant*
                 630 Third Avenue, 5th Floor
                 New York, New York 10017
                 Tel.: (212) 279-9200