UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, *et al.*,

                          Plaintiffs,

    -against-

MARK MIRVIS, *et al.*,

                          Defendants.

08-CV-4405 (SLT) (PK)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO AVOID FRAUDULENT CONVEYANCES BY JUDGMENT DEBTOR MARK MIRVIS PURSUANT TO F.R.C.P. 69(a), C.P.L.R. § 5225(b), AND D.C.L. §§ 273–a AND 278**

STERN & MONTANA, LLP
ATTORNEYS FOR PLAINTIFFS
ALLSTATE INSURANCE COMPANY, ET AL.
ONE WORLD FINANCIAL CENTER
30ᵀᴴ FLOOR
NEW YORK, NEW YORK 10281
TELEPHONE: (212) 532-8100

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.    PLAINTIFFS' MOTION IS PROCEDURALLY PROPER ........................................... 2

    II.    THE CONVEYANCES LACKED FAIR CONSIDERATION ....................................... 5

        A.    Transferee Did Not Pay the Fair Equivalent for the Subject Property ....................... 5

        B.    The Conveyances Were Not in Good Faith ................................................ 7

        C.    Transferee's Reliance on *United State v. McCombs* is Misplaced .............................. 8

    III.    TRANSFEREE'S KNOWLEDGE OF THE FRAUD IS IRRELEVANT ........................ 9

CONCLUSION .................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Cases**

*ACLI Gov't Sec., Inc. v. Rhoades*,
  653 F. Supp. 1388 (S.D.N.Y. 1987) ................................................................................ 7. 8, 10

*F.D.I.C. v. Marke Painting Co., Inc.*,
  No. 88-8675, 1992 WL 212372 (S.D.N.Y. Aug. 25, 1992) ........................................................... 9

*First Horizon Bank v. Moriarty-Gentile*,
  No. 10-289, 2015 WL 8490982 (E.D.N.Y. Dec. 10, 2015) ........................................................... 4

*Gavenda v. Orleans County*,
  No. 95-0251E, 2002 WL 31974390 (W.D.N.Y. Dec. 12, 2002) ............................................ 7, 8

*In re Davis*,
  169 B.R. 285 (E.D.N.Y. 1994) ........................................................................................................ 7

*In re The City of New York*,
  607 F.3d 923 (2d Cir. 2010) ........................................................................................................... 7

*LaBarbera v. Audax Const. Corp.*,
  971 F. Supp. 2d 273 (E.D.N.Y. 2013) ......................................................................................... 3

*Mitchell v. Garrison Protective Servs., Inc.*,
  No. 15-2137, 2016 WL 1397830 (2d Cir. Apr. 11, 2016) ........................................................... 4

*Mitchell v. Lyons Prof'l Servs., Inc.*,
  727 F. Supp. 2d 120 (E.D.N.Y. 2010) ...................................................................................... 3, 4

*Mitchell v. Lyons Prof'l Servs., Inc.*,
  109 F. Supp. 3d 555 (E.D.N.Y. 2015), ........................................................................................ 4

*N. Mariana Islands v. Millard*,
  845 F. Supp. 2d  579 (S.D.N.Y. 2012) ........................................................................................ 4

*Ostashko v. Ostashko*,
  No. 00-7162, 2002 WL 32068357 (E.D.N.Y. Dec. 12, 2002) .................................................... 8

*Runaway Dev. Grp. v. Pentagen Techs. Int'l Ltd*,
  396 F.Supp.2d 471 (S.D.N.Y. 2005) ........................................................................................... 4

*Saregama India, Ltd. v. Mosley*,
  No. 11-MC-84-P1, 2012 WL 955520 (S.D.N.Y. Mar. 20, 2012) ............................................... 4

*S.E.C. v. v. Vuono*,
  No. 13-MC-405, 2013 WL 6837568 (E.D.N.Y. Dec. 26, 2013) .................................................. 4

