# Exhibit "J"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, DEERBROOK INSURANCE
COMPANY, ALLSTATE NEW JERSEY INSURANCE
COMPANY AND ALLSTATE PROPERTY &
CASUALTY INSURANCE COMPANY,
                              Plaintiffs,
-against-

08-CV-4405 (SLT) (PK)

MARK MIRVIS, MARK LUPOLOVER, MICHAEL
BEZENYAN, RUVEN KATZ, IGOR ZHURAVSKY,
GEORGY STATNROSH a/k/a GARY STATNIGROSH
a/k/a GEORGY STATNIGROSH, OCEAN L.
MANAGEMENT GROUP INC., FLATLANDS BEST
MANAGEMENT GROUP, INC., HILLMED
MANAGEMENT, INC. f/k/a 97-12 ASSOCIATES, INC.,
B-WAY MANAGEMENT, INC., FLAT-80
MANAGEMENT, INC., NORTMED MANAGEMENT,
INC., L&B MEDICAL, P.C., LAMED MEDICAL, P.C.,
825 BROADWAY MEDICAL CARE, P.C., DOVER
MEDICAL, P.C., FLATLANDS 78 MEDICAL, P.C.,
GENERAL MEDICAL CARE, P.C., S&L MEDICAL,
P.C., ZDR MEDICAL, P.C., DEL PRADO ONE, LLC,
DEL PRADO TWO, LLC, DEL PRADO THREE, LLC,
DEL PRADO FOUR, LLC, EL DORADO ONE, LLC,
M&M OCEANFRONT, LLC, NE 10, LLC, NE 24, LLC,
TROPICANA ONE, LLC, YAKOV RAUFOV, M.D.,
DALE ALEXANDER a/k/a ALEXANDER DALE, M.D.,
SOFIA BENTSIANOV, M.D., EMMA BENJAMIN, M.D.,
AUDREY IVANUSHKIN a/k/a ANDREW IVANSON,
M.D., LEV BENTSIANOV, M.D., LEONID SLUTSKY,
GARY TSIRELMAN, IRENA SHPERLING, M.D.,
LYUBOV MOYSIK, M.D., YEFIM SOSONKIN,
GRIGORY SHTENDER, M.D., ALEXANDER ISRAELI,
M.D., MIKHAIL MIRER, M.D., ZHANNA ROIT, M.D.,
RENAT SUKHOV, M.D., HUIKANG DANIEL LAI, M.D.,
JEAN FRANCOIS, M.D., JOHN DOES 1 THROUGH 20,
ABC CORPORATIONS 1 THROUGH 20, AND XYZ
CORPORATIONS 1 THROUGH 20,

INFORMATION SUBPOENA
WITH
RESTRAINING NOTICE

                              Defendants.
------------------------------------------------------------------- X

RE:   Mark Mirvis (the "Judgment Debtor")

TO:   Tanya a/k/a Tatyana Mirvis
      289 Bayberry Drive
      Hewlett, New York 11557

WHEREAS, in an action in the Eastern District of New York before the Honorable Sandra L. Townes, brought by Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company and Allstate Property & Casualty Insurance Company ("Plaintiffs") against Defendants **Mark Mirvis**, Mark Lupolover, Michael Bezenyan, Ruven Katz, Igor Zhuravsky, Georgy Statnrosh a/k/a Gary Statnigrosh a/k/a Georgy Statnigrosh, Ocean L. Management Group Inc., Flatlands Best Management Group, Inc., Hillmed Management, Inc. f/k/a 97-12 Associates, Inc., B-Way Management, Inc., Flat-80 Management, Inc., Nortmed Management, Inc., L&B Medical, P.C., Lamed Medical, P.C., 825 Broadway Medical Care, P.C., Dover Medical, P.C., Flatlands 78 Medical, P.C., General Medical Care, P.C., S&L Medical, P.C., ZDR Medical, P.C., Del Prado One, LLC, Del Prado Two, LLC, Del Prado Three, LLC, Del Prado Four, LLC, El Dorado One, LLC, M&M Oceanfront, LLC, NE 10, LLC, NE 24, LLC, Tropicana One, LLC, Yakov Raufov, M.D., Dale Alexander a/k/a Alexander Dale, M.D., Sofia Bentsianov, M.D., Emma Benjamin, M.D., Audrey Ivanushkin a/k/a Andrew Ivanson, M.D., Lev Bentsianov, M.D., Leonid Slutsky, Gary Tsirelman, Irena Shperling, M.D., Lyubov Moysik, M.D., Yefim Sosonkin, Grigory Shtender, M.D., Alexander Israeli, M.D., Mikhail Mirer, M.D., Zhanna Roit, M.D., Renat Sukhov, M.D., Huikang Daniel Lai, M.D., Jean Francois, M.D., John Does 1 through 20, ABC Corporations 1 through 20 and XYZ Corporations 1 through 20;

