| | | |
|---|---|---|
| **GTPC** | **GARY TSIRELMAN P.C.** | 129 LIVINGSTON STREET<br>SECOND & THIRD FLOORS<br>BROOKLYN, NY 11201 |
| | ATTORNEYS & COUNSELORS AT LAW | T: (718) 438-1200 • F: (718) 438-8883<br>nbowers@gtmdjd.com |

06/10/2016

BY ECF
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Allstate Ins. Co., et al., v Mirvis, et al.*, **(08-CV-4405): Reply in support Motion to Quash Subpoena**

Dear Judge Kuo:

      We submit this letter reply in support of the previous motion quash the third-party subpoena on behalf of non-party Queens Billing, Inc. ("Queens"), pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure. Queens also submits the supplemental declarations of Roman Matatov and Rina Esterov, Esq., C.P.A., in support of the motion. Queens also submits a corrected list of all payments made by Queens to Nortmed Management, Inc. ("Nortmed") as Exhibit 1.

**I. Plaintiffs' Subpoenas Seek Irrelevant Documents**

      Federal Rule of Civil Procedure 69(a)(2) does not allow a judgment creditor to issue a post-judgment subpoena for the financial records of a non-party because "disclosure concerning the assets of a non-party is not generally contemplated by Rule 69(a)." *Uniden Corp. of America v. Duce Trading Co., ltd.*, 1993 WL 286102 at *1 (W.D.N.Y. 1993). To the extent that non-parties may be targeted for discovery at all under Rule 69(a), they may "only be examined about the assets of a judgment debtor and cannot be required to disclose their own assets." *Castomar Shipping Co., Ltd. V. Kim-Sail, Ltd.*, 1995 WL 736907 at *3 (S.D.N.Y. 1995). Thus, any discovery served upon a third party under Rule 69(a) must be "tailored to the search for the debtor's hidden assets." *Jacobson v. Moller & Moller*, 2007 U.S. Dist. LEXIS 48646, 2007 WL 1989260 (E.D.N.Y. July 5, 2007)(citing *D'Avenza S.P.A. v. Garrick & Co.*, 96 Civ. 0166 (DLC)(KNF), 1998 U.S. Dist. LEXIS 243, at *9 (S.D.N.Y. Jan. 14, 1998)). Furthermore, post-judgment discovery may be permitted against a third party only "upon a somewhat heightened showing of necessity and relevance -- i.e., at least some demonstration of concealed or fraudulent transfers or alterego relationship with the judgment debtor." *Uniden Corp. v. Duce Trading Co.*, 89-CV-0878E, 1993 U.S. Dist. LEXIS 10441, at *2 (W.D.N.Y. July 19, 1993) (citing *Blaw Knox Corp. v. AMR Industries, Inc.*, 130 F.R.D. 400, 403 (E.D.Wis. 1990); *Strick Corp. v. Thai Teak Products Company, Ltd.*, 493 F. Supp. 1210, 1217-1218 (E.D.Pa. 1980); *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 562 (S.D.N.Y. 1977); *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 333-335 (E.D.Pa. 1974)). Contrary to Plaintiffs' assertions in their opposition, "[w]hile the discovery standard

[under Rule 69(a)] is broad, '[t]hat is not to say, however, that plaintiff may embark on a fishing expedition" of third parties' documents and accounts. *GMA Accessories v. Elec. Wonderland, Inc.,* 2012 U.S. Dist. LEXIS 72897, at *19 (S.D.N.Y. May 22, 2012)(quoting *D'Avenza S.P.A..* 1998 U.S. Dist. LEXIS 243 at *9).

It is the Plaintiffs' burden to demonstrate that "the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977); *see also GMA Accessories,* 2012 U.S. Dist. LEXIS 72897, at *24.

Here, Plaintiffs admit that the amounts paid to Nortmed were relatively small, on the order of "tens of thousands" of dollars. Plfs. Opp. at 2. Queens' submissions corroborate that small amount. *See* Exhibit 1. Plaintiffs' attempts to link payments to the Judgment Debtors utterly fail to offer any substantial evidence that Queens is in receipt of any of Nortmed's assets aside from a single check for $3,000 issued a few months after a payment Queens made to Nortmed. As set forth in the accompanying declaration of Roman Matatov, such payment was a refund based on Nortmed's failure to perform all the work promised in exchanged for the check dated January 31, 2012. Second Matatov Decl. ¶¶5-9. Plaintiffs submit no other evidence that Queens is in possession of Nortmed's assets, nor do Plaintiffs present any evidence that Queens' accounts will reveal information about Nortmed's assets.

Plaintiffs have thus failed to fulfill their burden to establish that all contents of Queens' bank accounts are relevant and that Queens had a relationship with the Judgment Debtors sufficient to warrant unlimited discovery of its bank accounts. The motion to quash therefore ought to be granted.

## II. The Declarations and Exhibit n Contained Correctable Errors

Plaintiffs make much of an additional pair of checks, one written by Queens and made out to Nortmed for $8,829.00 on January 31, 2012, and the other written by Nortmed and made out to Queens for $3,000.00 on April 12, 2012. As set forth in the attached Declarations of Roman Matatov, owner of Queens, and the accountant for Queens Rina Esterov, Esq., C.P.A., this omission was the result of a miscommunication; Ms. Esterov failed to do a comprehensive search of its files from Queens for years prior to 2013. Second Esterov Decl. ¶¶4-7. Mr. Matatov further based his earlier Declaration upon the data provided to him by his accountant and therefore also omitted the subject checks. Second Matatov Decl. ¶¶2-5. Furthermore, after conducting a full review of the Queens files, Ms. Esterov also discovered she had omitted a payment of $270.00 made by Queens to Nortmed on September 30, 2014. Second Esterov Decl. ¶7. Attached hereto as Exhibit 1 is the full list of all the payments made by Queens to Nortmed, reflecting the two corrections.

## III. Conclusion

Thus, for the foregoing reasons, Plaintiffs' subpoena served on JPMorgan Chase should be quashed insofar as it seeks bank records related to Queens Billing, Inc.

Thank you for your consideration of this letter.

Respectfully,

/s/ _____

Nicholas Bowers, Esq.

*Counsel for Queens Billing, Inc.*

Gary Tsirelman P.C.

129 Livingston, 2nd Floor

Brooklyn NY 11201

Cc: All Counsel via ECF