UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, *et al.*,

                              **Plaintiffs,**

      -against-

MARK MIRVIS, *et al.*,

                              **Defendants.**

08-CV-4405 (SLT) (PK)

ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Upon the Declaration of Daniel S. Marvin, Esq. dated July 5, 2016, and all exhibits thereto, the affidavit of Peter A. Smerick dated July 1, 2016, and all exhibits thereto, and the accompanying Memorandum of Law filed by Plaintiffs-Judgment Creditors Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs"), and good and sufficient cause appearing therefrom:

**IT IS HEREBY ORDERED** that judgment debtor Igor Zhuravksy (the "Judgment Debtor") and third party Ruslan a/k/a Russell Zhuravsky ("Transferee") appear before the Honorable Sandra L. Townes, at the United States Courthouse, 225 Cadman Plaza East, in the County of Kings and the State of New York, on July ___, 2016, at ___ o'clock, ___.m., or as soon thereafter as counsel may be heard, and show cause why an order should not be issued pursuant to Rules 65 and 69 of the Federal Rules of Civil Procedure restraining and enjoining funds in two accounts at TD Bank, N.A. ("TD Bank") in the name the Transferee and ending in -5912 and -0596, respectively (the "Subject Accounts"), from being transferred, dissipated, gifted, assigned, depleted, disposed of, withdrawn or otherwise moved, pending the Court's hearing and determination of (a) Transferee's Motion to Quash Plaintiffs' subpoena *duces tecum* served on

1

TD Bank (ECF No. 349) (the "Motion to Quash"), and (b) Plaintiffs' forthcoming motion for turnover of the property of the Judgment Debtor in the Subject Accounts (the "Turnover Motion").

**AND IT APPEARING TO THE COURT** that since the Complaint was filed on October 30, 2008, the Judgment Debtor closed or maintained low balances in at least eight bank accounts located within the United States;

**AND IT APPEARING TO THE COURT** that after the Complaint was filed, the Judgment Debtor divested himself of his interest in at least two real properties located within the United States;

**AND IT APPEARING TO THE COURT** that less than one month after the Complaint was filed, the Subject Accounts were opened;

**AND IT APPEARING TO THE COURT** that after Plaintiffs moved for default judgment against him on July 23, 2012, the Judgment Debtor and his company Alaya, Inc. transferred $152,000.00 to Transferee, $143,000.00 of which was deposited into the Subject Accounts;

**AND IT APPEARING TO THE COURT** that the Subject Accounts have been controlled by the Judgment Debtor and have been used as a repository or conduit for property of the Judgment Debtor;

**AND IT APPEARING TO THE COURT** that the Subject Accounts contain property in which the Judgment Debtor has an interest within the meaning of Sections 5201, 5222 and 5225 of the New York Civil Practice Law and Rules ("C.P.L.R."), including funds fraudulently conveyed by the Judgment Debtor, and that the Judgment Debtor is either entitled to the

possession of such funds or the Judgment Creditor's rights to the property are superior to those of Transferee;

**AND IT APPEARING TO THE COURT** that Plaintiffs face the imminent risk of irreparable harm for which there is no adequate remedy at law because the Judgment Debtor, Transferee, and other judgment debtors and third parties have taken steps to dissipate and conceal assets in order to frustrate Plaintiffs' satisfaction of the Judgment and will continue to do so, absent an injunction;

**AND IT APPEARING TO THE COURT** that Plaintiffs also face the imminent risk of irreparable harm if the Court does not grant Plaintiffs' *ex parte* application for a temporary restraining order if the underlying papers supporting their application are made public without prior restraint of the Subject Accounts, as well as upon the public filing of evidence submitted in their opposition to the pending Motion to Quash that will reveal the course and strategy of Plaintiffs' post-judgment investigation and enforcement activities, creating the real and imminent threat that the Judgment Debtor (and other judgment debtors) will continue to undertake efforts to evade and frustrate satisfaction of the judgment against him;

**AND IT APPEARING TO THE COURT** that Plaintiffs' counsel has not provided notice to the Judgment Debtor, Transferee, or their counsel of their intention to immediately seek a Temporary Restraining Order, and that issuing such Temporary Restraining Order without prior notice is necessary in light of the danger that such persons (and/or their associates) would further divert or conceal the Judgment Debtor's property, including without limitation property held in the Subject Accounts, upon receiving notice of Plaintiffs' intention to seek a Temporary Restraining Order;

**AND IT APPEARING TO THE COURT** that counsel has appeared on behalf of Transferee in the above-captioned matter;

**IT IS FURTHER:**

**ORDERED** that sufficient reason having been shown therefor, pending the hearing and determination of Plaintiffs' motion for a preliminary injunction, the Judgment Debtor, Transferee, and any of their employees, agents, attorneys, and those acting in concert or participation with the foregoing (including without limitation TD Bank), are temporarily restrained upon service of this Order from transferring, withdrawing, assigning, gifting, disposing or dissipating any property in the Subject Accounts or permitting or suffering the same;

**ORDERED** that the Subject Accounts are hereby restrained and TD Bank is hereby enjoined and prohibited from allowing for the transfer, dissipation, withdrawal and disposing of any funds from the Subject Accounts;

**ORDERED** that Plaintiffs shall receive expedited discovery regarding the Subject Accounts, and that during the week of _____ \_\_\_\_, 2016, Transferee shall submit to a deposition not to exceed seven hours;

**ORDERED** that this Order, together with the underlying papers upon which it was granted, shall not be listed in any way on the public docket of the Eastern District of New York until such time as Plaintiffs file, in accordance with this Order, proof of service of this Order and the underlying papers upon which it was granted or the time for service provided herein expires;

**ORDERED** that service of a copy of this Order, together with the underlying papers upon which it was granted, upon counsel for Transferee by electronic mail; upon the Judgment Debtor by overnight mail to 72 Laguna Hills, Holmdel, New Jersey 07733; and upon TD Bank

4

N.A.'s Levy Department by facsimile to (854) 914-3704 and overnight mail to 11000 Atrium Way, Mount Laurel, NJ 08054, shall be good and sufficient service if made on or before 5:00 p.m. on July 8, 2016;

**ORDERED** that any opposing affidavits, declarations, memoranda of law, or other related materials shall be electronically filed on or before _____ \_\_\_, 2016, and that any reply affidavits, declarations, memoranda of law, or other related materials shall be electronically filed on or before _____ \_\_\_, 2016; and

**ORDERED** that upon receiving notice of entry of a decision and order on the Motion to Quash, the Court shall set a briefing schedule and hearing date for Plaintiffs' forthcoming Turnover Motion.

Dated: New York, New York
       July \_\_, 2016

_____
UNITED STATES DISTRICT JUDGE