# THE SILBER LAW FIRM, LLC

11 BROADWAY · SUITE 715
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 765-4567
FACSIMILE: (212) 504-8165

MEYER Y. SILBER
MSILBER@SILBERLAWNY.COM

DANIELLE I. PEDRAS
DPEDRAS@SILBERLAWNY.COM

342 BEDFORD AVENUE
BROOKLYN, NEW YORK 11211
TELEPHONE: (718) 599-3500

September 6, 2016

Magistrate Judge Peggy Kuo
United States District Court
 Eastern District of New York
225 Camden Plaza East
Brooklyn, New York 11201

Re: *Allstate Ins. Co. v. Mirvis*; 08-CV-4405 (SLT)(PK)

Dear Judge Kuo:

This Firm represents non-parties Tatyana Mirvis, Alexander Boriskin and Lyubov Mirvis (the "Tatyana Non-Parties").[1]

By motion filed at ECF No. 335, plaintiff Allstate Insurance Company filed a Motion to Avoid Fraudulent Conveyances By Judgment Debtor Mark Mirvis. With this motion, Allstate seeks to reverse the transfer of the home owned by Mark Mirvis and his wife, non-party Lyubov Mirvis, to their daughter, non-party Tatyana Mirvis, alleging that the transfer was made to avoid Allstate's judgment. Prior counsel for the Tatyana Non-Parties opposed that motion, at ECF No. 363. As part of that opposition, Tatyana Mirvis submitted an Affidavit, sworn to May 19, 2016. I understand that this motion is fully submitted and currently *sub judice* before this Court.

I write now in connection with this motion, as current counsel for the Tatyana Non-Parties, in further opposition thereto. In my review of prior counsel's opposition papers and Ms. Mirvis's Affidavit, and after discussions with Ms. Mirvis, it has become clear to me that there are factual statements and legal arguments concerning this opposition that are either inaccurate or incomplete. For example, while Ms. Mirvis's Affidavit recites certain payments that she has made in carrying the home since 2010, those payments and their source are not correctly described resulting in an incorrect factual statement as to the source of those payments. This critical issue must be addressed so that the Court understands the true

---

[1] Plaintiff's counsel notes that this Firm is not yet counsel of record for these non-parties, and cites to Rule 1.4 of the Local Rules as requiring a formal application. Rule 1.4 seems to be addressed to an attorney's effort to be relieved or a contentious substitution. In this case, the substitution was filed with the consent of prior counsel and clients. That consent to substitution is filed at ECF No. 411, and awaits the Court's endorsement.

THE SILBER LAW FIRM, LLC

Magistrate Judge Peggy Kuo
September 6, 2016
Page 2

point Ms. Mirvis tried to make and how it responds to Allstate's motion.

As to the law, the opposition papers fail to note that CPLR 5225(b), the New York State judgment enforcement provision upon which Allstate supports its collection efforts, on its face does not apply to action taken against in-State real property of a judgment debtor.[2] See *HBE Leasing Corp. v.* Frank, 48 F.3d 623, 633, fn. 7 (2d Cir. 1994). See *also Governale v. Environmental Hydronics, Inc.*, No. 87 Civ. 1700, 1992 U.S. Dist. LEXIS 1300 at * 5-8 (E.D.N.Y 1992). This undermines Allstate's motion and the theory under which it operates.

Therefore, in light of the plain need to clarify the record for this motion and consistent with the Court's broad discretion in permitting additional filings, especially here given the *extraordinary relief* that Allstate seeks in taking real property—her home—from non-party Tatyana Mirvis, I respectfully request permission to submit sur-reply or supplemental papers to clarify Ms. Mirvis's opposition to Allstate's motion to take her home. See generally, *Grocery Haulers, Inc. v. C&S Wholesale Grocers, Inc.*, No. 11 Civ. 3130, 2012 U.S. Dist. LEXIS 131598 at *16 (S.D.N.Y. Sept. 14, 2012); *Citizens Banking Co. v. McKittrick*, No. 90 Civ. 2532, 1991 U.S. Dist. LEXIS 6331 at * 4 (S.D.N.Y. 1991). Of course, Allstate will have an opportunity to respond.

While I recognize the unusual nature of this request, as new counsel to these non-parties, I am obligated to seek the clarification of the motion papers and to undertake every

---

[2] CPLR 5225(b) states, in relevant part:

<u>Property not in the possession of judgment debtor.</u> Upon a special proceeding commenced by the judgment creditor, against a person *in possession or custody of money or other personal property* in which the judgment debtor has an interest, or against a person who is a transferee of *money or other personal property* from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff (emphasis added).

THE SILBER LAW FIRM, LLC

Magistrate Judge Peggy Kuo
September 6, 2016
Page 3

legitimate and reasonable effort to protect non-party Tatyana Mirvis's home from Allstate's efforts to confiscate it from her.

    Thank you.

Sincerely,

Meyer Y. Silber

By ECF