**STERN & MONTANA, LLP**
ONE WORLD FINANCIAL CENTER, 30TH FLOOR
NEW YORK, NEW YORK 10281

---

TELEPHONE: (212) 532-8100
FACSIMILE: (212) 532-7271
E-MAIL: info@stern-montana.com
www.stern-montana.com

September 7, 2016

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405 (SLT) (PK)
      **Consent Motion to Increase Page Limit for Plaintiffs' Reply**

Dear Judge Kuo:

      We represent Plaintiffs-Judgment Creditors in the above-referenced matter, and write in opposition to non-party respondent Tatyana Mirvis' (T. Mirvis) application (the "Application") (ECF No. 427) seeking leave to file a sur-reply to Plaintiffs' post-judgment motion to set aside the fraudulent conveyances of real property to her by Judgment Debtor Mark Mirvis (ECF No. 335). For the reasons set forth herein, there is no legitimate justification for a sur-reply and the Application should be denied in its entirety, as T. Mirvis is not seeking to address new arguments or fact raised by Plaintiffs through a sur-reply, but is instead seeking, through an amended affidavit, to reimagine and reinvent her now admitted false testimony set forth in her affidavit submitted in opposition to Plaintiffs' Motion.

      As a threshold matter, the Application seeks permission to file a sur-reply in order to address certain "incomplete" or "inaccurate" statements contained in T. Mirvis' sworn, May 19, 2016 affidavit (the "Affidavit"). Putting aside that permission to file a sur-reply should only be granted in order for to address new issues raised in a reply brief, which isn't the case here, T. Mirvis' Application fails to provide the Court with the full reason why she wants to file a sur-reply and change her Affidavit: that during her August 17, 2016 deposition in connection with this matter, when challenged regarding certain statements contained in the Affidavit, <u>T. Mirvis admitted that they were false</u>, and that that they were actually written with information provided by the Judgment Debtor.[1] Those false statements were laid bare before the Court on September 2,

---

[1] *See e.g.* ECF No 423 at Exh. "A" (T. Mirvis Deposition Excerpts) at 98:17-99:13.  T. Mirvis admitted that she (1) *did* know that the Judgment Debtor was a defendant in this action at the time of the transfer, (2) *did not* pay all of the carrying costs on the property since 2010, but instead since 2013 or 2014, and (3) that the first two transfers took

Hon. Peggy Kuo
May 24, 2016
Page 2

2106 in connection with Plaintiffs' Sur-reply (ECF No. 423) in Opposition to Central Pharmacy Boston, Inc. and Century Pharmacy Inc.'s Motion to Quash (ECF. No, 414). Now, having been confronted with her false statements, which never would have come to light but for her Court-ordered deposition, T. Mirvis seeks to re-write history in the form of an amended affidavit in the hopes of staving off an inevitable finding that she has committed perjury.[2] However, given T. Mirvis' penchant for engaging in fraudulent activity in order to assist the Judgment Debtor hide his assets, as well as her admission that her Affidavit is false notwithstanding that it was sworn to under the penalties of perjury, a new affidavit provided by T. Mirvis, seeking to un-tell her lies, could not and should not be afforded any probative value by the Court, requiring denial of her application.

In addition to purportedly seeking to remedy false statements in T. Mirvis' fraudulent affidavit, the proposed sur-reply would include an abjectly frivolous argument about the scope of C.P.L.R. ¶ 5225(b), an argument which not only could and should have been made in opposition to the Motion, but one that is frivolous and contravenes applicable case law, including the very case law cited as support by T. Mirvis. In particular, T. Mirvis now urges that Section 5225(b), whose express terms include only "money or other personal property in which the judgment debtor has an interest," cannot supply the procedure for a motion in federal court to avoid a fraudulent conveyance of real property, and that Plaintiffs' motion should be denied on that basis. Even if the Court were to consider such an argument more than three months after full briefing on the Motion (*see* ECF No. 367), such a specious argument can be dispatched with only a cursory review of the jurisprudence in this area. Remarkably, in support of this belated theory, T. Mirvis cites a footnote from a decision of the Second Circuit in *HBE Leasing Corp. v. Frank*, which reads in its entirety:

> C.P.L.R. § 5225(b) authorizes a special proceeding by judgment creditors against third parties to recover *money or personal property* in which a judgment debtor has an interest; it does not explicitly relate to interests in real property. Nevertheless, all of the parties appear to have assumed that section 5225(b) provides the procedural basis for this proceeding. *In any event, since diversity jurisdiction exists, the District Court had jurisdiction to entertain what would otherwise have been a plenary action based on New York substantive law, and no aspect of our disposition turns on the technical availability of section 5225(b)*.

