UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE CO., et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>MARK MIRVIS, et al.<br><br>　　　　　　　　　　Defendants. | Civ. Action No. 08-CV-4405(SLT)(PK)<br><br>DECLARATION OF<br>MEYER Y. SILBER<br>IN OPPOSITION TO MOTION TO AVOID<br>FRAUDULENT TRANSFER |

MEYER Y. SILBER, in accordance with 28 U.S.C. § 1746, declares as follows:

1.　　I am a member of the New York State Bar and a member of The Silber Law Firm, LLC, attorneys for non-parties Tatyana Mirvis, Alexander Boriskin and Lyubov Mirvis (the "Tatyana Non-Parties").

2.　　Further to the permission granted by the Court during the December 2, 2016 preliminary injunction hearing, I submit this set of supplemental papers in further opposition to plaintiffs' Motion to Avoid Fraudulent Transfer, by which plaintiffs seek to void a transfer of the home now owned by Tatyana Mirvis which she received from her parents, Mark and Lyubov Mirvis ("Plaintiffs' Motion") (ECF No. 335).  In light of these supplemental papers, it is clear that Allstate's claim that the transfer was intended to shield this property from Allstate's effort to collect on its judgment against Mark Mirvis is meritless.  Mark Mirvis committed no wrong in his conduct, and everything that did do was done for a reason. Allstate may not like the reason or may quibble with its basis, but the transparency of the transactions and their intuitive and objective reasoning stand.

3.　　Submitted as part of these supplemental papers are the accompanying Affidavits of Tatyana Mirvis and Mark Mirvis, both dated December 15, 2016.  Those Affidavits clarify statements made by Tatyana Mirvis in her prior Affidavit and provide the

Court with an explanation for the conduct among the parties.

4. The information contained in this Declaration has been largely set forth in my letter to the Court, dated September 6, 2016 (ECF No. 427). That letter, and this Declaration, highlight a dispositive legal argument that prior counsel for the Tatyana Non-Parties did not make. Due to the brevity of those arguments, and the general framework of these supplemental papers, I have opted not to prepare a separate memorandum of law.

5. Plaintiffs' Motion is based, in part, upon New York State's collection statute, codified at CPLR 5225, specifically, CPLR 5225(b). That statute provides, in part, that:

> <u>Property not in the possession of judgment debtor.</u>
>
> Upon a special proceeding commenced by the judgment creditor, against a person *in possession or custody of money or other personal property* in which the judgment debtor has an interest, or against a person who is a transferee of *money or other personal property* from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff (emphasis added).

6. On its face, this provision does not apply to situations where the asset to be turned over is real property.

7. While there seems to be limited authority directly addressing this situation, cases have in passing noted this limitation. *See Gryphon Dom, VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 30 (1st Dept. 2007)(noting without objection that the trial court had refused the turnover of real property under CPLR 5225 as it "can only apply to money or personal property"). Similarly, the court in *HBE Leasing Corp. v.* Frank, 48 F.3d 623, 633,

fn. 7 (2d Cir. 1994), quoted CPLR 5225(b) and highlighted the limiting language of "money or personal property." And the court in *Governale v. Environmental Hydronics, Inc.*, No. 87 Civ. 1700, 1992 U.S. Dist. LEXIS 1300 at * 5-8 (E.D.N.Y 1992), noted that CPLR 5225(b) applies to real property located outside the State because it is akin, legally, to personal property within the State.

8. In its letter responding to mine, dated September 7, 2016 (ECF No. 429), Allstate sought to minimize this authority, and recited a number of cases that Allstate claimed to stand for the proposition that CPLR 5225(b) applies to real property within the State. None of those cases support Allstate's position.

9. For example, Allstate cites to *Neshewhat v. Salem*, 365 F. Supp.2d 508 (S.D.N.Y. 2005), where relief was sought under CPLR 5225(b) for the garnishment of rent payments. *See id*. at 525-26. Similarly, in *Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 126 F. Supp.3d 388 (S.D.N.Y 2015), no relief was granted under CPLR 5225(b) in connection with any real property. *See id*. at 399-400. *See also Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, No. 13 Civ. 6437 (KMW), 2016 U.S. Dist. LEXIS 106434 at * 5-6 (S.D.N.Y. 2016)(directing that *money* be paid).

10. Finally, the one case cited by Allstate in its letter which at best glosses over this distinction of property vs. real property is *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11 Civ. 1590 (LTS)(HBP), 2011 U.S. Dist. LEXIS 165803 (S.D.N.Y. 2016). But that case also provided no relief against real property. *See id*. at * 24, 40. The remaining cases are similarly inopposite.

11. Regardless of how Allstate approaches this, ignoring the plain language of CPLR 5225(b) is a tall order that Allstate cannot overcome.

12. This, taken with the factual explanation of the accompanying Affidavits of Tatyana Mirvis and Mark Mirvis, at a minimum, militates against the taking of a non-party's home and real property.

13. As such, Allstate's motion to void the transfer between Tatyana Mirvis and her parents should be denied.

Dated: December 16, 2016

_____
Meyer Y. Silber