# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

120 BROADWAY, SUITE 1010
NEW YORK, NY 10271
212-825-1212

Andrew S. Midgett
Phone: 646-870-1741
Fax:     646-233-1919
amidgett@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
HARTFORD
STAMFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

February 20, 2017

Via ECF
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   ***Allstate Ins. Co., et al. v. Mirvis, et al.***, 08-CV-4405 (SLT) (PK)
      **Response to Corrected Affidavit of Judgment Debtor Mark Mirvis**

Dear Judge Kuo:

Along with Cadwalader, Wickersham & Taft LLP, we represent Plaintiffs-Judgment Creditors ("Plaintiffs") in the above-referenced matter, and respectfully submit this response to the corrected affidavit of the Judgment Debtor, Mark Mirvis (ECF No. 466-1) (the "Affidavit"), submitted in supplemental opposition to Plaintiffs' fraudulent conveyance motion (ECF No. 335) (the "Motion"), in accordance with the Court's Order dated February 14, 2017. As set forth in Plaintiffs' application for leave to respond, *see* ECF No. 467, the original affidavit filed by the Judgment Debtor (ECF No. 459-2) omitted a page that has now been inserted into the Affidavit.[1]

In short, the inserted page fails to support any defense to the Motion, and in fact further supports Plaintiffs' position that the Transfers were fraudulent. The basic story continues to be that T. Mirvis was given approximately $300,000 by the Judgment Debtor, and that she then paid a similar amount in shared expenses, including carrying costs on the Subject Property. Like the rest of the Affidavit, the inserted page provides unsupported, terse and vague explanations for significant conveyances made under patently suspicious circumstances, along with far-fetched disclaimers of personal knowledge. These explanations would strain credulity standing alone,

---

[1] Although, just three days after the original affidavit (ECF No. 459-2) was filed by Meyer Silber of the Silber Law Firm LLC, counsel for Tatyana Mirvis ("T. Mirvis"), Plaintiffs advised him that a page appeared to be omitted, and although Mr. Silber indicated that he would investigate, he never took such action before Plaintiffs' filed their reply. *See* ECF No. 465-1 at ¶ 3. Mr. Silber apparently believes that Plaintiffs should have persisted in requesting that he file the full Affidavit, purporting to absolve himself of responsibility for properly filing papers on behalf of his clients and choosing, instead, to attack Plaintiffs for "gotcha" tactics when such a claim is clearly belied by the facts.

Cont'd…

**MORRISON MAHONEY LLP**

Hon. Peggy Kuo
February 20, 2017
Page 2

even if they were not incompatible with the prior sworn testimony of T. Mirvis and other evidence. The record before the Court only permits one reasonable conclusion: that the Transfers were fraudulent as to Plaintiffs as judgment creditors.[2]

Specifically, with respect to the second Transfer (by which the first Transfer of 50% ownership to T. Mirvis was reversed), the Judgment Debtor states that "for reasons that I cannot explain, we were informed that the transfer documents for that 50% interest were recorded incorrectly" and were "advised by others that given Allstate's pursuit of my assets, transferring the interest was not a good idea." ECF No. 466-1 at ¶ 14. These two explanations are glaringly inconsistent, and the latter admits his awareness that transferring property to his daughter in light of Plaintiffs' claims. They also contradict sworn statements of T. Mirvis, which are themselves inconsistent.[3] The Affidavit glosses over these problems with the frankly damning assertion that T. Mirvis "had only a vague idea of what happened and why." ECF No. 466-1 at ¶ 15. Indeed, it would seem that no one has a specific, meaningful explanation for "what happened and why"; the Judgment Debtor and T. Mirvis offer only bare and self-serving statements concerning the frequently-professed "incorrect recording." Neither has ever offered a credible explanation, a failure which only bolsters Plaintiffs' fraudulent conveyance claims.

Concerning the third and final Transfer (by which T. Mirvis purportedly received 100% ownership), the Affidavit states that it was made in order to enable T. Mirvis to deduct payments for the carrying costs on her taxes. Leaving aside that such payments were made with <u>funds supplied by the Judgment Debtor</u>, *see id*. at ¶¶ 7, 16, this is once again belied by not only T. Mirvis' own testimony but also common sense. Although T. Mirvis' second affidavit likewise claims her accountants had advised her to make this Transfer for tax purposes, *see* ECF No. 459-1 at ¶ 22, her extensive deposition testimony on this subject failed to even hint at any such advice from her accountants, or any tax-related motivation, *see* ECF No. 430-3 at 372:8-377:12, suggesting that her second affidavit was based not on her recollection, but on compatibility with the latest story being offered to the Court. Moreover, that this final Transfer was made <u>just six days after the entry of the Judgment</u>, *see* ECF Nos. 303, 335-8, could hardly be more indicative of a fraudulent conveyance, despite T. Mirvis' protestation that it was "completely coincidental."[4]

---

[2] In a curious effort to achieve a veneer of reasonableness, the Affidavit concedes that "in hindsight, some of what was done appears to be a clumsy attempt to hide from Allstate." ECF No. 466-1 at ¶ 19.

[3] T. Mirvis claimed in her original affidavit that the second Transfer was made because she "could not obtain a mortgage," ECF No. 363-1 at ¶ 5, but she admitted this was false at her August 17, 2016 deposition, in which she said it occurred because "everything was filed incorrectly," ECF No. 430-3 at 388:24-391:3. She then abandoned both stories in her most recent affidavit, disavowing any knowledge of the purposes for the first two Transfers, and explaining that her parents had simply told her it was the "proper way to proceed." ECF No. 459-1 at ¶ 11.

[4] As further evidence of the bad faith attending the Transfers, the Judgment Debtor makes the unprompted admission that he did not inform his lenders of these transactions. *See* ECF No. 466-1 at ¶ 20.

**MORRISON MAHONEY LLP**

Hon. Peggy Kuo
February 20, 2017
Page 3

  Accordingly, Plaintiffs respectfully submit that the Motion should be granted. Thank you for your consideration in this regard.

                Respectfully submitted,

                **MORRISON MAHONEY LLP**

            By:   /s/ Andrew Midgett
              Andrew S. Midgett, Esq.
              120 Broadway, Suite 1010
              New York, New York 10271
              Phone: 212-825-1212
              Fax:  212-825-1313

              *Attorneys for Plaintiffs-Judgment Creditors*