UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>          Plaintiffs,<br><br>-against-<br><br>MARK MIRVIS, *et al.*,<br><br>          Defendants. | 08-CV-4405 (SLT) (PK)<br><br>ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

Upon the Declaration of Daniel S. Marvin, Esq. dated March 2, 2017, and all exhibits thereto, and the accompanying Memorandum of Law filed by Plaintiffs-Judgment Creditors Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs"), and good and sufficient cause appearing therefrom:

**IT IS HEREBY ORDERED** that third party Ruslan a/k/a Russell Zhuravsky ("R. Zhuravsky") appear before the Honorable Peggy Kuo, at the United States Courthouse, 225 Cadman Plaza East, in the County of Kings and the State of New York, on March 16, 2017, at 3:00 p.m., or as soon thereafter as counsel may be heard, and show cause why an order should not be issued pursuant to Rules 65 and 69 of the Federal Rules of Civil Procedure, and Section 5240 of the New York Civil Practice Law and Rules, enjoining R. Zhuravsky, his agents, and anyone acting on his behalf, from making or suffering any sale, assignment or transfer of, or any interference with, any property in which judgment debtor, Igor Zhuravsky (the "Judgment Debtor") is known or believed to have an interest then in and thereafter coming into R. Zhuravsky's possession or custody, and from paying over or otherwise disposing of any debt owed to the Judgment Debtor, except upon direction of the sheriff or U.S. Marshal, or pursuant to an order of

the Court, until the judgment in this proceeding (ECF No. 303) (the "Judgment") as it pertains to the Judgment Debtor is fully and completely settled, satisfied or vacated, or expires, whichever event occurs first.

**AND IT APPEARING TO THE COURT** that since the Complaint was filed, the Judgment Debtor closed or maintained low balances in at least eight bank accounts located within the United States and divested himself of his all of his interest in at least two real properties located within the United States;

**AND IT APPEARING TO THE COURT** that less than one month after the Complaint was filed two bank accounts at TD Bank, N.A. were opened in the name of R. Zhuravsky (the "TD Accounts") and R. Zhuravsky permitted the Judgment Debtor to deposit checks into and issue checks drawn on the TD Accounts;

**AND IT APPEARING TO THE COURT** that the Judgment Debtor and his company, Alaya, Inc., transferred at least $180,226 to the TD Accounts;

**AND IT APPEARING TO THE COURT** that R. Zhuravsky has submitted inconsistent testimony regarding $180,226 that was deposited in the TD Accounts, his knowledge of lawsuits against the Judgment Debtor, and funds that he transferred to his mother, Nelly Zhuravsky ("N. Zhuravsky");

**AND IT APPEARING TO THE COURT** that R. Zhuravsky violated the restraining notice Plaintiffs served upon him on March 5, 2016, by returning funds he owed to the Judgment Debtor by issuing a check, dated April 19, 2016, from one of the TD Accounts to N. Zhuravsky;

**AND IT APPEARING TO THE COURT** that the TD Accounts are currently subject to a preliminary injunction, and have been restrained and enjoined, *see* ECF Nos. 389, 454, 456;

**AND IT APPEARING TO THE COURT** that Plaintiffs face the imminent risk of irreparable harm for which there is no adequate remedy at law because the Judgment Debtor and R. Zhuravsky have taken steps to dissipate and conceal the Judgment Debtor's assets in order to frustrate Plaintiffs' satisfaction of the Judgment and will continue to do so absent an injunction;

**AND IT APPEARING TO THE COURT** that Plaintiffs also face the imminent risk of irreparable harm if the Court does not grant Plaintiffs' *ex parte* application for a temporary restraining order, creating the real and imminent threat that R. Zhuravsky will continue to undertake efforts to evade and frustrate satisfaction of the Judgment against the Judgment Debtor;

**AND IT APPEARING TO THE COURT** that Plaintiffs' counsel has not provided notice to R. Zhuravsky, the Judgment Debtor, or their counsel, of Plaintiffs' intention to immediately seek a Temporary Restraining Order, and that issuing such Temporary Restraining Order without prior notice is necessary in light of the danger that the Judgment Debtor and R. Zhuravsky would further divert or conceal the Judgment Debtor's property upon receiving notice of Plaintiffs' intention to seek a Temporary Restraining Order;

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that sufficient reason having been shown therefor, pending the determination of Plaintiffs' motion for a preliminary injunction, R. Zhuravsky, his agents, and anyone acting on his behalf, are temporarily restrained upon service of this Order from making or suffering any sale, assignment or transfer of, or any interference with, any property in which the Judgment Debtor is known or believed to have an interest then in and thereafter coming into R. Zhuravsky's possession or custody, and from paying over or otherwise disposing of any debt owed to the Judgment Debtor, except upon direction of the sheriff or U.S. Marshal, or pursuant to an order of the Court;

**ORDERED** that any opposing affidavits, declarations, memoranda of law, or other related materials shall be electronically filed on or before March 14, 2017.

The Court having determined it very likely that Plaintiffs will prevail on the merits of their claims, Plaintiffs are not required to post a bond. *See Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186, 203 (E.D.N.Y. 2013).

Dated: Brooklyn, New York
      March 6, 2017

*Peggy Kuo*
_____
MAGISTRATE JUDGE