UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> -against- <br><br> MARK MIRVIS, *et al.*, <br><br> Defendants. | 08-CV-4405 (SLT) (PK) <br><br> ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

Upon the Declaration of Daniel S. Marvin, Esq. dated March 2, 2017, and all exhibits thereto, and the accompanying Memorandum of Law filed by Plaintiffs-Judgment Creditors Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs"), and good and sufficient cause appearing therefrom:

**IT IS HEREBY ORDERED** that judgment debtor Mark Mirvis ("Judgment Debtor") and third party Tatyana Mirvis ("T. Mirvis") appear before the Honorable Peggy Kuo, at the United States Courthouse, 225 Cadman Plaza East, in the County of Kings and the State of New York, on March 16, 2017, at 2:30, p.m., or as soon thereafter as counsel may be heard, and

show cause why an order should not be issued pursuant to Rules 65 and 69 of the Federal Rules of Civil Procedure, and Section 5240 of the New York Civil Practice Law and Rules, enjoining: (i) T. Mirvis, her agents, and anyone acting on her behalf, from making or suffering any sale, assignment or transfer of, or any interference with, any property in which the Judgment Debtor is known or believed to have an interest then in and thereafter coming into T. Mirvis' possession or custody, and from paying over or otherwise disposing of any debt owed to the Judgment Debtor, except upon direction of the sheriff or U.S. Marshal, or pursuant to an order of the Court, until the

1

judgment in this proceeding (ECF No. 303) (the "Judgment") as it pertains to the Judgment Debtor is fully and completely settled, satisfied or vacated, or expires, whichever event occurs first; (ii) T. Mirvis, her agents, and anyone acting on her behalf, from transferring, gifting, assigning, or encumbering all or any portion of her interest in certain real property located at 289 Bayberry Drive, Hewlett, New York 11557 ("289 Bayberry") pending the Court's determination of Plaintiffs' pending fraudulent conveyance motion with respect to 289 Bayberry (ECF No. 335) (the "Bayberry Motion"); and (iii) funds in one checking account at Capital One, N.A. ("Capital One") in the name of T. Mirvis, with an account number ending in -5283, and one savings account at Capital One in the name of T. Mirvis in trust for (ITF) the Judgment Debtor, with an account number ending in -9992 (together, the "Subject Accounts"), up to the amount of $182,949.35 in the Subject Accounts, pending the Court's determination of Plaintiffs' forthcoming motion (the "Turnover Motion") setting aside and turning over property of the Judgment Debtor and judgment debtor Mark Lupolover ("Mark Lupolover") that has been conveyed to or is otherwise in the possession of T. Mirvis.

**AND IT APPEARING TO THE COURT** that after the notation of default was entered against him on February 2, 2009, the Judgment Debtor closed or ceased using and substantially diminished funds on deposit in at least eleven bank accounts located within the United States, and divested himself of his interest in at least three real properties located within the United States;

**AND IT APPEARING TO THE COURT** that after the notation of default was entered against the Judgment Debtor on February 2, 2009, a portion of the proceeds from the sale of the Judgment Debtor's condominium, located at 100 Oceana Drive West, Unit 5D, in Brooklyn, New York, were deposited into the Trust Account, and that the Judgment Debtor is either entitled to the possession of such funds or Plaintiffs' rights to the funds are superior to those of T. Mirvis;

**AND IT APPEARING TO THE COURT** that the Judgment Debtor and Mark Lupolover conveyed at least $228,402 (the "Subject Transfers") to T. Mirvis when they were defendants in this action for money damages, and that, after the entry of final judgment in favor of Plaintiffs, the Judgment Debtor and Mark Lupolover have failed to satisfy the Judgment;

**AND IT APPEARING TO THE COURT** that the Subject Transfers were not supported by fair consideration as that term is defined in Section 272 of the New York Debtor & Creditor Law ("D.C.L.") and, therefore the Subject Transfers were constructively fraudulent under Section 273-a of the D.C.L.;

**AND IT APPEARING TO THE COURT** that each of the Subject Transfers exhibit several badges of fraud which give rise to an inference that the Subject Transfers were actually fraudulent under Section 276 of the D.C.L.;

