# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

**ALLSTATE INSURANCE COMPANY,** *et al.*,

       **Plaintiffs,**

-against-

**MARK MIRVIS,** *et al.*,

       **Defendants.**

08-CV-4405 (SLT) (PK)

## ORDER GRANTING PRELIMINARY INJUNCTIONS

  **WHEREAS**, on March 2, 2017, Plaintiffs-Judgment Creditors Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs") moved by orders to show cause for two *ex parte* temporary restraining orders issued the same date (ECF Nos. 485 & 486) (the "TROs") and for preliminary injunctions (ECF Nos. 480 & 481) (the "Motions"), pursuant to Rules 65 and 69 of the Federal Rules of Civil Procedure and Section 5240 of the New York Civil Practice Law and Rules, concerning property of judgment debtor Igor Zhuravsky ("I. Zhuravsky") and judgment debtor Mark Mirvis ("M. Mirvis," and together, the "Judgment Debtors"), specifically (1) one checking account at Capital One, N.A. ("Capital One") in the name of nonparty Tatyana Mirvis ("T. Mirvis") with an account number ending in -5283, and one savings account at Capital One in the name of T. Mirvis in trust for (ITF) M. Mirvis, with an account number ending in -9992 (the "Subject Accounts"), (2) certain real property in the name of T. Mirvis and located at 289 Bayberry Drive, Hewlett, New York 11557 ("289 Bayberry") which is the subject of Plaintiffs' pending fraudulent conveyance motion (ECF No. 335) (the "Bayberry Motion"), and (3) any property in which M. Mirvis and I. Zhuravsky are known or believed to have an interest then in and thereafter coming into the possession of T. Mirvis

or nonparty Ruslan a/k/a Russell Zhuravsky ("R. Zhuravsky"), respectively, or any debt owed to M. Mirvis or I. Zhuravsky by T. Mirvis or R. Zhuravsky, respectively; and

**WHEREAS**, on March 6, 2017, the Court entered Orders on Plaintiffs' Motions granting the TROs and setting show cause hearings for March 16, 2017, at 2:30 p.m. and 3:00 p.m. before the Honorable Peggy Kuo in Courtroom 11C South of the United States District Court for the Eastern District of New York (*see* ECF Nos. 485 & 486); and

**WHEREAS**, following adjournments granted by the Court (*see* Orders dated March 14, 2017), the show cause hearings on Plaintiffs' Motions concerning T. Mirvis and R. Zhuravsky were held on March 22, 2017 at 3:30 p.m. and 4:00 p.m., respectively (*see* Minute Orders dated March 22, 2017); and

**WHEREAS**, as set forth on the record at the show cause hearings, the Court found that T. Mirvis does not oppose Plaintiffs' Motion (ECF No. 481) to the extent it seeks a preliminary injunction as to 289 Bayberry pending a determination on Plaintiffs' Bayberry Motion; and

**WHEREAS**, as set forth on the record by the Court at the show cause hearings, Plaintiffs have shown that (1) they will suffer irreparable harm if the preliminary injunction is not entered as to T. Mirvis, 289 Bayberry, and the Subject Accounts; and (2) there is a likelihood of success on the merits of Plaintiffs' Bayberry Motion and forthcoming motion for turnover as to property of M. Mirvis and M. Lupolover that has been conveyed to or is otherwise in the possession of T. Mirvis (the "Mirvis Turnover Motion"), and, in the alternative, there are sufficiently serious questions going to the merits of the Bayberry Motion and the Mirvis Turnover Motion to make them a fair ground for litigation, and the hardships tip decidedly toward Plaintiffs; and

**WHEREAS**, as set forth on the record by the Court at the show cause hearings, Plaintiffs have shown that (1) they will suffer irreparable harm if the preliminary injunction is not entered

as to R. Zhuravsky; and (2) there is a likelihood of success on the merits of Plaintiffs' forthcoming motion for turnover (the "Zhuravsky Turnover Motion," and together with the Mirvis Turnover Motion, the "Turnover Motions") as to property of I. Zhuravsky that has been conveyed to or is otherwise in the possession of R. Zhuravsky, and, in the alternative, there are sufficiently serious questions going to the merits of the Zhuravsky Turnover Motion to make them a fair ground for litigation, and the hardships tip decidedly toward Plaintiffs.

