# ABRAMS ⒶⒻ FENSTERMAN

## Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP

### Attorneys at Law

www.abramslaw.com
One Metrotech Center, Suite 1701
Brooklyn, New York 11201
Phone:  (718) 215-5300

August 14, 2017

Sandra L Townes, United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Allstate v. Mirvis, et al.*
     Case No. 08-cv-4405

Dear Judge Townes:

Please accept this letter on behalf of our client, Nelly Zhuravsky, as our FRCP 72(b) objections to the Magistrate's Report and Recommendation (Docket No. 506) dated July 31, 2017 ("the Report") in the above-referenced matter.

Under Rule 72, the Court may make a de novo determination of those portions of the magistrate judge's findings and recommendations to which specific written objection has been made. See FRCP 72(b); 28 U.S.C. § 636(b)(1) (2000). The de novo standard requires that the district court reach an "independent determination" of the issues presented, without giving any deference to the magistrate judge's findings. United States v. First City Nat. Bank, 386 U.S. 361, 87 S.Ct. 1088 (1967); United States v. City of New York, 799 F.Supp. 1308, 1311 (E.D.N.Y. 1992).

As explained by the United States Supreme Court, the term de novo has "an accepted meaning in the law. It means an independent determination of a controversy that accords no deference to any prior resolution of the same controversy." United States v. Raddatz, 447 U.S. 667, 690, 100 S.Ct. 2406, 2419 (1980). Therefore, de novo review "means reconsideration afresh by the district judge in this sense: no presumption of validity applies to the magistrate's findings or recommendations." Cespedes v. Coughlin, 956 F.Supp. 454, 463 (S.D.N.Y. 1987) (citing 7 Pt. 2 James Wm. Moore, Moore's Federal Practice, ¶ 72.04[10.-2] at 72-96 (1995). If the district court disagrees with the magistrate judge's findings or recommendation, or any part of them, the district court is free to substitute its own view for that of the magistrate judge without any threshold finding whatsoever. Id.. While the district court is not required to conduct a new

1

hearing regarding a party's objections to the magistrate judge's findings and recommendations, it must nevertheless review the complete record of the proceedings before the magistrate judge. Id. in addition, "the district judge retains the power to engage in sua sponte review of any portion of the magistrate's report and recommendation, regardless of the absence of objections." Id. (citing 7 Pt. 2 James Wm. Moore, Moore's Federal Practice, ¶ 72.04[10.-1] at 72-95 (1995)); Greene v. WCI Holdings Corp., 956 F.Supp. 509, 514 (S.D.N.Y. 1997). Such sua sponte review "may be under a de novo standard, or any lesser standard of review." Cespedes, 956 F.Supp. at 463. In making its review, "[t]he district judge may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Freeman v. County of Bexar, 142 F.3d 848, 850 (5th Cir. 1998) (citing 28 U.S.C. § 636(b)(1)).

The Report concluded that the conveyance of a fifty percent (50%) interest in a New Jersey home owned jointly by Judgment Debtor herein Gary Statnigrosh and his wife, Alvina Rozenfeld (the movant's sister) (not a judgment debtor) to the Movant was constructively fraudulent under New York Debtor & Creditor Law ("DCL") § 273. The premise of this determination is that the consideration recited in a May 2013 post-judgment Deed is "$10.00." and that the Seller's also signed a "Seller's Residency Certification/Exemption" and "Affidavit of Consideration for Use by Seller" (the "Tax Declarations") in which they also recited that the consideration for the transfer was ten dollars.

Nelly Zhuravsky, the Movant herein specifically objects to the following portions of the Report

## First Objection: The Report Erroneously Concludes that Ten Dollars is not Fair Consideration

What is the value of a property so encumbered that there is no, or even negative equity? The Court has held that "reasonably equivalent value" is the price in fact received for the property at a foreclosure sale, so long as that sale satisfied all the requirements of state foreclosure law. BFP v. Resolution Trust Corp., 511 U.S. 531 (1994).

We know that in the instant case, when the Movant entered into a "Rent to Own " Agreement (Docket no. 396-2) by its terms effective August 8, 2008, the premises in question were "underwater", ie: the amount of the outstanding mortgage to Countrywide Home Loans was higher than the original amount (Docket 396-5). Therefore , the actual value of the property, must be based upon consideration of a negative mortgage. In the Report, Judge Kuo found that the actual payments made by the Movant prior to the conveyance of 50% interest in the property was, at most, $47,811 (Report, p.10). However, the Magistrate strongly suggested that these payments were the equivalent of "rent" for living in the premises during the period from approximately 2009 to May of 2013 (Transcript of Proceedings, June 6, 2017 (Exhibit A hereto), pp. 61-64). If that is so, then the actual value of the interest transferred was close to nothing, ie

ten dollars. The fact that the mortgage was not assumed by the Movant is not an issue—the value of what was transferred was in fact almost worthless, and the deed and tax declarations were correct.

**Second Objection: There Was No Basis To Find That The Movant Did Not Act In Good Faith**

As an affirmative defense, DCL § 278(1) provides in relevant part that: "[w]here a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person **except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase** . . . [h]ave the conveyance set aside" DCL § 278(1) (McKinney) (emphasis added); *see* In re Dreier LLP, 452 B.R. 391, 434 (Bankr. S.D.N.Y. 2011) (finding that the law in New York dictates that DCL § 278(1) "is an affirmative defense and the burden of proof under the section 278(1) affirmative defense is on the defendant, not on the plaintiff.").

The Report concludes that because Statnigrosh was married to the Movant's sister, and that the Movant's husband was also a judgment debtor in this action, the Movant knew that the conveyance was not in good faith and therefore fraudulent (Report pp.12-13). There is no basis for this. First, contrary to the Magistrate's finding, at the time of the conveyance in May, 2013, Movant's husband, Igor Zhuravsky, was not a judgment debtor. The judgment in question was not procured until two years later in 2015. Second, we respectfully submit that the omission of a denial regarding knowledge of the alleged fraud in Movant's affidavit does not allow the Court to make a factual finding based upon the kinship of the parties.

**Third Objection: The Magistrate Should Have Permitted Movant To Submit Additional Documents Prior To The Oral Argument**

There was no reason for the Court to deny the Movant the requested opportunity to submit additional materials two weeks preceding the June 6 oral argument (Docket No.498). That would have left more than ample time for Plaintiff's to respond, or the argument on the motion, which had been pending for almost eleven (11) months, could have been briefly adjourned if Plaintiff needed more time. There was this no prejudice, and it would have made this complicated record clearer.

Thank you for your consideration of the above.

Respectfully,

Mark L. Furman