UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

ALLSTATE INSURANCE COMPANY, *et al.*,

      Plaintiffs,

    -against-

MARK MIRVIS, *et al.*,

      Defendants.

--------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 0 8 2017 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

08-cv-4405 (SLT) (PK)

**TOWNES, United States District Judge:**

On October 30, 2008, Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs") brought this action pursuant to the United States Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, 1962(c)-(d), and 1964(c), and New York common law. (Compl., ECF No. 1.) On May 5, 2015, default judgment was ordered awarding Plaintiffs $45,657,401.01 in trebled damages jointly and severally liable against Defendants Mark Mirvis, Mark Lupolover, Michael Bezenyan, Ruven Katz, Igor Zhuravsky, Georgy Statnrosh, Leonid Slutsky, 825 Broadway Medical Care, P.C., Ocean L. Management Group Inc., Flatlands Best Management Group, Inc., Hillmed Management, Inc., B-Way Management, Inc., Flat-80 Management, Inc., Nortmed Management, Inc., Del Prado One, LLC, Del Prado Two, LLC, Del Prado Three, LLC, Del Prado Four, LLC, El Dorado One, LLC, M&M Oceanfront, LLC, NE 10, LLC, NE 24, LLC, and Tropicana One, LLC. (Corrected Judgment, ECF No. 303.)

On April 4, 2016, Plaintiffs filed the Motion to Enforce Judgment to Avoid Fraudulent Conveyances by Judgment Debtor Mark Mirvis (the "Motion"). (ECF No. 335.) On May 13, 2016, the Court referred the Motion to United States Magistrate Judge Peggy Kuo ("Judge Kuo") for a report and recommendation, and a hearing if deemed necessary. (ECF No. 357.)

On June 6, 2017, Judge Kuo held a hearing on the Motion at which time Judge Kuo also asked Plaintiffs to file proposed Orders for the Motion. On June 12, 2017, Plaintiffs filed proposed Orders for the Motion. (ECF No. 501.)

On July 31, 2017, Judge Kuo filed and served via ECF a Report and Recommendation ("R&R") recommending, under Federal Rule of Civil Procedure 69 and New York Debtor and Creditor Law § 273, that Plaintiffs' Motion be granted. (ECF No. 505.) Judge Kuo further recommended that, under New York Debtor and Creditor Law § 278, Plaintiffs' proposed Order and Writ of Execution also be issued wherein the Court orders:

> (1) the cancellation and discharge of the Bargain and Sale Deed executed on May 11, 2015, by Judgment Debtor Mark Mirvis, his wife, Lyubov Mirvis, and their daughter, Tatyana Mirvis, which transferred all interest in the real property located at 289 Bayberry Drive North, Hewlett Harbor, New York (the "Property"), to Tatyana Mirvis. (Decl. of Daniel S. Marvin in Supp. of Pls.' Mot. to Avoid Fraudulent Conveyances by Judgment Debtor Mark Mirvis Pursuant to F.R.C.P. 69(a), C.P.L.R. § 5225(b), and DCL §§ 273-a and 278, Ex. F, Bargain and Sale Deed, ECF No. 335-8);
>
> (2) the recording by the Nassau County Clerk of such cancellation and discharge;
>
> (3) that Judgment Debtor Mark Mirvis's interest in the Property be subject to levy toward satisfaction of the outstanding judgment; and
>
> (4) that the Property be levied upon by the United States Marshals in accordance with a writ of execution.

(Report and Recommendation 2, 10, ECF No. 505; Plaintiffs' proposed Order, ECF No. 501-1; Plaintiffs' proposed Writ of Execution, ECF No. 501-2.) Written objections to the R&R were due within 14 days of service. 28 U.S.C. § 636(b)(1)(C). To date, no objections have been filed and no party has requested an extension of time in which to do so.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however,

many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at \*2 (E.D.N.Y. July 11, 2007).

Although not required to do so, this Court has reviewed Judge Kuo's R&R for clear error on the face of the record. The Court finds no clear error and, therefore, adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Judge Kuo's R&R dated July 31, 2017, recommending that Plaintiffs' Motion (ECF No. 335) be granted and that Plaintiffs' proposed Order (ECF No. 501-1) and proposed Writ of Execution (ECF No. 501-2) be issued, is adopted in its entirety.


**SO ORDERED.**

/s/ *Sandra L. Townes*

SANDRA L. TOWNES
United States District Judge


Dated: September 6 , 2017
Brooklyn, New York