UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, *et al.*,

                                 Plaintiffs,

      -against-

MARK MIRVIS, *et al.*,

                                 Defendants.

08-CV-4405 (SLT) (PK)

DECLARATION OF DANIEL S. MARVIN

Daniel S. Marvin declares pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am a partner with the law firm of Morrison Mahoney LLP, attorneys for Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs") in the above-captioned action, and I am fully familiar with all of the facts and circumstances in this matter.[1]

    2.    I respectfully submit this declaration pursuant to Local Rule 6.1(b) and in support of Plaintiffs' motion (the "Motion"), pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 69, Sections 5225(b) of the New York Civil Practice Law and Rules ("C.P.L.R."), and Sections 273–a, 276, 276–a and 278 of the New York Debtor and Creditor Law ("D.C.L.") for an order (1) directing garnishee HSBC Bank, N.A. ("HSBC") to turnover $45,155.81 and $97,990.93 held in two accounts in the name of non-party Tatyana a/k/a Tanya Mirvis ("T. Mirvis"), designated by account numbers ending in -3710 and -9713, respectively (the "HSBC Accounts"); (2) directing garnishee TD Bank, N.A. ("TD Bank") to turnover $2,902.37 and $28,446.54 held in two accounts in the names of T. Mirvis and non-party Lyubov Mirvis ("L. Mirvis"), and T. Mirvis and non-party

---

[1] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the accompanying Memorandum of Law.

Alexander Boriskin ("Boriskin"), designated by account numbers ending in -0319 (the "TD 0319 Account") and -8848 (the "TD 8848 Account"), respectively (together, the "TD Accounts"); (3) directing garnishee Capital One, N.A. ("Capital One") to turnover $280.55 and $824.43 in two accounts in the name of T. Mirvis, designated by account numbers ending in -5283 (the "Capital One Checking Account") and -9992 (the "Capital One Trust Account," together, the "Capital One Accounts") (the HSBC Accounts, TD Accounts, and Capital One Accounts are collectively referred to as the "Subject Accounts"); and (4) entering a judgment against T. Mirvis in the amount of $52,801.75, along with prejudgment interest and attorneys' fees.

I. **BRIEF FACTUAL BACKGROUND**[2]

3.  By Decision and Memorandum dated 3/31/15 (ECF No. 297), this Court adopted Magistrate Judge Pohorelsky's Report and Recommendation (ECF No. 293) that judgment by default be entered against 23 defendants,[3] including Judgment Debtors Mark Mirvis ("M. Mirvis") and Mark Lupolover ("Lupolover"), and that Plaintiffs be awarded trebled damages of $45,657,401.01, for which the defendants were held jointly and severally liable in connection with their participation in a systematic, thirteen-year scheme to defraud and steal insurance payments from Plaintiffs and launder the proceeds. *See* ECF No. 1 ("Compl.") ¶ 1. On 5/5/15, the Judgment was entered. *See* ECF No. 303

4.  Through post-judgment discovery Plaintiffs discovered that after the Complaint was filed on October 30, 2008, and the notation of default was entered against him on February 2,

---

[2] The complete factual background is set forth in the accompanying Memorandum of Law, and Plaintiffs' Orders to Show Cause for Temporary Restraining Order and Preliminary Injunction as to Property of Judgment Debtor Mark Mirvis (ECF Nos. 386-2, 386-39, 481-1, & 481-2).

[3] In addition to M. Mirvis and Lupolover, the Judgment was entered against Michael Bezenyan, Ruven Katz, Igor Zhuravsky, Georgy Statnrosh, Leonid Slutsky, 825 Broadway Medical Care, P.C., Ocean L. Management Group Inc., Flatlands Best Management Group, Inc., Hillmed Management, Inc., B-Way Management, Inc., Flat-80 Management, Inc., Nortmed Management, Inc., Del Prado One, LLC, Del Prado Two, LLC, Del Prado Three, LLC, Del Prado Four, LLC; El Dorado One, LLC, M&M Oceanfront, LLC, NE 10, LLC, NE 24, LLC, and Tropicana One, LLC. *See* ECF No. 303.

2009, M. Mirvis closed or ceased using and substantially diminished funds on deposit in all United States bank accounts discovered by Plaintiffs to be in his name and purported to divest himself of all of his apparent interest in real property located within the United States.

5. After the Judgment was entered in the above-captioned action and in the absence of any payment or expression of any plan or intention by any of Judgment Debtors to satisfy it (which continues to this day), Plaintiffs conducted post-judgment discovery in an effort to locate the assets of M. Mirvis.

