UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, *et al.*,

                Plaintiffs,

-against-

MARK MIRVIS, *et al.*,

                Defendants.

08-CV-4405
(PKC) (PK)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DIRECT U.S. MARSHALS TO CONDUCT EXECUTION SALE OF REAL PROPERTY OWNED BY JUDGMENT DEBTOR MARK MIRVIS

**MORRISON MAHONEY LLP**
120 BROADWAY, SUITE 1010
NEW YORK, NEW YORK 10271
TELEPHONE NO.: (212) 825-1212

**CADWALADER, WICKERSHAM & TAFT LLP**
ONE WORLD FINANCIAL CENTER
NEW YORK, NEW YORK 10281
TELEPHONE NO.: (212) 504-6531

**ATTORNEYS FOR ALLSTATE**

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**............................................................................................................ii

**INTRODUCTION** ........................................................................................................................ 1

**PRELIMINARY STATEMENT**.................................................................................................. 1

**FACTUAL BACKGROUND** ...................................................................................................... 2

    1.  The Underlying Complaint and Default Judgment.................................................. 2

    2.  The Fraudulently Conveyed Subject Property: 289 Bayberry............................... 3

**STANDARD OF REVIEW**.......................................................................................................... 6

**ARGUMENT** ................................................................................................................................ 7

**CONCLUSION** ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Cases**

*Allstate Ins. Co. v. Mirvis*,
   No. 08-CV-4405 (SLT) (VVP), 2015 WL 1247103 (E.D.N.Y. Mar. 2, 2015),
   *report and recommendation adopted*, 2015 WL 1539671 (E.D.N.Y. Mar. 31, 2015) ................ 2

*Allstate Ins. Co. v. Mirvis*,
   No. 08-CV-4405 (SLT) (PK), 2017 WL 3981297 (E.D.N.Y. Sept. 8, 2017) ............................. 4

*AMEV Capital Corp. v. Kirk*,
   180 A.D.2d 791 (2nd Dep't 1992) ....................................................................................... 17

*Anderson v. Tucker,*
   68 F.R.D. 461, 462 (D. Conn. 1975) ..................................................................................... 6

*Clarkson Co. Ltd. v. Shaheen*,
   533 F. Supp. 905 (S.D.N.Y. 1982) ........................................................................................ 7

*Duchek v. Jacobi*,
   646 F.2d 415, 417 (9th Cir. 1981) ......................................................................................... 6

*Gard Entm't, Inc. v. Block*,
   36 Misc. 3d 1236(A), 960 N.Y.S.2d 50 (Sup. Ct. 2012) ......................................................... 7

*In re Persky*,
   893 F.2d 15 (2d Cir. 1989) ................................................................................................... 7

*State Farm Mut. Auto. Ins. Co. v. Grafman*,
   No. 04-CV-2609 (NGS) (MG), 2017 WL 1683123 (E.D.N.Y. Mar. 8, 2017),
   *report and recommendation adopted*, 2017 WL 1735160 (E.D.N.Y. May 2, 2017) ................. 6

*William J. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh*,
   131 A.D.3d 960, 16 N.Y.S.3d 581 (2nd Dep't 2015) ........................................................... 17

**Statutes & Rules**

18 U.S.C. § 1961, *et seq.* ............................................................................................................. 2

Fed. R. Civ. P. 69 .................................................................................................................. 1, 6

C.P.L.R. § 5203 ......................................................................................................................... 3

C.P.L.R. § 5206 ................................................................................................................ 1, 7, 8

C.P.L.R. § 5236 ............................................................................................................................. 1, 8

C.P.L.R. § 5253 ........................................................................................................................... 1, 17

## INTRODUCTION

Plaintiffs-Judgment Creditors ("Plaintiffs") respectfully submit this Memorandum of Law in support of their motion (the "Motion") pursuant to Rule 69 of the Federal Rules of Civil Procedure and Section 5206(e) of the New York Civil Practice Law & Rules for an order directing the United States Marshals Service for the Eastern District of New York (the "U.S. Marshals") to sell the real property known as 289 Bayberry Drive North, Hewlett Harbor, New York 11557 and identified in the land records of Nassau County as Section 42, Block 266, Lot 1 ("289 Bayberry") in accordance with the procedures of Section 5236 of the C.P.L.R., and with the proceeds of sale to be placed into the registry of the Court pending an adjudication of the rights of parties with interests therein.

