UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, <br><br>           Plaintiffs, <br> -against- <br><br>MARK MIRVIS, *et al.*, <br><br>           Defendants. | 08-CV-4405 <br>(PKC) (PK) <br><br>DECLARATION OF <br>ANDREW S. MIDGETT, ESQ. |

Andrew S. Midgett declares pursuant to 28 U.S.C. § 1746 as follows:

  1.  I am an attorney and associate with the law firm of Morrison Mahoney LLP, co-counsel of record for Plaintiffs-Judgment Creditors Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs") in the above-captioned action, and I am fully familiar with all of the facts and circumstances in this matter.

  I respectfully submit this declaration in support of Plaintiffs' motion (the "Motion"),[1] pursuant to Rule 69 of the Federal Rules of Civil Procedure and Section 5206(e) of the New York Civil Practice Law & Rules (the "C.P.L.R.") for an Order: (a) setting a briefing schedule for any responses to this Motion, and for any reply(ies) to such responses; (b) scheduling or holding such further briefing or proceedings as the Court may require; (c) authorizing and directing the U.S. Marshals to sell 289 Bayberry Drive in accordance with Sections 5206(e) and 5236 of the C.P.L.R., with the proceeds of the sale to be placed into the registry of the Court pending an adjudication of the rights and interests of parties and/or non-parties therein; and (d) granting such other or further relief as the Court may deem just and proper.

---

[1] Capitalized terms used but not defined in this Declaration shall have the meanings ascribed to such terms in Plaintiffs' contemporaneously-filed Memorandum of Law, which is incorporated herein by this reference.

2. The purpose of this Declaration is to aid in demonstrating why Plaintiffs are entitled relief sought in the Motion, and to place before the Court relevant testimonial and documentary evidence in the form of Exhibits.

3. As of the date of this Motion, the Judgment, in the original principal amount of $45,657,401.01, plus interest thereon, remains unsatisfied as to each of the remaining Defendants-Judgment Debtors in this action, including without limitation the Judgment Debtor, Mark Mirvis.

4. There have been no prior motions or applications submitted by Plaintiffs for the relief sought herein.

## FACTUAL BACKGROUND

5. Based on the best and most recent information available to Plaintiffs, there are two extant mortgage liens on 289 Bayberry which have been perfected by filing in Nassau County.

6. First, there is a Mortgage recorded on August 27, 2002, securing a note by and among the Judgment Debtor and L. Mirvis, as borrowers-mortgagors, and Ocwen Loan Servicing, LLC (as assignee of or successor to Morgan Stanley Dean Witter Credit Corp.) ("Ocwen"), as lender-mortgagee, in the original principal amount of $441,000 (the "Ocwen Mortgage").

7. Second, there is a Credit Line Mortgage recorded on August 19, 2005, securing a Home Equity Line of Credit Agreement by and among the Judgment Debtor and L. Mirvis, as borrowers-mortgagors, and JPMorgan Chase Bank, N.A. ("Chase"), as lender-mortgagee, in the original maximum principal amount of $750,000 (the "Chase HELOC," and with the Ocwen Mortgage, the "Mortgages").

8. Plaintiffs have also recently learned from the above-named mortgagees that the outstanding principal balance on the Ocwen Mortgage was $122,336.88 as of June 8, 2018, and that the outstanding principal balance on the Chase HELOC was $662,487.54 as of July 19, 2018.

Thus, the two Mortgages on 289 Bayberry secure outstanding obligations of the Judgment Debtor and M. Mirvis totaling approximately $784,824.42.

9. According to guidance published on the website of the New York Department of Financial Services, and according to other publicly available sources, as of the triennial adjustment made on April 1, 2018, *see* C.P.L.R. § 5253, the amount of the applicable homestead exemption for real property in Nassau County, *see* C.P.L.R. § 5206(a), in effect as of the date of this Motion is $170,825.

10. Plaintiffs intend to seek an appraisal of 289 Bayberry in the coming weeks, and to seek the Court's assistance in doing so if necessary.

## **EXHIBITS**

11. Annexed hereto as **Exhibit "A"** is a true copy of the Form USM-285, Process Receipt and Return, as initially provided by Plaintiffs to the U.S. Marshals Service for the Eastern District of New York on April 23, 2018; and as completed by the U.S. Marshals Service to reflect its service of a Writ of Execution upon the Judgment Debtor, Mark Mirvis, on April 27, 2018; and as returned to Plaintiffs via e-mail to their counsel on April 30, 2018.

12. Annexed hereto as **Exhibit "B"** is a true copy of the June 5, 2018 Payment Reconciliation report provided by Ocwen to Plaintiffs' counsel and showing that the current balance on the Ocwen Mortgage was then $122,336.88.

13. Annexed hereto as **Exhibit "C"** is a true copy of the information subpoena response of Chase dated April 16, 2018, by which Chase advised Plaintiffs' counsel that, *inter alia*, the current balance on the Chase HELOC was then $657,063.94.

14. Annexed hereto as **Exhibit "D"** is a true copy of the Zillow.com report on 289 Bayberry, obtained by Plaintiffs' counsel via the search engine at https://www.Zillow.com on June 14, 2019, showing an estimated market value for 289 Bayberry of $1,949,171.

15. Annexed hereto, together, as **Exhibit "E"** are true copies of printouts of records published on the website of Nassau County, New York demonstrating that two judgment liens based on money judgments entered in the courts of Florida have been recorded against, *inter alia*, the Judgment Debtor, Mark Mirvis, in the land records of that county, including without limitation judgments entered by courts in Florida's 12th Judicial District, Lee County, in the respective, original principal amounts of (a) $3,066,305.16 in connection with the action titled *RES-FL Two LLC v. El Dorado One LLC*, No. 10-CA-056828, and (b) $1,073,720.13 in connection with the action titled *Busey Bank N.A. v. Del Prado One LLC*, No. 09-CA-054495.

16. Annexed hereto as **Exhibit "F"** is a true copy of the "Industry Guidance" publication titled "Amount Exempt From Judgments," published by the New York State Department of Financial Services on its official government website, as obtained by the undersigned at https://www.dfs.ny.gov/industry_guidance/exemption_from_judgments on June 14, 2019.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
June 17, 2019

                                                        /s/ Andrew Midgett
                                                Andrew S. Midgett, Esq.