**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*,<br>*Plaintiffs*,<br><br>-v.-<br><br>MARK MIRVIS, *et al.*,<br>*Defendants*. | Civil Action<br>No. 08-CV-4405 (PKC) (PK)<br><br>July 23, 2019 |

**NON-PARTY LYUBOV MIRVIS'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO DIRECT U.S. MARSHALS TO CONDUCT EXECUTION SALE OF REAL PROPERTY OWNED BY JUDGMENT DEBTOR MARK MIRVIS**

## <u>Table of Contents</u>

TABLE OF AUTHORITIES .............................................................................................. i

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ............................................................................................................. 2

ARGUMENT ................................................................................................................... 2

       I.      This Court should deny Allstate's motion for a forced sale of Judgment Debtor Mark Mirvis's interest in the family residence because of non-party Lyubov Mirvis's interest and the interests of a four-year-old special needs minor. ................................................................................................. 2

      II.     Any forced sale must be limited to Judgment Debtor Mark Mirvis's interest in the property, which is subject to non-party Lyubov's right to occupy the property and right of survivorship. ........................................... 5

CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

..................................................................................................**CASES**

*AMEV Capital Corp. v. Kirk*, 580 N.Y.S.2d 424 (App. Div. 1992) ................................... 7

*Braz v Shvartsman*, 300 AD2d 582 [2d Dept 2002] ........................................................... 1

*Clarkson Co. v. Shaheen*, 533 F. Supp. 905 (S.D.N.Y. 1982) ........................................... 8

*Gard Entm't, Inc. v. Block*, 36 Misc. 3d 1236(A) (N.Y. Sup. Ct. 2012) ........................... 7

*Gard Entm't, Inc. v. Block*, 960 N.Y.S.2d 50 (Table) (Sup. Ct. 2012) .............................. 6

*Gilchrist v. Commercial Credit Corp.*, 322 N.Y.S.2d 200 (Sup. Ct. 1971) ....................... 3

*Hammond v. Econo-Car of N. Shore, Inc.*, 336 N.Y.S.2d 493 (Sup. Ct. 1972) ................ 3

*Hogan v. Weeks for Ben. of Weeks*, 579 N.Y.S.2d 777 (App. Div. 1991) ......................... 6

*Holmes v. W. T. Grant, Inc.*, 336 N.Y.S.2d 601  (Sup. Ct. 1972) ...................................... 3

*In re Morris*, 115 B.R. 752  (Bankr. E.D.N.Y. 1990) .................................................... 2, 6

*In re Waxman*, 128 B.R. 49  (Bankr. E.D.N.Y. 1991) ....................................................... 3

*Putnam Cty. Nat. Bank of Carmel v. Pryschlak*, 640 N.Y.S.2d 253 (App. Div. 1996) ...... 3

*Sanders v. Manufacturers Hanover Tr. Co.*, 644 N.Y.S.2d 1017 (App. Div. 1996) .......... 3

*Seyfarth v. Bi-Cty. Elec. Corp.*, 341 N.Y.S.2d 533  (Sup. Ct. 1973) ................................. 3

*Stern v. Hirsch*, 915 N.Y.S.2d 275 (App. Div. 2010) ........................................................ 3

*V.R.W., Inc. v. Klein*, 68 N.Y.2d 560 (1986) ..................................................................... 6

*Van Alstyne v. Tuffy*, 169 N.Y.S. 173 (Sup. Ct. 1918) ...................................................... 9

*William J. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh*, 16 N.Y.S.3d 581
    (App. Div. 2015) ............................................................................................................. 7

## STATUTES

C.P.L.R. § 5206 ........................................................................................................ 9

CPLR 5206(e) ......................................................................................................... 1

CPLR 5240 ..................................................................................................... passim

## **TREATISES**

Siegel, N.Y. Prac. § 522 (6th ed.) ....................................................................... 3

Non-parties Lyubov Mirvis and Tatyana Mirvis, as parent of SB[1], respectfully submit this memorandum in opposition to the motion for the execution of sale of the real property known as 289 Bayberry Drive North, Hewlett Harbor, New York 11557.

