**GTPC** GARY TSIRELMAN P.C.

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
gtsirelman@gtmdjd.com

July 25, 2019

<u>**Via ECF**</u>

Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Allstate Ins. Co., et al. v. Mirvis*, *et al.*, **No. 08-CV-4405 (PKC) (PK) Motion to Extend Deadline for Plaintiffs to Reply to Non-Parties' Opposition**

Dear Judge Kuo:

We represent interested parties Lyubov Mirvis and Tatyana Mirvis as parent of a four-year-old child. We write in opposition to Plaintiff's request for more time to submit their reply [648] in support of their motion regarding the sale of the marital property [631] and to our opposition to their motion [646].

As the court may be aware, we are living in the most mournful three weeks of the Jewish calendar. The three weeks between the 17[1] day of the month of Tamuz, when the walls of Jerusalem were breached, and the 9[2] day of the month of Av, when the first Jewish Temple and the second Jewish Temple were destroyed 1000 years apart, when all the Jews were thrown out of their homeland and scattered around the world. It is within this context that Plaintiff's attorney, who is Jewish, is asking the Mirvises, who are Jewish, to give him more time so that he can be better prepared to scatter a mother and her four-year-old child with developmental disorders away from their home. The timing of this, when Mr. Stern called, did not escape me.

Nonetheless, as a professional curtesy, and without my client's knowledge, I offered Mr. Stern four additional days to reply. Significantly, the reason for agreeing to half the request needs to be explained. After Mr. Stern filed his motion [631] requesting the sale of the marital property, Mr. Silber (Tatyana Mirvis's attorney) had asked for four weeks to oppose the motion. In response, Mr. Stern only consented to half the time. In fact, had Mr. Stern granted Mr. Silber the extension,

---

[1] July 21st 2019
[2] August 10th 2019

there would be no need for the Mirvises to hire the undersigned and Mr. Stern would have gotten the same courtesy from Mr. Silber to write his reply. Ironically, Plaintiff, as a reason for requesting more time, submits that "the requested extension of one week is more than *reasonable*, particularly given that L. Mirvis and T. Mirvis had 36 days after the Motion to file their Opposition." (*emphasis added*). By the time Mr. Silber called for the courtesy of more time to oppose the motion, Mr. Stern had had years to file the motion and Mr. Silber had only a few weeks to write his opposition. This is so, even though Mr. Silber is a solo practitioner who does not specialize in this field and Mr. Stern is a partner at Morrison and Mahoney with offices in ten states, with at least ten partners and sixteen associates in New York alone. As if it is not enough time or manpower to write a reply, Mr. Stern marches into court hand in hand with Cadwalader, Wickersham & Taft LLP, one of the most prominent white shoe firms in the world. One week, until July 30th, is certainly enough time for two large firms to file a reply because a decision on whether or not a mother and child will be forced to look for a new place to live and for a new special school for children with developmental disorders cannot come fast enough.

For all the above-stated reasons, Plaintiff's motion should be denied. Alternatively, Plaintiff's time should be extended to August 3rd.

We thank the court for your consideration of the above arguments.

Respectfully submitted.

/s/_____

Gary Tsirelman Esq.