UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY, et al.,  :
                                                                        :
                            Plaintiffs,           :           **REPORT AND**
                                                                        :           **RECOMMENDATION**
          -against-                                  :           **AND ORDER**
                                                                        :
MARK MIRVIS, *et al.*,                            :           08-CV-4405 (PKC)(PK)
                                                                        :
                          Defendants.        :
--------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

       Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company (collectively, "Plaintiffs") have filed a Motion to Adjudge Mark Mirvis in Civil Contempt and for Sanctions ("Motion"). (Motion, Dkt. 594.) The Honorable Pamela K. Chen referred the Motion to the undersigned. (*See* May 13, 2019 Order.) For the reasons stated herein, the undersigned certifies the following facts to Judge Chen and issues an order requiring Mirvis to appear before the Court on December 2, 2019 at 12:00 p.m. to show cause as to why he should not be found in contempt.

<strong><u>PROCEDURE ON A MOTION FOR CIVIL CONTEMPT</u></strong>

       "United States magistrate judges have limited civil contempt authority." *Ferrara v. BD Haulers Inc.*, 11-CV-940 (ADS) (ARL), 2018 WL 3625347, at *3 (E.D.N.Y. Apr. 30, 2018), *R&R adopted*, 2018 WL 4087914 (E.D.N.Y. Aug. 27, 2018). Pursuant to 28 U.S.C. § 636(e), unless the parties consent to the magistrate judge's jurisdiction to preside over the case or it is a misdemeanor case under 18 U.S.C. §3401, the magistrate judge "functions only to certify the facts and not to issue

1

an order of contempt." *Trs. of Empire State Carpenters Annuity v. Duncan & Son Carpentry, Inc.*, 14-CV-2894, 2015 WL 3935760, at *3 (E.D.N.Y. June 26, 2015). Particularly, 28 U.S.C. § 636(e)(6)(B)(iii) states that the magistrate judge

> shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge. 28 U.S.C. § 636(e)(6)(B)(iii).

In certifying the facts, "the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima face case of contempt." *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (internal quotation marks omitted).

Here, the parties have not consented to the undersigned's jurisdiction and this is not a misdemeanor case proceeding under 18 U.S.C. § 3401. Accordingly, the undersigned certifies the following facts to the District Judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and issues an order requiring Mirvis to appear before the Court on a date certain to show cause as to why he should not be found in contempt.

## CERTIFIED FACTS

1. On April 8, 2015, Plaintiffs obtained a default judgment against Mirvis and several co-defendants, in the amount of $45,657,401.01, for which all the defendants are jointly and severally liable (as corrected on May 5, 2015, the "Judgment"). (Dkt. 298, 303.)

2. Shortly thereafter, Plaintiff served an information subpoena on Mirvis, pursuant to Fed. R. Civ. P. 69(a) and N.Y. C.P.L.R. 5224(a)(3), requesting information about his financial condition, including details about any property which could be used to satisfy the Judgment (the "Subpoena"). (Dkt. 594-4.) The Subpoena required Mirvis to answer several questions under oath and send the answers to Plaintiffs in an enclosed, postage-prepaid envelope within seven

2

    days. (*Id.* at 4.) A copy of the U.S. Postal Service ("USPS") Certified Mail Receipt shows that Mirvis received the Subpoena on July 13, 2015. (*Id.* at 24.) Although his response was due on July 20, 2015, Mirvis did not respond. (Marvin Decl. ¶¶ 9-10, Dkt. 594-3.)

3. On May 18, 2016, Attorney Oleh N. Dekajlo filed a notice of appearance of behalf of Mirvis. (Dkt. 361.)

4. In a letter dated July 28, 2016, Plaintiffs informed Mirvis that he had failed to respond to the Subpoena and requested that he "deliver full and complete responses" to Plaintiffs' counsel's office by August 10, 2016, or Plaintiffs would seek remedial measures. (Dkt. 594-5.) The letter, with a copy of the Subpoena, was sent to both Mirvis and Dekajlo. Mirvis did not respond to the letter. (Marvin Decl. ¶ 10.)

5. On October 19, 2016, Plaintiffs filed a Motion to Compel requesting that the Court compel Mirvis, as well as several other judgment-debtors to whom subpoenas were also addressed, to respond to the Subpoena. (Dkt. 445.) The Court's Electronic Case Filing system ("ECF") sent a copy of the motion to Dekajlo. (Dkt. 594-6.) Plaintiffs also sent a copy of the motion directly to Mirvis via USPS, certified return receipt requested. (Dkt. 594-7.) Mirvis did not respond to the motion.

6. On September 13, 2017, the Court granted Plaintiffs' Motion to Compel as follows:

> ORDER granting 445 Motion to Compel. Judgment Debtors Mark Mirvis, Georgy Statnrosh a/k/a Gary Statnigrosh a/k/a Georgy Statnigrosh, Mark Lupolover, 825 Broadway Medical Care P.C., and Flatlands Best Management Group, Inc., are ordered to respond to Plaintiffs' post-judgment information subpoenas by **September 25, 2017**. Failure to comply may result in contempt proceedings against the non-compliant party. *See* N.Y. C.P.L.R. 2308(b); Fed. R. Civ. P. 69(a)(2). Ordered by Magistrate Judge Peggy Kuo on 9/13/2017.

7. ECF sent a copy of the Order to Dekajlo. (Dkt. 594-8.) Mirvis did not comply with the Order. (Marvin Decl. ¶¶ 13-15.)

8. On July 3, 2018, Attorney Dekajlo filed a motion to withdraw as Mirvis's attorney. (Motion to

Withdraw as Attorney, Dkt. 562.) A hearing on the motion was held on July 13, 2018, at which Mirvis was present. Attorney Dekajlo was terminated as Mirvis's counsel, and the Court gave Mirvis a month to obtain new counsel. He was also informed that Plaintiffs intended to file a motion for civil contempt against him for failure to comply with the Order and respond to the Subpoena. During the hearing, the Court set a briefing schedule for the parties to exchange papers and file the Motion, response, and reply.

