UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------

Allstate Ins. Co., et al.,

                                        Plaintiffs,

                   - against-

Mark Mirvis, et al.,

                                        Defendants.
-----------------------------------------------------------------------------------

Civil Action No. 1:08-cv-4405-SLT-PK


**<u>Objection To Report & Recommendations</u>**


　　　　Pursuant to Fed. R. Civ. P. 72(b)(2), non-party Lyubov Mirvis respectfully submits the following objections to Magistrate Judge Peggy Kuo's Report and Recommendations ("R&R"), dated March 5, 2020 (Dkt. 694).

　　　　I.　　　　Facts

　　　　This motion stems from the Plaintiffs' attempt to collect on a default judgment against Defendant Mark Mirvis (Judgment, Dkt. 303). For the purposes of resolving the motion, the relevant facts are these: Defendant Mark Mirvis and his wife, non-party Lyubov Mirvis ("Lyubov"), own and reside at the home at 289 Bayberry Drive North in Hewlett Harbor, New York ("289 Bayberry"). On May 11, 2015, Mark Mirvis and Lyubov sought to convey each of their interests in 289 Bayberry to their daughter, non-party Tatyana Mirvis ("Tatyana"), who also lives at the home, along with her husband and young son. On September 8, 2017, this Court granted Plaintiffs' motion to void this conveyance as fraudulent, and ordered that Mark Mirvis's interest in 289 Bayberry was to subject to levy toward satisfaction of the default judgment in this matter. (Dkts. 511, 512). The instant motion seeks an order directing the U.S. Marshalls to sell 289 Bayberry, despite non-party Lyubov's rights as a tenant by the entirety under New York law.

　　　　II.　　　　Argument

　　　　　　　　a.　　Legal standards

　　　　"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Graham v. Ferretti*, No. 14-CV-5815 (PKC), 2018 WL 1392344, at *1 (E.D.N.Y. Mar. 20, 2018).

1

The role of a federal court in interpreting state law "is to construe and apply state law as we believe the state's highest court would, not to adopt innovative theories that may distort established state law." *City of Johnstown v. Bankers Standard Ins. Co.*, 877 F.2d 1146, 1153 (2d Cir. 1989) (internal citations omitted). Federal courts must accept the interpretation of state law given by that state's highest court. *See Rubin v. Garvin*, 544 F.3d 461, 468 (2d Cir. 2008). "Where there is no decision by the state's highest court then federal authorities must apply what they find to be the state law after giving proper regard to relevant rulings of other courts of the State." *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994) (internal quotation marks and brackets omitted). "It is a well-established principle that the ruling of an intermediate appellate state court is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Windsor v. United States*, 699 F.3d 169, 177 (2d Cir. 2012), *aff'd*, 570 U.S. 744, 133 (2013) (internal quotation marks and citations omitted).

b.  Stripping a spousal co-tenant of her right to survivorship is an improper enlargement of the statutory remedy for fraudulent conveyance, which is limited to voiding the conveyance.

Under New York law, even where a creditor may attach the interest of a debtor in real property, the spouse of that debtor who shares a tenancy in the entirety retains her individual interest, including the right to survivorship in the debtor's interest. *See Hutcheson v. Jatczack*, 257 A.D. 1008, 1008 (App. Div. 2nd Dep't 1939) ("If plaintiffs succeed in setting the conveyance aside, they can proceed only against the interest of the present defendant wife in the property, and the interest of her husband will not be affected."). Where a creditor has obtained a levy against one tenant in the entirety, it is entitled only to sell that debtor's interest, while the non-debtor spouse maintains her interest, including her right of survivorship. *See First Fed. Sav. & Loan Ass'n of N.Y. v. Lewis*, 14 A.D.2d 150, 154 (App. Div. 2d Dep't 1961).

Fraudulent conveyance of jointly held property of the debtor and his spouse does not change this bedrock principle of New York law. The statutory remedies available for the conveyance of property to remove it from the reach of a potential judgment creditor are limited to placing the parties in status quo ex ante. *See Blakeslee v. Rabinor*, 182 A.D.2d 390, 392 (App. Div. 1st Dep't 1992); N.Y. Debtor & Credit L. § 278.

Indeed, the Court of Appeals has settled the issue under dispute here. In *Fed. Deposit Ins. Corp. v. Porco*, 75 N.Y.2d 840, 842 (1990), it held that courts may not alter the rights of non-debtors who "were neither transferees of the assets nor beneficiaries of the [fraudulent] conveyance." The defendant in *Porco* assisted the debtor in transferring his funds to a Swiss bank account apparently out of reach of the creditor. *Id.* at 841. The Court of Appeals affirmed the Appellate Division's holding that the Debtor and Creditor Law provides no remedy other than the "nullification of the conveyance and, where undertaken after judgment, additionally to secure the [debtor's interest in the] assets in satisfaction of the debt." *Id.* at 842.

