UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY, *et al.*,

Plaintiffs,

-against-

MARK MIRVIS, *et al.*,

Defendants.

08-CV-4405
(PKC) (PK)

PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO
OBJECTION OF NON-PARTY LYUBOV MIRVIS TO THE
MARCH 5, 2020 REPORT AND RECOMMENDATION

MORRISON MAHONEY LLP
88 PINE STREET, SUITE 1900
NEW YORK, NEW YORK 10005
TELEPHONE NO.: (212) 825-1212

CADWALADER, WICKERSHAM & TAFT LLP
ONE WORLD FINANCIAL CENTER
NEW YORK, NEW YORK 10281
TELEPHONE NO.: (212) 504-6531

ATTORNEYS FOR ALLSTATE

# Table of Contents

INTRODUCTION ................................................................................................. 1

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ................................................................................ 3

    1.    The Underlying Complaint and Default Judgment ................................ 3

    2.    The Fraudulently Conveyed Property ................................................... 4

    3.    Plaintiffs' Motion and the March 5, 2020 Report and
        Recommendation ................................................................................... 5

STANDARD OF REVIEW ................................................................................... 7

ARGUMENT ......................................................................................................... 9

I.      STRIPPING L. MIRVIS OF HER RIGHT OF SURVIVORSHIP WAS
       CONSISTENT WITH NEW YORK LAW AND APPROPRIATE
       EQUITABLE RELIEF ............................................................................ 9

    1.    L. Mirvis' Knowing Participation in the Fraudulent Transfers Is
        Sufficient to Strip Her of Her Right of Survivorship ........................... 9

    2.    The Authority Cited By L. Mirvis is Inapposite and Inapplicable ...... 10

    3.    The Magistrate Judge Correctly Determined that the Sale of 289
        Bayberry Should Not Be Enjoined On Equitable Principles Pursuant to
        C.P.L.R. § 5240 ................................................................................... 16

CONCLUSION ................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allstate Ins. Co. v. Mirvis*,
  No. 08-CV-4405 (SLT) (PK), 2017 WL 3981297 (E.D.N.Y. Sept. 8, 2017)............................ 5

*Allstate Ins. Co. v. Mirvis*,
  No. 08-CV-4405 (SLT) (VVP), 2015 WL 1247103 (E.D.N.Y. Mar. 2, 2015), 2015 WL
  1539671 (E.D.N.Y. Mar. 31, 2015) ....................................................................................... 3

*Bank of Tokyo-Mitsubishi Ltd. v. Enron Corporation (In re Enron Corporation)*,
  2005 WL 356985  (S.D.N.Y. 2005)......................................................................................... 13

*Blakeslee v. Rabinor*,
  182 A.D.2d 390 (1st Dep't 1992) ........................................................................................... 11

*Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*,
  806 F. Supp. 380 (W.D.N.Y. 1992)......................................................................................... 7

*Clarkson Company Limited v. Shaheen*,
  533 F. Supp. 905 (S.D.N.Y. 1982) ...................................................................................... 6, 9

*DiPilato v. 7-Eleven, Inc.*,
  662 F. Supp. 2d 333 (S.D.N.Y. 2009) ..................................................................................... 8

*Eat It Corp. v. Keumkang B & F Co.*,
  No. 15-CV-4763 (DLI) (PK), 2017 WL 1214475 (E.D.N.Y. Mar. 31, 2017)........................ 7

*Federal Deposit Insurance Corporation v. Porco*,
  75 N.Y.2d 840 (1990) ............................................................................................................. 11

*Finnegan v. Humes*,
  252 A.D. 385 (4th Dep't 1937)................................................................................................ 14

*Frankel v. City of New York*,
  No. 06 CIV. 5450 LTS/DFE, 2009 WL 465645 (S.D.N.Y. Feb. 25, 2009) ............................ 8

*Green v. City of N.Y.*,
  No. 05-CV-0429 (SLT) (ETB), 2010 WL 148128 (E.D.N.Y. Jan. 14, 2010) ........................ 9

*Guardian Loan Co., Inc. v. Early*,
  392 N.E.2d 1240  (1979) ........................................................................................................ 16

*Hall-Mark Electronics Corporation v. MGS Marketing, Inc.*,
  1987 WL 13211 (E.D.N.Y. 1987) ...................................................................................... 9, 13

*Hassett v. Goetzmann*,
    10 F. Supp. 2d 181 (N.D.N.Y. 1998) ............................................................................. 14

*Marine Midland Bank v. Murkoff*,
    508 N.Y.S.2d 17  (App. Div. 1986) ............................................................................ 6, 12

*Midlantic Nat'l Bank/ N.* v. *Reif*,
    732 F. Supp. 354 (E.D.N.Y. 1990) ................................................................................ 16

*Morris v. Local 804, Int'l Bhd. of Teamsters*,
    167 Fed.Appx. 230  (2d Cir. 2006) .................................................................................. 7

*Orbach v. Pappa*,
    482 F. Supp. 117  (S.D.N.Y. 1979) ............................................................................... 14

*Owusu v. N.Y. State Ins.*,
    655 F. Supp. 2d 308 (S.D.N.Y. 2009) .............................................................................. 8

