# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

WALL STREET PLAZA
88 PINE STREET, SUITE 1900
NEW YORK, NY 10005
212-825-1212

| | |
|---|---|
| MASSACHUSETTS | NEW HAMPSHIRE |
| BOSTON | MANCHESTER |
| FALL RIVER | |
| SPRINGFIELD | NEW JERSEY |
| WORCESTER | PARSIPPANY |
| | |
| CONNECTICUT | NEW YORK |
| BRIDGEPORT | NEW YORK |
| HARTFORD | |
| | RHODE ISLAND |
| ENGLAND | PROVIDENCE |
| LONDON | |

Daniel S. Marvin
Phone: 646-870-1739
Fax:    212-804-7631
dmarvin@morrisonmahoney.com

June 7, 2020

**Via ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Allstate Ins. Co., et al. v. Mirvis, et al.*, No. 08-cv-4405 (PKC) (PK)

Dear Judge Chen:

Together with Cadwalader, Wickersham & Taft LLP, we represent Plaintiffs-Judgment Creditors Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company (collectively, "Allstate" or "Plaintiffs") in the above-referenced action and write in connection with the proposed Order to Show Cause with TRO filed by non-party movants Lyubov Mirvis ("L. Mirvis") and Tatyana Mirvis (together with L. Mirvis, the "Movants") on June 5, 2020 (Dkt. 707). In that regard, the proposed Order to Show Cause with TRO is defective on its face both substantively and as violative of Local Rule 6.1(d). To the extent that the Court is inclined to even consider the Order to Show Cause, Plaintiffs respectfully request that the court schedule a conference call to provide them with an opportunity to be heard before the Court signs the proposed Order.

First, Local Rule 6.1(d) provides that "[n]o *ex parte* order, or order to show cause to bring on a motion, will be granted *except upon a clear and specific showing by affidavit of good and sufficient reasons* why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made." (Emphasis added). Here, Movants have submitted no affidavit whatsoever, much less the required affidavit of emergency circumstances. This is not surprising since there are no good and sufficient reasons why they could not move by ordinary notice of motion. Indeed, Movants concede that the judicial sale of 289 Bayberry directed by this Court's April 24 Order from which they are seeking a stay cannot even be held prior to

**MORRISON MAHONEY LLP**

Hon. Pamela K. Chen
June 7, 2020
Page 2


July 24, 2020, which is more than six weeks away. (Dkt. 707 a p. 1).[1] Notwithstanding the foregoing, late on Friday, June 5, 2020, a month-and-a-half after the issuance of the Court's April 24 Order, and at the filing deadline for Appellants' brief in the Second Circuit, Movants moved for a stay pending appeal, including a request for a TRO. (Dkt. 707). In that regard, Movants had six weeks to move for a stay pending appeal, and cannot manufacture their own "emergency" by idly standing by until now only to claim that emergent circumstances suddenly exist. Given the indisputable timing, there is no emergency and Movants cannot create one. Additionally, Movants did not indicate in their application that there was no prior application for the relief sought, as also required by the Local Rules.

For these reasons, Allstate respectfully requests that the proposed Order to Show Cause with TRO be rejected without signature or, in the alternative, that Plaintiffs be afforded an opportunity to respond to the same before the Court considers any interim relief or signs the Order.[2] We thank the Court for its attention to this matter.

Respectfully submitted,

MORRISON MAHONEY LLP
*Co-Counsel for Plaintiffs*


By:   /s/ Daniel S. Marvin
        Daniel S. Marvin


cc:  All Counsel of Record by ECF

---

[1] As the Court is aware, by Memorandum and Order dated April 24, 2020 (Dkt. 704), this Court adopted in its entirety the Report and Recommendation by Magistrate Judge Kuo dated March 5, 2020 (Dkt. 694) granting Plaintiffs' motion to enforce judgment as to M. Mirvis, and specifically ordering that (1) M. Mirvis's and L. Mirvis's tenancy by the entirety in the real property known as 289 Bayberry Drive North, Hewlett Harbor, New York 11557 ("289 Bayberry"), as well as L. Mirvis's survivorship rights in 289 Bayberry, are both terminated; (2) the U.S. Marshals shall sell M. Mirvis's interest in 289 Bayberry pursuant to the procedures set forth in CPLR § 5236; (3) the proceeds of the sale shall be placed into the Court's registry pending an adjudication of the rights of the parties with interests in 289 Bayberry; and (4) the sale of 289 Bayberry is stayed for three months from April 24, 2020. (Dkt. 704 at p. 16.). On April 27, 2020, the Movants filed a Notice of Appeal from this Court's Order to the U.S. Court of Appeals for the Second Circuit. (Dkt. 705).

[2] Plaintiffs respectfully reserve the right to oppose any properly filed motion for a stay pending appeal in accordance with any briefing schedule set by the Court and/or the applicable rules of the Court.