UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ALLSTATE INSURANCE COMPANY, et al.,

                Plaintiffs,

     - against -

MARK MIRVIS, et al.,

                Defendants.
----------------------------------------------------x

**MEMORANDUM & ORDER**
08-CV-4405 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On April 24, 2020, the Court adopted in its entirety the Report and Recommendation ("R&R") of the Honorable Peggy Kuo, United States Magistrate Judge, which, in turn, had granted in its entirety Plaintiffs' motion to enforce the judgment against Judgment Debtor Mark Mirvis.[1] (*See generally* Order, Dkt. 704.) Specifically, this Court ordered that: (1) Defendant Mark Mirvis's and Non-Party Lyubov Mirvis's tenancy by the entirety in the real property known as 289 Bayberry Drive North, Hewlett Harbor, New York 11557 (the "Property"), as well as Lyubov Mirvis's survivorship rights in the Property, be terminated; (2) the U.S. Marshals sell Defendant Mirvis's interest in the Property pursuant to the procedures set forth in New York Civil Practice Law and Rules § 5236; (3) the proceeds of the sale be placed into the Court's registry pending an

---

[1] By way of brief background, Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Deerbrook Insurance Company, Allstate New Jersey Insurance Company, and Allstate Property & Casualty Insurance Company ("Plaintiffs") brought this action on October 30, 2008, alleging civil claims based on violations of, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, 1962(c)–(d), 1964(c), and New York common law, in connection with Defendant Mark Mirvis and his co-Defendants' involvement in an extensive criminal organization that engaged in massive automobile insurance fraud. (*See* Complaint, Dkt. 1, ¶¶ 1–38.) On May 5, 2015, default judgment was entered for Plaintiffs in the amount of $45,657,401.01, for which Defendant Mirvis and other defaulting co-Defendants were adjudged jointly and severally liable. (Dkt. 303.) On June 17, 2019, Plaintiffs filed a motion to enforce the judgment as to Defendant Mirvis. (Dkt. 631.)

1

adjudication of the rights of the parties with interests in the Property; and (4) the sale of the Property be stayed for three months from the date of the Order. (*Id.* at 16.) On April 27, 2020, Lyubov and Tatyana Mirvis (the "Non-Parties") appealed the Court's April 24, 2020 Order. (Dkt. 705.) On June 5, 2020, Non-Parties moved for a stay pending appeal. (Dkt. 707.) The Court held a show cause hearing on June 25, 2020, at which the Court orally denied the stay, with a written decision to follow. (June 25, 2020 Minute Entry.)

## DISCUSSION

### I. Legal Standard

"A district court may enter a stay pending appeal upon considering four well-established factors: 'the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest.'" *Sanders v. Houslanger & Assocs., PPLC*, No. 17-CV-8985 (DC), 2018 WL 6444922, at *3 (S.D.N.Y. Nov. 5, 2018) (quoting *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002)). These factors are weighed such that "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay." *Mohammed*, 309 F.3d at 101 (internal quotation and citation omitted). "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).

### II. Analysis

#### A. Likelihood of Success on the Merits

Non-Parties' appeal of the Court's April 24, 2020 Order primarily concerns the termination of Lyubov Mirvis's tenancy by the entirety in the Property. (Non-Parties' Memorandum of Law

2

in Support of a Stay ("Non-Parties' Mem."), Dkt. 707-1, at 2.) Non-Parties now argue that their appeal has a strong likelihood of success on the merits because, contrary to the Court's April 24, 2020 Order, "no court has recognized that the New York Debtor and Creditor Law [(the "NY DCL")] authorizes that a non-party be punished for assisting in a fraudulent conveyance to shield assets from creditors." (*Id.* at 5.)

