No. 20-1385
*Deerbrook Ins. Co. v. Mirvis*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

DEERBROOK INSURANCE COMPANY,

> *Plaintiff-Appellee,*

ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE NEW JERSEY INSURANCE COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

> *Plaintiffs-Counter-Defendants-Appellees,*

> > v.                                                              No. 20-1385

LYUBOV MIRVIS, TATYANA MIRVIS,

> *Movants-Appellants,*

M.D. EMMA BENJAMIN,

> *Defendant-Counter-Claimant,*

ABC Corporations 1 through 20, Mark Mirvis, Mark Lupolover, Michael Bezenyan, Ruven Katz, Igor Zhuravsky, Georgy Statnrosh, AKA Gary Statnigrosh, AKA Georgy Statnigrosh, Ocean L. Management Group Inc., Flatlands Best Management Group, Inc., Hillmed Management, Inc., FKA 97-12 Associates, Inc., B-Way Management, Inc., Flat-80 Management, Inc., Nortmed Management, Inc., L&BMedical, P.C., Lamed Medical, P.C., Dover Medical, P.C., Flatlands 78 Medical, P.C., General Medical Care, P.C., S&LMedical, P.C., ZDR Medical, P.C., Del Prado One, LLC, Del Prado Two, LLC, Del Prado Three, LLC, Del Prado Four, LLC, El Dorado One, LLC, M&MOceanfront, LLC, NE 10, LLC, NE 24, LLC, Tropicana One, LLC, M.D. Yakov Raufov, Dale Alexander, AKA Alexander Dale, M.D., M.D. Sofia Bentsianov, Audrey Ivanushkin, AKA Andrew Ivanson, M.D., M.D. Lev Bentsianov, Leonid Slutsky, Gary Tsirelman, M.D. Irena Shperling, M.D. Lyubov Moysik, Yefim Sosonkin, Grigory Shtender, M.D., Alexander Israeli, M.D., Zhanna Roit, M.D., Huikang Daniel Lai, M.D., Jean Francois, M.D., John Does 1 through 20, XYZ Corporations 1 through 20, 825 Broadway Medical Care, P.C., M.D. Mikhail Mirer, M.D. Renat Sukhov,

      *Defendants*.
_____

| | |
|---|---|
| FOR APPELLANTS: | ADAM FRANCOIS WATKINS, Watkins Bradley LLP, New York, NY (Gary Tsirelman, Gary Tsirelman P.C., Brooklyn, NY, *on the brief*). |
| FOR APPELLEES: | WILLIAM J. NATBONY, Cadwalader, Wickersham & Taft LLP, New York, NY (Daniel S. Marvin, Scott J. Pasham, Robert A. Stern, Morrison Mahoney, LLP, New York, NY, *on the brief*). |

Appeal from an order of the United States District Court for the Eastern District of New York (Chen, *J.*; Kuo, *M.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on April 24, 2020, is **VACATED** and the case **REMANDED** to the District Court for further proceedings consistent with this Order.

In May 2015, Mark Mirvis and his wife, Lyubov Mirvis, conveyed their respective interests in valuable real property (the "Property") located in New York to their daughter, Tatyana Mirvis. Their apparent goal in this conveyance, as in two prior transactions, was to shelter the Property from enforcement of a $45 million default judgment entered days earlier against Mark and his co-defendants in a civil fraud action pending in the United States District Court for the Eastern District of New York. Lyubov was not a co-defendant in that action; she and Mark owned the Property as tenants by the entireties, giving each a right of survivorship—that is, a right to take title to the entire Property—should one predecease the other.

In 2017, the District Court voided the May 2015 conveyance to Tatyana as fraudulent under New York law. In 2020, upon motion of Plaintiffs-Appellees Allstate Insurance Company and others ("Allstate")—insurance companies and judgment creditors of Mark's—the District Court entered an order extinguishing Lyubov's right of survivorship in the Property. The District Court's order rested on its determination that Lyubov had acted in bad faith by participating in the conveyances to Tatyana in an effort to defraud Mark's creditors.