*State Farm Mut. Auto. Ins. Co. v. Grafman*,
  No. 04-2609, 2015 WL 9460131 (E.D.N.Y. Dec. 23, 2015)............................................... 2, 3, 4

*Tiffany (NJ) LLC v. Dong*,
  No. 11-2183, 2013 WL 4046380 (S.D.N.Y. Aug. 9, 2013)........................................................... 4

*Wasserman Media Grp., LLC v. Bender*,
  No. 10-8783, 2012 WL 1506181 (S.D.N.Y. Apr. 26, 2012) .................................................. 3, 4

*U.S. v. Alfano*,
  34 F. Supp. 2d 827, 845-846 (E.D.N.Y. 1999) ........................................................................... 9

*United States v. McCombs*,
  30 F.3d 310 (2d Cir. 1994) ..................................................................................................... 8, 9

*U.S. v. Nirelli*,
  No. 92-563, 1997 WL 718443 (W.D.N.Y. Sept. 16, 1997) ........................................................ 8

**Statutes**

 Federal Rules of Civil Procedure ("F.R.C.P.")
  Rule 69 ................................................................................................................................ 1, 3, 10

New York Civil Practice Law and Rules ("C.P.L.R.")
  § 5225.................................................................................................................................... 4, 10

New York Debtor and Creditor Law ("D.C.L.")
  § 273–a....................................................................................................................................... 10
  § 278........................................................................................................................................... 10

## INTRODUCTION

Plaintiffs-Judgment Creditors respectfully submit this Reply Memorandum of Law in Further Support of their Motion for an order deeming certain transfers of 289 Bayberry Drive (the "Subject Property") from judgment debtor Mark Mirvis (the "Judgment Debtor") and his wife, non-party Lyubov Mirvis, to their daughter, non-party Tatyana Mirvis ("Transferee"), to be fraudulent conveyances, and voiding, nullifying and/or disregarding such transfers and levying execution on the Subject Property and/or any proceeds thereof.  *See* ECF No. 335 ("Motion").

## PRELIMINARY STATEMENT

Prefatorily, Transferee has failed to satisfy the burden, which is properly hers under the circumstances present here, of proving that the transfers relating to the Subject Property were for fair consideration. Recognizing her inability to demonstrate the legitimacy of the transfers and the transparent motive for the most recent transfer in May 2015, <u>only six days after the judgment was entered in this action</u>, Transferee resorts to a specious procedural argument that is against the overwhelming weight of authority in this Circuit and the Eastern District. Transferee then goes on to make unsupported and patently false statements which are directly contradicted by actual evidence submitted herein and, in doing so, also revealed that she likely is in violation of the restraining notice served upon her by Plaintiffs.

In that regard, Transferee first argues that avoidance of a fraudulent conveyance may not be sought by a motion in the original action.  In doing so, Transferee completely ignores that nearly every court in this Circuit has held that parties can bring a motion under F.R.C.P. 69(a) to set aside a fraudulent conveyance, rather than instituting a special proceeding. In addition, Transferee disingenuously misinterprets the cases on which she selectively relies, which undermine her position or have been overwhelmingly rejected to the extent they ever stood for it.

1

Moreover, the single factual premise upon which Transferee's entire Opposition is based, that the transfer of the property was proper because Transferee paid <u>all</u> of the carrying costs on the property since 2010, is untrue, and represents a fraud upon this Court. Indeed, submitted herewith (Exhs."A" through "I") is a representative sample of 165 payments, totaling in excess of $135,000.00 made by the Judgment Debtor and/or his wife for the carrying costs of the Subject Property between 2010 and 2015, including substantial payments for the mortgage, property taxes, water bill and utilities, "all" of which Transferee claims to have made. Furthermore, with respect the payments that Transferee claims to have made, totaling in excess of $355,000.00, and beginning when she was only 25 years old, the Transferee offers no plausible explanation as to how she afforded such payments. Transferee also fails to offer any documentary evidence that she assumed the mortgage on the Subject Property (because such documentation does not exist), which precludes her from demonstrating fair consideration on that basis, as such an assumption must be in writing.  Nor has she proven the existence of any antecedent debt, as every single document offered in support of the Opposition is dated <u>after</u> the final May 2015 transfer. At bottom, each of the transfers were, on their face, for no consideration, and the timing of the transfers, particularly the May 2015 transfer, clearly shows they were fraudulentl conveyances. Accordingly, Transferee's Opposition should be disregarded in its entirety, and Plaintiffs' Motion should be granted.