AND WHEREAS a judgment was entered on May 5, 2015, in favor of Plaintiffs, and against **Mark Mirvis**, Mark Lupolover, Michael Bezenyan, Ruven Katz, Igor Zhuravsky,

Georgy Statnrosh, Leonid Slutsky, 825 Broadway Medical Care, P.C., Ocean L. Management Group Inc., Flatlands Best Management Group, Inc., Hillmed Management, Inc., B-Way Management, Inc., Flat-80 Management, Inc., Nortmed Management, Inc., Del Prado One, LLC, Del Prado Two, LLC, Del Prado Three, LLC, Del Prado Four, LLC, El Dorado One, LLC, M&M Oceanfront, LLC, NE 10, LLC, NE 24, LLC, and Tropicana One, LLC, for the sum of $45,657,401.01, for which these defendants are jointly and severally liable (the "Judgment"), *see* ECF No. 303, and of which there is now due to Plaintiffs a total sum award of $45,657,401.01, plus interest thereon from May 5, 2015, which remains due and unpaid;

AND WHEREAS, no previous restraining notice has been served upon you pursuant to F.R.C.P. 69 and of Article 52 of the Civil Practice Law and Rules;

AND WHEREAS, it appears that you owe a debt to the Judgment Debtor or are in possession or in custody of property in which the Judgment Debtor has an interest, including but not limited to real property transferred by the Judgment Debtor to you.

NOW, THEREFORE, YOU ARE HEREBY COMMANDED, pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and Section 5224(a)(3) of the New York Civil Practice Law and Rules ("C.P.L.R."), that all business and excuses being laid aside, you shall answer the following information requests, set forth in Schedule A annexed hereto, in writing under oath and return the original requests together with your answers in the enclosed envelope, postage prepaid, within seven (7) days of the service of this subpoena (the "Information Subpoena") in accordance with the Definitions and Instructions contained in Schedule B, to the offices of Stern & Montana, located at One World Financial Center, 30th Floor, New York, New York 10281.

3

PLEASE TAKE NOTICE that pursuant to Section 5222(b) of the Civil Practice Law and Rules, a copy of which is set forth below, you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

## CIVIL PRACTICE LAW AND RULES

CPLR § 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

PLEASE TAKE FURTHER NOTICE that this notice also covers all property in which the Judgment Debtor has an interest hereafter coming into your possession or custody and all debts hereafter coming due from the Judgment Debtor.

4

**PLEASE TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of Court.

**PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this Information Subpoena is punishable as a contempt of court.

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE JUDGMENT DEBTOR THAT WILL ASSIST THE CREDITORS (PLAINTIFFS) IN COLLECTING THE JUDGMENT.

Dated: New York, New York,
April 5, 2016

Stern & Montana, LLP

By: _____
Robert A. Stern (RAS-1282)
Sandra P. Burgos (SB-6856)
Andrew S. Midgett (AM-3556)
One World Financial Center, 30th Floor
New York, New York 10281
(212) 532-8100
*Attorneys for Plaintiffs-Judgment Creditors*

## Schedule A

## QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA

STATE OF _____, COUNTY OF _____ ss.:

_____ being duly sworn deposes and says; that deponent is the _____ of _____ and the recipient of the information subpoena herein and of the original and a copy of questions accompanying said subpoena. Deponent makes the following answers (each answer immediately following the question to which it responds or on additional pages if the space provided is insufficient) in compliance with the subpoena and are made from information obtained from the records of the recipient.

_____ having been duly sworn testifies as follows:

1. Have you or any member of your immediate family, or any person or entity acting on behalf of or for the benefit of you or any member of your immediate family, received any real or personal property (including money or any right to payment) from, or transferred any such property to, either of the **Judgment Debtor (Mark Mirvis)**, at any time from October 1, 2008 through the present date (the "Relevant Time Period")?