48 F.3d 623, 633 n. 7 (2d Cir. 1995) (emphasis added). Thus the footnote cited by T. Mirvis, far from supporting the notion that Section 5225(b)'s apparent textual limitation to personal property applies to a motion in federal court, actually firmly establishes the propriety of proceeding as to fraudulently conveyed interests in real property and/or the proceeds thereof (just as Plaintiffs did in this instance). Likewise, other courts have concluded that Section 5225(b) supplies the proper procedure for such a motion, which may be treated as a plenary action under the New York Debtor

---

place not because she wanted security for her payments and could not obtain a mortgage, but rather because "everything was filed incorrectly." *See id*. at 102:5-22, 103:16-105:16, 388:24-391:3; Aff. ¶¶ 3-5, 12.

[2] Insofar as the perjured Affidavit should not be considered by the Court on the Motion, and T. Mirvis sanction for her perjury, Plaintiffs' intend to file an appropriate application with the Court shortly.

Hon. Peggy Kuo
May 24, 2016
Page 3

& Creditor Law. *See Neshewat v. Salem*, 365 F. Supp. 2d 508, 520–21 (S.D.N.Y. 2005), *aff'd*, 194 F. App'x 24 (2d Cir. 2006) (granting motion pursuant to C.P.L.R. § 5225(b) and D.C.L. § 273-a to avoid fraudulent conveyance of real property by judgment debtor to non-judgment debtor spouse. *State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04-CV-2609 (NG) (SMG), 2015 WL 269529, at *3 (E.D.N.Y. Jan. 21, 2015), *report and recommendation adopted*, 2015 WL 9460131, at *1 (E.D.N.Y. Dec. 23, 2015) (granting Section 5225(b) motion to avoid fraudulent conveyance of interests in real property and to recover property and/or cash proceeds); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590 LTS HBP, 2013 WL 6123104, at *3 (S.D.N.Y. Nov. 20, 2013) (granting Section 5225(b) motion for turnover of insurance proceeds on real property purchased with fraudulently conveyed funds); *see also Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 126 F. Supp. 3d 388, 401 (S.D.N.Y. 2015), *reconsideration denied*, No. 13-CV-6437 (KMW), 2016 WL 4290525 (S.D.N.Y. Aug. 11, 2016) ("'If the recipient has since 'spent or dissipated the property conveyed,' CPLR § 5225(b) 'furnishes a mechanism for obtaining [an equivalent] money judgment against the recipient.'") (quoting *F.D.I.C. v. Conte,* 204 A.D.2d 845, 846 (3rd Dep't 1994)).

Importantly, all of the aforementioned case law, and the principles underlying them, were available to T. Mirvis when she submitted her Opposition and false affidavit At the time, T. Mirvis was represented by counsel wo addressed the Motion as he saw fit. That new counsel may have addressed the issues differently is not a valid reason to file a sur-reply, particularly in view of the fact that the proposed legal argument is wholly without merit. In that regard, the Application disregards the true purpose of a sur-reply, which is to address new and material issues raised in the reply which could not have been reasonably anticipated and addressed in the applicant's opposition papers. *See e.g. Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) ("Where new evidence is presented in a party's reply brief or affidavit . . . , the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion."). Such is not the case here and the Application should be denied on that ground alone.

For the foregoing reasons, it is respectfully requested that the Application be denied.

Thank you for your consideration in this regard.

                                                    Respectfully submitted,

                                                   Stern & Montana, LLP

                                  By:     /s/ Daniel S. Marvin
                                                 Daniel S. Marvin

cc:     All Counsel (via E-filing)