**AND IT APPEARING TO THE COURT** that Plaintiffs face the imminent risk of irreparable harm for which there is no adequate remedy at law because the Judgment Debtor and T. Mirvis have taken steps to dissipate and conceal the Judgment Debtor's assets in order to frustrate Plaintiffs' satisfaction of the Judgment and will continue to do so absent an injunction;

**AND IT APPEARING TO THE COURT** that Plaintiffs also face the imminent risk of irreparable harm if the underlying papers supporting Plaintiffs' application are made public without prior restraint of the Subject Accounts, creating the real and imminent threat that T. Mirvis will continue to undertake efforts to evade and frustrate satisfaction of the Judgment against the Judgment Debtor;

**AND IT APPEARING TO THE COURT** that Plaintiffs' counsel has not provided notice to the Judgment Debtor, T. Mirvis, Lyubov Mirvis or Alexander Boriskin (the "Mirvis Family"), or their counsel, of Plaintiffs' intention to immediately seek a Temporary Restraining Order, and

that issuing such Temporary Restraining Order without prior notice is necessary in light of the danger that the Mirvis Family would further divert or conceal the Judgment Debtor's property upon receiving notice of Plaintiffs' intention to seek a Temporary Restraining Order;

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that sufficient reason having been shown therefor, pending the determination of Plaintiffs' motion for a preliminary injunction, T. Mirvis, her agents, and anyone acting on her behalf, are temporarily restrained upon service of this Order from making or suffering any sale, assignment or transfer of, or any interference with, any property in which the Judgment Debtor is known or believed to have an interest then in and thereafter coming into T. Mirvis' possession or custody, and from paying over or otherwise disposing of any debt owed to the Judgment Debtor, except upon direction of the sheriff or U.S. Marshal, or pursuant to an order of the Court;

**ORDERED** that sufficient reason having been shown therefor, pending the determination of Plaintiffs' motion for a preliminary injunction, T. Mirvis, her agents, and anyone acting on her behalf, are temporarily restrained upon service of this Order from transferring, gifting, assigning, or encumbering all or any portion of her interest in 289 Bayberry;

**ORDERED** that sufficient reason having been shown therefor, pending the determination of Plaintiffs' motion for a preliminary injunction, the Judgment Debtor, T. Mirvis, and any of their employees, agents, attorneys, and those acting in concert or participation with the foregoing (including without limitation Capital One), are temporarily restrained upon service of this Order from transferring, withdrawing, assigning, gifting, disposing or dissipating up to the amount of $182,949.35 in the Subject Bank Accounts or permitting or suffering the same;

**ORDERED** that up to the amount of $182,949.35 in the Subject Accounts is hereby restrained, and Capital One is hereby enjoined and prohibited from allowing for the transfer, dissipation, withdrawal and disposing up to the amount of $182,949.35 from the Subject Accounts;

**ORDERED** that this Order, together with the underlying papers upon which it was granted, shall not be listed in any way on the public docket of the Eastern District of New York until such time as Plaintiffs file, in accordance with this Order, proof of service of this Order and the underlying papers upon which it was granted, or until the time for service provided herein expires;

**ORDERED** that service of a copy of this Order, together with the underlying papers upon which it was granted, upon counsel for T. Mirvis by electronic mail; upon the Judgment Debtor by overnight mail to 289 Bayberry Drive, Hewlett, New York 11557; and upon Capital One by overnight mail to 15000 Capital One Drive, Attn: 12070-7000, Richmond, VA 23238-1119, shall be good and sufficient service if made on or before 5:00 p.m. on March 9, 2017;

**ORDERED** that any opposing affidavits, declarations, memoranda of law, or other related materials shall be electronically filed on or before March 14, 2017.

The Court having determined it very likely that Plaintiffs will prevail on the merits of their claims, Plaintiffs are not required to post a bond. *See Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186, 203 (E.D.N.Y. 2013).

Dated: Brooklyn, New York
March 6, 2017

*Peggy Kuo*
———————————————
MAGISTRATE JUDGE