**NOW**, upon the Motions and all papers and exhibits filed by Plaintiffs, R. Zhuravsky, and T. Mirvis in connection with the Motions, and upon the arguments made at the show cause hearings by counsel for each of the foregoing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that, pursuant to Rules 65 and 69 of the Federal Rules of Civil Procedure and Section 5240 of the New York Civil Practice Law and Rules, and for the reasons set forth herein and on the record by the Court at the show cause hearings held on March 22, 2017, T. Mirvis, any of her agents, servants, employees attorneys, or other representatives, and all persons or entities in active concert or participation with the foregoing who receive notice of this Order, by personal service or otherwise, are hereby preliminarily enjoined and restrained from directly or indirectly transferring, withdrawing, assigning, gifting, disposing or dissipating any property in the Subject Accounts up to the amount of $182,949.35, or permitting or suffering the same; and

**IT IS FURTHER ORDERED**, that Capital One, any of its affiliates, subsidiaries, parents or respective officers, agents, servants, employees attorneys, or other representatives, and all persons or entities in active concert or participation with them who receive notice of this Order, by personal service or otherwise, are hereby preliminarily enjoined and restrained from directly or

3

indirectly allowing for the transfer, dissipation, withdrawal or disposing of any funds from the Subject Accounts, up to the amount of $182,949.35; and

**IT IS FURTHER ORDERED**, that T. Mirvis, her agents, and anyone acting on her behalf are restrained and enjoined from transferring, gifting, assigning, or encumbering all or any portion of her interest in 289 Bayberry; and

**IT IS FURTHER ORDERED**, that, T. Mirvis, her agents, and anyone acting on her behalf are restrained and enjoined from making or suffering any sale, assignment or transfer of, or any interference with, any property in which M. Mirvis is known or believed to have an interest then in and thereafter coming into T. Mirvis' possession or custody, and from paying over or otherwise disposing of any debt owed to M. Mirvis, except upon direction of the sheriff or U.S. Marshal, or pursuant to an order of the Court; and

**IT IS FURTHER ORDERED**, that R. Zhuravsky, his agents, and anyone acting on his behalf are restrained and enjoined from making or suffering any sale, assignment or transfer of, or any interference with, any property in which I. Zhuravsky is known or believed to have an interest then in and thereafter coming into R. Zhuravsky's possession or custody, and from paying over or otherwise disposing of any debt owed to I. Zhuravsky, except upon direction of the sheriff or U.S. Marshal, or pursuant to an order of the Court; and

**IT IS FURTHER ORDERED**, that the preliminary injunctions granted herein supersede the TROs and shall remain in full force and effect until (1) as to the Subject Accounts in the name of T. Mirvis, such time as the Court enters a final determination concerning the Mirvis Turnover Motion should it be denied, or if granted, until the completed remittance to Plaintiffs of funds in the Subject Accounts pursuant to, and to the extent of, any turnover or related order of the Court, (2) as to 289 Bayberry, such time as the Court enters a final determination on the Bayberry Motion

should it be denied, or if granted, until the subject conveyance(s) are set aside and/or execution is levied upon 289 Bayberry and any proceeds pursuant to, and to the extent of, any turnover or related order of the Court, and (3) as to the restraint of R. Zhuravsky and T. Mirvis concerning other property of, or debts owed to, I. Zhuravsky and M. Mirvis, respectively, such time as the judgment in this proceeding (ECF No. 303) as it pertains to I. Zhuravsky and M. Mirvis, respectively, is fully and completely settled, satisfied or vacated, or expires, whichever event occurs first; and

**IT IS FURTHER ORDERED**, that, in light of the Court's determination that T. Mirvis and R. Zhuravsky have not demonstrated a likelihood that they will be harmed by the preliminary injunctions granted herein, and that Plaintiffs are very likely to prevail on the merits of the Bayberry Motion and the Turnover Motions, *see Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186, 203 (E.D.N.Y. 2013), Plaintiffs are not required to post a bond.

Dated: Brooklyn, New York
      March 28, 2017

SO ORDERED:

*Peggy Kuo*
_____
PEGGY KUO
UNITED STATES MAGISTRATE JUDGE