6. In order to locate active bank accounts in M. Mirvis' name, Plaintiffs' served post judgment subpoenas on: (1) JPMorgan Chase, N.A. ("Chase"), the mortgagor of the $750,000.00 home equity line of credit secured by M. Mirvis' residence, 289 Bayberry Drive, Hewlett, New York 11557 ("289 Bayberry Drive"), by and between M. Mirvis, his wife and Chase, designated by an account number ending in -5266 (the "Home Equity Line of Credit"); (2) Ocwen Loan Servicing, LLC ("Ocwen"), the mortgagor of the $441,000.00 mortgage secured by 289 Bayberry Drive by and between M. Mirvis, his wife, and Ocwen (a/a/o Morgan Stanley Dean Witter, s/i/i/ Homeq Servicing Corporation), designated by an account number ending in 0783 (the "Mortgage"); and (3) Fiserv, Inc., a third party payee that had been used to make several payments towards the Mortgage and the Home Equity Line of Credit.

7. Through these post judgment subpoenas (as well as evidence submitted by T. Mirvis on May 20, 2015 (see ECF No. 363-2)), Plaintiffs discovered that the Subject Accounts had been used to pay the Home Equity Line of Credit and Mortgage on at least 53 separate occasions since 2010. Since obtaining records from HSBC Bank related to the HSBC Bank Accounts, Plaintiffs have identified 25 additional payments.

8. Through these post judgment subpoenas and other discovery devices, Plaintiffs discovered that the Subject Accounts were also used as a repository for the proceeds from the sale of a condominium owned by M. Mirvis and his wife, L. Mirvis, located at 100 Oceana Drive West, Unit 5D, in Brooklyn New York (the "Oceana Sale Proceeds"), and from the sale of a condominium unit owned by M. Mirvis and fellow Judgment Debtor Lupolover, located at 19333 Collins Avenue, Sunny Isles, Florida 33169 (the "Unit 2307 Proceeds").

9. On June 2, 2016, Plaintiffs obtained from HSBC Bank a substantial quantity of critical documents that lay bare M. Mirvis' ongoing control of the HSBC Accounts since their inception in 2010. Specifically, the records produced by HSBC demonstrate that the HSBC Accounts were created to facilitate the fraudulent transfer of the proceeds of the sale of M. Mirvis' real property, were used to facilitate at least three other fraudulent transfers, and were regularly used (often times by M. Mirvis, himself) to pay M. Mirvis' expenses and for M. Mirvis's benefit. Plaintiffs' extensive post judgment discovery has not revealed any instances where T. Mirvis transferred any funds to any of the Judgment Debtors or members of their families.

10. After providing checks and deposit slips produced on June 2, 2016, to Mr. Peter A. Smerick ("Smerick"), a forensic handwriting expert and receiving a copy of Mr. Smerick's final report, Mr. Smerick concluded that it was "Probable" that M. Mirvis prepared the fronts of 58 out of 65 checks drawn on the accounts and that there were "Very Strong Indications" that M. Mirvis prepared the fronts of 41 out of 53 deposit slips. *See* ECF No. 386-1 ¶¶ 24-25, 59-60 (July 5, 2016 Marvin Declaration); ECF No. 386-38 at ¶¶ 3, 21 (First Affidavit of Peter A. Smerick).

11. Upon further review of the records produced from various sources including from HSBC (ECF No 386-1 ¶ 54 & 386-22), Chase (ECF No 386-1 ¶ 69 & 386-34), and Ocwen (ECF No 386-1 ¶ 71 & 386-36), Plaintiffs determined that the Subject Accounts have been used (either

4

by M. Mirvis or the Subject Account Holders) to pay debt and other expenses that, in the past, were paid by M. Mirvis from accounts in his name and for his benefit. *See* ECF No. 386-1 ¶¶ 31-33.

12. On or about July 6, 2016, Plaintiffs notified HSBC Bank USA, N.A. ("HSBC") and TD Bank, N.A. ("TD Bank") of the Court's July 5, 2016 Order restraining funds in the TD & HSBC Accounts. On July 7, 2016, and July 8, 2016, Plaintiffs received confirmation from HSBC and TD Bank that $174,495.65 in funds in the TD & HSBC Accounts had been restrained. *See* ECF No. 481-3.