## PRELIMINARY STATEMENT

By this Motion, Plaintiffs seek the culmination of the process which began when the Court concluded that Defendant-Judgment Debtor Mark Mirvis (the "Judgment Debtor") and his wife Lyubov Mirvis ("L. Mirvis") had engaged in a series of fraudulent conveyances of their interests in 289 Bayberry with their daughter Tatyana Mirvis ("T. Mirvis"), in an attempt to shield that property from execution by Plaintiffs in partial satisfaction of the Judgment (as defined herein). Upon those findings and conclusions, the Court avoided those fraudulent conveyances: restoring to the Judgment Debtor and L. Mirvis their record legal title to 289 Bayberry; deeming the Judgment Debtor's interest subject to execution toward the Judgment; and issuing a Writ of Execution to be served (and which has indeed since been served) upon the Judgment Debtor. Now, all that remains is to execute upon 289 Bayberry Drive by forcing a sale, thereby enabling Plaintiffs to collect, at least in small part, on the Judgment which they are owed. Thus, for the reasons set

forth herein, it is respectfully submitted that the Court should issue an order directing the U.S. Marshals to conduct a public sale of 289 Bayberry in accordance with federal and New York law.

## FACTUAL BACKGROUND

1. **The Underlying Complaint and Default Judgment**

During a period of at least thirteen years, the Judgment Debtor, along with other Defendants herein, presided over an extensive criminal organization that created and used sham professional corporations and shell companies, secret accounts, and fictitious owners as part of a massive No-fault insurance fraud scheme to steal – and then launder – tens of millions of dollars from Plaintiffs. *See generally* ECF No. 1 (the "Complaint"), at ¶¶ 1-42 (pleading causes of action against Judgment Debtor and other Defendants under civil RICO (18 U.S.C. §§ 1961, *et seq.*), and doctrines of common law fraud and unjust enrichment). As noted by the Clerk, the Judgment Debtor was in default as of February 2, 2009. *See* ECF No. 82.

Plaintiffs subsequently moved for default judgment (*see* ECF No. 265), and on March 31, 2015, the Hon. Sandra L. Townes, United States District Judge, entered an order directing that judgment be entered against the Judgment Debtor and 22 other defaulted Defendants,[1] and adjudging them jointly and severally liable to Plaintiffs for trebled RICO damages. *See Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405 (SLT) (VVP), 2015 WL 1247103 (E.D.N.Y. Mar. 2, 2015), *report and recommendation adopted*, 2015 WL 1539671 (E.D.N.Y. Mar. 31, 2015). The Clerk entered a money judgment in accordance with Judge Townes' order on April 8, 2015 (*see* ECF

---

[1] The other Defendants who/which are jointly and severally liable for the Judgment are Mark Lupolover, Michael Bezenyan, Ruven Katz, Georgy Statnrosh, Leonid Slutsky, 825 Broadway Medical Care, P.C., Ocean L. Management Group Inc., Flatlands Best Management Group, Inc., Hillmed Management, Inc., B-Way Management, Inc., Flat-80 Management, Inc., Nortmed Management, Inc., Del Prado One, LLC, Del Prado Two, LLC, Del Prado Three, LLC, Del Prado Four, LLC; El Dorado One, LLC, M&M Oceanfront, LLC, NE 10, LLC, NE 24, LLC, and Tropicana One, LLC. *See* ECF No. 303 (Corrected Judgment); ECF No. 623 (Satisfaction of Judgment solely as to former Judgment Debtor Igor Zhuravsky).

No. 298), and a corrected judgment was entered on May 5, 2015, pursuant to which the Judgment Debtor and other defaulted Defendants are jointly and severally liable to Plaintiffs for damages in the original principal amount of $45,657,401.01 (*see* ECF No. 303) (the "Judgment").

On May 29, 2015, Plaintiffs perfected a judgment lien on the Judgment Debtor's interest in all real property located in Nassau County, New York. *See* C.P.L.R. § 5203; ECF No. 335-3 (Recorded Judgment). As of the date of this Motion, the Judgment remains almost entirely unsatisfied, and the Judgment Debtor remains jointly and severally liable with other defaulted Defendants. *See* Marvin Decl. ¶ 4.