## PRELIMINARY STATEMENT

By this opposition, non-parties Lyubov Mirvis and Tatyana Mirvis, as parent of SB, "as interested persons"[2] seek a protective order pursuant to CPLR 5240 to enjoin Plaintiffs (hereinafter and collectively "Allstate") from enforcing the sale of the marital property and disrupting the lives of two families and the wellbeing and development of a four-year-old boy – SB - with special needs. SB grew up in this martial property and it is the only house he knows. He is currently attending HASC (Hebrew Academy for Special Children) school. HASC is a special school for children with developmental disorders. His wellbeing and development will be adversely affected[3] if Allstate is allowed to proceed with the sale of the marital property.

In support of its motion Allstate first argues, erroneously, that the sale of the martial property is warranted because the deed was not recorded as a tenancy by the entirety but even if it is "considered" held in tenancy by the entirety, such interest, Allstate argues, is still subject to enforcement proceedings against the judgment debtor's wife. Ignoring for a moment Allstate's procedural defects[4], Allstate's motion should be denied on the merits as the judgment debtor's spouse's rights cannot be abridged by the sale of the homestead property pursuant to CPLR 5206(e). Any enforcement must be

---

[1] To protect the minor's identity the undersigned will refer to him by his initials only.

[2] Pursuant to CPLR 5240 any interested person may move for modification or a protective order.

[3] If the court would so require, and if this motion should hinge on it, the undersigned would request more time to submit affidavits from healthcare professionals.

[4] Allstate was required to purchase a new index number and start a new proceeding to enforce the sale of the property under CPLR 5206(e). "The petitioner contends that the purchase of a new index number and commencement of a special proceeding was unnecessary because the sale of a homestead pursuant to CPLR 5206(e) is an enforcement device which does not require the commencement of a new proceeding and the purchase of a new index number. However, enforcement devices do not include the sale of a homestead (see CPLR 5222-5231). Accordingly, the Supreme Court should have dismissed the proceeding. *Braz v Shvartsman*, 300 AD2d 582, 583 [2d Dept 2002]."

limited to judgment debtor's interest in the property and not his spouse's interest. For these reasons and others discussed below, this Court should deny Allstate's motion.

## BACKGROUND

This motion concerns the marital property jointly owned by Lyubov Mirvis and Mark Mirvis located in Hewlett, New York that is also the primary and only marital residence of Mark and Lyubov Mirvis. In addition to the Mirvises, the house is also the homestead property of their daughter Tatyana, their son-in-law Alexander Boriskin, and their four-year-old grandchild. Plaintiff, has an unsatisfied judgment against the judgment debtor – Mark Mirvis. Based on this judgment, Allstate reasons that it can force the sale of the marital property in fee simple, including the portion owned by the non-party, judgment debtor's spouse - Lyubov Mirvis - and in the process throw two families, including a special needs four-year-old child, out on the streets of New York. Respectfully, for all the below stated reasons, Allstate's motion should be denied.

## ARGUMENT

### I.      This Court should deny Allstate's motion for a forced sale of Judgment Debtor Mark Mirvis's interest in the family residence because of non-party Lyubov Mirvis's interest and the interests of a four-year-old special needs minor.

Pursuant to New York law, when a judgment creditor seeks to execute on real property held by the judgment debtor and a spouse, it may only sell the judgment debtor's interest in the property. Where, as here, property is held as a tenancy by the entirety, sale of the husband's interest results in the purchaser becoming a tenant in common with the judgment debtor's spouse, subject to the spouse's right of survivorship. *In re Morris*, 115 B.R. 752, 756 (Bankr. E.D.N.Y. 1990). This results in an extremely awkward hardship in which the purchaser – in all likelihood a complete stranger – purchases the right to occupy the premises with the judgment debtor's spouse, and the possibility of full ownership only if the spouse predeceases the judgment debtor. *In re Waxman*, 128 B.R. 49, 51 (Bankr. E.D.N.Y. 1991). ("While the interest of a tenant by the entirety is subject to a lien stemming

2

from a judgment and may be sold upon a levy of execution under New York law, the practicalities of such action are dubious, as a creditor cannot force partition and any purchaser of the Debtor's interest becomes a tenant in common with the other tenant by the entirety, subject to the latter's right of survivorship.")