9. On October 22, 2018, Plaintiffs filed the Motion. Mirvis did not respond to the Motion.
10. As of October 17, 2019, Mirvis "has not answered or otherwise responded to the Subpoena… [n]or has he responded in any manner to the Motion…." (Pls' Supp. Briefing at 1, Dkt. 653.)

## ANALYSIS

"It is a firmly established principle that federal courts possess the inherent power to punish for contempt." *Giuliano v. N.B. Marble Granite*, 11-MD-00753 (JG) (VMS), 2014 WL 2805100, at *5 (E.D.N.Y. June 20, 2014) (quoting *Universitas Educ., LLC v. Nova Grp., Inc.,* 11-CV-1590 (LTS), 2013 WL 3487350, at *1 (S.D.N.Y. July 12, 2013)). A court may hold a party in contempt if the following three factors are met: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). The violation need not be willful. *Id. (citing Donovan v. Sovereign Sec. Ltd.,* 726 F.2d 55, 59 (2d Cir.1984)).

### A. Clear and Unambiguous Order

The Order was clear and unambiguous in requiring Mirvis to respond to the Subpoena by a specific deadline. (Sept. 13, 2017 Order.) The Order also put Mirvis on notice that failure to respond to Plaintiffs' post-judgment information subpoenas could result in contempt proceedings. (*Id.*) Mirvis has never expressed any confusion about the terms of the Order. In fact, when he

4

appeared at a hearing on his counsel's motion to withdraw, Mirvis was put on notice that Plaintiffs intended to file a motion for contempt. (Jul. 13, 2018 Minute Entry.)

### B. Clear and Convincing Proof of Noncompliance

Plaintiffs submitted a sworn declaration by counsel, stating that, as of October 22, 2018, Mirvis had not contacted Plaintiffs concerning the Subpoena, or "provided Plaintiffs with either a response to the Subpoena or any reason for their failure to provide such response." (Marvin Decl. ¶ 13, Dkt. 594-3.) As of October 17, 2019, Mirvis still had not responded to the Subpoena or made any filing to the Court explaining his failure to respond. (Pls' Supp. Briefing at 1, Dkt. 653.)

Plaintiffs provided proof that Mirvis was served with the Subpoena and, subsequently, was sent a letter, directly and through counsel, requesting that he respond to it. (*See* Dkts. 594-4; 594-5, 594-8.) There is also no question that Mirvis was aware of the Order: he received notice through counsel and was also personally informed by the Court at the hearing on July 13, 2018, of his obligation to comply with the Order and respond to the Subpoena.

Moreover, despite a clear briefing schedule for the Motion, set in his presence, Mirvis failed to file any response to the Motion. Plaintiffs effected personal service of the Motion on Mirvis, in compliance with Local Civil Rule 83.6. (Dkt. 594-4.)

### C. Lack of Diligent Attempt to Comply

The record is devoid of any effort by Mirvis to respond to or comply with the Order.

The undersigned is mindful that Mirvis has been unrepresented since his counsel was terminated from the case on July 13, 2018. However, despite being *pro se*, Mirvis has been actively engaged, through the *Pro Se* and Clerk's Offices, in making requests to the Court, seeking extensions of time and explaining his failure to appear in court, as evidenced by the following docket entries:

- June 25, 2019 - Mirvis filed an "Application for the Court to Request Counsel" (Dkt. 632) and "Request to Proceed *In Forma Pauperis* in Support of the Application for the Court to Request Counsel" (Dkt. 633)

5

- June 28, 2019 – Mirvis filed a letter requesting an extension of time to file a response to Plaintiffs' Motion to Conduct Execution Sale of Real Property Owned by Judgment Debtor Mark Mirvis (Dkt. 636)

- July 8, 2019 - Mirvis filed a letter reply to Plaintiffs' opposition to his request for court-appointed counsel (Dkt 639)

- July 9, 2019 – Mirvis filed a letter requesting adjournment of Plaintiffs' motion (Dkt 640) (The letter is dated June 27, 2019 and appears to repeat the request filed on June 28, 2019 at Dkt. 636)

- July 11, 2019 – Mirvis filed two letters explaining his failure to appear at a hearing on July 10, 2019 (Dkts. 642, 643)

These actions indicate that Mirvis is aware of this matter, understands the issues involved, and is capable of making his concerns known to the Court, as well as to Plaintiffs. Accordingly, even granting Mirvis the leeway appropriate for *pro se* litigants, it is clear that he has not been diligent in attempting to comply with the Order in a reasonable manner.

### D.  Recommended Finding of Contempt

In light of the above findings – that the Order was clear and unambiguous, that the evidence is clear and convincing that Mirvis failed to comply with the Order, and that Mirvis did not diligently attempt to comply with the Order – the undersigned recommends that Mirvis be held in contempt.

## CONCLUSION

The undersigned respectfully certifies the foregoing facts, recommends a finding of contempt against Mirvis, and orders that Mirvis appear before the Honorable Pamela K. Chen on December 2, 2019 at 12:00 p.m. in Courtroom 4 F North, to show cause as to why he should not be found in contempt. In the event the Court finds Mirvis in contempt, the undersigned recommends the imposition of sanctions to secure compliance with the Order, including daily fines and incarceration, and to compensate Plaintiffs, including the award of attorneys' fees.

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         October 28, 2019