Standing alone, this definitive statement by New York's highest court compels denial of Plaintiffs' motion, at least as to non-party Lyubov Mirvis because there is no dispute that she was neither a transferee nor a beneficiary of the attempted conveyance of 289 Bayberry. Once the conveyance to Tatyana was voided as fraudulent, the ownership of 289 Bayberry was returned to the status quo ex ante – a tenancy in the entirety held by Mark and Lyubov Mirvis. *See Porco*, 75 N.Y.2d at 842; *Blakeslee*, 182 A.D.2d at 392.

       c.  New York law forbids stripping a non-debtor spouse of her right to survivorship for a fraudulent conveyance.

In an attempt to manufacture bad faith where none could plausibly be found, Plaintiffs have argued that Lyubov's "role in conveying 289 Bayberry to Tatyana in May 2015 constituted fraud and destroyed any tenancy by the entirety." R&R at 5 (internal quotation marks omitted). The Magistrate Judge adopted this meritless argument, finding that Lyubov "effectuat[ed]" her husband's fraudulent conveyance based on Tatyana's testimony that her "parents" told her that the transfer "was the proper way to proceed." R&R at 5-6.

In fact, Lyubov, as a non-debtor, was perfectly within her rights to convey her interest in 289 Bayberry to Tatyana, and there is no basis in New York law to strip her of her right of survivorship for seeking to do so. *See Marine Midland Bank v. Murkoff, 120 A.D.2d 122, 132* (App. Div. 2nd Dep't 1986); *Finnegan v. Humes*, 252 A.D. 385, 387 (App. Div. 4th Dep't 1937), *aff'd*, 277 N.Y. 682 (1938) (holding that debtor's wife retained all property rights from tenancy by the entirety, including right of survivorship, even where married couple jointly conveyed property to third party *after* creditor obtained judgment against debtor); N.Y. Debtor & Creditor Law (containing no provision precluding a non-debtor spouse from conveying her interest to a third party).

But even assuming *arguendo* that her assent to her husband's conveyance of his interest could be construed as misbehavior, New York case law does not permit stripping a non-judgment-debtor spouse of her right of survivorship because of a fraudulent conveyance.

The Appellate Division's decision in *Murkoff* is particularly instructive. There, the defendant debtor jointly owned his family home with his wife as tenants in the entirety. 120 A.D.2d at 124. He sought to convey his interest to his wife, but the conveyance was set aside as fraudulent. *Id.* at 125. Unsatisfied by securing a levy on the debtor's interest, the plaintiff-creditor sought to terminate the tenancy by the entirety and extinguish the wife's right of survivorship based on her "participation in the fraud" as a party to the fraudulent conveyance, just as plaintiffs here argue. *Id.* at 129-30. The court traced the history of New York fraudulent conveyance jurisprudence, noting that "[e]ven before the Legislature's adoption of the Uniform Fraudulent Conveyance Act, it was established that the relief to which a defrauded creditor was entitled in an action to set aside a fraudulent conveyance was limited to that which could have been obtained had there been no conveyance." *Id.* at 130 (citing *Hamilton Nat'l Bank v. Halsted*,

134 N.Y. 520 (1892)). The state's enactment of the Debtor and Creditor Law in 1925 codified this common law understanding of fraudulent conveyance. *Id.* ("Such a rule is consistent with the act, the remedy provisions of which allow the creditor only to reach the property as if there had been no conveyance."). To destroy the tenancy by the entirety and the spousal right of survivorship would amount to "punishment," which "is not a proper basis for granting relief in a fraudulent conveyance action." *Id.* at 131.

Thus, even where the non-debtor spouse was an actual recipient of the fraudulent conveyance – far more egregious behavior than Lyubov's mere agreement to convey her and her husband's interest to her daughter – New York law forbids disturbing the spouse's right of survivorship. *See id.* ("Depriving [a spouse] of her survivorship interest is plainly punitive and it is not a permissible remedy.").

The Second Circuit and most federal district courts to consider the issue are in accord. *See Travelers Ins. Co. v. 633 Third Assocs.*, 973 F.2d 82, 87 (2d Cir. 1992) (A "creditor would not be entitled to . . . an order terminating the tenancy by the entirety (for the debtor's interest in the property prior to the conveyance was already subject to his wife's right of survivorship). . . . *Murkoff* stands for the proposition that a judgment creditor does not gain new rights in property by means of a fraudulent conveyance action."); *see also In re Enron Corp.*, No. 04 Civ. 1367 (NRB), 2005 WL 356985, at *10 (S.D.N.Y. Feb. 15, 2005); *U.S. Fid. & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 925 (E.D.N.Y. 1999) (holding that fraudulent conveyance from debtor to his spouse may be voided, but spouse maintains her tenancy by the entirety, including right of survivorship); *Hassett v. Goetzmann*, 10 F. Supp. 2d 181, 193 (N.D.N.Y. 1998) (rejecting argument that fraudulent conveyance terminates right of survivorship for tenancy in entirety); *Orbach v. Pappa*, 482 F. Supp. 117, 120 (S.D.N.Y. 1979) ("The Trustee argues that the fraudulent conveyance terminated the tenancy by the entirety between the bankrupt and the defendant and converted the ownership of said real property to that of a joint tenancy or tenancy in common. Plaintiff cites no authority for this proposition, and the Court's own research has not revealed any such authority. Indeed, the law in New York appears to be to the contrary.").