*Pierce v. Mance*,
    No. 08 Civ. 4736 (LTS) (KNF) 2009 WL 1754904 (S.D.N.Y. June 22, 2009) ........................ 9

*Pray v. Long Island Bone & Joint*, LLP,
    No. 14-CV-5386 (SJF) (SIL) 2016 WL 4783996 (E.D.N.Y. Sept. 1, *appeal withdrawn*, (Oct.
    14, 2016) (citation omitted) ................................................................................... 7, 8

*Rolle v. Educ. Bus Transp., Inc.*,
    No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267 (E.D.N.Y. Sept. 17, 2014)........................ 8

*Santiago v. City of New York*,
    2016 WL 5395837 (E.D.N.Y. Sept. 26, 2016) .......................................................... 8

*Saveria JFK, Inc. v. Flughafen Wien, AG*,
    No. 15-CV-6195 (RRM) (RLM), 2017 WL 1194656 (E.D.N.Y. Mar. 30, 2017)................... 7

*Seyfarth v. Bi-CO. Elec. Corp.*,
    341 N.Y.S.2d 533  (Sup. Ct. 1973)................................................................................. 16

*Travelers Insurance Company v. 633 Third Associates*,
    973 F.2d 82 (2d Cir. 1992) ....................................................................................... 14

*Trustees of the Rd. Carriers Local 707 Pension Fund v. J.R.S. Trucking Servs., Inc.*,
    No. 15-CV-2444 (CBA) (RLM), 2016 WL 1064518  (E.D.N.Y. Mar. 15, 2016) .................. 8

*United States Fidelity and Guaranty Co. v. J. United Electrical Contracting Corp.*,
    62 F. Supp. 2d 915 (E.D.N.Y. 1999) ............................................................................. 13

*United States v. Snow*,
    462 F.3d 55  (2d Cir. 2006) ....................................................................................... 8

*Van Alstyne v. Tuffy,*
   103 Misc. 455 (Supreme Ct. Monroe Co. 1918) ...................................................................... 9

**Statutes**

18 U.S.C. §§ 1961 .......................................................................................................................... 3

28 U.S.C. § 636 .............................................................................................................................. 7

C.P.L.R. § 5203 .............................................................................................................................. 4

C.P.L.R. § 5240 ......................................................................................................................... 2, 16

C.P.L.R. 5206 ................................................................................................................................. 5

C.P.L.R. 5236 ................................................................................................................................. 6

D.C.L. § 273 .............................................................................................................................. 5, 11

**Rules**

Fed. R. Civ. P. 69 .......................................................................................................................... 5

Fed. R. Civ. P. 72 ..................................................................................................................... 7, 8

## INTRODUCTION

Plaintiffs-Judgment Creditors ("Plaintiffs," or collectively "Allstate") respectfully submit this Memorandum of Law in response to the Objection (ECF No. 695) (the "Objection") of non-party Lyubov Mirvis ("L. Mirvis") to Magistrate Judge Peggy Kuo's March 5, 2020 Report & Recommendation (ECF No. 694 (the "R&R") granting Plaintiffs' Motion to Direct the U.S. Marshals to Conduct Execution Sale of Real Property Owned by Judgment Debtor Mark Mirvis. (ECF No. 631) (the "Motion"). For the reasons set forth herein, the Objection should be overruled, and the R&R should be adopted in its entirety.

## PRELIMINARY STATEMENT

Plaintiffs seek the culmination of a process which began when the Court concluded that Judgment Debtor Mark Mirvis ("M. Mirvis") and his wife Lyubov Mirvis ("L. Mirvis") engaged in a series of fraudulent conveyances of their interests in their home located at 289 Bayberry Drive in Hewlett, NY ("289 Bayberry") with their daughter Tatyana Mirvis ("T. Mirvis") in an attempt to shield that property from execution by Plaintiffs in partial satisfaction a $45 million Judgment of this Court. The Court has already avoided those fraudulent conveyances, restored to M. Mirvis and L. Mirvis their record legal title to 289 Bayberry, deemed M. Mirvis' interest subject to execution toward the Judgment, and issued a Writ of Execution. Now, all that remains is to execute upon 289 Bayberry Drive by forcing a sale, thereby enabling Plaintiffs to collect, at least in small part, on the Judgment which they are owed.

Magistrate Judge Kuo correctly interpreted and applied the law of New York in concluding that L. Mirvis should be stripped of her right of survivorship because she participated in the fraudulent conveyances. Indeed, Magistrate Judge Kuo specifically found the evidence of L. Mirvis' wrongdoing and knowing participation in the fraudulent conveyances to be in "bad faith" to "evade her husband's creditors," through "repeated" and "suspicious" actions which were that

of more than an "innocent spouse." Case law in this Circuit deems such actions sufficient to strip a spouse of her right of survivorship. Yet, L. Mirvis now asks this Court to undo the Magistrate Judge's sound reasoning, permit her to keep a right of survivorship, and be complicit in allowing her to accomplish now that which she was unable to accomplish by fraud. Equity should not allow such an unacceptable and outrageous result. L. Mirvis' conduct in participating in the fraudulent conveyances was sufficiently egregious to warrant terminating her survivorship rights, and the Magistrate Judge's R&R should be adopted. The bottom line here is that L. Mirvis should be held accountable for her intentional and fraudulent actions.