Non-Parties' argument, however, is substantively the same as their objections to Judge Kuo's R&R—objections which the Court explicitly rejected.[2] (*See* Non-Parties' Objections ("Objs."), Dkt. 695, at 2–6.) In its April 24, 2020 Order, the Court explained why Non-Parties' reasoning, as argued in those objections, was not sufficiently persuasive so as to warrant rejection or modification of the R&R. (*See* Order, Dkt. 704, at 9–16.) Non-Parties' mere disagreement with the Court's analysis is insufficient to establish a likelihood that their appeal will succeed on the merits.[3]

---

[2] Non-Parties' memorandum in support of the stay highlights two cases—*United States Fidelity & Guaranty Co. v. J. United Electrical Contracting Corp.*, 62 F. Supp. 2d 915 (E.D.N.Y. 1999), and *Hassett v. Goetzmann*, 10 F. Supp. 2d 181 (N.D.N.Y. 1988)—that Non-Parties only briefly addressed in their objections to the R&R. (*See* Objs., Dkt. 695, at 4.) The Court observes that the first case, *U.S. Fidelity*, is distinguishable from the instant action on its face, as it involves the pre-judgment attachment of property and a spouse who was not involved in the fraudulent conveyance at issue. *See* 62 F. Supp. 2d at 921, 924–25. In *Hassett*, the court found that a trustee was not entitled to enforce judgments against the judgment debtor's wife and son without first attempting to satisfy the judgments via the property fraudulently conveyed to them by the judgment debtor. *See* 10 F. Supp. 2d 181, 192–93. To the extent that *Hassett* may arrive at a conclusion different from that of the court in *Clarkson Co. Ltd. v. Shaheen*, 553 F. Supp. 905 (S.D.N.Y. 1982), upon which this Court's April 24, 2020 Order and the R&R rely in part, such disagreement among district courts within this Circuit was previously considered by the Court (*see* Order, Dkt. 704, at 13), and therefore does not enhance Non-Parties' likelihood of success.

[3] Plaintiffs note that the New York State Legislature on April 4, 2020 amended the relevant provision of the NY DCL to state that a creditor may obtain "*subject to applicable principles of equity* and in accordance with applicable rules of civil procedure, any other relief as the circumstances may require." (Plaintiffs' Memorandum of Law in Opposition ("Pls.' Mem."), Dkt. 709, at 2 (emphasis in original) (quoting N.Y. Debt. & Cred. Law 276(a)(3)(iii)).) At the June 25, 2020 hearing, Non-Parties also noted this amendment and argued, in effect, that changes to this

3

Moreover, because "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury" suffered by Non-Parties absent a stay, *Mohammed*, 309 F.3d at 101, and because Non-Parties have failed to demonstrate any "irreparable injury" that will result (*see infra*), Non-Parties would have to show a very high likelihood of success on the merits—a degree of likelihood that the Court finds all the more unattainable in light of its April 24, 2020 Order and the R&R. Accordingly, the Court finds that this factor weighs against granting a stay.

B.   **Irreparable Injury if a Stay Is Denied**

Non-Parties next argue that, if the Court does not stay enforcement, "it is likely that Lyubov Mirvis will lose her ownership interest in the Property and that the Mirvis Non-Parties will be forced to seek a new home." (Non-Parties' Mem., Dkt. 707-1, at 5.) Plaintiffs argue that Non-Parties do not face the prospect of irreparable harm to Lyubov, as she will retain her title to the Property as a tenant-in-common, and the Court's April 24, 2020 Order does not award possession of or otherwise order her eviction from the Property. (Pls.' Mem., Dkt. 709, at 17.)

When facing the prospect of losing title to real property, a party moving for a stay pending appeal must show both that they will lose title prior to resolution of the appeal and that such loss would be caused by denial of the stay. *In re: MDM Golf of Gillette Ridge, LLC*, No. 15-CV-27 (JBA), 2015 WL 12804567, at *6 (D. Conn. May 8, 2015) (citing *In re Baker*, No. 01-CV-24227

---

provision suggest that equitable relief was previously unavailable under the NY DCL. While Non-Parties are correct that the amended statute does not apply retroactively, the Court does not agree that the only inference to be made from this amendment is that equitable relief was previously unavailable under the NY DCL. Rather, as the Court explained at the show cause hearing, it is equally plausible that the legislature sought to clarify that courts have the authority to fashion equitable relief, such as termination of survivorship rights, in situations involving fraudulent conveyances of property, and thus sought to resolve the judicially created ambiguity on this issue, as exemplified in cases like this one. Thus, the Court does not find that the recent amendment of the NY DCL supports the conclusion that Non-Parties are likely to succeed on appeal.