In this appeal, Movants-Appellants Lyubov and Tatyana Mirvis—neither debtors nor defendants in the underlying fraud action against Mark—challenge the District Court's 2020 order. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to vacate the order and to remand for further proceedings.

We review *de novo* a district court's interpretation and application of state law. *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020). The parties agree that this appeal centers on whether a crucial aspect of the remedy that the District Court ordered—terminating Lyubov's right of survivorship—was authorized by the fraudulent conveyance

provisions of New York's Debtor and Creditor Law ("DCL") as it stood in 2015, when the conveyance to Tatyana occurred.[1]

The New York Court of Appeals has not ruled directly on this question. Our task therefore is "carefully to predict how the [state's] highest court" would interpret the statute.[2] *Id.* In conducting that analysis, we give "proper regard to the decisions of a state's lower courts, and we also consider the decisions of federal courts construing state law," *id.*, as well as "any other resources available to the state's highest court." *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000). On such review, we predict that the New York Court of Appeals would hold that the equitable remedy ordered by the District Court was not permitted by the relevant statute.

1. <u>Statutory text and New York courts' interpretation of the statute favor Lyubov and Tatyana Mirvis</u>

We start by analyzing the text of the operative version of New York's Debtor and Creditor Law—DCL § 278(1).[3] *See People v. Iverson*, 37 N.Y.3d 98, 103 (2021). The text unambiguously provides only two alternative remedies for creditors whose claim has matured: to "[h]ave the conveyance set aside or obligation annulled to the extent necessary

---

[1] Lyubov and Tatyana Mirvis do not contest that, regardless of the outcome of this appeal, Allstate is entitled to enforce the 2015 judgment against Mark's interest in the Property by selling it subject to Lyubov's right of survivorship. The District Court ordered the sale of Mark's interest in the Property, but this Court stayed the sale pending resolution of this appeal.

[2] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

[3] Section 278(1), as then in effect, provides:

> (1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser,
>
> > (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or
> >
> > (b) Disregard the conveyance and attach or levy execution upon the property conveyed.

N.Y. Debt. & Cred. Law § 278(1) (McKinney 2019), *repealed by* L. 2019, c. 580, § 2, eff. April 4, 2020. In 2020, as discussed in the text, the DCL was reorganized and section 278(1) was replaced in relevant part by § 276.

to satisfy his claim," or to "[d]isregard the conveyance and attach or levy execution upon the property conveyed." N.Y. Debt. & Cred. Law § 278(1)(a)–(b) (McKinney 2019), *repealed by* L. 2019, c. 580, § 2, eff. April 4, 2020. As Allstate concedes, § 278(1) does not state generally that a creditor may seek equitable remedies, much less the specific equitable remedy awarded here: termination of a non-debtor's right of survivorship to a fraudulently conveyed property. The plain language of § 278 therefore favors Lyubov and Tatyana Mirvis.

Many courts have interpreted § 278(1) to mean what it says, and only what it says: that judicial remedies for a fraudulent conveyance are limited to those expressly provided by the statute, and these do no more than restore the status quo ante. In *Marine Midland Bank v. Murkoff*, involving the fraudulent conveyance of a debtor's interest in a property owned by the entirety, the Second Department of the Appellate Division explained that, even prior to the 1925 enactment of § 278(1), "it was established that the relief to which a defrauded creditor was entitled in an action [in New York] to set aside a fraudulent conveyance was limited to that which could have been obtained had there been no conveyance." 120 A.D.2d 122, 130 (2d Dep't 1986). That preexisting rule, the Second Department reasoned, was "consistent with the [DCL], the remedy provisions of which allow the creditor only to reach the property as if there had been no conveyance [§ 278], or, if its claim has not yet been established, to protect the property for its benefit [§ 279]." *Id.*