## ARGUMENT

### I. PLAINTIFFS' MOTION IS PROCEDURALLY PROPER

Transferee's claim, that the Motion is defective because New York law requires a separate action for the Court to assert personal jurisdiction over her (Opp'n at 6), is simply not true. As noted in *State Farm Mut. Auto. Ins. Co. v. Grafman*, a factually similar No-fault fraud

2

matter (*see* Motion pp. 13-14), "nearly every court in this Circuit…has held that parties can bring a [fraudulent conveyance] motion under F.R.C.P. 69(a) rather than instituting a special proceeding." No. 04-2609, 2015 WL 9460131, at *4 (E.D.N.Y. Dec. 23, 2015) (collecting cases). Faced with the weight of authority contrary to her position, Transferee resorts to chiefly relying on *Wasserman Media Grp., LLC v. Bender*, grossly mischaracterizing it as "deal[ing] with the exact question presented here." Opp'n at 5 (citing No. 10-8783, 2012 WL 1506181, at *1-2 (S.D.N.Y. Apr. 26, 2012)). As an initial matter, *Wasserman* did not involve a fraudulent conveyance. *See Wasserman*, 2012 WL 1506181, at *1 (distinguishing case where motion proper because garnishee allegedly "fraudulent transferee or successor business") (citations omitted). More critically, the *Wasserman* court <u>clearly</u> based its decision on the fact that the non-party garnishee had otherwise contested personal jurisdiction, distinguishing *Mitchell I* and two other cases on that basis.[1] In other words, *Wasserman* did not involve a non-party garnishee <u>otherwise subject to the court's personal jurisdiction</u> and the court doubted personal jurisdiction before considering the form of the proceeding.[2] Unlike the *Wasserman* non-party, Transferee cannot contest personal jurisdiction on any grounds other than the baseless argument about the form of the proceeding.[3] Moreover, to the extent *Wasserman* was ever construed to generally disallow motions for post-judgment relief involving non-party garnishees, courts in this Circuit have

---

[1] *See, e.g., Wasserman*, 2012 WL 1506181, at *1 ("[T]he Court may simply deem the motion a special proceeding[] *if it has jurisdiction over the parties*.") (emphasis in original) (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 123 (E.D.N.Y. 2010) ("*Mitchell I*")); *id*. ("there was no issue whether the [*Mitchell I*] court had personal jurisdiction"); *id*. at *2 (distinguishing cases where such motions were deemed proper because "[p]ersonal jurisdiction was not in issue in either case") (citations omitted).

[2] *See LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 283 (E.D.N.Y. 2013) (Townes, J.) (explaining that *Wasserman* court's dismissal of motion in favor of special proceeding or plenary action was based on "unavailability of long arm jurisdiction or minimal contacts" or other "jurisdictional defect").

[3] Indeed, Transferee nowhere alleges that she lives or works in any state other than New York, *see* Resp. Aff. (ECF No. 363-1); on the contrary, she had extensive contacts with the subject transactions and property in New York, *see id*. at ¶¶ 2-11. Moreover, Transferee has not challenged Plaintiffs' service of the Motion, nor can she. *See* ECF No. 335-18 (Affidavits of Service).

roundly rejected both *Wasserman* and the case on which it relies, *Runaway Dev. Grp. v. Pentagen Techs. Int'l Ltd*, 396 F.Supp.2d 471 (S.D.N.Y.2005).[4] Indeed, the vast majority of Second Circuit courts routinely allow enforcement actions under New York law to proceed by motion as to non-party transferees or garnishees.[5]