Yes\_\_\_\_\_  No\_\_\_\_\_

If yes, for each such transfer of property, please set forth the following:

(a) The date of such transfer, the type of property transferred, and the value of such property as of the date of transfer.

(b) All persons or entities involved in such transfer and their role in such transfer, *i.e.*, whether they were a transferor/grantor, transferee/grantee, trustee or beneficiary.

(c) The nature and circumstances of such transfer, including any property, services, or other consideration exchanged.

6

(d)  If applicable, the name of the bank or other financial institution, branch office, accountholder(s), and last four digits of the account where any such transferred property (or any proceeds thereof) is currently held, custodied, or maintained.

(e)  If applicable, the physical location of any such transferred property (or any proceeds thereof), including without limitation the address where such property may currently be found.

(f)  The name and address of all current owners or custodians of such transferred property.

(g)  If applicable, the details of any and all transfers of such property subsequent to the transfer(s) you described in response to subpart (a) hereof.

2.  Have you or any member of your immediate family, or any person or entity acting on behalf of or for the benefit of you or any member of your immediate family, been party to or otherwise involved in any personal loan, commercial loan, guaranty, mortgage, or other financing arrangement (each a "Loan"), involving the Judgment Debtor that was either made or remained active at any time during the Relevant Time Period?

Yes_____                No_____

If yes, for each such Loan, please state the following:

(a)  The date of any origination, modification, assignment, release, satisfaction or other transaction in connection with such Loan, and the nature and terms of such Loan and each related transaction.

7

(b)  All persons or entities involved in such transfer and their role in such transfer, *i.e.*, whether they were a lender, borrower, guarantor, surety, pledgor/pledgee, grantor/grantee, trustee, or beneficiary.

(c)  The nature and value of all consideration or collateral for such Loan, including without limitation all money or other property exchanged, granted, pledged, or otherwise affected in connection therewith.

(d)  If applicable, the name of the bank or other financial institution, branch office, accountholder(s), and last four digits of the account(s) where any property you identified in response to subpart (c) of this question (or any proceeds thereof) is held, custodied, or maintained.

(e)  If applicable, the physical location of any property you identified in response to subpart (c) of this question (or any proceeds thereof), including but not limited to any real estate, vehicles, securities, negotiable instruments, equipment, and artwork, and including without limitation the address where such property may be found and any person or entity in possession or custody of such property.

3.  Has the Judgment Debtor paid (or provided money or other property to be used to pay) all or any portion of any unsecured or secured debt or any other obligation, including but not limited to credit card, student loan, rentals, leases, taxes, or mortgage debt, of you or any member of your immediate family, or made any payment on behalf of you or any member of your immediate family, during the Relevant Time Period?

Yes_____                    No_____

If yes, for each such payment, please state the following:

8

(a) The date and amount of such payment, the terms of such underlying obligation, and the names and interests (e.g. payer, lender, borrower) of all persons or entities who are/were parties to or otherwise involved in such payment or obligation.

(b) The person(s) or entity(ies) on whose behalf or for whose benefit such payment was made, the reason why the Judgment Debtor made such payment (including any consideration received by the Judgment Debtor for doing so), and the nature and value of any property or other consideration received for making such payment.

(c) The name of the bank, branch, account holder(s) and last four digits of the account number for any account used to make or provide the money for such payment.

4. Are you aware of any other real or personal property owned by the Judgment Debtor or in which the Judgment Debtor has had an interest during the Relevant Time Period?

Yes _____     No_____

If yes, for each such property, please state the following:

(a) The type (e.g. real estate, vehicles, money) and market value of such property, including but not limited to any valuation as of the date of transfer or as of the present date.

(b) The name of all persons or entities with an interest in such property during the Relevant Time Period, as well as the nature and extent of each such person's or entity's interest therein.

9

(c) The name and address of any person or entity who currently has an ownership or other interest in such property.

(d) If applicable, the name of the bank or other financial institution, branch office, accountholder(s), and last four digits of the account where any such property (or any proceeds thereof) is currently held, custodied, or maintained.