13. In advance of filing their First Motion for a Temporary Restraining Order and Preliminary Injunction with respect to the HSBC Accounts and TD Accounts, Plaintiffs provided all handwriting specimens that they had been able to obtain at that time for the TD Bank Accounts (eight checks issued from the 0319 TD Account and one check issued from the 8848 TD Account towards the Home Equity Line of Credit) to Mr. Smerick. His expert opinion with respect to these checks is contained in the First Affidavit of Peter A. Smerick . ECF No. 386-38.

14. TD Bank subsequently produced to Plaintiffs a more complete set of records related to the 0319 TD Account and the 8848 TD Account in compliance with Plaintiffs' document subpoena and the Court's January 25, 2017 Order (ECF No. 469). TD Bank included in its production records related to account ending 8814 (the "8814 TD Account") which were responsive to Plaintiffs' subpoena and about which the Court's January 25, 2017 Order was silent.

15. Subsequently, on or about June 14, 2017, Plaintiffs provided 53 checks issued from and 46 deposit slips related to the 0319 TD Account, 33 checks issued from and 52 deposit slips related to the 8848 TD Account, all those produced to Plaintiffs by TD Bank (as well as known


exemplars of M. Mirvis, L. Mirvis, T. Mirvis, Boriskin, and Lilya Bespalko), to Mr. Smerick. *See, infra* ¶¶ 42, 43, 46-50.

16. From the same production of documents from TD Bank, Plaintiffs provided to Mr. Smerick 3 checks from an account ending 3402 in the name of AT United Corp. *See, infra* ¶ 44.

17. Plaintiffs provided to M. Smerick 5 checks from an account ending 1048 in the name of in the name of Central Pharmacy Bostin, Inc. Lilya Bespalko, Adm., 3 produced by HSBC pursuant to Plaintiffs' third-party subpoena herein, and 2 produced by NY Community Bank pursuant to Plaintiffs' third-party subpoena. *See, infra* ¶ 45.

18. As set forth more fully in the Second Affidavit of Peter A. Smerick ("Second Smerick Aff."), Mr. Smerick found that 70 of the 98 deposits slips related to the TD Accounts were written by M. Mirvis and that it is "highly probable" that 60 of the 86 checks issued from the TD Accounts were written by M. Mirvis. *See* Second Smerick Aff. at ¶¶ 3a-b. As set forth more fully in the Second Smerick Affidavit, Mr. Smerick found that it was "highly probable" that M. Mirvis prepared for signature the 3 checks from the AT United Corp account ending 3402. *Id.* at ¶ 3c.

19. As set forth more fully in the Second Smerick Affidavit, Mr. Smerick found that it "highly probable" that M. Mirvis wrote the first name Tatayana on two of the five checks from Central Pharmacy Bostin, Inc, and the name L. Mirvis on two of the five checks from Central Pharmacy Bostin, Inc. *Id.* at ¶ 3d.

20. Furthermore, through other post judgment subpoenas (*see supra* ¶ 6), and T. Mirvis' subsequent submission of portions of those records (see ECF No. 363-2) in support of her motion to Quash, it is readily apparent that the TD Bank Accounts have been used to pay M. Mirvis' mortgages on at least 45 occasions since August 30, 2013. *See* ECF No. 386-3 and ECF No. 367-11.

21. T. Mirvis indicated, by affidavit, that all of the Oceana Sale proceeds ($258,129 and $46,675) were deposited into one of the HSBC Accounts. S*ee* ECF No. 459-1 ¶ 5.

22. Plaintiffs' counsel has reviewed all statements and checks produced by HSBC Bank for the HSBC Accounts and has been unable to find any electronic, check or other deposit for $46,675. However, in reviewing records for the Subject Accounts produced by Capital One, Plaintiffs' counsel identified a check for $46,675, deposited into and used to open the Capital One Trust Account, which appears to represent the remaining portion of the Oceana Sale Proceeds.

23. As of the date of this Application, T. Mirvis has produced no documents or other evidence corroborating her claim that she loaned Lupolover $39,000. Moreover, both Lupolover and his son Michael Lupolover have failed to respond to Plaintiffs' information subpoenas.

24. Interest calculated at the New York statutory rate of nine percent per annum, *see* C.P.L.R. § 5004, accruing from the date of the transfer through November 1, 2017 is as follows: (i) $106,836.15 accrued on one-half of the Oceana Sale Proceeds from the January 19, 2010 transfer; (ii) $24,348.82 accrued on the $39,000 November 26, 2010 transfer; (iii) $3,072.33 accrued on the $7,000 December 17, 2012 transfer; and (iv) $12,064.93 accrued on the $30,000 May 15, 2013 transfer, totalling $146,322.23 in approximate interest from the dates of each of the Subject Transfers.