### 2. The Fraudulently Conveyed Subject Property: 289 Bayberry

The Judgment Debtor and his wife L. Mirvis purchased 289 Bayberry more than nine years before this action was commenced for a stated purchase price of $740,000, and it is allegedly their family's residence. *See* ECF No. 335-4 (Sept. 24, 1999 Deed); ECF No. 459-1, at ¶ 1 (T. Mirvis' testimony that she continues to live with parents at 289 Bayberry). However, as the Court is aware, beginning in May of 2013 and shortly after Plaintiffs filed their renewed motion for default judgment (*see* ECF No. 265), the Judgment Debtor, his wife L. Mirvis, and his daughter T. Mirvis executed a series of deeds purporting to convey amongst themselves interests in 289 Bayberry.[2] These suspicious transactions culminated in the operative conveyance, by deed dated May 11, 2015 (six days after the Judgment was entered), of all of the Judgment Debtor's and his wife's interest in 289 Bayberry to T. Mirvis for what was recited in the deed as "Ten Dollars and other valuable consideration." *See* ECF No. 335-8 (the "May 2015 Deed"). Because post-judgment discovery revealed, *inter alia*, evidence indicating that any such "other valuable consideration"

---

[2] *See*; ECF No. 386-39, at p. 13; ECF No. 335-2 (Feb. 23, 2016 Marvin Decl.), at ¶ 6; ECF No. 335-5 (289 Bayberry Land Records Abstract); ECF No. 335-6 (May 20, 2013 Deed by M. Mirvis and L. Mirvis conveying 289 Bayberry to T. Mirvis and themselves jointly); ECF No. 335-7 (Oct. 20, 2013 Deed reversing May 20, 2013 deed).

was nonexistent, illusory, and/or inadequate, and that there existed bad faith or intent to hinder judgment creditors, Plaintiffs moved to set aside the May 2015 Deed as a fraudulent conveyance, and/or to execute on the Judgment Debtor's interest in 289 Bayberry. *See* ECF No. 335 (the "Bayberry Motion"); D.C.L. § 278(1) (where conveyance fraudulent as to creditor, "such creditor…may…(a) [h]ave the conveyance set aside…to the extent necessary to satisfy his claim, or (b) [d]isregard the conveyance and attach or levy execution upon the property").

On July 31, 2017, upon referral of the Bayberry Motion by Judge Townes (*see* ECF No. 357), Magistrate Judge Kuo entered a Report & Recommendation concluding that the Subject Transfer was a constructive fraudulent conveyance made while the Judgment Debtor was a Defendant (*see* D.C.L. § 273–a) for less than fair consideration (*see* D.C.L. § 276), based upon findings, *inter alia*, that the Mirvises had failed to credibly substantiate any consideration of significant (let alone proportional) value, and that the Subject Transfer was made by the Judgment Debtor – and received by T. Mirvis – without good faith. *See* ECF No. 505 (Report & Recommendation), at pp. 8-9 ("The undersigned concludes that Tatyana knew of the lawsuit – and, therefore, of her father's financial condition – by the time the Property was transferred to her in May 2015."). Accordingly, the Report & Recommendation called for the following relief:

> (1) the cancellation and discharge of the May 2015 Deed; (2) the recording by the Nassau County Clerk of such cancellation and discharge; (3) that Mark Mirvis's interest in the Property be subject to levy toward satisfaction of the outstanding judgment; and (4) that the Property be levied upon by the United States Marshals in accordance with a writ of execution.

ECF No. 505, at p. 10 (citing D.C.L. § 278(1)).

On September 8, 2017, Judge Townes adopted the Report & Recommendation *in toto*, observing that there had been no objections, and that in any event no reversible error was apparent on the record. *See Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405 (SLT) (PK), 2017 WL 3981297, at *2 (E.D.N.Y. Sept. 8, 2017) (citations omitted). The Court thus issued an Order and a Writ of

4

Execution providing for the relief proposed in the Report & Recommendation. *See id*.; ECF No. 512 (Order); ECF No. 512-1 (Writ). Plaintiffs provided the Writ of Execution to the U.S. Marshals, which personally delivered the same to the Judgment Debtor at 289 Bayberry on April 27, 2018. *See* Marvin Decl. ¶ 12; **Exhibit "A"** (Completed Form USM-285 – Process Receipt & Return).

Based on the best and most recent information available to Plaintiffs, there are two extant mortgage liens on 289 Bayberry which have been perfected by filing in Nassau County:

> (1) a Mortgage recorded on August 27, 2002, securing a note by and among the Judgment Debtor and L. Mirvis, as borrowers-mortgagors, and Ocwen Loan Servicing, LLC (as assignee of or successor to Morgan Stanley Dean Witter Credit Corp.) ("Ocwen"), as lender-mortgagee, in the original principal amount of $441,000 (the "Ocwen Mortgage"); and

> (2) a Credit Line Mortgage recorded on August 19, 2005, securing a Home Equity Line of Credit Agreement by and among the Judgment Debtor and L. Mirvis, as borrowers-mortgagors, and JPMorgan Chase Bank, N.A. ("Chase"), as lender-mortgagee, in the original maximum principal amount of $750,000 (the "Chase HELOC," and with the Ocwen Mortgage, the "Mortgages").