N.Y. C.P.L.R. § 5240 gives a court considerable discretion to issue a protective order preventing a judgment creditor from forcing a sale of the judgment debtor's interest where, as here, it would be a hardship for the judgment debtor's spouse or other family members and where the judgment creditor's interest is fully protected by a lien.[5] New York courts have regularly applied this provision to deny a judgment creditor's motion to compel the sale of the judgment debtor's interest in a family home. *See Stern v. Hirsch*, 915 N.Y.S.2d 275, 276 (App. Div. 2010); *Putnam Cty. Nat. Bank of Carmel v. Pryschlak*, 640 N.Y.S.2d 253, 254 (App. Div. 1996); *Sanders v. Manufacturers Hanover Tr. Co.*, 644 N.Y.S.2d 1017 (App. Div. 1996); *Seyfarth v. Bi-Cty. Elec. Corp.*, 341 N.Y.S.2d 533, 534 (Sup. Ct. 1973); *Hammond v. Econo-Car of N. Shore, Inc.*, 336 N.Y.S.2d 493, 496 (Sup. Ct. 1972); *Holmes v. W. T. Grant, Inc.*, 336 N.Y.S.2d 601, 603 (Sup. Ct. 1972); *Gilchrist v. Commercial Credit Corp.*, 322 N.Y.S.2d 200, 202 (Sup. Ct. 1971). *See also* Siegel, N.Y. Prac. § 522 (6th ed.) ("In cases involving a judgment debtor's tenancy by the entirety of the family residence, applications of CPLR 5240 have been generous, and frequent."); *id.* (noting a "de facto exemption for the residence in these situations"). Courts have reasoned that "the only purpose to be served by executing upon the husband's share, in economic terms representing just a survivorship interest, [is] to intimidate the wife into paying off [the husband's] debt . . . ." *Seyfarth*, 341 N.Y.S.2d at 534 (citing *Hammond*, 336 N.Y.S.2d at 496). Moreover, "[t]he fundamental point is that the judgment creditor is not harmed, but, in fact, is fully protected by relying on its lien." *Id.* This is so because

---

[5] N.Y. C.P.L.R. § 5240 reads in relevant part: "The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

> [t]here is no practical possibility of a commercial creditor, or sheriff sale speculator, getting immediate co-possession of a home with a woman and her child. And, in the long run, if the husband should outlive the wife and his survivorship interest comes into fruition by operation of law, the creditor may then enforce its lien against the entire property. Under any execution circumstance, the creditor's prospects of collecting sale monies from the jointly held property are extinguished if the husband dies first.

*Id.*

In the instant case, Allstate seeks to force the sale of the Mirvis's family residence. Mrs. Mirvis is not responsible for Mr. Mirvis's debt and should not be subject to the harassment of a forced sale to an unknown purchaser who will then have the right to occupy the home with her. The home is additionally the residence of the Mirvis's daughter and four-year-old grandson, who would also be affected if the execution sale is allowed to proceed. Mirvis Aff. ¶ 2. The particular need to protect a minor grandchild from the obvious potential harm caused by giving a stranger the right to occupy the premises or the loss of the family home if the non-party spouse feels resultant pressure to sell should counsel this Court to apply N.Y. C.P.L.R. § 5240 here to deny Allstate's motion to execute a sale.