To avoid the result dictated by this overwhelming (and binding) authority, the Plaintiffs rely on two district court decisions from the 1980s that misread New York law and in any event cannot be good law after the Second Circuit's subsequent endorsement of *Murkoff* in 1992. *See Travelers*, 973 F.2d 82.

In *Clarkson Co. v. Shaheen*, 533 F. Supp. 905 (S.D.N.Y. 1982), the Court terminated a non-debtor spouse's right to survivorship where she was both the recipient of her husband's fraudulent conveyance and repeatedly perjured herself in attempted to cover up the fraudulent nature of the transfer. *Id.* at 924. The district court reasoned that "equity permits" this result citing as its only support a 1918 Monroe County Supreme Court decision, which found that a

husband could not inherit his wife's property by murdering her. *See id*. (citing *Van Alstyne v. Tuffy*, 103 Misc. 455 (Sup. Ct. Monroe Co. 1918)).

*Shaheen* does not correctly state New York law, which is why the Appellate Division in *Murkoff* specifically rejected *Shaheen* for "disregard[ing] [New York's] nonpunitive principle" in "[d]epriving [a spouse] of her survivorship interest." First, *Shaheen* conflicts with the basic rule that the remedy for fraudulent conveyance is simply the undoing of such conveyance and return to the status quo. *See Murkoff*, 120 A.D.2d at 132 (remedies for fraudulent conveyance "are clearly geared toward reestablishing the status quo ante, rather than punishing the debtor."). The *Shaheen* opinion does not attempt to reconcile its holding with the history of New York common law or statutory interpretation laid out in *Murkoff*, which makes plain that a debtor's spouse does not lose her right of survivorship even if she participates in the fraud. *See* 120 A.D.2d at 131. Indeed, the *Murkoff* panel specifically rejected *Shaheen* for failing to follow the law and criticized its sole reliance on *Van Alsyne* ("simply another in the long line of cases which preclude a murderer or his heirs from succeeding to the property of the victim") as "inapplicable to the law of fraudulent conveyances." *Id.* at 132.

*Murkoff* has thus established that *Shaheen* misstates New York law. More importantly, the Second Circuit's endorsement of *Murkoff* is binding precedent for this Court for the proposition that "[a] creditor would not be entitled to . . . an order terminating the tenancy by the entirety" for a fraudulent conveyance. *See Travelers*, 973 F.2d at 87. Finally, even under the reasoning of *Shaheen*, because Lyubov was not a beneficiary of the fraudulent conveyance, there would be no equitable basis to terminate her right of survivorship. *See* 533 F. Supp. 905 at 924.

The R&R also relies on *Hall-Mark Elecs. Corp. v. MGS Mktg., Inc.*, No. 86 C 4346, 1987 WL 13211 (E.D.N.Y. June 29, 1987), in which the district court found a likelihood of success in showing that the non-debtor spouse was the recipient of a fraudulent conveyance from her debtor-husband and actively sought to hide the fraud from the court. *Id.* at *9. In the two sentences finding a likelihood of success on the merits, the court cited only *Shaheen*, without discussion, to support its preliminary conclusion that the spouse could be stripped of survivorship. *Id.* This Court should accord *Hall-Mark*'s preliminary determination no weight because, as with *Shaheen*, it plainly conflicts with New York statutory and decisional law, and has been in any event superseded by the Second Circuit's endorsement of *Murkoff*. *See Travelers*, 973 F.2d at 87.

Indeed, the recommendation of the Magistrate Judge to strip Lyubov of her survivorship right is plainly punitive, in direct contradiction of New York law as explained in *Murkoff*. The R&R posits that "[l]osing her right of survivorship is proportional to" Lyubov's conduct, R&R at 7, but this conflicts with the instructions of New York courts and the Second Circuit. "Depriving [the spouse] of her survivorship interest is plainly punitive and it is not a permissible remedy." *Murkoff*, 120 A.D.2d at 132; *see also Travelers*, 973 F.2d at 87 (2d Cir. 1992) (A "creditor . . . is

[] barred from using the fraudulent conveyance action as a means to expand its interests in property."). New York does not permit the remedy that Plaintiffs seek here.

      III.     Conclusion

      For the reasons stated above, this Court should modify the R&R as follows: non-party Lyubov's tenancy by the entirety in 289 Bayberry should be preserved, as should her survivorship rights in the property interest of Mark Mirvis at 289 Bayberry. This Court should deny Plaintiffs' motion to sell 289 Bayberry, and instead only permit Plaintiffs to levy execution on the interest of Mark Mirvis alone, subject to Lyubov's status as a tenant by the entirety, including right of survivorship.

/s/_____
Nicholas Bowers, Esq.
Gary Tsirelman, Esq.
Gary Tsirelman, P.C.
*Attorneys for Third Party Lyubov Mirvis*
129 Livingston Street
Brooklyn, NY 11201
718- 438-1200