In that regard, L. Mirvis is unable to demonstrate any flaws in Magistrate Judge Kuo's reasoning, or that the Opposition's purported supportive law is applicable. For example, the Opposition claims that Plaintiffs' statutory remedy under New York's Debtor & Creditor Law is "limited to placing the parties in status *quo ante*," when that proposition is neither supported by the statute itself or the case law to which L. Mirvis cites. Indeed, not only is that proposition unsupported, but none of the cases cited by L. Mirvis even addresses whether a spouse who participates in a fraudulent conveyance may be stripped of the right of survivorship as a matter of equity. The only authorities before the Court which address that issue are the cases cited by Plaintiffs in their Motion, which support Plaintiffs' position and which were correctly relied on by the Magistrate Judge.

In addition, Magistrate Judge Kuo's recommendation that the sale of 289 Bayberry should not be enjoined on equitable principles pursuant to C.P.L.R. § 5240 - a determination which was not specifically objected to by L. Mirvis - was not in error, nor was it based on a mistake of fact or law. While L. Mirvis sought to invoke that provision of the C.P.L.R. on the basis that such a sale would disrupt the lives of two families and the well-being and

development of a four-year-old boy with special needs, no real evidence of hardship was presented. In fact, no witness testimony to support that contention was proffered to the court, with only the most threadbare of unsworn and irrelevant documentation offered. Thus, for the reasons set forth herein, it is respectfully submitted that the March 5, 2020 Report and Recommendation be adopted in its entirety.

## FACTUAL BACKGROUND

### 1.    The Underlying Complaint and Default Judgment

During a period of at least thirteen years, Judgment Debtor Mark Mirvis (M. Mirvis) presided over an extensive criminal organization that created and used sham professional medical corporations and shell companies, secret accounts, and fictitious owners as part of a massive No-fault insurance fraud scheme to steal, and then launder, tens of millions of dollars in medical claim no-fault reimbursement from Plaintiffs. *See generally* ECF No. 1 (the "Complaint"), at ¶¶ 1-42 (pleading causes of action against Judgment Debtor and other defendants under civil RICO (18 U.S.C. §§ 1961, *et seq.*), and doctrines of common law fraud and unjust enrichment). As noted by the Clerk, M. Mirvis was in default as of February 2, 2009. *See* ECF No. 82. Plaintiffs subsequently moved for default judgment (*see* ECF No. 265), and on March 31, 2015, the Hon. Sandra L. Townes, United States District Judge, entered an order directing that judgment be entered against M. Mirvis and 22 other defaulted defendants, and adjudging them jointly and severally liable to Plaintiffs for trebled RICO damages. *See Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405 (SLT) (VVP), 2015 WL 1247103 (E.D.N.Y. Mar. 2, 2015), *report and recommendation adopted*, 2015 WL 1539671 (E.D.N.Y. Mar. 31, 2015). The Clerk entered a money judgment in accordance with Judge Townes' order on April 8, 2015 (*see* ECF No. 298), and a corrected judgment was entered on May 5, 2015, pursuant to which M. Mirvis and other defaulted defendants are jointly and

severally liable to Plaintiffs for damages in the original principal amount of $45,657,401.01 (*see* ECF No. 303) (the "Judgment"). On May 29, 2015, Plaintiffs perfected a judgment lien on M. Mirvis' interest in all real property located in Nassau County, New York. *See* C.P.L.R. § 5203 ECF No. 335-3 (Recorded Judgment).

### 2.    The Fraudulently Conveyed Property

M. Mirvis and his wife L. Mirvis purchased a home located at 289 Bayberry Drive, Hewlett, NY 11557 ("289 Bayberry") more than nine years before this action was commenced, for a stated purchase price of $740,000. Beginning in May of 2013, shortly after Plaintiffs filed their renewed motion for default judgment (*see* ECF No. 265), M. Mirvis, L. Mirvis, and their daughter T. Mirvis executed a series of deeds purporting to convey amongst themselves interests in 289 Bayberry.[1] These suspicious transactions culminated in the operative conveyance, by deed dated May 11, 2015, just  six days after the Judgment was entered, of all of M. Mirvis' and his wife's interest in 289 Bayberry to T. Mirvis for what was recited in the deed as "Ten Dollars and other valuable consideration." *See* ECF No. 335-8 (the "May 2015 Deed"). Because post-judgment discovery revealed, *inter alia*, evidence indicating that any such "other valuable consideration" was nonexistent, illusory, and/or inadequate, and that there existed bad faith or intent to hinder judgment creditors, Plaintiffs moved to set aside the May 2015 Deed (the "Subject Transfer") as a fraudulent conveyance, and/or to execute on M. Mirvis' interest in 289 Bayberry. *See* ECF No. 335 (the "Bayberry Motion").