(DEM), 2005 WL 2105802, at *1 (E.D.N.Y. Aug. 31, 2005)). Plaintiffs argue that Non-Parties have failed to demonstrate that either is true here: first, Lyubov will not lose title to the Property, merely the right of survivorship; and second, such loss, if any, will not be caused by the stay, but by the eventual decision on the merits of Non-Parties' appeal. *See In re Baker*, 2005 WL 2105802, at *1 (noting that, where the court already found that a debtor was unlikely to succeed on the merits of his appeal, his loss of property was "inevitable and [] not an irreparable harm that would be *caused* by the denial of a stay" (emphasis in original)). The Court agrees.

Both the Court's April 24, 2020 Order and the R&R note that the Mirvis family is not required to move out of the Property upon its sale, that the new purchaser could allow the family to remain in the house as renters, or that a family member could purchase the Property. (Order, Dkt. 704, at 8 (citing R&R, Dkt. 694, at 8–9).) As in *In re Baker*, any harm would not be caused by denial of the stay but by execution of the judgment, given that the Court has already determined that Non-Parties are unlikely to succeed on the merits of their appeal. Furthermore, although Non-Parties asserted at the June 25, 2020 hearing that Lyubov Mirvis will likely be "constructively evicted"[4] from the Property because the family has been unable to find a buyer who would permit the Mirvises to remain in the Property, Non-Parties have put forth no evidence to support this claim. Indeed, Non-Parties' counsel acknowledged at the June 25, 2020 hearing that this harm was "speculative." Nor have Non-Parties offered any proof of their claim that Lyubov Mirvis, as a tenant in common, might not make any profit from the sale of the Property, which could be used to relocate and thus mitigate the alleged harm of being constructively evicted. Similarly, Non-Parties have proffered no evidence as to their financial condition to support their claim that they

---

[4] Indeed, Non-Parties' claim of "constructive eviction" is inapt in this situation, since they are complaining about actual physical eviction.

will be "irreparably injured" if a stay is not granted. As the Court has observed, based on Judge Kuo's findings, "[m]oney does not appear to be an issue" for Non-Parties. (Order, Dkt. 704, at 8 (quoting R&R, Dkt. 694, at 9).) "A party seeking a stay pending appeal must show a probable and irreparable harm that is neither remote nor speculative, but actual and imminent." *In re MDM Golf*, 2015 WL 12804567, at *4 (quoting *In re Am. Land Acquisition Corp.*, No. 12-76440 (AST), 2013 WL 2481534, at *1 (Bankr. E.D.N.Y. June 10, 2013)). Non-Parties have utterly failed to do so. Accordingly, the Court cannot find that Non-Parties will suffer irreparable injury from the denial of a stay, and this factor does not weigh at all in favor of granting a stay.

## C. Substantial Injury to the Party Opposing the Stay

Non-Parties argue that Plaintiffs will not be substantially injured and may even benefit from a stay pending appeal "insofar as prospective buyers of 289 Bayberry may . . . price their bids lower than they would otherwise for fear of legal action seeking to restore Lyubov's right of survivorship in the property." (Non-Parties' Mem., Dkt. 707-1, at 6.) Plaintiffs respond that they will "incur additional harm on account of the substantial delay in the Marshals' sale of 289 Bayberry that can be expected while the Movants pursue their meritless appeal[.]" (Pls.' Mem., Dkt. 709, at 20.) The Court agrees with Plaintiffs. Judgment Debtor Mark Mirvis has evaded the $45-million judgment against him for more than a decade, and the Court does not find that this time should be needlessly prolonged.

## D. Public Interest

Non-Parties acknowledge that the public interest is "generally not served by a delay in enforcement," yet argue that the public interest would be served by a stay because the Property's sale price would not be affected as a result. (Non-Parties' Mem., Dkt. 707-1, at 6.) Plaintiffs argue that, as "[t]his matter has been litigated for the better part of a decade[,] . . . the public interest will

6

not be served by delaying this dispute any further." (Pls.' Mem., Dkt. 709, at 21 (quoting *In re Mergenthaler*, No. 15-CV-2031 (JS), 2015 WL 13227954, at *5 (E.D.N.Y. Apr. 29, 2015)).) The Court again agrees with Plaintiffs and finds that it simply would not be in the public interest to grant a stay, especially given the dogged efforts of the Mirvis family to prevent any collection on the pending judgment against Defendant Mark Mirvis.

## CONCLUSION

For the reasons discussed above, Non-Parties' request for a stay pending appeal is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 26, 2020
       Brooklyn, New York