The court saw "no indication in modern jurisprudence that a creditor's rights should be expanded by the fashioning of punitive remedies not previously available," observed "the recent trend in the Legislature has been to expand the rights not of creditors, but of debtors," *id.* at 131, and explained that "[p]unishment is not a proper basis for granting relief in a fraudulent conveyance action[,] [n]o matter how scandalous the conduct." *Id.* Instead, "[t]he remedies [the DCL] provides are clearly geared toward reestablishing the status quo *ante*, rather than punishing the debtor." *Id.* at 132. "The creditor's remedy in a fraudulent conveyance action is limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance; the limited remedies explicitly permitted under the statute confirm this interpretation." *Id.* at 133. Accordingly, the Second Department held that depriving a debtor's spouse of her right of survivorship because she

5

participated in a fraudulent conveyance "is plainly punitive and it is not a permissible remedy." *Id.* at 132.

Other courts have reached the same conclusion. *See Orbach v. Pappa*, 482 F. Supp. 117, 121 (S.D.N.Y. 1979) ("[C]ase law in the area, albeit sparse, compels the conclusion that the fraudulent conveyance did not convert the [defendants'] interest in their residence into a tenancy in common or joint tenancy."); *Finnegan v. Humes*, 252 A.D. 385, 387 (4th Dep't 1937) ("[T]he transfer of the estate by the tenants by the entirety to a third party and by the third party to the defendant [wife] had no effect upon the [judgment creditor's] rights. Such rights were to the husband's interest only and the manipulation of the title by the tenants by the entirety was always subject to the lien of the judgment and could not increase or diminish the [creditor's] rights."), *aff'd*, 277 N.Y. 682 (1938).

More broadly, several New York state courts have recognized and endorsed *Murkoff*'s articulation of the limit on remedies available under New York's § 278, including the First and Fourth Departments of the Appellate Division.[4] *See Mfrs. & Traders Tr. Co. v. Lauer's Furniture Acquisition, Inc.*, 226 A.D.2d 1056, 1057 (4th Dep't 1996); *Blakeslee v. Rabinor*, 182 A.D.2d 390, 393 (1st Dep't 1992). Our own court has stated, in line with the New York appellate departments, that "[a] secured creditor . . . is . . . barred from using the fraudulent conveyance action as a means to expand its interests in property" and "its remedy is limited to reaching the property which would have been available had there been no conveyance."[5] *Travelers Ins. Co. v. 633 Third Assocs.*, 973 F.2d 82, 87 (2d Cir. 1992).

---

[4] Numerous other federal courts in this Circuit have recognized the same. *See, e.g.*, *Bank of Am., N.A. v. TemPay LLC*, No. 19-CV-674, 2021 WL 1602123, at *3 (W.D.N.Y. Mar. 22, 2021), *report and recommendation adopted*, 2021 WL 1600544 (W.D.N.Y. Apr. 22, 2021); *Kim v. Ji Sung Yoo*, 311 F. Supp. 3d 598, 621 (S.D.N.Y. 2018), *aff'd*, 776 F. App'x 16 (2d Cir. 2019); *Vos v. Lee*, No. 07-CV-804, 2009 WL 10640615, at *10 (E.D.N.Y. Dec. 23, 2009); *Neshewat v. Salem*, 365 F. Supp. 2d 508, 521 (S.D.N.Y. 2005), *aff'd*, 194 F. App'x 24 (2d Cir. 2006).