The Opposition also misconstrues *Mitchell v. Garrison Protective Servs., Inc.* ("*Mitchell II*"), a recent Second Circuit decision involving the same non-party as *Mitchell I*. Opp'n at 4; No. 15-2137, 2016 WL 1397830 (2d Cir. Apr. 11, 2016) (fraudulent conveyance motion pursuant to C.P.L.R. § 5225 may be treated as plenary action). According to Transferee, "[u]nlike the defendant in *Mitchell* [*II*], [Transferee] is not a party to the underlying action." Opp. at 6. Simply put, this is a gross distortion of the facts of *Mitchell II*, wherein the garnishee was indeed a non-party that only became a judgment debtor after the motion was treated as a plenary action.[6] Thus *Mitchell II* only means that the Court may decide to treat the Motion as if it were a plenary action if warranted by the circumstances, <u>not</u> that it must be commenced by Plaintiffs as such.[7] Accordingly, the Motion is procedurally proper.

---

[4] *See First Horizon Bank v. Moriarty-Gentile*, No. 10-CV-289 (KAM) (RER), 2015 WL 8490982, at *3 (E.D.N.Y. Dec. 10, 2015) (collecting cases and citing *Wasserman* as minority view); *Grafman*, 2015 WL 9460131, at *4 (collecting cases and rejecting *Runaway*); *N. Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 582 n.1 (S.D.N.Y. 2012) ("[*Runaway*] appears to be [the only] case to the contrary…. but the court in *Runaway* did not provide any explanation for its decision on this issue."); *Mitchell I*, 727 F. Supp. 2d at 125 ("[*Runaway*] held that Rule 69(a) required a distinct action in these circumstances[, but t]he court did not cite or discuss any of the authorities on this issue and its brief conclusion is not persuasive.").

[5] *See, e.g., S.E.C. v. v. Vuono*, No. 13-MC-405, 2013 WL 6837568, at *3 (E.D.N.Y. Dec. 26, 2013) (motion proper as to non-party garnishee); *Tiffany (NJ) LLC v. Dong*, No. 11-2183, 2013 WL 4046380, at *10 (S.D.N.Y. Aug. 9, 2013) (special proceeding requirement "satisfied…by complaint or motion against the third party holding a judgment debtor's assets."); *Saregama India, Ltd. v. Mosley*, No. 11-MC-84-P1, 2012 WL 955520, at *1 (S.D.N.Y. Mar. 20, 2012) (motions proper <u>precisely because</u> "a civil action is the only form of action").

[6] *See Mitchell v. Lyons Prof'l Servs., Inc.*, 109 F. Supp. 3d 555, 558 (E.D.N.Y. 2015), *aff'd sub nom. Mitchell II* (motion properly alleged fraudulent conveyance "to a <u>third party</u>") (emphasis added).

[7] *See id*. at 566 ("In [*Mitchell I*], I held that Fed.R.Civ.P. 69(a), under which this garnishee action was initiated,…<u>did not require plaintiffs to file a plenary action</u>.") (emphasis added).

## II. THE CONVEYANCES LACKED FAIR CONSIDERATION

At bar, the Transferee bears the burden of demonstrating that the intrafamily conveyances of the Subject Property to her were not fraudulent by showing that (i) she paid consideration that was the fair equivalent of the property interests conveyed and (ii) the conveyances were in good faith. In both respects, Transferee has failed to meet her burden.

### A. Transferee Did Not Pay the Fair Equivalent for the Subject Property

First, Transferee has submitted no evidence that the conveyances were supported by fair consideration. All that is offered is a vague and unsupported claim that she paid consideration in the form of "all of the carrying costs" on the property "[s]ince 2010." However, that assertion is directly contradicted by documentary evidence uncovered by Plaintiffs through the course of post-judgment discovery which shows, unequivocally, that both the Judgment Debtor and his wife, Lyubov Mirvis, who are the real owners of the Subject Property, made frequent and significant mortgage, property tax, and other property related payments related to the Subject Property from the beginning of 2010 through at least December of 2015, relating to the very same types of expenses that Transferee claims to have made. For example:

- At least 33 payments totaling $21,365 between 3/8/10 and 12/29/15 towards the mortgage on the Subject Property, as itemized in Exh. "A."