(e) If applicable, the physical location of any such property (or any proceeds thereof), including but not limited to any real estate, vehicles, securities, negotiable instruments, equipment, and artwork, and including without limitation the address where such property may currently be found and any person or entity in possession or custody of such property.

(f) If the Judgment Debtor does not currently own the property, the details of any and all transfers of such property from the Judgment Debtor to the current owner identified in response to subpart (c) of this question (and any intermediate owners), including but not limited to the date of each such transfer, all persons or entities involved therewith and their role in each such transfer, and the nature and circumstances of each such transfer, including but not limited to any consideration exchanged.

5. Are you aware of any business, trust, estate, or other entity that was not already identified in Response to Question 4 in which the Judgment Debtor had an interest during the Relevant Time Period?

Yes _____       No _____

If yes, for each such entity, please state the following:

    (a)    The name and all known addressses and other contact information for the entity, including, if known and applicable, the name of the trustee or executor.

    (b)    The form of the entity, *e.g.*, corporation, sole proprietorship, partnership, association, corporation, trust, testamentary estate, and, if applicable, the state of formation.

    (c)    The nature of the Judgment Debtor's interest in such entity, including the type and/or percentage of the Judgment Debtor's equity or other ownership interest (including without limitation his rights in any assets upon dissolution or otherwise, entitlement to receive profits, dividends or other distributions, and/or responsibility for any liabilities), and any title or position held by the Judgment Debtor, *e.g.*, manager, member, officer, director, partner, and the value of any salary, wages, benefits, reimbursements, or other remuneration received by the Judgment Debtor in connection therewith.

6.    Are you aware of any person or business that employed the Judgment Debtor, whether as an employee or independent contractor, during the Relevant Time Period that was not already identified in Response to Question 5?

Yes _____        No _____

If yes, for each such employer, please state the following:

    (a)    The name and address of the employer.

(b) The title or position of the Judgment Debtor, dates of employment, terms of employment, including whether the Judgment Debtor was employed full time or part time, and value of any salary, wages, benefits, reimbursements, or other remuneration received by the Judgment Debtor in connection therewith.

7. Please set forth all contact information of the Judgment Debtor in your possession, including but not limited to all places of residence or places of business, and any phone or fax number or email address, used and/or owned by the Judgment Debtor during the Relevant Time Period.

8. Please state the name, address and phone number of the person answering these questions.

Receipt of a duplicate copy of these questions and a prepaid, addressed return envelope is hereby acknowledged.

_____
Signature - print or type name beneath

Sworn to before me this
___ day of _____, 2016.

_____
Notary Public

12

## Schedule B

### Definitions and Instructions

A. As used herein, the term "Relevant Time Period" shall refer to the time period beginning October 1, 2008 and continuing through the present date.

B. As used herein, the term "Judgment Debtor" shall refer to the judgment debtor Mark Mirvis, any of his agents or representatives, and any persons or entities over which he may exercise control or in which he may have an ownership interest.

C. As used herein, the term "you" and "your" shall refer to Tanya a/k/a Tatyana Mirvis, any of her agents or representatives, and any persons or entities over which she may exercise control or in which she may have an ownership interest.

D. "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside their scope. "Any" includes the word "all," and "all" includes the word "any." The use of the singular form of any word includes the plural and vice versa.

E. In accordance with the your obligations pursuant to C.P.L.R. § 5224, answers shall be made in writing under oath by the person upon whom served, if an individual, or by an officer, director, agent or employee having the information, if a corporation, partnership or sole proprietorship. Each question shall be answered separately and fully and each answer shall refer to the question to which it responds. Answers shall be returned together with the original of the questions within seven days after receipt. If the space provided is insufficient, use additional pages, giving the number of each question answered.

F. **Please be advised that Plaintiffs are entitled under New York law to complete answers to each and every written question set forth in Schedule A hereto,**

without the need to serve any additional document request or other discovery device. *See* C.P.L.R. § 5224(3). Plaintiffs will treat as deficient any response that (1) withholds an answer to any question because of a claimed need for further discovery devices (including subpoenas *duces tecum*), (2) fails to answer any of the questions, and/or (3) purports to provide a blanket answer to all of the questions. Please contact Plaintiffs' counsel right away if you have any questions regarding your obligations hereunder.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X
                                       :
ALLSTATE INSURANCE COMPANY, *et al.*,  :
                                       :
                          Plaintiffs,  :    08-CV-4405
                                       :    (SLT) (PK)
         -against-                     :
                                       :    AFFIDAVIT OF
MARK MIRVIS, *et al.*,                 :    SERVICE
                                       :
                          Defendants.  :
                                       :
_____ X

STATE OF NEW YORK    )
                     ) :ss
COUNTY OF NEW YORK   )

Charles Binning, duly deposes and says:

1. That I am not a party to the action, am over 18 years of age and am an employee of the law firm of Stern & Montana, LLP, located at One World Financial Center, 30th Floor, New York, New York 10281.