25. Interest calculated at the New York statutory rate of nine percent per annum on $228,402 (the total amount of the $39,000 Transfer, $7,000 Transfer, $30,000 Transfer, and one-half of the Oceana Sale Proceeds) from October 1, 2011 (the median date of the Subject Transfers) through November 1, 2017, equals approximately $121,422.46.

26. On or about March 7, 2017, Plaintiffs notified Capital One, N.A. of the Court's March 6, 2017 Order restraining funds in the Capital One Accounts. On March 8, 2017, Plaintiffs

7

received confirmation from Capital One that $1,104.98 in funds in the Capital One Accounts had been restrained. *See* Exh. "J" (*infra* ¶ 38).

27. A total balance of $175,600.63 across the Subject Accounts (the "Restrained Funds") remains frozen by TD Bank, HSBC Bank, and Capital One in accordance with the Court's December 8, 2016, and March 28, 2017 Orders (ECF Nos. 456 and 497, respectively).

28. As of the date of this Motion, the Judgment remains entirely unsatisfied, neither M. Mirvis, Lupolover, nor any other judgment debtor expressed any plan or intention to satisfy it.

## II. **EXHIBITS**

29. Accompanying Plaintiffs' motion are a number of exhibits relevant to the Court's determination.[4]

30. True and correct copies of monthly statements and signature cards for the TD 0319 Account and the TD 8848 Account, produced by TD Bank on February 24, 2017, in response to Plaintiffs' third party subpoena herein requesting any and all records for accounts in the name of T. Mirvis at any time from October 1, 2008, through the date of the subpoena, as well as for which were maintained by Plaintiffs' counsel in the ordinary course of business, are attached hereto as **Exhibits "A"** and **"B,"** respectively. The relevant business records certification for documents contained in Exhibits "A" and "B" is contained in Exhibit "D" hereto.

31. True and correct copies of checks deposited into and deposit slips from TD 8848 Account, produced by TD Bank on February 24, 2017, in response to Plaintiffs' third party subpoena herein requesting any and all records for accounts in the name of T. Mirvis at any time from October 1, 2008, through the date of the subpoena, which were maintained by Plaintiffs' counsel in the ordinary course of business, are attached hereto as **Exhibit "C."** The relevant

---

[4] Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and the confidentiality order entered by the Court in this action (ECF No. 225), confidential personal information has been redacted from all exhibits.

business records certification for documents contained in Exhibit "C" is contained in Exhibit "D" hereto.

32.  A true and correct copy TD Bank's business records certification for records produced to Plaintiff on or about March 1, 2017, during post-judgment discovery in the above-captioned matter and maintained by Plaintiffs in the ordinary course of business and contained within Exhibits "A" through "C," "M" and "N" to this Declaration and Exhibits "B" through "D" to the Second Smerick Aff. is annexed hereto as **Exhibit "D"**

33.  A true and correct copy HSBC's business records certification for records produced to Plaintiff on or about June 1, 2016, during post-judgment discovery in the above-captioned matter and maintained by Plaintiffs in the ordinary course of business and contained within Exhibits "E" and "J" to the Second Smerick Aff.is annexed hereto as **Exhibit "E,"**

34.  A true and correct copy of a mortgage taken out by M. Mirvis and his wife L. Mirvis on their property located at located at 2407 SW 52nd Street, Cape Coral, Florida 33914, is attached hereto as **Exhibit "F."**

35.  A true and correct copy of a Release of Mortgage, releasing M. Mirvis and his wife L. Mirvis were released from the mortgage on their property, located at 2407 SW 52nd Street, Cape Coral, Florida 33914, is attached hereto as **Exhibit "G."**

36.  A true and correct copy of the deed by which L. Mirvis conveyed a property located at 2407 SW 52nd Street, Cape Coral, Florida 33914 to non-parties Lawrence Bennett and Joyce Bennett, is attached hereto as **Exhibit "H."**

37.  A true and correct copy of an appraisal of the property located at 2407 SW 52nd Street, Cape Coral, Florida 33914 by the Lee County Property Appraiser, obtained from the offices website on August 7, 2017, is attached hereto as **Exhibit "I."**

38. A true and correct copy of an email chain between Plaintiffs' counsel and Capital One over the course of March 7-8, 2017, wherein Capital One confirmed the restriction of the Capital One accounts and balances therein, is attached hereto as **Exhibit "J."**