*See* Marvin Decl. ¶¶ 6-8; *see also* ECF No. 335-9 (Ocwen Mortgage); ECF No. 335-11 (Chase HELOC).  Plaintiffs have also recently learned from the above-named mortgagees that the outstanding principal balance on the Ocwen Mortgage was $122,336.88 as of June 8, 2018, and that the outstanding principal balance on the Chase HELOC was $662,487.54 as of July 19, 2018. *See* Marvin Decl. ¶¶ 9, 13, 14; **Exhibit "B"** (Ocwen Spreadsheet); **Exhibit "C"** (Chase HELOC Statement).  Thus, the two Mortgages on 289 Bayberry secure outstanding obligations of the Judgment Debtor and L. Mirvis totaling approximately $784,824.42.

Although the fair market value of 289 Bayberry and the Judgment Debtor's interest therein – and more importantly, the proceeds received from an actual sale – cannot be predicted with total certainty, one market estimate has valued the property at $1,949,171. *See* Marvin Decl. ¶ 15;

5

**Exhibit "D"** (Zillow.com Report for 289 Bayberry).[3] Subtracting the approximate remaining principal balance on the Mortgages from this estimate of the property's value, the Judgment Debtor and L. Mirvis would have equity of $1,164,346.58 in 289 Bayberry.[4]

## STANDARD OF REVIEW

Rule 69 of the Federal Rules of Civil Procedure provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). In turn, Article 52 of the New York Civil Practice Law and Rules provides, in relevant part, as follows:

> A judgment creditor may commence a special proceeding in the county in which the homestead is located[5] against the judgment debtor for the sale, by a sheriff or receiver, of a homestead exceeding one hundred fifty thousand dollars for the count[y] of ... Richmond.... The court, if it directs such a sale, shall so marshal the proceeds of the sale that the right and interest of each person in the proceeds shall correspond as nearly as may be to his right and interest in the property sold. Money, not exceeding one hundred fifty thousand dollars for the count[y] of . . . Nassau . . . , paid to a judgment debtor, as representing his interest in the proceeds, is exempt for one year after the payment . . . ."

---

[3] Plaintiffs intend to seek an appraisal of 289 Bayberry in the coming weeks, and to seek the Court's assistance in doing so if necessary. *See id*. at ¶ 11.

[4] The property may also be encumbered by two senior judgment liens recorded in Nassau County by lenders-mortgagees, to the extent, if any, that the Judgment Debtor remains liable for underlying judgments entered in Florida state court foreclosure actions unrelated to this action, specifically judgment liens (1) recorded on April 8, 2011 in the original amount of $3,066,305.16, and (2) recorded on March 20, 2012 in the original amount of $1,073,720.13 (the "Florida Liens"). *See id*. at ¶ 16; **Exhibit "E"** (Recorded Florida Liens).

[5] Despite this language, Plaintiffs may seek the relief requested herein by motion in post-judgment proceedings before this Court. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04-CV-2609 (NGS) (MG), 2017 WL 1683123, at *3 (E.D.N.Y. Mar. 8, 2017), *report and recommendation adopted*, 2017 WL 1735160 (E.D.N.Y. May 2, 2017). In *Grafman*, a case with similar factual underpinnings, the defendant argued that the C.P.L.R. required the judgment creditor to commence an action in the county court where the real property was situated. The Court rejected that argument, endorsing the reasoning of *Duchek v. Jacobi*, wherein the Ninth Circuit found that "'[n]othing" in Rule 69 or the relevant advisory notes 'remotely suggests that a federal district court must cede jurisdiction to a state tribunal when a literal reading of the applicable state law indicates that enforcement proceedings must be held in a certain state court.'" *Grafman*, 2017 WL 1683123, at *3 (quoting 646 F.2d 415, 417 (9th Cir. 1981)). The *Grafman* court held that "[t]o the contrary, . . . 'state rules are to be applied in a common sense manner and those which make sense only where applied to state courts need not be imported into federal practice.'" *Id.* (quoting *Duchek*, 646 F.2d at 418); *accord Anderson v. Tucker*, 68 F.R.D. 461, 462 (D. Conn. 1975).