Moreover, Allstate's interest in the house is fully protected by a judgment lien. If Mrs. Mirvis predeceases Mr. Mirvis, Allstate will be able to enforce its judgment against the property. *See Seyfarth*, 341 N.Y.S.2d at 534-35 ("if the husband should outlive the wife and his survivorship interest comes into fruition by operation of law, the creditor may then enforce its lien against the entire property"). If Mr. Mirvis predeceases Mrs. Mirvis, then the property will become hers and Allstate will have no claim on it. *See id.* ("Under any execution circumstance, the creditor's prospects of collecting sale monies from the jointly held property are extinguished if the husband dies first.") Notably, Allstate would face the same result if it were permitted to force a sale of Mr. Mirvis's interest – the purchaser would still be subject to Mrs. Mirvis's right of survivorship and would lose all interest in the property if Mrs. Mirvis outlives Mr. Mirvis. The only difference would be that the purchaser would have the right to occupy the property with Mrs. Mirvis during the lives of the Mirvis's – a

4

result that New York courts have already deemed to be tantamount to purposeless harassment of a judgment debtor's spouse. *See Seyfarth*, 341 N.Y.S.2d at 534 ("the threat of a sheriff's sale of even a contingent or future interest in a home has a universally mena[]cing impact and serves to undermine the basic tranquility of spousal home ownership, regardless of economic status"); *Hammond*, 336 N.Y.S.2d at 496 ("Perhaps the only value of immediate execution upon the husband's interest here is to put pressure on the wife, either to sell the house, or to pay off an obligation that is not hers. A sheriff's sale or deed can be a terrorizing feature to the legally unsophisticated.").

"[A]s a practical matter, [Allstate's] real interest is in asserting its lien in the event of a voluntary sale of the property, or in the husband's possibility of surviving the wife. The creditor's legitimate security interest is really protected by its judgment lien." *Hammond*, 336 N.Y.S.2d at 495. This Court should therefore deny Allstate's motion to force a sale, or issue a stay of execution until the death of Mr. or Mrs. Mirvis as to this property.[6]

## II.     Any forced sale must be limited to Judgment Debtor Mark Mirvis's interest in the property, which is subject to non-party Lyubov's right to occupy the property and right of survivorship.

It is well-settled in New York that a judgment creditor's interest in real property is no greater than that of the judgment debtor. *See Hogan v. Weeks for Ben. of Weeks*, 579 N.Y.S.2d 777, 777 (App. Div. 1991). Where, as here, property is held by the judgment debtor as a tenancy by the entirety with a non-creditor spouse, the only interest that can be sold is the husband's present possessory interest and right of survivorship. *See In re Morris*, 115 B.R. 752, 756 (Bankr. E.D.N.Y. 1990) (describing New York law); *V.R.W., Inc. v. Klein*, 68 N.Y.2d 560, 565 (1986) (purchaser of the interest of co-owner of a tenancy of the entirety receives "a right to shared possession and ownership subject to the

---

[6] This Court is authorized by N.Y. C.P.L.R. § 5240 to act *sua sponte*, and thus it is Mrs. Mirvis's position that a separately noticed motion for a stay is unnecessary. In the interest of judicial economy, she makes this alternative request as part of her opposition to Allstate's motion. However, should this Court deem a formal motion for a stay to be necessary, she will make one.

original cotenants' reciprocal rights of survivorship"); *Gard Entm't, Inc. v. Block*, 960 N.Y.S.2d 50 (Table) (Sup. Ct. 2012) ("The interests of a tenant by the entirety are a right to the use of an undivided half of the property during the joint lives of a husband and wife and a survivorship right to the entire fee" (internal quotation marks omitted)).

While Allstate is vague about precisely what it seeks to sell, it appears by its motion and its analysis of the full property value that it seeks to sell the property in fee simple, rather than simply Mr. Mirvis's interest in it. As discussed above and leaving aside Mrs. Mirvis's valid reasons for requesting a denial pursuant to C.P.L.R. § 5240, Allstate is at most entitled to execution of Mr. Mirvis's interest in the property. Such interest consists of a present possessory interest held in conjunction with Mrs. Mirvis, and Mr. Mirvis's right to survivorship. Allstate is not entitled to sell the property in fee simple and give Mrs. Mirvis half of the proceeds, as this would extinguish her rights of possession and survivorship.