On July 31, 2017, upon referral of the Bayberry Motion by Judge Townes (*see* ECF No. 357), Magistrate Judge Kuo entered a Report & Recommendation (the "July 31, 2017 R&R")

---

[1] *See*; ECF No. 386-39, at p. 13; ECF No. 335-2 (Feb. 23, 2016 Marvin Decl.), at ¶ 6; ECF No. 335-5 (289 Bayberry Land Records Abstract); ECF No. 335-6 (May 20, 2013 Deed by M. Mirvis and L. Mirvis conveying 289 Bayberry to T. Mirvis and themselves jointly); ECF No. 335-7 (Oct. 20, 2013 Deed reversing May 20, 2013 deed).

concluding that the Subject Transfer was a constructive fraudulent conveyance made while M. Mirvis was a Defendant (*see* D.C.L. § 273–a) for less than fair consideration, based upon findings, *inter alia*, that the Mirvises had failed to credibly substantiate any consideration of significant (let alone proportional) value, and that the Subject Transfer was made by M. Mirvis – and received by T. Mirvis – without good faith. *See* ECF No. 505 (Report & Recommendation), at pp. 8-9 ("The undersigned concludes that Tatyana knew of the lawsuit – and, therefore, of her father's financial condition – by the time the Property was transferred to her in May 2015."). Accordingly, the July 31, 2017 R&R called for the following relief:

> (1) the cancellation and discharge of the May 2015 Deed; (2) the recording by the Nassau County Clerk of such cancellation and discharge; (3) that Mark Mirvis' interest in the Property be subject to levy toward satisfaction of the outstanding judgment; and (4) that the Property be levied upon by the United States Marshals in accordance with a writ of execution.

ECF No. 505, at p. 10 (citing D.C.L. § 278(1)).

On September 8, 2017, Judge Townes adopted the July 31, 2017 R&R *in toto*, observing that there had been no objections, and that in any event no reversible error was apparent on the record. *See Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405 (SLT) (PK), 2017 WL 3981297, at *2 (E.D.N.Y. Sept. 8, 2017) (citations omitted). The Court thus issued an Order and a Writ of Execution providing for the relief proposed in the July 31, 2017 R&R Report & Recommendation. *See id.*; ECF No. 512 (Order); ECF No. 512-1 (Writ). Plaintiffs provided the Writ of Execution to the U.S. Marshals, which personally delivered the same to M. Mirvis at 289 Bayberry on April 27, 2018.

### 3.      Plaintiffs' Motion and the March 5, 2020 Report and Recommendation

On June 17, 2019, Plaintiffs filed a Motion to Direct Execution Sale of Real Property Owned by Judgment Debtor Mark Mirvis" ("the Motion") (Dkt. 631.) The Motion requested that the Court, pursuant to Rule 69 of the Federal Rules of Civil Procedure and Section 5206(e) of the

New York Civil Practice Law & Rules, issue an order directing the United States Marshals Service for the Eastern District of New York (the "U.S. Marshals"), to sell 289 Bayberry Drive in accordance with the procedures of Section 5236 of the C.P.L.R., and that the proceeds of the sale be placed into the registry of the Court pending an adjudication of the rights of the parties with interests therein. (ECF No. 631). Plaintiffs argued in the Motion that any Tenancy-By-The-Entirety ("TBTE") interest or right of survivorship that L. Mirvis had, or should be deemed to have had, should be terminated based on her participation in fraudulent transactions designed to frustrate enforcement of the Judgment (as noted above, L. Mirvis participated in three fraudulent conveyances of all or some of the interests in 289 Bayberry on dates suggesting the transfers were strategically informed by dates of the Judgment and related motion practice.) Accordingly, Plaintiffs posited that L. Mirvis' participation in the fraudulent conveyances destroyed any tenancy by the entirety that may have been held, and that 289 Bayberry is subject to execution by Plaintiffs without a right of survivorship. *See, e.g., Clarkson Co. Ltd. v. Shaheen,* 533 F. Supp. 905, 924 (S.D.N.Y. 1982) (transferee spouse's perjured testimony as to fraudulent consideration eliminated wrongdoer's right of survivorship in tenancy by the entirety on equitable principles).

The Motion was referred to Magistrate Judge Kuo for Report and Recommendation. On July 23, 2019, L. Mirvis filed a Memorandum of Law in Opposition to the Motion (ECF No. 646), and oral argument was held on February 10, 2020. With respect to the issue of L. Mirvis' survivorship interest, L. Mirvis, for the first time at oral argument, cited to the matter of *Marine Midland Bank v. Murkoff,* 508 N.Y.S.2d 17, 19-20 (App. Div. 1986), for the proposition that stripping L. Mirvis of her right of survivorship would be punitive, and that there should not be punitive remedies for a fraudulent conveyance. On March 5, 2020, Magistrate Judge Kuo issued the R&R, in which she concluded that L. Mirvis' conduct in participating in the fraudulent

conveyances had been sufficiently egregious to warrant terminating the TBTE and her survivorship rights, such that any purchaser of 289 Bayberry would continue as a tenant in common with L. Mirvis, not subject to any survivorship rights.