[5] The District Court noted that, despite discussing *Murkoff*, "the Second Circuit in *Travelers* suggested that other 'equitable' remedies might also be available." *Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405, 2020 WL 1972861, at *7 n.12 (E.D.N.Y. Apr. 24, 2020). But this Court in *Travelers* simply explained that "to the extent [the creditor] would have been entitled, absent the conveyance, to obtain an equitable decree enjoining the [debtor] to apply its cash assets in a manner to preserve the property's value, it may likewise reach the cash assets for the same purpose in the fraudulent conveyance action." 973 F.2d at 87. It further noted that

The foregoing case law strongly suggests that the New York Court of Appeals would follow *Murkoff* and find that the remedy the District Court ordered is impermissible under § 278. The District Court's first order, voiding the conveyance from Mark and Lyubov to Tatyana as fraudulent, restored the "status quo ante" in this case: under that order, Allstate retains its preexisting lien over Mark's interest in the property, and Lyubov retains her share of the tenancy by the entirety for the Property, including her right of survivorship. Extinguishing Lyubov's right of survivorship expands Allstate's' rights relative to the status quo ante, and is therefore an impermissible remedy under *Murkoff* and its progeny.

2. Allstate's primary authorities and additional arguments are unpersuasive

Allstate argues that the District Court's remedy was nonetheless appropriate and lawful because the District Court found Lyubov engaged in "particularly egregious" and "bad faith" conduct. Appellees' Br. at 2, 22. It urges us to follow three federal district court cases—which the District Court also relied on—to hold that the right of survivorship in a tenancy by the entirety may be extinguished under New York law if a spouse participated in a fraudulent conveyance. *See Clarkson Co. v. Shaheen*, 533 F. Supp. 905 (S.D.N.Y. 1982); *In re Parameswaran*, 50 B.R. 780, 785 (S.D.N.Y. 1985); *Hall-Mark Elecs. Corp. v. MGS Mktg., Inc.*, No. 86-CV-4346, 1987 WL 13211 (E.D.N.Y. June 29, 1987).

These cases have limited value in predicting how the New York Court of Appeals would interpret § 278 and the availability of the remedy the District Court ordered in this case. The district court in *Clarkson* did not engage with the text of § 278 or New York case law interpreting the statute. *See* 533 F. Supp. at 924. The only case the *Clarkson* court cited in support of its exercise of broad equitable authority predated the enactment of § 278 and (as the Second Department explained in *Murkoff* when it declined to follow *Clarkson*) arose in a context wholly unrelated to the New York law regarding fraudulent conveyances. *See Murkoff*, 120 A.D.2d at 132 (discussing *Van Alstyne v. Tuffy*, 169 N.Y.S. 173 (Sup. Ct. Monroe Co. 1918)). Likewise, the court in *In re Parameswaran* cited only *Clarkson* and *Van Alstyne* as

---

"[u]nlike the creditor in *Murkoff*, Travelers seeks only to preserve the property rights it had prior to the conveyance." *Id.* That explanation is simply a restatement of the status quo ante principle under New York law: A creditor's rights are neither expanded nor diminished by the fraudulent conveyance.

7

authority for its order. *See* 50 B.R. at 785. The court in *Hall-Mark* cited only *Clarkson*; it did not reference *Murkoff*, which had been decided a year earlier. *See* 1987 WL 13211, at *9.

In essence, then, *Clarkson* and its progeny stand on a weak foundation. We therefore respectfully disagree with the District Court's conclusion that the New York Court of Appeals would follow those three federal district court cases instead of *Murkoff* and its progeny, which have much stronger support in the text of § 278 and New York case law.[6] *See Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 521 (2d Cir. 2016) ("[W]e are bound to apply the law as interpreted by New York's intermediate appellate courts' relevant cases unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on the issue, would reach a different conclusion."). Under *Murkoff*, Allstate's remedy is limited to restoring the status quo ante, "[n]o matter how scandalous the conduct." 120 A.D.2d at 131.