- At least 7 payments totaling $16,337.58 between 1/14/10 and 2/23/13 towards a $750,000.00 home equity line of credit secured by the Subject Property, as itemized in Exh. "B."

- At least 9 payments totaling $50,882.48 between 11/7/11 and 5/7/14 in property tax payments for the Subject Property, as itemized in Exh. "C."

- At least 26 payments totaling $26,570.56 between 1/29/10 and 3/7/14 in homeowners' insurance payments for the Subject Property, as itemized in Exh. "D."

- At least 17 payments totaling $5,919.93 between 1/19/10 and 12/17/14 to National Grid electric relating to the Subject Property, as itemized in Exh. "E."

5

- At least 17 payments totaling $6,793.15 between 1/19/10 and 12/8/15 payments to PSEG utility company relating to the Subject Property, as itemized in Exh. "F."

- At least 32 payments totaling $4,284.22 between 1/29/10 and 7/28/15 payments the Long Island Water Corporation relating to the Subject Property, as itemized in Exh. "G."

- At least 21 payments totaling $2,784.64 between 1/03/10 and 7/28/15 in payments to Arrow Exterminating Company relating to the Subject Property, as itemized in Exh. "H."

- At least 3 payments totaling $512.64 between 6/15/10 and 5/21/13 in payments to Automatic Irrigation relating to the Subject Property, as itemized in Exh. "I."

Moreover, with respect to the payments Transferee claims to have made, totaling $355,779.58 and beginning when she was merely 25 years old, she offers this Court absolutely no plausible explanation as to how she was able to afford them on her own, such as proof of employment or any legitimate source of income that was not illegally transferred to her by the Judgment Debtor.[8] In addition, to the extent Transferee suggests she assumed existing mortgage obligations or claims that her payment of <u>all</u> of the carrying costs since 2010 served as the consideration for the transfer, such a claim is disproven by the evidence offered herein.[9] Finally, while all of the transfers are manifestly sham transactions, the most recent May 2015 transfer occurred just six (6) days after the judgment was entered in this matter. As noted below, the timing of transfers, particularly between family members, along with the other evidence herein, leads inexorably to the conclusion that the subject transfers were fraudulent conveyances.

In addition, even if everything Transferee claimed were true, which it clearly is not, it would be of no moment. In that regard, the only purported proof of consideration offered by

---

[8] *See* Exh. M (demonstrating that Judgment Debtor transferred $37,000 to Transferee in 2012 and 2013).

[9] Furthermore, Transferee claims that in October 2013, she transferred the property back to her parents because she could not obtain a mortgage, yet offers no explanation as to why a mortgage was required. Further belying Transferee's story is the fact that no such mortgage was ever obtained, whether (1) after the October 2013 transfer back to her parents, or (2) after she purported to become the sole owner with the May 2015 transfer, which strongly suggests that the subject transfers had nothing to do with obtaining a new mortgage or "security" for Transferee, but instead were simply in furtherance of the Judgment Debtor's efforts to hinder enforcement of the judgment.

6

Transferee are a few unrevealing, cherry-picked bank records, including portions of two TD Bank accounts which she is simultaneously seeking to shield from full disclosure,[10] identifying payments that occurred <u>several months after</u> the last challenged conveyance, which, <u>as a matter of black letter law, cannot constitute valid consideration</u>.[11] *See In re Davis*, 169 B.R. 285, 300 (E.D.N.Y. 1994) (mortgage arrears payments and assumption of mortgage balance were of no benefit to transferors because "ultimate beneficiary of removing these encumbrances on the property was…the subsequent property owner, and not the [transferors] as the mortgagors."); *see also Gavenda v. Orleans County*, No. 95-0251E, 2002 WL 31974390, at *2 (W.D.N.Y. Dec. 12, 2002) (oral assumptions of mortgages or promises of future support not fair consideration within meaning of Section 272) (collecting cases); *see also ACLI Gov't Sec., Inc. v. Rhoades*, 653 F. Supp. 1388, 1390 (S.D.N.Y. 1987) ($1.00 and oral satisfaction of undocumented antecedent debt not fair consideration), *aff'd*, 842 F.2d 1287 (2d Cir. 1988). Accordingly, Transferee has failed to demonstrate that she provided adequate value for the Subject Property.