2. On April 5, 2016, I served one (1) true original and one (1) true copy of Plaintiffs' Information Subpoena with Restraining Notice, dated April 5, 2016, regarding Judgment Debtor Mark Mirvis, along with a prepaid, return addressed envelope, upon:

Tanya a/k/a Tatyana Mirvis
289 Bayberry Drive
Hewlett, New York 11557

by depositing a true copy thereof in an enclosed envelope certified mail, return receipt requested (TRK# 7015 0640 0002 9245 2146) in an official depository under the exclusive care and custody of the U.S postal services within the State of New York.

Dated: New York, New York
      April 5, 2016

By: _____
     Charles Binning

Sworn to before me this

5th day of April, 2016

_____
Notary Public

Kwesi R. Disney
Notary Public State Of New York
Qualified In Westchester County
Lic. #01DI6048256
Commission Expires September 25, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- X
ALLSTATE INSURANCE COMPANY, *et al.*,   )
                                        )
                        Plaintiffs,     )
                                        )
        -against-                       )
                                        )   08-CV-4405
MARK MIRVIS, *et al.*,                  )   (SLT) (PK)
                                        )
                                        )
                                        )
                                        )
                        Defendants.     )
                                        )
                                        )
                                        )
------------------------------------------------- X

# AFFIDAVIT OF SERVICE

### STERN & MONTANA, LLP
ATTORNEYS FOR PLAINTIFF
ALLSTATE INSURANCE COMPANY
ONE WORLD FINANCIAL CENTER
30TH FLOOR
NEW YORK, NEW YORK 10281
TELEPHONE: (212) 532-8100

5/26/2016  USPS.com® - USPS Tracking®

English | Customer Service | USPS Mobile                              Register / Sign In

☰                          **USPS.COM**                                     🔍

# USPS Tracking®

  Customer Service ›
Have questions? We're here to help.

  Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70150640000292452146

  Delivered

Expected Delivery Day: Friday, April 8, 2016 ›

## Product & Tracking Information

**Postal Product:**  **Features:**
First-Class Mail®   Certified Mail™        Return Receipt

See tracking for related item: 95909401009451683905725

## Available Actions

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 8, 2016, 11:49 am | Delivered | HEWLETT, NY 11557 |

Your item was delivered at 11:49 am on April 8, 2016 in HEWLETT, NY 11557.

| | | |
|---|---|---|
| April 7, 2016, 6:40 pm | Departed USPS Facility | WESTERN NASSAU, NY |
| April 7, 2016, 12:06 pm | Arrived at USPS Facility | WESTERN NASSAU, NY |
| April 6, 2016, 5:06 pm | Arrived at USPS Origin Facility | NEW YORK, NY 10199 |
| April 5, 2016, 7:06 pm | Departed Post Office | NEW YORK, NY 10007 |
| April 5, 2016, 5:50 pm | Acceptance | NEW YORK, NY 10007 |

## Track Another Package

**Tracking (or receipt) number**

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS › 

**USPS.COM**

5/26/2016 USPS.com® - USPS Tracking®

| HELPFUL LINKS | ON ABOUT.USPS.COM | OTHER USPS SITES | LEGAL INFORMATION |
|---|---|---|---|
| Contact Us | About USPS Home | Business Customer Gateway | Privacy Policy |
| Site Index | Newsroom | Postal Inspectors | Terms of Use |
| FAQs | USPS Service Updates | Inspector General | FOIA |
| | Forms & Publications | Postal Explorer | No FEAR Act EEO Data |
| | Government Services | National Postal Museum | |
| | Careers | Resources for Developers | |

Copyright © 2016 USPS. All Rights Reserved.

   

Search or Enter a Tracking Number