39. A true and correct copy of the corporation information abstract for A.T. United, Corp., obtained by a search of the New York State Department of State online Corporations Database on October 26, 2017, is attached hereto as **Exhibit "K."**

40. A true and correct copy of the Indictment in United States v. Pinkus, et al., 16-CR-239, in the United States District Court for the Eastern District of New York, is annexed hereto as **Exhibit "L."**

41. True and correct copies of signature card for TD Bank account ending 8814 and checks from AT. United, Corp, deposited into TD Bank account ending 8814, produced by TD Bank on February 24, 2017, in response to Plaintiffs' third party subpoena herein requesting any and all records for accounts in the name of T. Mirvis at any time from October 1, 2008, through the date of the subpoena, which were maintained by Plaintiffs' counsel in the ordinary course of business, are attached hereto as **Exhibits "M" and "N."** The relevant business records certification for documents contained in Exhibits "M" and "N" is contained in Exhibit "D" hereto.

42. Exhibit "B" to the Second Smerick Aff. contains true and correct copies of deposit slips related to and cancelled checks drawn on the TD 0319 Account, in the name of T. Mirvis and non-party L. Mirvis, produced by TD Bank on February 24, 2017, in response to Plaintiffs' third party subpoena herein and maintained by Plaintiffs' counsel in the ordinary course of business, and provided to Mr. Smerick for his review. For the purposes of facilitating Mr. Smerick's review of the checks drawn on the TD Bank Accounts, all handwritten payee endorsements were redacted. The relevant business records certification for these documents is contained in Exhibit "D" hereto.

43. Exhibit "C" to the Second Smerick Aff. contains true and correct copies of deposit slips related to and cancelled checks drawn on the TD 8848 Account in the name of T. Mirvis and non-party Boriskin produced by TD Bank on February 24, 2017, in response to Plaintiffs' third party subpoena herein and maintained by Plaintiffs' counsel in the ordinary course of business, and provided to Mr. Smerick for his review. For the purposes of facilitating Mr. Smerick's review of the checks drawn on the TD Bank Accounts, all handwritten payee endorsements were redacted. The relevant business records certification for these documents is contained in Exhibit "D" hereto.

44. Exhibit "D" to the Second Smerick Aff. contains true and correct copies of three checks from an account ending 3402 in the name of AT United Corp produced by TD Bank pursuant to Plaintiffs' third-party subpoena herein and maintained by Plaintiffs' counsel in the ordinary course of business, and provided to Mr. Smerick for his review. For the purposes of facilitating Mr. Smerick's review of such checks, all handwritten payee endorsements were redacted. The relevant business records certification for these documents is contained in Exhibit "D" hereto.

45. Exhibit "E" to the Second Smerick Aff. contains true and correct copies of five checks from an account ending 1048 in the name of Central Pharmacy Bostin, Inc. Lilya Bespalko, Adm., three produced by HSBC pursuant to Plaintiffs' third-party subpoena, and two produced by NY Community Bank pursuant to Plaintiffs' third-party subpoena, each maintained by Plaintiffs' counsel in the ordinary course of business and provided to Mr. Smerick for his review. For the purposes of facilitating Mr. Smerick's review of such checks, all but one handwritten payee endorsement were redacted. The relevant business records certification for these documents is contained in Exhibit "E" hereto.

46. Exhibit "F" to the Second Smerick Aff. contains true and correct copies of bank records, submitted to Mr. Smerick as examples of handwriting and signatures of M. Mirvis for his review. Those records are as follows:

- One check from an account (ending in 9227) in the names of M. Mirvis and L. Mirvis produced by HSBC Bank, pursuant to plaintiffs' third-party subpoena in the matter of *Allstate Ins. Co. et al. v. Buziashvili*, *et al.*, No. 03-603776 (N.Y. Cnty. Sup. Ct. 2004), which were maintained by Plaintiffs' counsel in the ordinary course of business.

- Three withdrawal tickets from account (ending in 2602) in the names of M. Mirvis and L. Mirvis produced by Apple Bank for Savings in response to Plaintiffs' third-party subpoena herein, which were maintained by Plaintiffs' counsel in the ordinary course of business.

- One check from an account (ending in 3239) in the names of M. Mirvis and Lupolover produced by Chase in response to Plaintiffs' third-party subpoena herein, which were maintained by Plaintiffs' counsel in the ordinary course of business.