6

C.P.L.R. § 5206(e); *see* C.P.L.R. § 5253 (directing New York Superintendent of Financial Services to make triennial adjustments to amount of homestead exemption based on consumer price indices); Marvin Decl. ¶¶ 10, 17; **Exhibit "F"**, at p. 2 (DFS publication showing most recent adjustment of Section 5206(a) homestead exemption to $170,825 as of April 1, 2018). Thus, while Section 5206 provides for a homestead exemption, the exemption is currently limited in Nassau County to $170,825, and when a judgment debtor's interest in his/her principal residence is sold for more than that amount "above liens and encumbrances," *see* C.P.L.R. § 5206(a), only $170,825 of the sales proceeds must be paid to the debtor. *See* C.P.L.R. § 5206(d)-(e).

## ARGUMENT

Under New York law, unless otherwise expressly declared, a disposition of real property to a husband and wife creates a tenancy by the entirety. *See* E.P.T.L. § 6-2.2. In the present case, the deed by which the Judgment Debtor and his wife acquired ownership of 289 Bayberry Drive contains no such declaration, and the property was thus held as a tenancy by the entirety prior to the Judgment Debtor's fraudulent conveyances.[6] However, to the extent that the 289 Bayberry Drive is still considered held in tenancy by the entirety, the Judgment Debtor's "interest in a tenancy by the entirety is not exempt for enforcement purposes," and such an interest is subject to "sale and enforcement by execution." *Gard Entm't, Inc. v. Block*, 36 Misc. 3d 1236(A) (N.Y. Sup. Ct. 2012) (citing *In re Persky*, 893 F.2d 15, 19 (2d Cir. 1989) (applying New York law)); *see William J. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh*, 131 A.D.3d 960, 16 N.Y.S.3d 581 (2nd Dep't 2015) ("The fact that the defendants held title to their home as tenants

---

[6] It is Plaintiffs' position that the participation of the Judgment Debtor's wife in the fraudulent conveyances destroyed any tenancy by the entirety that may have been held, and that the entire value of the property is subject to execution by Plaintiffs. *See, e.g., Clarkson Co. Ltd. v. Shaheen,* 533 F. Supp. 905, 924 (S.D.N.Y. 1982) (transferee spouse's perjured testimony as to fraudulent consideration eliminated wrongdoer's right of survivorship in tenancy by the entirety on equitable principles).

7

by the entirety prior to the conveyance does not bar a fraudulent conveyance claim under Debtor and Creditor Law article 10 [codifying the Uniform Fraudulent Conveyance Act, at D.C.L. §§ 270, *et seq*.]"). Accordingly, Plaintiffs may seek remedies against 289 Bayberry, notwithstanding any property interest of the Judgment Debtor's non-debtor wife whose interest would not be subject to execution by Plaintiffs, whether she holds that interest a tenant by the entirety or other manner of joint tenant, or or as a tenant in common. *See AMEV Capital Corp. v. Kirk*, 180 A.D.2d 791, 792 (2nd Dep't 1992) (sale of residence proper where debtor fraudulently conveyed one-half interest in tenancy by entirety to non-debtor wife).

## **CONCLUSION**

In light of the foregoing, Plaintiffs respectfully request that the Court issue an Order: (a) setting a briefing schedule for any responses to this Motion, and for any reply(ies) to such responses; (b) scheduling or holding such further briefing or proceedings as the Court may require; (c) authorizing and directing the U.S. Marshals to sell 289 Bayberry Drive in accordance with Sections 5206(e) and 5236 of the C.P.L.R., with the proceeds of the sale to be placed into the registry of the Court pending an adjudication of the rights and interests of parties and/or non-parties therein; and (d) granting such other or further relief as the Court may deem just and proper.

Dated: June 17, 2019
       New York, New York

                       Respectfully submitted,

                       **MORRISON MAHONEY LLP**

                       By:     /s/ Andrew Midgett
                          Robert A. Stern, Esq.
                          Daniel S. Marvin, Esq.
                          Andrew S. Midgett, Esq.

                          Wall Street Plaza
                          88 Pine Street, Suite 1900
                          New York, New York 10005
                          Phone: 212-825-1212
                          Fax:    212-825-1313

                       **CADWALADER, WICKERSHAM & TAFT LLP**

                       By:     /s/ William Natbony
                          William J. Natbony, Esq.

                          One World Financial Center
                          New York, New York 10281
                          Phone: 212-504-6531

                          *Attorneys for Plaintiffs-Judgment Creditors Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate New Jersey Insurance Company, and Allstate Fire & Casualty Insurance Company*