Allstate apparently bases its request to execute a sale of the entire property in fee simple on two misleading quotations from *Gard*. Allstate's brief states, "[T]he Judgment Debtor's 'interest in a tenancy by the entirety is not exempt for enforcement purposes,' and such an interest is subject to 'sale and enforcement by execution.' *Gard Entm't, Inc. v. Block*, 36 Misc. 3d 1236(A) (N.Y. Sup. Ct. 2012)." Memorandum of Law in Support of Plaintiffs' Motion to Direct U.S. Marshals to Conduct Execution Sale of Real Property Owned by Judgment Debtor Mark Mirvis ("Memo. in Support") at 7. Those two quotes are excerpted from this passage in *Gard*:

> A judgment debtor's tenancy by the entirety is not exempt for enforcement purposes. The interests of a tenant by the entirety are a right to the use of an undivided half of the property during the joint lives of a husband and wife and a survivorship right to the entire fee. Accordingly, an interest of a tenant by the entirety is not exempt from sale and enforcement by execution.

*Gard*, 960 N.Y.S.2d 50 (Table) (internal quotation marks and citation omitted). *Gard* in fact thus makes clear that the only interest that can be enforced by execution is the debtor's use of the property

and right of survivorship – the spouse's concomitant right of possession and survivorship cannot be executed upon, and thus the property cannot be sold in fee simple. Moreover, the court in *Gard* was careful to point out in justifying an order of sale that the property at issue "[wa]s not the marital residence," *id.*, and additionally there is no indication in *Gard* that any request pursuant to C.P.L.R. § 5240 had been made.

Allstate also cites to *William J. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh*, 16 N.Y.S.3d 581 (App. Div. 2015), but that case held only that a conveyance from husband to wife where property had previously been held as a tenancy by the entirety could be deemed a fraudulent conveyance entitling a creditor to attorney's fees. *Id.* at 584. It is entirely inapposite to the question of whether a creditor has the right to force the sale of a debtor spouse's interest in a property. Similarly, Allstate's reliance on *AMEV Capital Corp. v. Kirk*, 580 N.Y.S.2d 424 (App. Div. 1992), is misplaced. *AMEV Capital* held only that the lower court's order allowing "an execution sale of [the debtor-husband's] interest in the homestead" was proper, in part because the wife's "interest in the real property would not be affected by the sale." *Id.* at 425. The case provides no support for Allstate's request to sell the property in fee simple, ignoring Mrs. Mirvis's possessory and survivorship rights.

Allstate slips into a footnote its attempt to argue that "the entire value of the property is subject to execution" because "the participation of the Judgment Debtor's wife in the fraudulent conveyances destroyed any tenancy by the entirety that may have been held." Memo. in Support at 7 n.6. It is unclear whether Allstate is arguing here that it is entitled to keep the proceeds of the entire value of the property (giving no share to Mrs. Mirvis), or whether it is arguing that it is entitled to force the sale of a half share of the property unencumbered by Mrs. Mirvis's right of survivorship. Either argument would be wrong.[7]

---

[7] Moreover, Mrs. Mirvis objects to the lack of service of process. While Mr. Mirvis was served with the Writ of Execution, Mrs. Mirvis is not a defendant in this action and has not been served. To the extent Allstate seeks to encumber or eliminate Mrs. Mirvis's property rights, she is of course entitled

*Clarkson Co. v. Shaheen*, 533 F. Supp. 905, 924 (S.D.N.Y. 1982), the case on which Allstate relies, makes it clear that although the wife there was stripped of her right of survivorship, she retained a tenancy in common, and therefore a half interest in the property. *See id.* at 924 ("permit[ting] a sale of [the debtor's] interest for [the creditor's] benefit whereby any purchaser and [the debtor's wife] would continue as tenants in common"). There is no way to read that case as authorizing a court to disregard a debtor's wife's property interest entirely as punishment for a fraudulent conveyance.