## STANDARD OF REVIEW

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195 (RRM) (RLM), 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017) (*quoting* 28 U.S.C. § 636 (b)(1)(C). Where a party objects to a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition" to which such party has "properly objected." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). Any such objection "must be specific and clearly aimed at particular findings in the magistrate's proposal." 4, 2016) *Pray v. Long Island Bone & Joint*, LLP, No. 14-CV-5386 (SJF) (SIL), 2016 WL 4783996, at *1 (E.D.N.Y. Sept. 1, *appeal withdrawn*, (Oct. 14, 2016) (citation omitted); *see* ECF No. 297 (Mar. 31, 2015 Memorandum & Order), at pp. 4-5 ("Objections to a report and recommendation must 'be specific and are to address only those portions of the proposed findings to which the party objects.'" (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). However, it is well-settled that "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Eat It Corp. v. Keumkang B & F Co.*, No. 15-CV-4763 (DLI) (PK), 2017 WL 1214475, at *5 (E.D.N.Y. Mar. 31, 2017) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 Fed.Appx. 230, 232 (2d Cir. 2006)).

On the other hand, "[w]here no timely, specific, and nonconclusory objection is raised, a district court may adopt a magistrate judge's report and recommendation concerning a dispositive

matter where there is no clear error on the face of the record." *Pray*, 2016 WL 4783996, at *1 (citing Fed. R. Civ. P. 72(b)); *see Trustees of the Rd. Carriers Local 707 Pension Fund v. J.R.S. Trucking Servs., Inc.*, No. 15-CV-2444 (CBA) (RLM), 2016 WL 1064518, at *1 (E.D.N.Y. Mar. 15, 2016) ("To accept those portions of the R&R to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'").[2] An objection will not invoke the *de novo* standard of review "[i]f a party simply relitigates his original arguments," and in such cases "the Court reviews the Report and Recommendation only for clear error." *Keumkang*, 2017 WL 1214475, at *1; *see* ECF No. 297, at p. 5 ("'[W]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." (quoting *Frankel v. City of New York*, No. 06 CIV. 5450 LTS/DFE, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009))).

The same is true for "[g]eneral objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers . . . [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal.'" *Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009)). Likewise, in evaluating objections, courts do not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (citations omitted). Furthermore, "new claims . . . presented in the form of, or along with, 'objections . . . ' should be dismissed."

---

[2] *See generally DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) ("A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006))).

*Green v. City of N.Y.*, No. 05-CV-0429 (SLT) (ETB), 2010 WL 148128, at *4 (E.D.N.Y. Jan. 14, 2010), *aff'd*, 403 F. App'x 626 (2d Cir. 2010) (quoting *Pierce v. Mance*, No. 08 Civ. 4736 (LTS) (KNF), 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009)).

## ARGUMENT

**I.   STRIPPING L. MIRVIS OF HER RIGHT OF SURVIVORSHIP WAS CONSISTENT WITH NEW YORK LAW AND APPROPRIATE EQUITABLE RELIEF**

### 1.   L. Mirvis' Knowing Participation in the Fraudulent Transfers Is Sufficient to Strip Her of Her Right of Survivorship

Magistrate Judge Kuo properly applied New York law in holding that equity permits L. Mirvis to be stripped of her right of survivorship because she participated in the fraud against Plaintiffs. Federal courts in this Circuit, applying New York law, have held that "where the transferee tenant participates in the [fraudulent conveyance of real property], equity permits her to be stripped of her right of survivorship as against the creditor she tried to defraud. Were it otherwise, then that which she was unable to accomplish by fraud, she would be able to accomplish merely by outliving her husband." *Clarkson Company Limited v. Shaheen*, 533 F. Supp. 905, 924 (S.D.N.Y. 1982); *see also Hall-Mark Electronics Corporation v. MGS Marketing, Inc.*, 1987 WL 13211, at *() (E.D.N.Y. 1987) (granting motion to confirm *ex parte* order attaching real property and stating that spouse's evident participation in the fraudulent conveyance and attempt to hide it from the court "are sufficient to strip her of the right of survivorship she would hold  as a tenant by the entirety") (citing *Clarkson*). These holdings are based on the common-law rule, long-recognized in New York that "a man may not profit by his own wrong." *Van Alstyne v. Tuffy*, 103 Misc. 455, 459 (Supreme Ct. Monroe Co. 1918).

Magistrate Judge Kuo's conclusion that L. Mirvis' right of survivorship should be stripped was based on overwhelming evidence that she knowingly and directly participated in the

fraudulent conveyance of 289 Bayberry in order to harm Plaintiffs and evade this Court's judgment.  As noted by the Magistrate Judge, "[b]eginning in May 2013, Lyubov Mirvis along with Mark Mirvis and Tatyana Mirvis, engaged in a series of three transactions that resulted in the conveyance of the entire interest in 289 Bayberry to Tatyana Mirvis, for no consideration, only six days after the Judgment was entered. The Court has already found this conveyance to be lacking in fair consideration and good faith, and, therefore, fraudulent." R&R at 5-6. Magistrate Judge Kuo went on to find that "Lyubov Mirvis acted in bad faith by effectuating fraudulent conveyances to evade her husband's creditors," R&R at p. 5, and that "[g]iven the repeated nature of her suspicious actions, and her direct role in each transaction, Lyubov Mirvis' behavior was more than that of an innocent or incompetent wife." R&R at p. 6 (internal quotation and citation omitted).