Allstate's other arguments are similarly unpersuasive. It argues that *Clarkson* and *Hall-Mark* "are just two in a long line of cases which . . . have granted relief pursuant to the D.C.L. beyond placing the subject property back to status *quo ante*, whether or not such relief was characterized as 'punitive' in nature." Appellees' Br. at 18. But the cited cases show that to the extent courts have considered whether to award punitive damages, they have done so against only *debtor-defendants*. *See, e.g.*, *Blakeslee*, 182 A.D.2d at 392 ("[P]unitive damages may now be awarded in a case of fraudulent conveyance, but only if the defendant's conduct was gross and wanton and involved high moral culpability."); *Perrone v. Amato*, No. 09-CV-0316, 2010 WL 11629624, at *4 (E.D.N.Y. Aug. 30, 2010) ("Plaintiff is not entitled to receive punitive damages from the [defendant] Pizzeria."); *In re Kovler*, 253 B.R. 592, 605 (Bankr. S.D.N.Y. 2000) ("Under the facts established in this case I find that the defendants' conduct was of such culpability as to fully meet the standard for punitive damages expressed in

---

[6] The New York Court of Appeals has cited *Murkoff*'s interpretation of the DCL approvingly, although not in a context directly related to *Murkoff*'s holding that § 278 does not permit terminating a spouse's right of survivorship. *See Fed. Deposit Ins. Corp. v. Porco*, 75 N.Y.2d 840, 842 (1990).

8

*Blakeslee.*");[7] *Keen v. Keen*, 113 A.D.2d 964, 966 (3rd Dep't 1985) (explaining that defendant's conduct "clearly is the kind of morally culpable conduct which justifies punitive damages").

At most, the cited cases suggest that some courts have recognized that a limited departure from the status quo ante principle is possible to award punitive damages against a defendant-debtor who engages in gross and wanton misconduct related to a fraudulent transfer. But the propriety of a punitive damages award against debtor-defendant Mark Mirvis is not at issue here. The District Court itself specified that it was not granting a "punitive" remedy against Lyubov. *Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405, 2020 WL 1972861, at *8 (E.D.N.Y. Apr. 24, 2020). Moreover, none of the cases cited by Allstate supports an award of punitive damages against a non-party, such as Lyubov, who is neither a debtor nor a defendant. Furthermore, the authorities cited by Allstate do not suggest that, beyond punitive damages and remedies explicitly available under § 278, any *other* remedies—including equitable remedies such as extinguishing a right of survivorship—are available in fraudulent conveyance actions. Accordingly, the possible availability of punitive damages does not affect our analysis of whether the equitable remedy the District Court ordered against Lyubov was permitted under § 278.

Allstate also makes a sweeping argument that the court's "power to fashion equitable relief in the context of a fraudulent conveyance proceeding is so embedded in New York jurisprudence that [it] has been recognized for more than 100 years." Appellees' Br. 15. But even the quoted passages make clear that the cited cases involved awards of money damages rather than the type of equitable remedy the District Court ordered here. Moreover, those cases involved circumstances in which monetary compensation was warranted because the fraudulent transfer could not simply be undone. *See, e.g.*, *RTC Mortg. Tr. 1995-S/N1 v. Sopher*, 171 F. Supp. 2d 192, 201 (S.D.N.Y. 2001) ("Because the assets transferred no longer exist, a money judgment [against the transferee and the beneficiary] is proper."). That outcome is consistent with *Murkoff*, which explained that "because the defrauded creditor is not entitled

---

[7] Additionally, the court in *Kovler* noted that "the 'punitive' damage award in no way constitutes a windfall for plaintiffs, but rather is compensatory in nature, albeit in an amount less than that which would make plaintiffs whole in respect of either their litigation costs or the time value of money on the legal fees." 253 B.R. at 605.

9

to an enhancement of position beyond what it was before the fraud, [a money] judgment may be granted only where the grantee has disposed of the wrongfully conveyed property or depreciated it[,] or has tortiously interfered with it." 120 A.D.2d at 133. Here, however, money damages are not at issue and there is no evidence in the record that the Property has been disposed of, wrongfully interfered with, or otherwise depreciated.