  **B.**  <u>**The Conveyances Were Not in Good Faith**</u>

Second, Transferee has submitted no evidence showing that the conveyances were in good faith. *See* D.C.L. § 272. Good faith requires: "(1) an honest belief in the propriety of the activities in question; (2) no intent to take unconscionable advantage of others; and (3) no intent to, or knowledge of the fact that, the activities in question will hinder, delay, or defraud others."

---

[10] These accounts are the subject of a pending motion to quash (<u>See</u> ECF No. 350). In that regard, Transferee's partial disclosure of records that she simultaneously seeks to shield from Plaintiffs flies in the face of fairness. *See In re City of New York*, 607 F.3d 923, 946-47 (2d Cir. 2010) ("[A]s a general matter, a party cannot use materials as a 'sword' in its defense 'while using privileges attaching to those materials as a shield.'") (citation omitted)

[11] *See* ECF No. 363-2 ("Exhibit 1"). Even assuming the documentary evidence submitted by the Transferee could constitute consideration (which it cannot), there is no evidence that the bills were paid by anyone other than the persons to whom they were addressed (*i.e.*, the Judgment Debtor and/or Lyubov Mirvis) or that the payments were not funded by the Judgment Debtor and/or Lyubov Mirvis. *See id.*; *see also* Exh. M. Exhibit 1 does, however, strongly suggest that the Transferee violated Plaintiffs' restraining notice on at least three occasions by paying debt owed by the Judgment Debtor after April 8, 2016, *see* Exh. J; Exh. 1 at pp. 12, 14, 16, and Plaintiffs intend to seek appropriate relief from the Court based upon Transferee's blatant violation of the restraining notice.

*Ostashko v. Ostashko*, No. 00-7162, 2002 WL 32068357, at *23 (E.D.N.Y. Dec. 12, 2002) ("[T]he lack of good faith imports a failure to deal honestly, fairly and openly.'") (citations omitted). Transferee does not, and cannot, dispute Plaintiffs' claim that the Judgment Debtor continues to reside at the Subject Property, nor can she provide any credible explanation for the highly suspicious nature and timing of the conveyances, including the last conveyance which was made just six days after the judgment was entered.[12] *See Gavenda*, 2002 WL 31974390, at *2 (timing of conveyance, just one day after jury verdict, supports finding that "no fair consideration was provided"); *see also ACLI Gov't Sec., Inc.*, 653 F. Supp. at 1395 (timing of conveyance, nine days after jury verdict and one day after judgment, "could not more strongly support" finding of actual fraud). Indeed, Transferee has submitted no evidence or documentation which could even remotely satisfy her burden. *See U.S. v. Nirelli*, No. 92-563, 1997 WL 718443, at *4 (W.D.N.Y. Sept. 16, 1997) (transferee failed to prove oral agreement to satisfy antecedent debt served as consideration where no documentary evidence offered, such as appraisal of assets and liabilities). Accordingly, Transferee's burden cannot be met.

### C. **Transferee's Reliance on *United States v. McCombs* is Misplaced**

Transferee's reliance on *United States v. McCombs*, 30 F.3d 310 (2d Cir. 1994) is misplaced. In *McCombs*, the issue was whether the burden of persuasion was on the transferees to prove that the consideration <u>expressly stated in a deed</u> was the fair equivalent of the value of the property. *See id.* at 324. (emphasis supplied).[13] Thus, in *McCombs*, because "the specific

---

[12] Transferee's claims, that she received 50% interest as "security protecting [her] payments," transferred her interest back "because [she] could not obtain a mortgage" and then executed a deed that erroneously listed her as both grantor and grantee and which transferred 100% interest to her (again to "protect payments [she] had made"), are incredulous and illogical, especially considering that both mortgages contain acceleration clauses exercisable at the mortgagees' option if the Judgment Debtor or Lyubov Mirvis transfer any portion of their interest in 289 Bayberry Drive without either mortgagee's prior written consent. *See* Exh. L at ¶ 18; Exh. K at ¶ 16.

[13] "The deed…provided that Kelly and Mary 'hereby assume and agree to pay, as part of the consideration for this conveyance' the unpaid principal with interest on both the…mortgages remaining on the Property." *Id.* at 326.

8

value and nature of the consideration was available to the creditor and the only issue to be decided [wa]s whether the value of that consideration approache[d] the fair market value of the property," the factors triggering burden-shifting were not implicated. *Id.* at 323, 325 (distinguishing decision placing burden of persuasion on transferee where consideration not expressly stated in deed) (citing *Schmitt v. Morgan*, 98 A.D.2d 934, 936 (3d Dep't 1983), *appeal dismissed*, 62 N.Y.2d 914 (1984)). Here, the only evidence on the face of the deeds is that either $0.00 or $10.00 was exchanged for property that Transferee admits has a present value of at least $1,020,000.00 and, thus, unlike in *McCombs*, this is a case where the property was conveyed without any tangible consideration. *See U.S. v. Alfano*, 34 F. Supp. 2d 827, 845-846 (E.D.N.Y. 1999) (placing burden of proving fair consideration on transferees where deed stated that property was conveyed for "$10 and other valuable consideration"). Accordingly, because there is no tangible consideration and the nature and value of the consideration is within the exclusive control of the transferee, the burden is on the Transferee to prove fair consideration. *See McCombs*, 30 F.3d at 325 (two alternative rationales exist for placing burden on transferee in case of intrafamily conveyance). She has not met that burden.

### III. TRANSFEREE'S KNOWLEDGE OF THE FRAUD IS IRRELEVANT

Because Transferee has failed to meet her burden of proving fair consideration, her conclusory claim that she "had no knowledge of [her] father's underlying conduct or of th[e] lawsuit when the property was transferred to [her]," is irrelevant. *See FDIC v. Marke Painting Co., Inc.*, No. 88-8675, 1992 WL 212372, at *4 (S.D.N.Y. Aug. 25, 1992) (absent fair consideration, transfer may be set aside even without knowledge of fraud). Regardless, the nature and timing of the conveyances here, coupled with Transferee's inability to offer any credible

9

explanation, strongly suggests that she was aware of the fraud at the time of the conveyances. *See ACLI Gov't Sec., Inc.*, 653 F. Supp. at 1395.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order, pursuant to F.R.C.P. 69(a)(1), C.P.L.R. Section 5225(b) and D.C.L. Sections 273–a and 278, setting aside or disregarding the Judgment Debtor's May 2013 and May 2015 Transfers of his interest in the real property known as 289 Bayberry Drive North, Hewlett Harbor, New York 11557, and levying execution upon the Judgment Debtor's interest in such property (and upon any proceeds thereof) to the extent of the Judgment, and awarding such other or further relief as the Court deems just and proper.

Dated: New York, New York,
May 27, 2016

                                                     Stern & Montana, LLP

                                        By: */s/* Daniel S. Marvin
                                             Robert A. Stern (RAS-1282)
                                             Daniel S. Marvin (DM-7106)
                                             Andrew S. Midgett (AM-3556)
                                             Kristy R. Eagan (KE-6038)
                                             One World Financial Center, 30th Floor
                                             New York, New York 10281
                                             T: (212) 532-8100
                                             F: (212) 532-7271
                                             *Attorneys for Plaintiffs-Judgment Creditors*