- Two checks from an account (ending 9935) in the names of M. Mirvis and L. Mirvis produced by Chase in response to Plaintiffs' third-party subpoena herein, which were maintained by Plaintiffs' counsel in the ordinary course of business.

- One check from an account (ending in 8219) in the names of M. Mirvis and L. Mirvis produced by Chase in response to Plaintiffs' third-party subpoena herein requesting records related to the Home Equity Line of Credit (designated by an account number ending in 5266), which were maintained by Plaintiffs' counsel in the ordinary course of business.

- 29 checks from an account (ending in 0642) in the names of M. Mirvis and L. Mirvis produced by New York Community Bank in response to Plaintiffs' third-party subpoena herein, which were maintained by Plaintiffs' counsel in the ordinary course of business.

- 13 checks from an account (ending in 3539) in the name of M. Mirvis produced by Citibank, N.A. in response to Plaintiffs' third-party subpoena herein, which were maintained by Plaintiffs' counsel in the ordinary course of business.

47. Exhibit "G" to the Second Smerick Aff. contains true and correct copies of bank records, submitted to Mr. Smerick as examples of handwriting and signatures of T. Mirvis for his review. Those records are as follows:

- The master deposit agreement for personal accounts for the HSBC Bank Accounts produced by HSBC Bank in response to Plaintiffs' third-party subpoena herein and which were maintained by Plaintiffs' counsel in the ordinary course of business.

- One handwritten check from a TD Bank account in the name of T. Mirvis and Boriskin submitted by T. Mirvis in the above-captioned action as part of an exhibit to her opposition to Plaintiffs' fraudulent conveyance motion. *See* ECF No. 363-2 at p.13.

- One consumer master signature card and agreement for an account at First Republic Bank produced by First Republic Bank in response to Plaintiffs' third-party subpoena herein and which were maintained by Plaintiffs' counsel in the ordinary course of business.

- Five handwritten checks from an account ending 2914 in the names of T. Mirvis and Boriskin, produced by First Republic Bank in response to Plaintiffs' third-party subpoena herein and which were maintained by Plaintiffs' counsel in the ordinary course of business.

48. Exhibit "H" to the Second Smerick Aff. contains true and correct copies of bank records, submitted to Mr. Smerick as examples of handwriting and signatures of L. Mirvis for his review. Those records are as follows:

- The account opening agreement for a checking account at TD Bank ending 9935, produced by TD Bank in response to Plaintiffs' third-party subpoena herein and which was maintained by Plaintiffs' counsel in the ordinary course of business.

- The account opening agreement for a savings account at TD Bank ending 3012, produced by TD Bank in response to Plaintiffs' third-party subpoena herein and which was maintained by Plaintiffs' counsel in the ordinary course of business.

- Two handwritten checks from an account ending 2965 in the name of Atlantic Properties Management LLC, produced by New York Community Bank in response to Plaintiffs' third-party subpoena herein and which were maintained by Plaintiffs' counsel in the ordinary course of business.

49. Exhibit "I" to the Second Smerick Aff. contains true and correct copies of bank records, submitted to Mr. Smerick as examples of handwriting and signatures of Boriskin for his review. Those records are as follows:

13

- One consumer master signature card and agreement for an account at First Republic Bank produced by First Republic Bank in response to Plaintiffs' third-party subpoena herein and which was maintained by Plaintiffs' counsel in the ordinary course of business.

- One handwritten check from an account ending 0145 in the name of Alexander Borskin, produced by First Republic Bank in response to Plaintiffs' third-party subpoena herein and which was maintained by Plaintiffs' counsel in the ordinary course of business.

- Nine handwritten checks from an account ending 2914 in the names of Alexander Borskin and T. Mirvis produced by First Republic Bank in response to Plaintiffs' third-party subpoena herein and which were maintained by Plaintiffs' counsel in the ordinary course of business.

50. Exhibit "J" to the Second Smerick Aff. contains true and correct copies of thirteen handwritten checks from an account ending 1048 in the name of Central Pharmacy Bostin, Inc. Lilya Bespalko, Adm., produced by HSBC in response to Plaintiffs' third-party subpoena herein and which was maintained by Plaintiffs' counsel in the ordinary course of business, submitted to Mr. Smerick as examples of handwriting and signatures of Known Exemplars of Liliya Bespalko for his review. The relevant business records certification for these documents is contained in Exhibit "E" hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge..

Dated: New York, New York
       November 17, 2017

      /s/ Daniel S. Marvin
      Daniel S. Marvin