There is also no ground for applying *Clarkson*'s actual holding – that a debtor's wife can be stripped of her right to survivorship and left as a tenant in common – to this case. While this Court has deemed the conveyances to the Mirvis's daughter, Tatyana, to be fraudulent conveyances pursuant to NYDCL Section 273-a, it made no finding that Mrs. Mirvis acted in bad faith or made any false statements. *See Allstate Ins. Co. v. Mirvis*, No. 08CV4405SLTPK, 2017 WL 3981297 (E.D.N.Y. Sept. 8, 2017); ECF No. 505 (Report & Recommendation). There is no evidence that Mrs. Mirvis had any involvement at all aside from signing the conveyance documents where required. Additionally, this Court has already applied the fraudulent conveyance statute to remedy any harm to Allstate's interests – there is no reason to give Allstate a windfall in covering Mr. Mirvis's debt at Mrs. Mirvis's expense.

In contrast, in *Clarkson* the husband and wife devised multiple conflicting explanations for the conveyance, at first contending it was a gift, then the debtor's wife, on the stand, appeared to concoct a story that it was in fact a sale. That court found specifically that the wife's story that the gift was a sale was "recent fabrication supported only by perjury," that the wife "intended, by this deceit, to defraud Mr. Shaheen's creditors," and that the wife "was a partner in a fraudulent endeavor to retain the entire property for herself and gave false testimony as to consideration in furtherance of that fraud." *Clarkson*, 533 F. Supp. at 924. No similar extensive wrongdoing can be found here that would

---

to due process, including proper notice. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

justify stripping Mrs. Mirvis of her right of possession and survivorship. Additionally, the property at issue in *Clarkson* was a vacation home, *id.* at 924, not the primary family home to which New York law gives special protection, *see* C.P.L.R. § 5206 (homestead exemption); Siegel, N.Y. Prac. § 522 (6th ed.) (citing "judicial acknowledgments that any levy against the family home at the behest of the creditor of only one of the spouses would be an intolerable interference with family life").

Finally, *Clarkson* was not issued by a New York court but rather by a federal district court, which in support of its holding cited only a single New York decision from 1918 involving a husband who murdered his wife and whose estate thereby contended that he owned property held under a tenancy in the entirety pursuant to his right of survivorship. *Van Alstyne v. Tuffy*, 169 N.Y.S. 173, 173 (Sup. Ct. 1918). In light of that horrific wrongdoing, the *Van Alstyne* court, relying on several cases from the 1800s and generalities such as that "[t]he principle is fundamental that no man shall be permitted to profit by his own wrong," stripped the murderer of his right of survivorship as against his murdered wife. *Id.* Allstate has not and cannot find a New York court that has applied this principle to strip a right of survivorship from a non-debtor spouse, particularly where, as here, there is no evidence that the spouse acted in bad faith.

It is thus clear that, at most, Allstate can seek to execute on the sale of Mr. Mirvis's present possessory interest and right to survivorship – it cannot force a sale of the property in fee simple. However, as discussed above, this Court should instead deny this motion or impose a stay of execution pursuant to N.Y. C.P.L.R. § 5240 until the death of either Mr. Mirvis or Mrs. Mirvis, in order to protect Mrs. Mirvis's interest in her marital residence and because Allstate's interest is fully protected by its lien.

## CONCLUSION

For the foregoing reasons, Allstate's motion should be denied, or this Court should impose a stay of execution pursuant to N.Y. C.P.L.R. § 5240 until the death of either Mr. Mirvis or Mrs. Mirvis.

Dated: Brooklyn, New York
      July 23, 2019

            LAW OFFICE OF GARY TSIRELMAN, P.C.

            By: _____/s/_____
            GARY TSIRELMAN
            Attorneys for Non-Party Lyubov Mirvis and SB
            129 Livingston St
            Brooklyn, New York 11201
            (718) 438-1200