Based on the foregoing, Magistrate Judge Kuo correctly found that "Lyubov Mirvis' conduct in participating in fraudulent conveyance had been sufficiently egregious to warrant terminating the tenancy by the entirety and Lyubov Mirvis' survivorship rights, such that any purchaser of 289 would continue as a tenant in common with Lyubov Mirvis, not subject to any survivorship rights." R&R at p. 7.[3]

## 2.    The Authority Cited By L. Mirvis is Inapposite and Inapplicable

In the Objection, L. Mirvis contends that New York law does not permit her survivorship rights to be stripped in a proceeding to recover a fraudulent conveyance. She is incorrect and misstates the law by advancing contentions that are not supported by the cited cases.  For example,

---

[3] In addition, by knowingly and voluntarily signing away her interest in 289 Bayberry to her daughter with the intent to defraud Plaintiffs, Lyubov Mirvis waived her right to continue holding title as a tenant by the entirety.  *See Hadden v. Consolidated Edison Company of New York, Inc.*, 45 N.Y.2d 466, 469 (1978) ("A waiver, the intentional relinquishment of a known right, may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage") (citations omitted).

citing *Blakeslee v. Rabinor*, 182 A.D.2d 390 (1st Dep't 1992), L. Mirvis asserts that Plaintiffs' statutory remedy under New York's Debtor & Creditor Law is "limited to placing the parties in status *quo ante*." Objection at p. 2.  L. Mirvis is incorrect.  Putting aside that the Debtor- Creditor Law says no such thing, the issue in *Blakeslee* was whether defendants could be held liable for punitive damages pursuant to the D.C.L.  While noting that punitive damages may be awarded in an appropriate fraudulent conveyance case, 182 A.D.2d at 392, the Appellate Division held that "the conduct of defendants herein, without more, does not constitute sufficient moral culpability to support the award of punitive damages."  182 A.D.2d at 393. Thus, not only did *Blakeslee* leave open the possibility that punitive damages could be awarded in a fraudulent conveyance case should the circumstance provide, it did not concern whether a tenant by the entirety who actually participates in a fraudulent conveyance may be stripped of the right of survivorship as a matter of equity.

Next, L. Mirvis baldly asserts that the New York Court of Appeals purportedly "settled the issue under dispute here" in *Federal Deposit Insurance Corporation v. Porco*, 75 N.Y.2d 840 (1990).  Objection at p. 2.  Once again, she is mistaken. In *Porco*, the Court of Appeals held that N.Y. Debtor & Creditor Law § 273-a did not create a creditor's cause of action for conspiracy against a nonparty solely for assisting in the conveyance of a debtor's assets, at least where the nonparty is "not alleged to have dominion or control over those assets or to have benefited in any way from the conveyance."  75 N.Y.2d at 842; *see also Blakeslee*, 182 A.D.2d at 391 ("[*Porco*] holds only that Debtor and Creditor Law § 273-a does not create a creditor's cause of action in conspiracy against a party who merely assisted in the conveyance of a debtor's assets and who did not have dominion or control over those assets and derived no benefit from their conveyance").  *Porco did not* concern whether a tenant by the entirety who participates in a

fraudulent conveyance may be stripped of the right of survivorship as a matter of equity. Moreover, in contrast to the situation in *Porco*, here the Court has already found that L. Mirvis used and abused her dominion and control over her interest in 289 Bayberry in order to defraud Plaintiffs.

Having twice failed to demonstrate that any statute or binding case law would disallow any of the relief recommended by Magistrate Judge Kuo, L. Mirvis next resorts to the all-too familiar tactic of twisting the facts so as to find refuge from inapposite cases by asserting: "assuming *arguendo* that her assent to her husband's conveyance of his interest could be construed as misbehavior, New York case law does not permit stripping a non-judgment-debtor spouse of her right of survivorship because of a fraudulent conveyance." Objection at p. 3. L. Mirvis' argument is entirely misplaced because the facts demonstrate, overwhelmingly, that she did not at best, merely "assent" to "her husband's conveyance of his interest" as if she were an innocent spouse who did nothing or, at worst, merely "misbehaved." Rather, Magistrate Judge Kuo properly and specifically found "that Lyubov Mirvis acted in bad faith by effectuating fraudulent conveyances to evade her husband's creditors." R&R at p. 5. Further, Magistrate Judge Kuo properly found that "[g]iven the repeated nature of her suspicious actions, and her direct role in each transaction, L. Mirvis' behavior was more than that of an 'innocent or incompetent wife.'" R&R at p. 6. Indeed, Magistrate Judge Kuo referred to L. Mirvis' behavior as egregious. R&R at p. 7.

Given Magistrate Judge Kuo's actual finding of L. Mirvis' knowing, egregious and bad faith behavior, L. Mirvis' reliance on *Marine Midland Bank v. Murkoff*, 120 A.D.2d 122 (2d Dep't 1986), is unavailing. Objection at pp. 3-4. In that case, the plaintiff was "a judgment creditor who succeeded in setting aside the judgment debtor's conveyance of his interest in his jointly-owned home *to his wife*." 120 A.D.2d at 124 (emphasis added). In that context, the Appellate Division

rejected the plaintiff's claim seeking to deprive the non-judgment debtor spouse of her survivorship interest, holding that such relief would be "plainly punitive" and "not a permissible remedy." 120 A.D.2d at 132. The Appellate Division did not address whether a spouse's right of survivorship might be stripped based on equitable principles where, as here, a spouse has directly acted in bad faith by repeatedly effectuating fraudulent conveyances to evade the other spouse's creditors. In addition, unlike here, the spouse in *Marine Midland* did not knowingly, and in bad faith, take affirmative actions to convey property in furtherance of placing it out of the reach of creditors. Thus, it was correct in the R&R for Magistrate Judge to note that "*Hall-Mark Elecs. Corp.,* 1987 WL 13211, at *9, which was decided after *Marine Midland,* cited *Clarkson* favorably, stating, "[t]he evidence suggests that [the spouse] participated in the fraudulent conveyance and has attempted to hide it from the court, actions which are sufficient to strip her of the right of survivorship she would hold as a tenant by the entirety" and to reject *Marine Midland* as old and/or incorrect guidance that does not reflect current thinking.

The Opposition refers to several other decisions that cite *Marine Midland*, Objection at p. 4, but they are likewise inapposite because they did not concern a spouse who personally participated in repeated fraudulent conveyances to evade the other spouse's creditors, nor do they address the reasoning of *Hall-Mark Elecs*. *See Bank of Tokyo-Mitsubishi Ltd. v. Enron Corporation (In re Enron Corporation)*, 2005 WL 356985, at *10 (S.D.N.Y. 2005) (creditor had no cause of action for fraud or fraudulent conveyance where the only alleged fraud related to a breach of contract; noting in dicta that creditor would have no cognizable injury under the Debtor-Creditor Law); *United States Fidelity and Guaranty Co. v. J. United Electrical Contracting Corp.*, 62 F. Supp. 2d 915, 925 (E.D.N.Y. 1999) (pre-judgment attachment of husband's interest in property granted where husband had transferred his interest to wife to evade his creditors); *Hassett*

*v. Goetzmann*, 10 F. Supp. 2d 181, 192-193 (N.D.N.Y. 1998) (trustee was not entitled to enforce judgments against wife and son without first seeking to satisfy judgments from property fraudulently conveyed to them by CEO); *Orbach v. Pappa*, 482 F. Supp. 117, 120 (S.D.N.Y. 1979) (pre-*Clarkson* and *Hall-Mark Elecs. Corp.* holding that conveyance of property to wife by bankruptcy debtor without fair consideration, who was rendered insolvent thereby, was deemed fraudulent as to debtor's creditor and could be set aside by bankruptcy trustee, who was entitled to relief against debtor's interest in the property).  In contrast to the cases cited by L. Mirvis, this is not a case where a husband fraudulently conveyed an interest in real property to his spouse, who merely acquiesced in the transaction with knowledge that the husband was attempting to evade his creditors. As Magistrate Judge Kuo has found, in this case L. Mirvis personally effectuated three fraudulent conveyances with the intent to defraud Plaintiffs by transferring her own interest in 289 Bayberry to a third party.  Moreover, the fact that the Mirvises jointly conveyed their respective interests in 289 Bayberry to a third party in a fraudulent conveyance distinguishes this case from the cases wherein a husband fraudulently conveyed his interest in real property to his own wife, thus retaining the property within the marital unit.[4]

Finally, according to Mirvis, the Second Circuit's decision in *Travelers Insurance Company v. 633 Third Associates*, 973 F.2d 82 (2d Cir. 1992), is "binding precedent" for the proposition that a creditor would not be entitled to an order terminating the tenancy by the entirety for a fraudulent conveyance. Objection at p. 5 (internal quotation marks omitted).  Once again, L.

---

[4] In addition, to the extent that L. Mirvis seeks to rely on the 80 year old decision of *Finnegan v. Humes*, 252 A.D. 385 (4th Dep't 1937) for the proposition that a spouse may continue to hold title as a tenant by the entirety even after there has been a conveyance to a third party (Objection at p. 3), such reliance is misplaced. That is because, in *Finnegan*, husband and wife transferred title to a straw man who on the same day re-conveyed title back to the wife. 252 A.D. at 386.  Accordingly, *Finnegan* is no different from any of the other cases cited by Mirvis where the husband conveyed his property directly to his wife with no intervening strawman conveyance, thus retaining the property within the marital unit.

Mirvis is mistaken. First, the Second Circuit in *Travelers Insurance Company* did not criticize or even address *Clarkson Company or Hall-Mark Electronics*, the two principal cases relied on by Magistrate Judge Kuo. Second, the precise holding of *Travelers Insurance Company* was that a lender would have standing to maintain a fraudulent conveyance claim to set aside certain cash distributions to the extent that such conveyances had been the cause of a diminution in the value of real property sold at foreclosure, thereby depriving the lender of its ability to obtain equitable relief for waste. 973 F.2d at 86. To the extent that the defendants in *Travelers Insurance Company* attempted to rely on the Appellate Division decision in *Marine Midland* in support of an argument that the plaintiff was seeking to obtain relief beyond what is authorized under the Debtor & Creditor Law, the Second Circuit rejected that contention reasoning that *Marine Midland* was inapplicable to the circumstances. 973 F.2d at 87. Contrary to L. Mirvis' contentions, the Second Circuit in *Travelers Insurance Company* did not "endorse" *Marine Midland* let alone hold that *Marine Midland* is binding precedent on district courts within the Second Circuit applying New York law. Accordingly, Magistrate Judge Kuo did not overlook or misapprehend the law. As reflected at pages 6-7 of the Report and Recommendation, Magistrate Judge Kuo entertained L. Mirvis' contentions based on the Appellate Division's decision in *Marine Midland* and explicitly rejected them, finding there to be nothing punitive about terminating the tenancy by the entirety in this case. R&R at p. 6. Rather, Magistrate Judge Kuo correctly found that "[l]osing her right of survivorship is proportional to the degree of Lyubov Mirvis' actions in defrauding Plaintiffs." R&R at p. 7. Accordingly, the R&R should be adopted.

**3.     The Magistrate Judge Correctly Determined that the Sale of 289 Bayberry Should Not Be Enjoined On Equitable Principles Pursuant to C.P.L.R. § 5240**

Magistrate Judge Kuo's recommendation that the sale of 289 Bayberry should not be enjoined on equitable principles pursuant to C.P.L.R. § 5240 was not error, nor was it based on a mistake of fact or law. C.P.L.R.[5]  The use of that provision is "strictly to aid a party inequitably burdened by the use of enforcement procedures by his adversary and to allow him an opportunity to either meet his legal obligation or postpone the enforcement of a judgment until such time that its enforcement is more properly sought." *Midlantic,* 532 F. Supp. at 356-57 *(quotations omitted).* *"[O]nly* the gravest circumstances warrant CPLR 5240 equitable modification in the face of a valid judgment." *Id.* at 357. In addition, in deciding whether and how to exercise its discretion under C.P.L.R. § 5240, the Court should "strike[] a fair balance between the needs of a creditor holding a valid money judgment and the needs of a debtor managing competing financial obligations." *Id.* After full briefing, argument and consideration of the facts before the Court, Magistrate Judge Kuo correctly concluded that the circumstances here weigh against modifying enforcement of the Judgment by staying the sale of 289 Bayberry, and there is no ground to alter that conclusion.

While M. Mirvis and L. Mirvis argued that sale of 289 Bayberry, their primary residence, would be a hardship on their family, including their four-year-old grandchild, their proof of

_____

[5] C.P.L.R. § 5240 permits a court "at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, [to] make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." This rule grants courts "broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.'" *Guardian Loan Co., Inc. v. Early,* 392 N.E.2d 1240, 1242-43 (1979) *(quotations omitted).* A court exercises its discretion "to prevent the brutal use of legal procedures against a judgment debtor." *Midlantic Nat'l Bank/N. v. Reif,* 732 F. Supp. 354, 356 (E.D.N.Y. 1990). C.P.L.R. § 5240 functions as an "equitable safety valve" to restrain execution on a valid judgment "where unwarranted hardship would otherwise result." *Seyfarth v. Bi-CO. Elec. Corp.,* 341 N.Y.S.2d 533, 535 (Sup. Ct. 1973).

hardship, as the record made clear and the Magistrate Judge found, was wholly unconvincing. R&R at 8. Magistrate Judge Kuo noted that evidence of the grandchild's special needs was unspecific, consisting of an unsworn letter by his physician which merely stated that taking the child out of his present school or his current home "will negatively affect his progress and development," while containing no details as to what that negative effect would be or why it would constitute such a grave circumstance that Plaintiffs should be prevented from enforcing a valid judgment. *Id.* Magistrate Judge Kuo also correctly noted that there was nothing in the record indicating that the family must move out of 289 Bayberry upon its sale. *Id.* at 8-9. The new purchaser could permit them to remain as renters, or a family member could purchase the property. *Id.* at 9. There was also no reason given for why the family would need to move away from the district where the child is currently attending school, or indeed that they would be unable to find alternative housing nearby. *Id.* In addition, the evidence before the Court revealed that money was not an issue to the family, and that a "less intrusive means to satisfy [the Judgment] has not been offered." *Id.* Accordingly, Magistrate Judge Kuo's determinations should not be disturbed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs respectfully submit that the Objection should be overruled, and that the R&R should be adopted in its entirety.

 Dated: April 2, 2020
         New York, New York

                                        Respectfully submitted,


                                        **MORRISON MAHONEY LLP**


                                        By:_____/s/ Daniel Marvin_____

17

Daniel S. Marvin, Esq.
Scott Pashman, Esq.
88 Pine Street, Suite 1900
New York, New York 10271
Phone:  212-825-1212
Fax:      212-825-1313

**CADWALADER, WICKERSHAM & TAFT LLP**

By:_____/s/ William Natbony_____
William J. Natbony, Esq.
One World Financial Center
New York, New York 10281
Phone:  212-504-6531

*Attorneys for Plaintiffs-Judgment
Creditors Allstate Insurance Company,
Allstate Indemnity Company, Deerbrook
Insurance Company, Allstate New Jersey
Insurance Company, and Allstate
Property & Casualty Insurance Company*