> 3. Recent statutory change bolsters interpretation that prior statute did not authorize the District Court's equitable remedy

Our conclusion that the equitable remedy ordered by the District Court was impermissible under § 278 is bolstered by a recent amendment to New York's DCL and a related New York canon of statutory interpretation that itself is codified. Under New York law, "[i]t is a well settled tenet of statutory construction that the Legislature, by enacting an amendment of a statute changing the language thereof, is deemed to have intended a material change in the law." *Commonwealth of the Northern Mariana Islands v. Can. Imperial Bank of Com.*, 21 N.Y.3d 55, 61 (2013). This principle is codified in New York's statute governing statutory construction and interpretation. *See* N.Y. Stat. Law § 193(a) (McKinney). As the comment to the statute explains, "a statute will not be held to be a mere re-enactment of a prior statute if any other reasonable interpretation is attainable," and "[a] material change in the phraseology of an act is generally regarded as a legislative construction that the law so amended did not originally embrace the amended provisions." *Id.*, cmt.; *see also Kuhne v. Cohen & Slamowitz, LLP*, 579 F.3d 189, 197 (2d Cir.) (relying on same excerpt of comment to § 193), *certified question accepted*, 13 N.Y.3d 791 (2009), *and certified question withdrawn*, 14 N.Y.3d 786 (2010).

Here, effective April 4, 2020, the version of the DCL that governs this dispute was repealed and replaced by new provisions based on the Uniform Voidable Transactions Act. *See* 2019 N.Y. Laws ch. 580 (A5622). The updated provisions expressly provide that creditors whose claims have matured may obtain relief "subject to applicable principles of equity," including "any other relief the circumstances require."[8] N.Y. Debt. & Cred. Law

---

[8] The relevant section of the revised DCL, § 276, provides, in pertinent part:

10

Case 1:08-cv-04405-PKC-PK Document 716 Filed 09/20/21 Page 11 of 12 PageID #: 19339

§ 276(a) (McKinney). That change in the statutory language strongly suggests that broad-based equitable relief was not available to those creditors under the pre-2020 DCL § 278, because according to New York's rules of statutory construction, the legislature intended a material change in the law and the prior § 278 did not embrace that remedy; to hold otherwise would render the change "nugatory." N.Y. Stat. Law § 193(a), cmt. (McKinney).

Allstate points to a statement in the bill's legislative history suggesting that the new DCL "maintains the basic principles of New York's longstanding law." 2019 New York Assembly Bill 5622 (NS). But Allstate's argument runs counter to the well-established principles of statutory construction under New York law and does not accord with New York case law, as discussed above.

For all these reasons, we predict with confidence that were the New York Court of Appeals to address this issue, it would conclude that the remedy ordered by the District Court was not available under New York's prior DCL § 278.[9] Because we conclude that the District Court could not terminate Lyubov Mirvis's right of survivorship under that statute, we vacate the District Court's order and remand for proceedings consistent with the interpretation of New York law described in this Order.

\* \* \*

---

(a) In an action for relief against a transfer or obligation under this article, a creditor . . . may obtain:

> . . . (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
>
>> (i) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
>>
>> (ii) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
>>
>> (iii) any other relief the circumstances may require.

N.Y. Debt. & Cred. Law § 276 (McKinney).

[9] We have considered whether to exercise our discretion to certify a question to the New York Court of Appeals rather than to predict how it would rule. *See CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 537 (2d Cir. 2020); 2d Cir. R. 27.2(a); 22 N.Y.C.R.R. § 500.27(a). We decline to exercise our discretion because the DCL's plain language and the clear weight of New York case law give us confidence in our interpretation of this state law issue. Furthermore, we are hesitant to burden the New York Court of Appeals by certifying a question in this case because the statutory provision at issue has been repealed and replaced.

11

We have considered Allstate's remaining arguments and find in them no basis to affirm the District Court's order. For the reasons set forth above, the District Court's order is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit